1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  D. ROBERT DUNCAN, State Bar No. 161918
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5739
    Fax:  (415) 703-5843
8   Email:  Robert.Duncan@doj.ca.gov

9  Attorneys for Defendants O. Nollette and James E.
   Tilton
10

11
                IN THE UNITED STATES DISTRICT COURT
12
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                     SAN FRANCISCO DIVISION
14

15  **FRANCOIS P. GIVENS,**                          C 07-3575 MJJ (PR)

16                                    Plaintiff,

17              v.

18  **JAMES TILTON, et al.,**

19                                    Defendants.

20

21  **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE
         12(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
22

23

24

25

26

27

28

1
## TABLE OF CONTENTS

2
**Page**

3
MEMORANDUM OF POINTS AND AUTHORITIES    2

4
     ISSUE PRESENTED    2

5
     STATEMENT OF THE CASE    2

6
     STATEMENT OF FACTS    3

7
         A.    Plaintiff's Inmate History.    3

8
         B.    California Department of Corrections and Rehabilitation Inmate Appeals
9
Process.    4

         C.    Givens Failed to Exhaust Any Appeals at the Director's Level
10
Concerning the Allegations in His Complaint.    4

11
ARGUMENT    6

12
     THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO
EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING THIS
13
ACTION.    6

14
         A.    Standard of Review.    6

15
         B.    The Mandatory Exhaustion Requirement under the Prison Litigation
Reform Act.    6
16

         C.    Under *Woodford v. Ngo* Proper Exhaustion is Required before Filing Suit.    7
17

         D.    Givens Failed to Exhaust His Administrative Remedies.    8
18

19
             1.    The Four Administrative Appeals that Givens Exhausted After
July 11, 2006 Did Not Relate to His Incarceration at San Quentin.    8

20
             2.    Givens's Only Pending Appeal at the Director's Level of Review
Did Not Concern His Incarceration at San Quentin.    8
21

22
             3.    Givens's Only Administrative Appeal Regarding His Incarceration
at San Quentin was Screened Out Because Givens Did Not Submit
the Appeal to the Informal Level.    9
23

24
             4.    Givens's Five Administrative Appeals that were Screened Out at the
Director's Level of Review after July 11, 2006 Were Not Properly
Exhausted.    10

25
CONCLUSION    13
26

27

28

1                      **TABLE OF AUTHORITIES**

2                                                       **Page**

**Cases**

*Booth v. Churner*
532 U.S. 731 (2001)      6, 7

*Butler v. Adams*
397 F.3d 1181 (9th Cir. 2005)      7

*Jones v. Bock*
127 S. Ct. 910 (2007)      7, 11

*McKinney v. Carey*
311 F.3d 1198 (9th Cir. 2002)      6

*Porter v. Nussle*
534 U.S. 516 (2002)      6

*Vaden v. Summerhill*
449 F.3d 1047 (9th Cir. 2006)      7

*Woodford v. Ngo*
126 S. Ct. 2378 (2006)      4, 7, 9

*Wyatt v. Terhune*
315 F.3d 1108 (9th Cir. 2003)      2, 6

**Statutes**

California Penal Code
    § 832.5      10

United States Code, Title 28
    § 1915A      2

United States Code, Title 42
    § 1997e(a)      1, *passim*
    § 1983      1-3, 6

**Court Rules**

Federal Rule of Civil Procedure
    rule 12(b)      1, 2, 6

**TABLE OF AUTHORITIES** (continued)

Page

**Other Authorities**

California Code of Regulations, Title 15
§ 3084.1 — 7
§ 3084.1(a) — 4
§ 3084.2(a) — 4
§ 3084.3 — 10
§ 3084.3(a) — 7
§ 3084.3(c) — 8
§ 3084.3(c)(4)-(5) — 10
§ 3084.3(d) — 12
§ 3084.5 — 4, 9
§ 3084.5(a)(1) — 9
§ 3084.5(a)(3)(D) — 10

Prison Litigation Reform Act — 1, *passim*

Defs.' Not. Mot. & Mot. Dismiss; Memo. P. & A.

iii

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  D. ROBERT DUNCAN, State Bar No. 161918
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5739
    Fax: (415) 703-5843
8   Email: Robert.Duncan@doj.ca.gov

9  Attorneys for Defendants O. Nollette and James E.
   Tilton
10

11

12                 IN THE UNITED STATES DISTRICT COURT

                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15  **FRANCOIS P. GIVENS,**                    C 07-3575 MJJ (PR)

16                              Plaintiff,     **DEFENDANTS' NOTICE OF
                                               MOTION AND MOTION TO**
17          v.                                 **DISMISS UNDER RULE 12(b);
                                               MEMORANDUM OF POINTS**
18  **JAMES TILTON, et al.,**                  **AND AUTHORITIES IN
                                               SUPPORT**
19                             Defendants.

20

21      TO PLAINTIFF FRANCOIS P. GIVENS, IN PRO SE:

22      PLEASE TAKE NOTICE that Defendants O. Nollette and James E. Tilton (Defendants)[1/]

23  move this Court to dismiss Plaintiff's action under the non-enumerated portion of Federal Rule

24  of Civil Procedure 12(b) on the ground that Plaintiff Francois P. Givens, a state prisoner, failed

25  to exhaust his administrative remedies before bringing this 42 U.S.C. § 1983 action as mandated

26  by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

27  _____

28      1. As of the date of this Motion to Dismiss, Defendant Mendonca has not been served and
    has not appeared in this action.

    Defs.' Not. Mot. & Mot. Dismiss; Memo. P. & A.                    *F. Givens v. J. Tilton, et al.*
                                            1                          C 07-3575 MJJ (PR)

1   PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

2   decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

3   *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Additionally, Plaintiff may provide

4   evidence to the Court to dispute that which is presented by Defendants.  *Id*. at n.14.

5   This motion is based upon this notice, the memorandum of points and authorities, the

6   declarations and exhibits filed in support, as well as the pleadings and records on file in this case.

7

8   ## MEMORANDUM OF POINTS AND AUTHORITIES

9   ### ISSUE PRESENTED

10  The PLRA requires inmates to exhaust their available administrative remedies before filing

11  a federal civil rights action.  Givens never submitted his administrative appeal concerning the

12  claims in this action to the informal level.

13  Should this Court dismiss this action because Givens's did not properly exhaust the

14  administrative grievance regarding the claims in this action?

15

16  ### STATEMENT OF THE CASE

17  On July 11, 2007, Francois P. Givens, an inmate at the California Substance Abuse

18  Treatment Facility (SATF), filed this civil-rights action pro se under 42 U.S.C. § 1983, naming

19  James Tilton, Secretary of the California Department of Corrections and Rehabilitation (CDCR),

20  Nola Grannis, Chief of the Inmate Appeals Branch, Sergeant O. Nollette, a correctional officer at

21  San Quentin State Prison (San Quentin), S. Mendonca, a correctional case records analyst at

22  SATF, CC-II Jeppeson, an appeals coordinator at San Quentin, and CC-II Chandler-Dacanay, an

23  appeals coordinator at San Quentin.  (Compl. at 1.)  In his Complaint, Givens asserts that

24  Defendants retaliated against him for bringing prison grievances by:  (1) racially discriminating

25  against Givens and others by subjecting them to inhuman living conditions; (2) embezzling funds

26  from Givens's trust account, (3) imposing restitution which was not ordered by the court, and (4)

27  refusing to file and process Givens's grievances.  (*Id*. at 2.)

28  On August 9, 2007, this Court screened Givens's Complaint under 28 U.S.C. § 1915A, and

1   found that Givens stated cognizable claims for violation of his constitutional rights under § 1983

2   at San Quentin by alleging that James Tilton, Sergeant Nollette, S. Mendonca: (1) improperly

3   appropriated money from his prison trust account, (2) retaliated against him for his filing lawsuits

4   and confiscated his legal papers; and (3) subjected him and other African-American inmates to

5   "inhumane" living conditions, in particular to malfunctioning sewage and waste disposal systems

6   in the prison cells, while not exposing white and Hispanic inmates to the same conditions.

7   (Order of Service at 1-2.)  The Court failed to find cognizable claims against CC-II Chandler-

8   Dacanay, CC-II Jeppeson, and Nola Grannis for improperly denying and processing his

9   administrative appeals, on the grounds that no constitutional right to a prison administrative

10  appeal exists.  (*Id.*)  The Court also explained that the "Doe" defendants and the unnamed

11  defendant could not be served until Givens named them.  (*Id.* at 3.)

12

13                        **STATEMENT OF FACTS**

14  **A.   Plaintiff's Inmate History.**

15        On July 11, 2006, Givens was temporarily transferred to San Quentin after being housed at

16  San Francisco County Jail for a re-sentencing hearing.  (Decl. D. Robert Duncan Supp. Defs.'

17  Mot. Dismiss (Decl. Duncan) ¶ 3, Ex. B.)  On that day, Givens informed Receiving and Release

18  (R & R) staff that he had safety concerns because he was an enemy of both the Bloods and Crips

19  gangs.  (*Id.* ¶ 4, Ex. C.)  As a result, for his safety, Givens was transferred to administrative

20  segregation at San Quentin on July 11, 2006.  (*Id.*)  On July 19, 2006, Givens appeared before a

21  Institution Classification Committee at San Quentin.  (*Id.* ¶ 5, Ex. D.)  The committee

22  recommended a ninety-day extension of Givens's retention in administrative segregation in order

23  to obtain and review Givens's central file.  (*Id.*)  The committee based its decision on safety

24  concerns for Givens, other inmates, and the institution.  (*Id.*)  On July 26, 2006, Givens was

25  transferred back to SATF.  (*Id.* ¶ 3, Ex. B.)  On August 8, 2006, Givens waived a Unit

26  Classification Committee appearance, at which the committee reviewed his confidential file and

27  elected to release Givens to the SATF Facility A sensitive needs yard.  (*Id.* ¶ 6, Ex. E.)

28

**B.    California Department of Corrections and Rehabilitation Inmate Appeals Process.**

The State of California provides inmates in its custody with an administrative appeals process to grieve any issues that the inmates "can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5. To submit an administrative grievance, the inmate "shall use a CDC Form 602 . . . Inmate/Parolee Appeal Form, to describe the problem and action requested" and may attach one continuation page and documentation if necessary to more fully describe the problem and action requested and to clarify the inmate appeal. *Id.* § 3084.2(a). The California Department of Corrections and Rehabilitation administrative appeal process provides the inmate with four levels of review: (1) informal resolution, (2) first formal level review, (3) second formal level of review by the institution head or designee, and (4) third formal level of review by a designated representative of the Director of the California Department of Corrections and Rehabilitation under supervision of the chief of the inmate appeals branch. *Id.* § 3084.5. Pursuing an inmate appeal through the lower levels of review and receiving a final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). *Id.* § 3084.5; *Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006).

**C.    Givens Failed to Exhaust Any Appeals at the Director's Level Concerning the Allegations in His Complaint.**

Between July 11, 2006, the date Givens arrived at San Quentin and was placed in administrative segregation, and July 11, 2007, the date Givens filed this action, only four of inmate Givens's administrative appeals were exhausted at the director's level of review. (Decl. N. Grannis Supp. Defs.' Mot. Dismiss (Decl. Grannis) ¶ 4, Ex. A.) Of the four administrative appeals that were exhausted at the director's level of review, none of four related to the claims found in Givens's Complaint. Appeal number SATF-06-00675 concerned a challenge to SATF policy that prohibited inmates from receiving the *California Prison Focus* newsletter (Decl. Decl. R. Gomez Supp. Defs.' Mot. Dismiss (Decl. Gomez) ¶ 8, Ex. B), and did not relate to causes of action in Givens's Complaint. Appeal number SATF-06-01265 concerned library access at SATF (*Id.* ¶ 9, Ex. C), and did not relate to causes of action in Givens's Complaint.

1    Appeal number SATF-06-01558 concerned a search of Givens's cell at SATF (*Id.* ¶ 10, Ex. D),

2    and did not relate to causes of action in Givens's Complaint.  Appeal number SATF-06-03872

3    concerned the alleged failure of CDCR to provide adequate medical treatment for Givens's

4    vision and mobility impairments (*Id.* ¶ 11, Ex. E), and did not relate to causes of action in

5    Givens's Complaint.

6        As described above, the Court recognized three cognizable claims concerning Givens's two

7    week incarceration at San Quentin from July 11, 2006 until July 26, 2006.  (Order of Service at

8    1.)  The only administrative appeal that is related to the recognized claims is an August 20, 2006

9    appeal, that Givens attached to the Complaint.  (Compl. Ex. A, 2.)  The August 20, 2006 appeal

10   purports to be a formal "Citizen's Complaint" alleging that the warden at San Quentin failed to

11   ensure that subordinate officers adhere to regulations regarding the maintenance of inmate trust

12   accounts and the tracking of restitution fines.  (*Id.*)  The appeal was submitted to the warden at

13   San Quentin, the warden at SATF, the U.S. District Court, the Kings County District Attorney,

14   the Marin County District Attorney, and CDCR headquarters.  (*Id.* Ex. A, 9.)  On September 6,

15   2006, the appeal was screened out as not being appropriate for formal level processing and

16   required proof of an informal level response.  (*Id.* Ex. A, 1.)  The language of the appeal

17   indicates that it was a regular administrative appeal, and did not qualify to bypass the informal

18   level of review.  (Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss (Decl. Dacanay) ¶ 11.)

19       After July 11, 2006, five of inmate Givens's administrative appeals were screened out at the

20   director's level of review.  (Decl. Grannis ¶ 6, Ex. A.)  Two of the appeals were screened out

21   after Givens's Complaint was filed on July 11, 2007:  SATF-07-01883 was screened out on

22   August 15, 2007 because the appeal was rejected, withdrawn, or canceled; and SATF-07-01981

23   was screened out on October 16, 2007 because the appeal was missing documentation.  (*Id.*)  Of

24   the remaining three appeals that were screened out after July 11, 2006, none of the appeals had

25   institutional log numbers, most likely because the appeals had not reached the formal level of

26   review.  (*Id.*)  All three of the appeals were screened out because the appeal had not completed

27   the second level of review.  (*Id.*)

28

1

# ARGUMENT

2

**THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF**
**FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**
**BEFORE FILING THIS ACTION.**

3

4

5  **A.    Standard of Review.**

6      An inmate's failure to exhaust administrative remedies as required by the Prison Litigation

7  Reform Act (PLRA) is a matter in abatement properly raised in an unenumerated Rule 12(b)

8  motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to

9  dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and

10  decide disputed issues of fact." *Id.* at 1119-20. If the court determines that the inmate has not

11  exhausted his administrative remedies, the case should be dismissed without prejudice. *Id.*

12  **B.    The Mandatory Exhaustion Requirement under the Prison Litigation Reform Act.**

13      In the Prison Litigation Reform Act of 1995, Congress amended 42 U.S.C. § 1997e(a) and

14  imposed an exhaustion requirement on suits by prison inmates. *See Porter v. Nussle*, 534 U.S.

15  516, 524 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The Prison Litigation Reform Act now

16  provides that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. §

17  1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

18  correctional facility until such administrative remedies as are available are exhausted." 42

19  U.S.C. § 1997e(a). "The current exhaustion provision differs markedly from its predecessor" and

20  is "invigorated." *Porter*, 534 U.S. at 524. It applies to "all inmate suits about prison life,

21  whether they involve general circumstances or particular episodes." *Id.* at 532.

22      The exhaustion requirement under § 1997e(a) "is now mandatory" and is "a prerequisite to

23  suit." *Porter*, 534 U.S. at 524. Furthermore, the prisoner must exhaust the administrative

24  remedies before filing suit, and exhaustion "subsequent to the filing of the suit will not suffice."

25  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). When there is no pre-suit exhaustion,

26  the district court is required to dismiss the complaint without prejudice. *Id.* at 1200-01; *Wyatt*,

27  315 F.3d at 1120. Further, the Ninth Circuit requires exhaustion to be completed before any

28  papers in federal court are filed, stating that "[t]he bottom line is that a prisoner must pursue the

1  prison administrative process as the first and primary forum for redress of grievances" and "may

2  initiate litigation in federal court only after the administrative process ends and leaves his

3  grievances unredressed." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).

4      The Prison Litigation Reform Act requires the prisoner to fully exhaust the administrative

5  process that the state provides. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). Prisoners

6  must complete the prison's administrative grievance process, regardless of the relief sought by

7  the prisoner and regardless of the relief offered by the process, as long as the administrative

8  process can provide some sort of relief on the complaint stated. *Booth*, 532 U.S. at 741.

9  **C.    Under *Woodford v. Ngo* Proper Exhaustion is Required before Filing Suit.**

10      The Supreme Court held that the Prison Litigation Reform Act's exhaustion requirement

11  requires the "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 126 S. Ct. 2378,

12  2386 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other

13  critical procedural rules because no adjudicative system can function effectively without

14  imposing some orderly structure on the course of its proceedings." *Id.* Moreover, the Supreme

15  Court held that exhaustion of available remedies requires that a prisoner "properly exhaust,"

16  which means that "prisoners must complete the administrative review process in accordance with

17  the applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison

18  grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal citations and

19  quotation marks omitted) (quoting *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006)). Therefore,

20  "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to

21  'properly exhaust.'" *Id.*

22      The grievance process in the State of California allows inmates to appeal "any departmental

23  decision, action, condition, or policy which they can demonstrate as having an adverse effect

24  upon their welfare." Cal. Code Regs. tit. 15, § 3084.1. The grievance process also provides that

25  "[e]ach institution head and parole region administrator shall designate an appeals coordinator . .

26  . who shall prior to acceptance for review screen and categorize each appeal originating in their

27  area for compliance with these regulations." *Id.* § 3084.3(a). The grievance process provides

28  rejection criteria that enumerates several reasons why an appeal can be rejected during the

1    screening process. *Id.* § 3084.3(c).

2    **D.    Givens Failed to Exhaust His Administrative Remedies.**

3    Givens's Complaint describes allegations regarding his two week incarceration at San

4    Quentin from July 11, 2006 until July 26, 2006. (Compl. at 3-5.) But Givens did not

5    administratively exhaust any of the claims in his Complaint. The only administrative appeal that

6    relates to the recognized claims in Givens's Complaint was the August 20, 2006 appeal that was

7    screened out because Givens did not submit the appeal to the informal level. (Decl. Dacanay ¶ 8;

8    Compl. Ex. A, 1-2.) Thus, he has not met the mandatory requirements of the Prison Litigation

9    Reform Act and his suit must be dismissed without prejudice. 42 U.S.C § 1997e(a).

10    **1.    The Four Administrative Appeals that Givens Exhausted After July 11, 2006 Did Not Relate to His Incarceration at San Quentin.**

11

12    This Court found that Givens stated cognizable claims that Defendants violated his

13    constitutional rights during his two week incarceration at San Quentin. (Order of Service 1.)

14    However, the only appeals that Givens exhausted between July 11, 2006, the date he arrived at

15    San Quentin, and July 11, 2007, the date he filed the Complaint, related to events at SATF and

16    did not concern San Quentin. (*See* Decl. Gomez ¶¶ 8-11, Exs. B-E.) Appeal number SATF-06-

17    00675 concerned a challenge to SATF policy that prohibited inmates from receiving the

18    *California Prison Focus* newsletter. (*Id.* ¶ 8, Ex. B.) Appeal number SATF-06-01265 concerned

19    library access at SATF. (*Id.* ¶ 9, Ex. C.) Appeal number SATF-06-01558 concerned a search of

20    Givens's cell at SATF. (*Id.* ¶ 10, Ex. D.) Appeal number SATF-06-03872 concerned the alleged

21    failure of CDCR to provide adequate medical treatment for Givens's vision and mobility

22    impairments in violation of the ADA. (*Id.* ¶ 11, Ex. E.)

23    **2.    Givens's Only Pending Appeal at the Director's Level of Review Did Not Concern His Incarceration at San Quentin.**

24

25    As of December 5, 2007, Appeal number SATF-07-03077, concerning mail issues, was

26    pending at the inmate appeals branch waiting on the director's level decision. (Decl. Grannis ¶ 5,

27    Ex. A.) However, this appeal concerns an alleged interference with legal mail that Givens

28    mailed on April 11, 2006 at SATF (Decl. Gomez ¶ 14, Ex. H), and did not concern the

---

Defs.' Not. Mot. & Mot. Dismiss; Memo. P. & A.                        *F. Givens v. J. Tilton, et al.*
8                                                                      C 07-3575 MJJ (PR)

1 recognized claims in this case related to San Quentin.

2    **3.   Givens's Only Administrative Appeal Regarding His Incarceration at San Quentin was Screened Out Because Givens Did Not Submit the Appeal to the Informal Level.**

4     The Supreme Court has held that the Prison Litigation Reform Act's exhaustion

5 requirement requires the "proper exhaustion" of administrative remedies. *Woodford*, 126 S. Ct.

6 at 2386. In the inmate-appeals process, there are four levels of review; the first is the informal

7 level of resolution. (Decl. Dacanay ¶ 3; Decl. Gomez ¶ 3; Decl. Grannis ¶ 7.) The informal level

8 is when the appellant and the staff involved attempt to resolve the grievance informally. Cal.

9 Code Regs. tit. 15, § 3084.5. Title 15 provides that unless there is an exception, evidence of an

10 attempt to obtain informal level review is required before an appeal may be accepted for formal

11 review. *Id.* § 3084.5(a)(1).

12     The only administrative appeal concerning Givens's incarceration at San Quentin in July

13 2006, is an appeal submitted on August 20, 2006, that alleged improper handling of the funds in

14 his inmate trust account at San Quentin.[2/] (Decl. Dacanay ¶ 8; Compl. Ex. A, 2.) Givens made

15 no attempt to resolve the administrative appeal at the informal level, and instead submitted the

16 appeal directly to the wardens at San Quentin and SATF. (Compl. Ex. A, 9.) Consequently, the

17 appeals coordinators at San Quentin screened out the appeal for failure to submit it for informal

18 resolution. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1.) CC-II Jeppeson, one of the Appeals

19 Coordinators at San Quentin, noted on the screen out form that Givens should submit the appeal

20 to the trust department for informal level review. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1.)

21     Instead of following CC-II Jeppeson's directions and submitting the appeal to the trust

22 department, Givens sent a letter to the San Quentin warden, San Quentin litigation coordinators,

23 and U.S. District Court challenging the screen out decision. (Compl. Ex. A, 10.) Givens

24 asserted that his appeal was a challenge to a "policy/custom that is promulgated by San Quentin

25 State Prison . . . [that] enables CDCR staff at SQSP to embezzle funds from inmate trust

26 accounts." (Compl. Ex. A, 10.) Givens claimed that his appeal was exempt from the informal

27

28    2.  Givens only appeal at San Quentin that reached the formal level and received an institutional log number is an unrelated appeal from Givens's previous incarceration at San Quentin in 2003. (Decl. Dacanay ¶ 7 Ex. A.)

1   level requirement because it challenged "[d]epartmental regulations, policies, or operational

2   procedures." (*Id.* (citing Cal. Code Regs. tit. 15, § 3084.5(a)(3)(D))). However, the language of

3   Givens's appeal challenges a particular action at San Quentin, specifically the handling of inmate

4   Givens's trust account, and does not challenge a policy at San Quentin. (Decl. Dacanay ¶ 10;

5   Decl. Grannis ¶ 9; Compl. Ex. A, 2.) Alternatively, Givens claimed that the administrative

6   appeal was a formal citizen's complaint under California Penal Code section 832.5 and should

7   bypass the informal level. (Compl. Ex. A, 10.) Once again, the language of the appeal indicates

8   that the appeal is a regular administrative appeal, not a staff complaint or citizen complaint, and

9   does not fall within any exception to the requirement that inmate appeals must be submitted to

10  the informal level of review. (Decl. Dacanay ¶¶ 10-11; Decl. Grannis ¶ 9; Compl. Ex. A, 2.)

11       In addition, the Inmate/Parolee Appeals Screening Form states that in order to appeal a

12  screen out decision the inmate should return the screen-out form to the Appeals Coordinator with

13  the necessary information. (Decl. Dacanay ¶ 9; Compl. Ex. A, 1.) The Appeals Coordinator has

14  a policy of date stamping all appeal documents upon receipt of the documents. (Decl. Dacanay ¶

15  9.) There is no indication on the Inmate/Parolee Appeals Screening Form that the form was

16  resubmitted to the Appeals Coordinator as required to properly challenge a screen-out decision.

17  (Decl. Dacanay ¶ 9; Compl. Ex. A, 1.)

18       **4.    Givens's Five Administrative Appeals that were Screened Out at the
               Director's Level of Review after July 11, 2006 Were Not Properly**
19             **Exhausted.**

20       After July 11, 2006, five of inmate Givens's administrative appeals were screened out at the

21  director's level of review. (Decl. Grannis ¶ 6, Ex. A.) The grievance process in the State of

22  California provides that "[e]ach institution head . . . shall designate an appeals coordinator . . .

23  who shall prior to acceptance for review screen and categorize each appeal originating in their

24  area for compliance with these regulations." Cal. Code Regs. tit. 15, § 3084.3. An appeal may

25  be rejected because the appellant did not include evidence of an attempt to resolve the grievance

26  at the informal level, the appeal is incomplete, or necessary supporting documents are not

27  attached. *Id.* § 3084.3(c)(4)-(5).

28       In the case at hand, two of the administrative appeals were screened out after Givens's

1    Complaint was filed on July 11, 2007; SATF-07-01883 was screened out on August 15, 2007

2    because the appeal was rejected, withdrawn, or canceled; and SATF-07-01981 was screened out

3    on October 16, 2007 because the appeal was missing documentation. (Decl. Grannis ¶ 6, Ex. A.)

4    Both of these appeals are unrelated to events that allegedly occurred at San Quentin in July 2006.

5    Appeal number SATF-07-01883 concerned the alleged introduction of false or misleading

6    information into Givens's central file by a staff member at SATF. (Decl. Gomez ¶ 12, Ex. F.)

7    Appeal number SATF-07-01981 concerned the alleged interference in the copying of legal

8    documents by a staff member at SATF. (*Id.* ¶ 13, Ex. G.)

9        Of the remaining three appeals that were screened out after July 11, 2006, none of the

10   appeals had institutional log numbers, most likely because the appeals had not reached the formal

11   level of review. (Decl. Grannis ¶ 6, Ex. A.) All three of the appeals were screened out because

12   the appeal had not completed the second level of review. (*Id.*) The appeal that was screened-out

13   on January 17, 2007 (*id.* ¶ 3, Ex. A), was most likely another attempt by Givens to bypass the

14   informal level of review regarding his claim of improper handling his trust account at San

15   Quentin. On January 17, 2007, the Inmate Appeal Branch received an Inmate/Parolee Form

16   (CDC 602) from Givens attempting to bypass the informal, first, and second levels of review.

17   (Compl. Ex. A, 16-18.) Givens claimed that the August 20, 2006 appeal had not been responded

18   to at the informal, first, and second level of review. (Compl. Ex. A, 18.) Givens claims to have

19   resubmitted the appeal to the San Quentin Appeals Coordinators, and various state officials

20   twice. (Compl. Ex. A, 16.) However, Givens ignored that Appeals Coordinator CC-II Jeppeson

21   screened out the appeal because it had not been submitted to the informal level, and directed him

22   to submit the appeal to the trust department for informal level review. (Decl. Dacanay ¶ 8;

23   Compl. Ex. A, 1.)

24       The Supreme Court has held that exhaustion of available remedies requires that a prisoner

25   "properly exhaust," which means that "prisoners must complete the administrative review

26   process in accordance with the applicable procedural rules, . . . rules that are defined not by the

27   PLRA, but by the prison grievance process itself." *Jones*, 127 S. Ct. at 922. When an appeal is

28   rejected for not attempting to resolve the grievance at the informal level, it is returned to the

---

1   inmate with clear instructions regarding further action the inmate must take to qualify the appeal

2   for processing.  Cal. Code Regs. tit. 15, § 3084.3(d).  In the case at hand, a handwritten note by

3   Appeals Coordinator CC-II Jeppeson on the Inmate/Parolee Appeals Screening Form directed

4   inmate Givens to send the appeal to the trust department for informal level review.  (Decl.

5   Dacanay ¶ 8; Compl. Ex. A, 1.)  In addition, the Inmate Appeals Branch provided written

6   notification to Givens that the appeal had not been completed through the second level of review

7   and suggested that Givens speak with his Appeals Coordinator about the appeals process.

8   (Compl. Ex. A, 20.)  There is no evidence that Givens attempted to submit his appeal to the trust

9   department.

10        In sum, Givens failed to follow the proper procedure and failed to exhaust his administrative

11   remedies before filing suit.  Therefore, this action must be dismissed without prejudice.  42

12   U.S.C. § 1997e(a).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### CONCLUSION

2    Givens failed to exhaust any of the claims in this action before filing suit.  The claims found

3 cognizable by the Court are that Defendants violated Givens's constitutional rights by improperly

4 appropriating money from his prison trust account, retaliating against him for filing lawsuits by

5 confiscating his legal papers, and subjecting him and other African-American inmates to

6 inhumane living conditions.  Because Givens has not exhausted his administrative remedies for

7 these claims before filing suit, Defendants respectfully request that this action be dismissed

8 without prejudice.  42 U.S.C. § 1997e(a).

9

10       Dated:  January 7, 2008

11                              Respectfully submitted,

12                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

13                              DAVID S. CHANEY
                               Chief Assistant Attorney General
14
                               FRANCES T. GRUNDER
15                              Senior Assistant Attorney General

16                              MICHAEL W. JORGENSON
                               Supervising Deputy Attorney General
17

18                              D. Robert Duncan

19

20                              D. ROBERT DUNCAN
                               Deputy Attorney General
                               Attorneys for Defendants O. Nollette and James E. Tilton
21

22
40202299.wpd
23 SF2007200722

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **F. Givens v. J. Tilton, et al.**

No.:    **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On January 7, 2008, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)**

**DECLARATION OF R. CHANDLER-DACANAY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)**

**DECLARATION OF R. GOMEZ IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)**

**DECLARATION OF D. ROBERT DUNCAN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405**
**8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 7, 2008, at San Francisco, California.

| L. Santos | L. Santos |
| --- | --- |
| Declarant | Signature |