1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  D. ROBERT DUNCAN, State Bar No. 161918
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5739
    Fax:  (415) 703-5843
8   Email:  Robert.Duncan@doj.ca.gov

9  Attorneys for Defendants Tilton and Nollette

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

|  |  |
|---|---|
| **FRANCOIS P. GIVENS,** | C 07-3575 MJJ (PR) |
| Plaintiff, | **DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)** |
| **v.** | |
| **JAMES TILTON, et al.,** | |
| Defendants. | |

20      I, N. Grannis, declare as follows:

21      1.    I am employed by the California Department of Corrections and Rehabilitation as the

22  Chief of the Inmate Appeals Branch.  I am competent to testify to the matters set forth in this

23  declaration, and if called upon to do so, I would and could so testify.  I submit this declaration in

24  support of Defendants' Motion to Dismiss.

25      2.    The Inmate Appeals Branch keeps an electronic database containing information about

26  each inmate administrative appeal that has been addressed at the final level of review within the

27  administrative-appeal system, the director's level.  It also retains copies of the actual inmate

28  appeals that have been addressed at the director's level.  The inmate-appeal records are made at

Decl. N. Grannis Supp. Defs. Mot. Dismiss Under Rule 12(b)          *F. Givens v. J. Tilton, et al.*
                                                                    C 07-3575 MJJ (PR)

1  or near the time that the inmate grievances are investigated and decided, and they are made by a

2  person with knowledge of the matters addressed, or according to information provided by a

3  person with knowledge of those matters.  These appeal records are made and kept in the course

4  of regularly conducted activity, as a regular practice.

5       3.   Attached as Exhibit A is a true and correct copy of the Inmate Appeals Branch

6  computer printout report of each inmate appeal that was filed by inmate Francois Givens

7  (Plaintiff), CDCR # T-86266, as of December 5, 2007.  The Inmate Appeals Branch computer

8  printout report catalogues which of Plaintiff's inmate appeals completed all levels of review,

9  culminating in a final review by the director's level, and which of Plaintiff's inmate appeals were

10  screened out at the director's level.

11      4.   Exhibit A demonstrates that only four of inmate Givens's administrative appeals were

12  exhausted at the director's level of review since July 11, 2006.  Appeal # SATF-06-00675,

13  concerning mail issues, was exhausted on July 27, 2006, when the appeal was denied at the

14  director's level.  Appeal # SATF-06-01265, concerning legal issues, was exhausted on

15  December 26, 2006 when the appeal was denied at the director's level.  Appeal # SATF-06-

16  01558, concerning staff complaints, was exhausted on December 18, 2006 when the appeal was

17  denied at the director's level.  Appeal # SATF-06-03872, concerning ADA issues, was exhausted

18  on January 23, 2007 when the appeal was denied at the director's level.

19      5.   As Exhibit A demonstrates, Appeal # SATF-07-03077, concerning mail issues, is

20  pending at the inmate appeals branch waiting on a director's level decision.

21      6.   Exhibit A demonstrates that after July 11, 2006, five of inmate Givens's administrative

22  appeals were screened out at the director's level of review.  Appeal # SATF-07-01883,

23  concerning staff complaints, was screened out because the appeal was rejected, withdrawn, or

24  canceled.  Appeal # SATF-07-01981, concerning legal issues, was screened out because the

25  appeal was missing documentation.  Of the remaining three appeals that were screened out after

26  July 11, 2006, none of the appeals had institutional log numbers, most likely because the appeals

27  had not reached the formal level of review.  All three of the remaining appeals were screened out

28  because the appeal had not completed the second level of review.

Decl. N. Grannis Supp. Defs. Mot. Dismiss Under Rule 12(b)                    *F. Givens v. J. Tilton, et al.*
                                                                                                                                                                 C 07-3575 MJJ (PR)

2

7.    I am familiar with various sections of title 15 of the California Code of Regulations that govern an inmate's appeal.  For instance, section 3084.5 describes the levels of appeals that are available to an inmate.  Cal. Code Regs. tit. 15, § 3084.5.  In order to exhaust available administrative remedies within the inmate appeals system, an inmate must proceed through several levels of review: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation.  *Id.* at § 3084.5(a)-(d).  Specifically, section 3084.5(e)(2) provides that "[t]hird level review constitutes the director's decision on an appeal, and shall be conducted by a designated representative of the director under supervision of the chief, inmate appeals." *Id.* at § 3084.5(e)(2).

8.    Section 3084.3(c) describes the grounds for rejecting an inmate appeal.  The Inmate Appeals Branch may reject an appeal if the appellant has not included evidence of an attempt to resolve the grievance at the informal level.  Cal. Code Regs. tit. 15, § 3084.3(c)(4).  When an appeal is rejected for not attempting to resolve the grievance at the informal level, it is returned to the inmate with clear instructions regarding further action the inmate must take to qualify the appeal for processing.  *Id.* at § 3084.3(d).  An appeal that has been screened out does not constitute a final decision by the Director, and therefore an inmate must take further action to exhaust administrative remedies.

Decl. N. Grannis Supp. Defs. Mot. Dismiss Under Rule 12(b)          *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

3

1     9.     Section 3084.5(a)(3)(D) states that the informal level shall be waived for an appeal of

2 departmental regulations, policies, or operational procedures.  Cal. Code Regs. tit. 15, §

3 3084.3(a)(3)(D).  However, an appeal that alleges that funds in an inmate's trust account were

4 improperly handled, does not constitute a challenge to departmental policy and is not exempt

5 from the requirement that the inmates first submit their appeals to the informal level.  *Id.* at §

6 3084.5(a)(1).

7

8     I declare under penalty of perjury that the foregoing is true and correct.  Executed at

9 Sacramento, California, on December 31, 2007.

10

11

12                                                         N. Grannis
                                                           Chief, Inmate Appeals Branch
13

14

15

16

17

18 40191588.wpd

19 SF2007200722

20

21

22

23

24

25

26

27

28

Decl. N. Grannis Supp. Defs. Mot. Dismiss Under Rule 12(b)                *F. Givens v. J. Tilton, et al.*
                                                                          C 07-3575 MJJ (PR)