EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5739
  Fax: (415) 703-5843
  Email: Robert.Duncan@doj.ca.gov

Attorneys for Defendants Tilton and Nollette

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>                           Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>                          Defendants. | C 07-3575 MJJ (PR)<br><br>DECLARATION OF R. CHANDLER-DACANAY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b) |

I, R. Chandler-Dacanay, declare as follows:

    1.   I am employed by the California Department of Corrections and Rehabilitation as an Appeals Coordinator at the California State Prison - San Quentin (San Quentin). As the Appeals Coordinator, my responsibilities include receiving, screening, logging, routing, and assigning inmate appeals (Form CDC 602, Inmate/Parolee Appeal Form), and monitoring the computer database in the inmate appeals office. My duties also include monitoring the disposition of these inmate appeals. I am competent to testify to the matters set forth in this declaration, and if called upon to do so, I would and could so testify. I submit this declaration in support of Defendants' Motion to Dismiss. I declare under penalty of perjury that I am competent to testify as a witness

Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss Under Rule 12(b)       F. Givens v. J. Tilton, et al.
                                                                                     C 07-3575 MJJ (PR)

1

1  and that the foregoing is true and correct, based on my personal knowledge, except for those
2  statements based on information and belief, which I believe to be true.

3      2.    In my capacity as Appeals Coordinator, I am one of the two duly authorized custodian
4  of appeals submitted by inmates committed to the custody of the California Department of
5  Corrections and Rehabilitation and housed at this institution. Formal level appeals received and
6  processed at San Quentin are maintained three years for regular appeals and five years for staff
7  (or citizen) complaints. The documents and entries in documents are prepared at or near the time
8  of their occurrence by persons with knowledge of the circumstances and events. The documents
9  attached are true and correct copies of documents from the file of inmate Francois Givens,
10 CDCR T-86266, and the prison's electronic database of inmate appeals maintained in the regular
11 course of business by San Quentin.

12     3.    In the inmate-appeals process, there are four levels of review: (1) informal resolution,
13 (2) first-formal-level review, (3) second-formal-level review by the institutional head or
14 designee, and (4) third-formal-level review by a designated representative of the Director under
15 supervision of the Chief of Inmate Appeals. Instructions on how to properly exhaust an inmate
16 appeal are displayed on the Inmate/Parolee Appeal Form.

17     4.    All of the formal inmate appeals submitted by inmates at San Quentin are tracked in a
18 computerized system. This system contains the following information: the name and number of
19 the inmate filing the inmate appeal, the log number of the inmate appeal, date received, the
20 inmate appeal issue, level of review, date completed at each level of review, and decision
21 reached. The recording is made at or near the time the inmate appeal is received by me or
22 another employee of the inmate appeals office with personal knowledge of the inmate-appeals
23 process. The database is kept in the course of regularly conducted business activity, and every
24 effort is made to maintain the accuracy and integrity of each record.

25     5.    At the request of the Attorney General's Office, a search of the institutional inmate-
26 appeals database was conducted for inmate appeals submitted by inmate Francois Givens, CDCR
27 T-86266.

28     6.    Attached as Exhibit A is a true and correct copy of the computer printout from the San

Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss Under Rule 12(b)        *F. Givens v. J. Tilton, et al.*
                                                                                  C 07-3575 MJJ (PR)

1  Quentin inmate appeals office showing Givens's inmate appeals history. Each formal inmate
2  appeal is assigned an institutional log number by the inmate appeals office when the inmate
3  appeal is assigned to the first or second levels of review and is tracked by the inmate appeals
4  tracking system (IATS) which allows for the generation of status reports as attached in Exhibit A.
5  If an inmate appeal does not proceed past the informal level of review, it is not assigned an
6  institutional log number.

7.  As Exhibit A demonstrates, Givens's only appeal that appears in the San Quentin inmate appeals tracking system is an appeal # CSQ-4-03-01861 that was submitted in 2003. After July 11, 2006, Givens did not submit any administrative appeals at San Quentin that reached the formal level and received an institutional log number.

8.  I have reviewed the Inmate/Parolee Appeals Screening Form and Inmate/Parolee Appeal Form (CDC 602) that Givens attached to his complaint. (Compl. Ex. A, 1-2.) Givens's appeal appears to have been submitted on August 20, 2006, and alleges improper handling of the funds in his inmate trust account at San Quentin. (*Id.* Ex. A, 2.) The Inmate/Parolee Appeals Screening Form indicates that the appeal was screened out on September 6 for failure to receive an informal level response. (*Id.* Ex. A, 1.) A handwritten note by CC-II Jeppeson on the Inmate/Parolee Appeals Screening Form directs inmate Givens to send the appeal to the trust department for informal level review. (*Id.*)

9.  The Inmate/Parolee Appeals Screening Form states that in order to appeal a screen out decision the inmate should return the screen-out form to the Appeals Coordinator with the necessary information. (*Id.*) The Appeals Coordinator has a policy of date stamping all appeal documents upon receipt of the documents. There is no indication on the Inmate/Parolee Appeals Screening Form that the form was resubmitted to the Appeals Coordinator as required to properly challenge a screen-out decision.

10.  I reviewed Givens's letter dated September 19, 2006 that challenges the screen out of the appeal dated August 20, 2006. (Compl. Ex. A, 10.) The letter asserts that the appeal challenges a "policy/custom that is promulgated by San Quentin State Prison . . . and enables CDC staff at SQSP to embezzle funds from inmate trust accounts." (*Id.*) The letter cites to the

Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss Under Rule 12(b)    *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1  California Code of Regulations section 3084.5(a)(3)(D) that allows the informal level to be
2  bypassed for appeals that challenge "[d]epartmental regulations, policies, or operational
3  procedures." (*Id.* (citing Cal. Code Regs. tit. 15, § 3084.5(a)(3)(D)). However, Givens's appeal
4  challenges a particular action at San Quentin, specifically the handling of inmate Givens's trust
5  account, the appeal does not challenge a policy at San Quentin. Therefore, Givens's appeal does
6  not fall within an exception to the requirement that inmates are required to attempt to obtain
7  informal level review before an appeal may be accepted at the formal level. Cal. Code Regs. tit.
8  15, § 3084.5(a)(1).

9  11. Givens alleges that his administrative appeal is a formal citizen's complaint under
10 California Penal Code section 832.5 and should bypass the informal level as required by the
11 Department Operations Manual (DOM). (Compl. Ex. A, 10.) However, Givens's administrative
12 appeal concerns the inmate's trust account since it requests a "[r]estitution order . . . [and an]
13 explanation as to why Inmate Trust Accounts at SQSP failed to transfer appellant's funds in a
14 timely fashion." (*Id.* Ex. A, 2.) Based on the language in the administrative appeal, Given's
15 appeal submitted on August 20, 2006 is a regular administrative appeal, and not a staff complaint
16 or citizens complaint that is allowed to bypass the informal level.

18 I declare under penalty of perjury that the foregoing is true and correct. Executed at San
19 Quentin, California, on December 24, 2007.

*/s/ R. Chandler-Dacanay*
R. Chandler-Dacanay
Appeals Coordinator

28  40192031.wpd

Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss Under Rule 12(b)         *F. Givens v. J. Tilton, et al.*
                                                                              C 07-3575 MJJ (PR)