# EXHIBIT B

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: JUL 27 2006

In re: Givens, T-86266
California Substance Abuse Treatment Facility and
State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

*Appeals*

IAB Case No.: 0513075    Local Log No.: SATF 06-00675

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pennington, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that he would like to officially challenge the institutional policy, California Substance Abuse Treatment Facility and State Prison at Corcoran (SATF) Operational Procedure #129(D)(3), which prohibits receipt of the "California Prison Focus" newsletter. SATF maintains that the publication constitutes direct inmate-to-inmate correspondence. The appellant asserts that this policy violates his First and Fourteenth Amendment rights, as well as State created liberty interest to purchase, receive and read newspapers. The appellant is requesting that the confiscated newspaper be delivered to his possession.

**II  SECOND LEVEL'S DECISION:** The reviewer found that the publication met the criteria for contraband as described in California Code of Regulations, Title 15, Section (CCR) Title 15 Section 3006.2 (d) and OP #129. The reviewer also noted that the "Prison Focus" news letter raises genuine prison security issues. The First Amendment therefore does not require their circulation. Previous case law that interprets the First amendment allows prisons to censor incoming publications to the facility that pose security risk. The reviewer noted that the Custody Captain reviewed and disapproved each copy of this publication. CCR Section 3135(a) provides the Custody Captain the authority to disallow such correspondence. The item must remain intact in its; entirety. Should there be pages in the item that are determined to be contraband, as defined in CCR Section 3006, or OP #129, then the entire item must be disallowed. Based on these facts the Second Level of Review denied the request to have the publications forwarded to the appellant.

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  A. **FINDINGS:** In this case the institution's response at the Second Level of Review was thorough and complete. The appellant must follow the guidelines established by departmental regulations, current policy and procedure and current guidelines established by the warden. The appellant has not presented a compelling argument to warrant modification of the decision reached by the institution. The appeals examiner has reviewed the information presented and determined that staff have fully complied with the regulations that govern this issue. The institution has acted appropriately in denying the appellant's request.

  B. **BASIS FOR THE DECISION:**
  CCR: 3000, 3006, 3131, 3135, 3136, 3138, 3139, 3147

  C. **ORDER:** No changes or modifications are required by the institution.

GIVENS, T-86266
CASE NO. 0513075
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SATF
      Appeals Coordinator, SATF

STATE OF CALIFORNIA                    **APPEALS COPY**                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: 1. SATF-A    Log No.: 06-00675    Category: 3

You may appeal any policy, action or decision which has a significant adverse effect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Givens, Francois | T-86266 | A2 | 166Low |

**A. Describe Problem:** Appellant officially challenges the institutional POLICY, CSATF/SP OP§129(D)(3), which prohibits reciept of the "California Prison Focus" newsletter. CSATF/SP maintains that this publication constitutes direct inmate-to-inmate correspondance. Appellant asserts that this policy violates his First and Fourteenth Amendment (US Constitution) rights, as well as state created liberty interest to purchase, recieve and read newspapers. Pursuant to CCR§3084.5(b)(1), this institutional policy challange should bypass the First Level of review. (see attached)

If you need more space, attach one additional sheet.

**B. Action Requested:** Forward the confiscated newspaper to the appellant. Issuance of an institutional memo, stating that the "California Prison Focus" is an authorized publication. No retribution by staff because of this appeal.

Inmate/Parolee Signature: _____    Date Submitted: 1-28-06

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: The publication has been reviewed by the Custody Captain. It raises genuine prison security issues, therefore the First Amendment does not require circulation. See - Pell v. Procunier, Thornburgh v. Abbott, Turner v. Safley

Staff Signature: _____    Date Returned to Inmate: 2/8/06

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Please explain how the (4) prong analysis established in Turner v. Safely (1987) 107 SCt 2254 is met by CSATF/SP in their justification in impingment of prisoner's Constitutional rights by banning "The Prison Focus" newsletter. *Note- I am challenging a "Policy" which requires the First level to be bypassed.

Signature: _____    Date Submitted: 2-9-06

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

## CSATF APPEALS

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **FEB 2 2 2006**   Due Date: **4-6-06**

Interviewed by: _____

See attached copy

Staff Signature: _____   Title: **Sergeant**   Date Completed: _____

Division Head Approved:
Signature: _____   Title: **AW (A)**   Date Returned to Inmate: **MAR 0 6 2006**

CSATF APPEALS

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Appellant is dissatisfied with the First Level response to this appeal. Appellant seeks that this institution satisfies the Turner analysis in its justification in it's ban of the "Prison Focus" newsletter. (see attached).

Signature: _____   Date Submitted: **March 12, 2006**

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  CSATF APPEALS

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **MAR 2 0 2006**   Due Date: **4-18-06**

☒ See Attached Letter

Signature: _____ **B. Kibler, CCII (A)**   Date Completed: **4-28-06**

Warden/Superintendent Signature: _____   Date Returned to Inmate: **MAY 1 2006**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)   Date: _____

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:   April 26, 2006

To:     Givens, T86266
        California Substance Abuse Treatment Facility and
        State Prison at Corcoran

Subject: SECOND LEVEL APPEAL RESPONSE
         LOG NO.:    SATF A-06-00675

### ISSUE:

This appeal is filed relative to your receipt of a CDC 1819, Notifications of Disapproval-Mail/Packages/Publications, informing you that your incoming mail, "Prison Focus", had been disallowed on 1-13-06. You request the confiscated newspaper be forwarded to you, an institutional memo be issued authorizing this publication and no retribution be taken against you by staff.

### INTERVIEWED BY:

C. Pugliese, Correctional Sergeant, on 2-27-06.

**REGULATIONS:** The rules governing this issue are taken from the California Code of regulations (CCR), Title 15, and local Operational Procedures (OPs).

> CCR 3139. Correspondence Between Inmates.
> OP 129. Inmate Mail.

### SUMMARY:

B. Kibler, Appeals Coordinator (A), investigated your appeal at the Second Level of Review (SLR). The investigation revealed that the California Substance Abuse Treatment Facility (CSATF) Mailroom Staff appropriately disapproved your incoming inmate mail per policy and procedure, due to the publication containing unapproved inmate-to-inmate correspondence. The regulations are clear that prior approval is required for correspondence between inmates.

Mailroom staff review each such publication for compliance with departmental policies on a case-by-case basis, therefore, no authorization can be granted for future issues.

### DECISION:

Your appeal is granted in part; in that there shall be no retribution by any staff member concerning your filing of any appeal. All other requests are denied.

KEN CLARK
Warden
California Substance Abuse Treatment Facility and State Prison at Corcoran

CSATF APPEALS
MAY - 1 2006

Attachment CDC602 Log#SATF-A-06-00675
I/M Givens, #T086266  March 12, 2006

The Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, which makes the "First Amendment Freedom of Speech" protections applicable to the states (Procunier v. Martinez(1974)416 US 396,94 S.Ct 1800, 40 L.Ed.2D 224), guarantees a prisoner the right to recieve literature and newspapers (Cal P.C §§2600,2601(c)(1);Procunier, supra;Turner v. Safely(1987)482 US 78 at 84;107 S.Ct 2254,96 L.Ed.2d 64;Clement v. CDC (C.A.9 Cal 2004)364 F.3d 1148). When a prisoner makes a claim that his First Amendment rights are being violated by a prison regulation, the regulation is deemed to be valid if prison officials can establish that their impingment is justified and reasonably related to legitimate penological interests (Turner, supra).

In the First level response to this appeal, the decision maker states that the "Prison Focus" newsletter was banned at CSATF/SP because it raises genuine security issues, and met the definition of "contraband, pursuant to CCR§3006.2(d) and CSATF/SP OP§129D(3). CCR§3006(d), which does appear in Title 15, states: "Anything in the possession of an inmate which is not contraband but will, if retained in the possession of the inmate, present a serious threat to facility security or the safety of inmates and staff, shall be controlled by staff to the degree necessary to eliminate the threat"... Appellant is unsure how the "Prison Focus" presents a serious threat to security and safety at CSATF/SP.

The mission statment of the "Prison Focus" states that it is "a publication of the California Prison Focus, a non-profit organization that works with and on behalf of prisoners in California's control units"... The newspaper accepts opinions, articles and artwork by prisoners, and has a subscription fee of $5.00 for prisoners. Appellant asserts that the newspaper does not constitute direct "inmate-to-inmate" correspondence as purported by the First Level decision, and niether does it present serious or eben minimal security or safety concerns. Appellant asserts a First Amendment violation, and CDCR should justify their regulation by satisfying the (4) prong analysis established in Turner v. Safely, which mandates that prison officials establish:

1) whether there is a valid, rational connection between the prison's regulation and the legitimate government interest put forward to justify it:
2) Whether inmates have an alternative means to exercise their First Amendment right;
3) The impact of accomodation by the prison; and
4) The existance of obvious, easy alternatives to the regulation (Turner at 482 US 78 at 89).

Conclusion:

Although "safety" and "security" are legitimate penological interests, prison officials cannot brandish the words "safety" and "security" and expect that their actions will be deemed constitutionally permissible conduct (Ramirez v. Coughlin(N.D.NY 1996)919 F.Supp 617). In Turner, the US Supreme Court determined that prison officials must set forth thier reasons for impingment of First Amendment rights. Appellant does not believe that CDCR can met the Turner analysis by stating that the "Prison Focus" newsletter constitutes inmate-to-inmate correspondence. The sweep of this ban on newspapers is too broad, and allows for subsequent bans of newspapers such as the Los Angeles Times or San Francisco Chronicle, which prints "opinions" from all segments of society, including prisoners. CDCR must find an alternative way to justify this regulation.

X _____
Francois P. Givens,#T-86266
CSATF/SP A2-166Low
P.O. Box 5248
Corcoran, Ca., 93212

STATE OF CALIFORNIA                              DEPARTMENT OF CORRECTIONS and REHABILITATION

# MEMORANDUM

DATE: February 27, 2006

TO: Inmate Givens, T-86266

SUBJECT: First Level CDC 602 Appeal Response

APPEAL LOG NUMBER: SATF-A-06-00675

INTERVIEWED BY: SGT. C. PUGLIESE

APPEAL DECISION: PARTIALLY GRANTED

APPEAL ISSUE: Mail

**APPEAL RESPONSE:** This First Level Appeal has received careful consideration and has been thoroughly researched. Inmate Givens, T-86266 was interviewed by Correctional Sergeant C. Pugliese on February 27, 2006, in order to provide him with an opportunity to fully explain his appeal and to provide any supporting evidence or documents. Givens had no further evidence to add at this time.

This appeal is concerning the publication "Prison Focus". This publication has been disapproved because there are articles published in this periodical that have been written by other inmates. Appellant is challenging the policy which prohibits receipt of newsletters such as Prison Focus.

Appellant is requesting to receive this publication, Issuance of an institutional memo stating "California Prison Focus" is an authorized publication, and no retribution by staff because of this appeal.

A thorough investigation into this appeal revealed that the copies of this publication, were all disapproved by the Custody Captain. The periodical met the criteria for contraband as described in CCR Title 15 Section 3006 2.(d), and Operational Procedures 129, (Mailroom Procedures). The sending and receiving of mail by inmates will not be unduly restricted or impeded, nor will the privacy of such correspondence be invaded, except when it is required to prevent physical injury to persons, and to maintain the security of the prison.

Case Law Allows Prisons to Censor Incoming Publications for Security Reasons.

*Pell v. Procunier* (1974) 417 U.S. 817, 822-23
*Thornburgh v. Abbott* (1989) 490 U.S. 401.
Turner *v. Safley* (1987) 482 U.S. 81, 87.

The Prison Focus news newsletter raise genuine prison security issues. The First Amendment therefore does not require their circulation.

Log Number: SATF-A-06-00675
Page 2

Case law that interprets the First Amendment allows prisons to censor incoming publications to the facility that pose a security risk. Title 15 regulations of the CDC are consistent with that case law. The Prison Focus News newsletter raises genuine prison security issues and thus may be censored and withheld.

The Publication was evaluated as a "whole". Per CCR Section 3006 2. (d), the material contained in your publication meet the definition of contraband. CCR Section 3135(a) provides the Custody Captain the authority to disallow such correspondence. The item must remain intact in its' entirety. Should there be pages in the item that are determined to be contraband, as defined in CCR Section 3006, or Operational Procedures (O.P. 129), then the entire item must be disallowed. This includes pages containing advertisements. Inmates may request to return magazines to the publisher, at their own expense. To do this, the inmate must return the Notification of Disapproval, CDC 1819 to the CSATF mailroom, with either a self-addressed stamped envelope (with sufficient postage to mail the magazine back), or a Trust Account Withdrawal form (CDC 193). The "Return to Sender" box in the "Disposition" area of the CDC 1819, must be checked.

Inmates are made aware of the rules and regulations governing receipt of incoming mail, through the California Code of Regulations Title 15, and Operational Procedure #129-Inmate Mail. The California Substance Abuse Treatment Facility and State Prison at Corcoran can only be held accountable for what is allowed and disallowed into the institution, as it is received. It is for this reason, the CSATF mailroom staff must review each magazine on a case-by-case basis

Considering the above information, your appeal is **PARTIALLY GRANTED** at the First Level of Review. The Publication "Prison Focus" will not be allowed into the institution. Since each issue of each publication is reviewed as it is received, no memo will be issued authorizing any publication. However, as requested, no staff retribution will be taken because of this appeal.

**Interviewer**
C. Pugliese
Receiving and Release Sergeant
CSATF/SP at Corcoran

**Reviewer**
T. WAN
Assoc. Warden, Central Svs.
CSATF/SP at Corcoran

CSATF APPEALS
MAR 0 6 2006

2

Attachment CDC602 1-28-05
I/M Givers, #T-86266

Cal P.C§§2600 and 2601 provides that prisoners may be deprived of certain rights, but shall retain the following civil rights:
..."(c)(1)To purchase, recieve, and read any and all newspapers, periodicals, and books accepted for distribution by the United States Post Office. Pursuant to this section, prison authorities may exclude any of the following matter:
(A) obscene publications or writings, and mail containing information concerning where, how, or from whom this matter may be obtained;
(B) Any matter of a character tending to incite murder, arson, riot, violent racism, or any other form of violence;
(C) Any matter concerning gambling or a lottery.

The California Supreme Court interprets a statute by giving its words plain and common meaning, looking to the entire substance to determine scope and purpose, and avoids any construction that would produce absurd results (Flannery v. Prentice(2001)110 Cal.Rptr.2d 809,26 Cal.4th 572). The California Prison Focus newsletter does not contain any of the prohibited subject matter listed in P.C§2601, and the banning of this publication does not appear to be related to a legitimate penological interest. The adoption of this regulation by the State of California and CDCR has created Liberty interest that are protected by the Due process Clause of the 14th Amendment (Sandin v. Conner(1995)515 US 472,115 S.Ct 2293;132 L.Ed.2D 418). CDCR has arbitrarily deprived the appellant of his First Amendment freedom of speech protections.
..."Fourteenth Amendment makes First Amendment's Freedom of Speech provision applicable to States and their political subdivisions"...Fonti v. City of Menlo Park(CA9 Cal 1998)146 F.3d 629 which precludes "State and local governments from abridging freedom of speech"...Nordyke v. Santa Clara County(CA9 Cal 1997)110 F.3d 707.

CSATF/SP OP§129(D)(3) prohibits inmates from directly corresponding with other inmates, without the approval of an institutional head (see CCR§3139). In classifying the "Prison Focus" as direct inmate-to-inmate correspondence, this institution has interpreted its own regulations in an absurd manner, arbitrarily violating the rights of all inmates who desire to read the "Prison Focus".
In Procunier v. Martinez(1974)416 US 396,94 S.Ct 1800,40 L.Ed.2d 224, the US Supreme Court established that "communication" is accomplished only when a letter from a "sender" is read by the "addressee" (Id. at 94 S.Ct at 1809). All letters that are printed by the "Prison Focus" are "addressed" to the Prison Focus, not CDCR prisoners. In Clement v. CDC(CA9 Cal 2004)364 F.3d 1148, the Ninth Circuit Court of Appeals held that:

1) The First Amendment embraces the right to distribute literature, and necessarily protects the right to recieve it;

2) The First Amendment right to recieve publications is a fundamental right (Lamont v. Postmaster General of US(381 US 301,85 S.Ct 1493,14 L.Ed.2d 398; and

3) Prisoners retain their First Amendment right to recieve information while incarcerated (Procunier, supra; Turner v. Safely(1987)482 US 78,107 S.Ct 2254,96 L.Ed.2d 64).

Conclusion:
Prisoners rights under the US Constitution and PC§§2600,2601, to distribute and recieve literature outweight any security or other penological interest in banning the "California Prison Focus".

X _____
Francois P. Givers, #T-86266
CSATF/SP A2-166Low
P.O. Box 7100
Corcoran, Ca., 93212

A2-166L rec'd 1-25-06

## NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

PRINT NAME: GIVENS
CDC NUMBER: T86266

### MAIL / PACKAGES SECTION (Complete for mail or package cases only)

[X] INCOMING MAIL/PACKAGE   [ ] OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA: Publication w/ unapproved inmate / inmate correspon.

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION: CCR P 129 D(3) pg 3 of 16

"Prism Focus" Winter

Please send $7.74 in postage on a manilla envelope

### DISPOSITION
[ ] HELD PENDING INVESTIGATION/APPEAL
[ ] RETURNED TO SENDER (At Inmate's Expense) (Date)
[ ] DESTROYED

*INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED: 2/6/06

### SENDER INFORMATION
FIRST NAME: Prism Focus   LAST NAME:
ADDRESS: 1940 16th St. Suite B5
CITY: San Francisco   STATE: Ca.   ZIP: 94103

I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION (INMATE'S SIGNATURE)   DATE SIGNED

### AUTHORITY TO DISALLOW (Must be completed in all cases)
PRINTED NAME OF WARDEN'S DESIGNEE: K. Parkhurst
SIGNATURE OF WARDEN'S DESIGNEE: K Parkhurst
DATE SIGNED: 1/6/06
DATE FORWARDED TO INMATE: 1/23/06

### PUBLICATIONS SECTION (Complete for publication cases only)

TITLE OF PUBLICATION (Include issue/date): Prism Focus
PUBLISHER:
PAGE(S) WHICH MEET DISAPPROVAL CRITERIA: pg on

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION:

### DISPOSITION
[ ] HELD PENDING INVESTIGATION/APPEAL
[ ] DESTROYED
[ ] RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date)

*INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED:

### DESIGNEE INFORMATION
FIRST NAME   MI   LAST NAME
ADDRESS (NUMBER AND STREET)
CITY   STATE   ZIP CODE

I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION (INMATE'S SIGNATURE)   DATE SIGNED

### AUTHORITY TO DISALLOW (Must be completed in all cases)
FACILITY CAPTAIN'S PRINTED NAME: K COMAITES
FACILITY CAPTAIN'S SIGNATURE: K C
DATE SIGNED: 1-B-06
DATE FORWARDED TO INMATE:

DISTRIBUTION:
ORIGINAL - MAILROOM
CANARY - INMATE
PINK - SENDER/DESIGNEE

* ALL APPEALS REGARDING MAIL PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF
** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN.