# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 2 6 2006

In re:  Givens, T-86266
California Substance Abuse Treatment Facility and
  State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.: 0604087        Local Log No.: SATF 06-01265

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that it is the warden's responsibility to ensure that the Facility "A" Law Library provides daily hours of operation and to prohibit the obstruction of any inmate's access to the courts. He contends that the Facility "A" Law Library is closed with "unfettered discretion," ignoring State created liberty interests and depriving the appellant of meaningful access to the courts. He claims that since his arrival at the California Substance Abuse Treatment Facility and State Prison at Corcoran (SATF) his access to the courts has been routinely obstructed despite his established deadlines and his status as a Priority Legal User. He claims that he was denied law library access without notification or justification for events that occurred on March 23, 2006, when the yard was closed from 0900 to 1300 hours. He contends that inmates with ducats were allowed to their appointments and to collect prizes for contests at the program office. He claims that there is no coverage provided when the librarian is absent, which caused him to miss a February 10, 2006, deadline. He requests an unbiased, outside investigation by the Attorney General (AG) or the Inspector General (IG), that the institution adhere to California Code of Regulations, Title 15, Section (CCR) 3122, 3160 and CDC Operations Manual Section (DOM) 53060.11, that all harassment and vexation of the appellant cease, that no reprisals be taken for filing this appeal and that legal materials not be removed from the law library because of this appeal. At the Director's Level of Review (DLR) he states that the appeal was submitted for the "sole purpose of Federal exhaustion requirement." He presents retorts to the Second Level of Review (SLR) claiming the SLR response was erroneous. He states that he is seeking "affirmation that the Secretary of the CDCR accepts responsibility for any "accruance (sic)" of liability resulting from Warden Ken Clark's Second Level response."

II  SECOND LEVEL'S DECISION: The reviewer found that the First Level of Review informed the appellant that the Facility "A" Law Library was operating according to the guidelines put forth in CCR 3122, 3160 and DOM 53060.11. A library schedule was posted in the library window and the library operated according to schedule. Any deviation from the schedule was due to staff absence, lockdowns, modified program status or other institutional need. A review of the appellant's library records indicated that for the first four months of 2006 the appellant had consistent, weekly, physical access to the law library. The SLR reviewer noted that this was consistent with the appellant's statement in Section "F" of this appeal wherein he claimed he was out to court from May 25, 2006, to July 25, 2006. The reviewer noted that DOM 53060.16 stated in part that physical access was not guaranteed on the basis of *In Propia Persons* or any other basis. Physical access was conducted solely at the discretion of the governing authority. If physical access was not allowable due to safety and security concerns other alternatives, such as paging would be utilized. The appellant had unlimited access to the Library Paging Services and copying. The appeal was granted in part in that the appellant was allowed access to the law library, that he would not be harassed or vexed and that there would be no retaliation for having filed this appeal. Legal materials would not be removed from the law library because of this appeal. The Facility "A" Law Library was found to be in compliance with policies and procedures. The appellant was informed that physical access was not guaranteed. The request for an outside agency investigation was found to be beyond the scope of the appeals process.

GIVENS, T-86266
CASE NO. 0604087
PAGE 2

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

    A. FINDINGS: A review of this appeal fails to produce information or evidence that establishes that the appellant was adversely affected when staff allegedly denied him access to the Facility "A" Law Library or that staff prohibited him from accessing the courts. The appellant states that he is "routinely and repeatedly" denied law library access during program modifications. The appellant does not present any evidence or documentation with this appeal reflecting that the modifications were unnecessary, unwarranted or unjust. The appellant has not provided any court documentation reflecting that he missed a court deadline on February 10, 2006, which was the result of not being allowed access to the law library or staff prohibiting from filing the mandated legal paperwork. It is noted that the appellant does not present any statements as to why his legal work could not have been completed by him prior to the deadline. The institution has noted that for the first four months of 2006 the appellant was allowed access to the law library on a weekly basis and by his own admission he was not present at the institution from May 25, 2006, to July 25, 2006. At the DLR the appellant has not presented any proof that reprisals were taken against him for filing this appeal or that legal materials were removed form the law library as a result of the filing of this appeal. The appellant is advised that the CDCR cannot order or direct another agency on how to conduct their mission or business. The appellant's request to have the AG or IG conduct an investigation was beyond the scope of the appeals process.

    B. BASIS FOR THE DECISION:
CCR: 3122, 3160
DOM: 53060.10

    C. ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SATF
        Appeals Coordinator, SATF

State of California

# Memorandum

Staff Member: Warden
Complaint issue: Law Library hours
Area of Origin: (1W) F/G
Appeal log #: SATF-A-06-01265

**CSATF APPEALS**
Date: MAR 3 0 2006

To: Ken Clark
Warden

Subject: **DETERMINATION OF STAFF COMPLAINT**

The attached appeal from inmate/parolee Givens, CDC# T86266, dated 3-26-06, reflects a complaint against staff. Pursuant to Administrative Bulletin 05-03, please review the attached appeal and determine the following:

☐ The complaint warrants a request for an internal affairs investigation.
☐ The complaint shall be addressed by appropriate supervisory staff
☑ The appeal does not meet the requirement for assignment as a staff complaint.

A. Normal Appeals Process:
   ☑ Routine Appeal Processing
   ☐ Second Level Response

B. Appeal Rejected:
   ☐ Reject with no appeal inquiry
   ☐ Reject: assign for review outside Appeal Process

**RECEIVED APR - 4 2006 ISU**

C. Appeal Inquiry:
   ☐ Referred to _____ for Appeal Inquiry. The Original of the completed "Confidential Supplement to Appeal, Appeal Inquiry" (Attachment C) is to be forwarded to the Inmate Appeals Office to be filed with the appeal. **Inmates/Parolees will not be provided a copy of this confidential report.**

D. Formal Investigation:
   ☐ Refer to the Office of Internal Affairs, Central Intake Unit, for review and determination of action/ investigation

Please print and sign below:

_____     4-3-06
R. Hall, Appeals Coordinator         Date

J. GATTO, LT. / J. Tall LT.         04-04-06
Internal Affairs Lieutenant (Warden's Designee)   Date

J. Palk CDW(A)                       4-5-06
Hiring Authority                     Date

STATE OF CALIFORNIA

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region __CSATF-A__   Log No. 1. __06-0/265__   2. _____   Category __10__   3

DEPARTMENT OF CORRECTIONS

You may appeal any policy, action or decision, which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classifica- committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the suppor- documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be t for using the appeals procedure responsibly.

NAME: Givens, F
NUMBER: T-86266
ASSIGNMENT: A2
UNIT/ROOM NUMBER: 166Low

A. Describe Problem: This is a formal citizen's complaint (Cal P.C§832.5) against CSATF/SP Warden Ken Clark, for willfully violating CCR's own regulations (CCR§§3122, 3160 and DOM§53060.11) by failing to ensure daily hours of operation for the A-yard library at CSATF/SP. Appellant asserts that Warden Clark may be liable under supervisory liability doctrines for his failure to ensure proper training of staff and personnel, failure to establish specific hours of operation and posted hours of operations for the A-yard law library, the failure to ensure coverage when personnel is missing from the A-yard library and allowing the continued vexation and har_____ of the appellant by subordinates on the A-yard facility.

(see attached)

If you need more space, attach one additional sheet.

B. Action Requested: An unbiased, outside investigation by Attorney General or Inspector General. This institutions adherence to CCR§§3122, 3160 and DOM§53060.11 ceases harassment and vexation of the appellant. No reprisals by officers for the filing of this inmate appeal. No removal of legal materials from the A-yard library because of the filing of this appeal.

Inmate/Parolee Signature: _[signature]_   Date Submitted: __March 26, 2006__

CSATF APPEALS  MAR 30
CSATF APPEALS  APR 06 2006

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

Staff Signature: _____   Date Returned to Inmate: _____

BYPASS

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

BYPASS

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

First Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date Assigned: 4-6-06   Due Date: 5-78-06
Interviewed by: R. Zimmerman, Vice-Principal on 5/10/06.

_See Attached Response_

Staff Signature: _[signature]_   Title: Vice-Principal   Date Completed: 5/10/06
Division Head Approved: _[signature]_
Signature: _[signature]_   Title: PA(A)   Returned Date to Inmate: MAY 1 7 2006   I/M OTC until 7/24/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied, Appellant submits to the next level for the sole purpose of exhaustion which is required by the Prison Litigation Reform Act (PLRA 42 USC§1997e). Appellant was out to court from 5-25-06 until 7-25-06, where upon his return, he recieved this First level response on 7-26-06. This appeal has been timely submitted.

Signature: _[signature]_   8-14-06   Date submitted: August 1, 2006

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: AUG 22 2006   Due Date: 9-20-06
☒ See Attached Letter
Signature: _[signature]_ CCII   Date Completed: _____
Warden/Superintendent Signature: _[signature]_   Date Returned to Inmate: SEP 21 06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____   Date Submitted: _____

For the Director's Review, Submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)   Date: _____

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:      September 21, 2006

To:        Givens, T86266
           California Substance Abuse Treatment Facility and
           State Prison at Corcoran

Subject:   SECOND LEVEL APPEAL RESPONSE
           LOG NO.:          SATF A-06-01265

### ISSUE:

Pursuant to Administrative Bulletin 05-03, the Warden's Designee determined that your appeal would be processed as a regular appeal (legal issue). You contend that since your arrival to Facility-A on 12/28/05, your access to the courts has been routinely obstructed. You contend that you are a Priority Library User (PLU) and your access to the Law Library has been repeatedly denied because of program modifications. You request an outside investigation into this issue by the Attorney General or Inspector General. You request that the California Substance Abuse Treatment Facility (CSATF) adhere to the regulations in regard to the Inmate Law Library, an inmate's access to the courts, and also the collection of law books in the Law Library. You request that all harassment/vexation cease and that no reprisal occur because of your appeal. Finally, you request that no legal material be removed from the Law Library because of your appeal.

### INTERVIEWED BY:

R. Zimmerman, Vice Principal, on 5/10/06.

### REGULATIONS:

The rules governing this issue are taken from the Department Operations Manual (DOM).

> DOM 53060.16. Access to Law Library by Inmates with Court Deadlines.

### CONCLUSION:

R. Hall, Appeals Coordinator, investigated your appeal at the Second Level of Review (SLR). The investigation initially revealed that according to Vice Principal Zimmerman, "Library records reflect that for the first four months of 2006, you have had consistent, weekly, physical access to the law library". That information is consistent with your statement in Section 'F" of your appeal where you stated, "Appellant was out to court from 5-25-06 until 7-25-06". DOM 53060.16 states in part, "Physical access is not guaranteed on the basis of "In Propia Persons," or any other basis. Physical access is conducted solely at the discretion of the governing authority. If physical access is not allowable due to safety and security of the institution, then other alternatives, such as paging will be utilized." You have also had unlimited access to Library Paging Services and copying.

Givens, T86266
Log # A-06-01265
Page 2

## DECISION:

The appeal is **partially granted.** Partially granted in that you have been allowed access to the Law Library. Also partially granted in that you shall not be harassed/vexed or retaliated against for filing this appeal. Legal material shall not be removed from the Facility-A Law Library because of your appeal. The CSATF is in compliance with policy and procedure in regard to the Facility-A Law Library. Denied in that physical access is not guaranteed. Your request for an investigation by an outside agency is beyond the scope of the appeals process. You are advised that you may submit your appeal for the Director's Level of Review if desired.

K.D. PARK
Warden
California Substance Abuse Treatment Facility and State Prison

CSATF APPEALS
SEP 2 1 2006

March 26, 2006
Attachment: CDC602 I/M Givens,#T-86266

CCR§§3122,3160 and DOM§53060.11, when taken together, clearly establishes a Warden's and facility head's duty to ensure daily hours of operation for the law libraries at their institutions, and prohibits the obstuction of any inmate's access to the courts. This institution promulgates a policy which allows the A-yard law library to be closed with unfettered discretion, ignoring state created liberty interests, and depriving the appellant of meaningful access to the courts.

Since appellant's arrival on the A-yard facility (12-28-05), his access to the courts has been routinely obstructed. Despite pending court deadlines establishing him as a priority legal user, he has been repeatedly denied access to the A-yard law library during program modifications in which neither notification or justification were offered, such as, inter alia, the events that occurred on 3-23-06. While ducated as a PLU, Unit A-2 Officer D.V. Guerra told the appellant that he could not access the law library while the yard was closed. The yard was closed from 9:00 a.m until 1:00 p.m. Before 1:00, all other ducated inmates were called for their appointments, inmates were called to other buildings to see their counselors and prize winners in game tournaments were allowed to pick up their winnings (sodas) at the A-yard Program Office. (Note – On 8-24-05 during incident Log#SATF-02-05-08-0295, Officer Guerra drew his weapon on the appellant, threatening to shoot him because an inmate sitting at the same table as the appellant picked up an empty plastic bag from the floor.

When the A-yard program has not been modified, and the A-yard librarian has not been in the library, no coverage has been provided in her absence. This lapse in coverage caused the appellant to miss his 2-10-06 deadline in state pro per proceedings in which appellate was challenging his criminal conviction. This situation was aggravated by A-yard staff informing the appellat that his legal supplies were "missing", and not providing him with access to his supplies until 2-2-06 (see Log#SATF-A-06-00506, which was submitted for Second Level review at this institution on 3-12-06; 138 signature Log#SATF-B-05-03828, addressing "lockdowns" without justification or notification which adversely affected PLU access LRS exhausted on 2-27-06)

The Respondeat Superior doctrine is a maxim which means that a master is liable in certain causes for the wrongful acts of his servant, while that servant acts within the scope of his employment. This doctrine may be extended in certain situations regarding correction or police officers:
..."Police officers have a duty to intercede when fellow officers violate constitutional rights"...US v. Koon (C.A.9 Cal 1994)34 F.3d 1416.
The normal standard for supervisory liablity stems from the US Supreme Court decision in Canton v. Harris(1989) 489 US 378, which held that failure to properly train subordinates or establishing an unconstitutional policy or custom will create liability for such supervisors in a civil rights action (42 USC§1983,1985). In Munoz v. Kolender (SD Cal 2002)208 F.Supp.2d 1125, supervisory liability was found when the proximate cause of a plaintiff's injury stemed from a supervisor's breach of fiduciary duty to that plaintiff.

Certain A-yard staff has instructed the appellant not to ask them for anything on this yard. He has been threatened with progressive disciplinary action for violations of non-existant grooming standard provisions. Some officers have treated the appellant with contempt and disrespect, and appellant has been informed that A-yard administration has ordered the A-yard librarian to disregard the appellant's PLU status by not calling him to the law library during program modifications.

Conclusion:
This appeal serves as official notice that subordinate staff at CSATF/SP continues to violate the appellant's rights and has micromanaged the appellant in order to restrict as many of his privileges and assured righhts as possible, because he has filed litigation against this institution. Failure to properly train subordinates has also lead to the adverse situations discussed within this appeal, as well as other irregularities, i.e., the misclassification and diagnosis of the appellant. The unwritten policy/custom which allows these situations to occur is in direct violation of CDCR's own regulations. The continued implementation of such policies establishes supervisory liability for these conditions of confinement.

X _____
François P. Givens,#T-86266
CSATF/SP A2-166Low
P.O Box 5248
Corcoran, Ca., 93212