# EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  DEC 1 8 2006

In re: Givens, T-86266
California Substance Abuse Treatment Facility and
  State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212-7100

IAB Case No.: 0604229          Local Log No.: SATF 06-01558

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner P. Enriquez, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he is filing this complaint on Warden Clark for failing to ensure proper training of staff at the California Substance Abuse Treatment Facility and State Prison at Corcoran in accordance with California Code of Regulations, Title 15, Section (CCR) 3287. He states that on April 17, 2006, his cell was searched for a missing tool taken from the Small Engine Repair Vocation class. One box of his legal materials was dumped on his bed and the box was confiscated. He contends that CCR 3287(a)(2) provided that every "reasonable precation (sic)" will be taken to leave inmate property in good order upon completion of a cell inspection. He claims that he was authorized to have the box on February 2, 2006, and it should not have been confiscated. He states that no confiscation receipt was issued by the officer who went through his legal materials outside his presence. He claims he has no way of knowing if documents are missing from the box and if he discovers materials have been removed "he can only attach supervisory liability for failing to properly train staff in regards to the provisions of CCR 3287. He requests the name of the staff who confiscated his box on April 17, 2006, replacement of the box, a CDC 128 chrono "should issue (sic) stating the box was confiscated," assurances that CCR 3287 will be adhered to during all searches and no reprisals for the filing of this appeal. At the Director's Level of Review he states "Submitted for sole purpose of exhaustion for the purpose of the Prison Litigation Reform Act." It is noted that the appellant fails to present any written documentation or evidence with this appeal to substantiate his claim that he was authorized to possess the box.

II  SECOND LEVEL'S DECISION: The reviewer affirms that appropriate supervisory staff have been assigned to conduct an inquiry into this matter. The assigned inquiry staff member reviewed the submitted material and interviewed the involved parties. The appellant was advised that he would only be informed of the completion of the inquiry in that all personnel issues were considered confidential and would not be released to the public, staff or inmates. The reviewer was unable to identify the officer who searched the appellant's cell, but most officers recalled removing cardboard boxes from cells that were unauthorized. Any items in the boxes were placed on inmate lockers or assigned beds. Receiving & Release (R&R) staff were contacted and stated that cardboard boxes were not given to inmates to store legal material, but were used to store legal material at R&R. When the legal material was issued to inmates the boxes were not given to the inmates, as they were considered contraband. The appeal was granted in part by the Second Level of Review (SLR) in that an appeal inquiry was conducted into the appellant's allegations.

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR.

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an inquiry, the appellant is to be notified by the respective inquiry body that an inquiry has been completed. In this case, the institution has reported the completion of the inquiry to the appellant.

At the DLR the appellant presents no information that reprisals were taken against him for filing this appeal. The appellant is advised that pursuant to CCR 3021, if he falsified his claim of having approval to possess the cardboard box any disciplinary action taken for the lie would not be considered a "reprisal" against him.

B.  BASIS FOR THE DECISION:
California Penal Code Section: 832.7, 832.8
CCR: 3004, 3021, 3287, 3391

C.  ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SATF
      Appeals Coordinator, SATF

Attachment A   Rev. 2/21/06

State of California

# Memorandum

Staff Member: Warden Ken Clark
Complaint issue: Improper cell search
Area of Origin: A/W A(B)ASU
Appeal log #: SATF-A-06-01558

CSATF APPEALS
Date: APR 2 0 2006

CONFIDENTIAL

RECEIVED APR 21 2006 ASU

To:     Ken Clark
        Warden

Subject: **DETERMINATION OF STAFF COMPLAINT**

The attached appeal from inmate/parolee **Givens**, CDC# T8266 dated 4-17-06, reflects a complaint against staff. Pursuant to Administrative Bulletin 05-03, please review the attached appeal and determine the following:

☐ The complaint warrants a request for an internal affairs investigation.
☑ The complaint shall be addressed by appropriate supervisory staff.
☐ The appeal does not meet the requirement for assignment as a staff complaint.

A. Normal Appeals Process:
   ☐ Routine Appeal Processing
   ☐ Second Level Response

B. Appeal Rejected:
   ☐ Reject with no appeal inquiry
   ☐ Reject: assign for review outside Appeal Process

C. Appeal Inquiry:
   ☑ Referred to _FACILITY A LIEUTENANT_ for Appeal Inquiry. The Original of the completed "Confidential Supplement to Appeal, Appeal Inquiry" (Attachment C) is to be forwarded to the Inmate Appeals Office to be filed with the appeal. **Inmates/Parolees will not be provided a copy of this confidential report.**

D. Formal Investigation:
   ☐ Refer to the Office of Internal Affairs, Central Intake Unit, for review and determination of action/investigation

Please print and sign below:

_R. Hall_ / _____     _4/20/06_
R. Hall, Appeals Coordinator             Date

_J. GATTO, LT._ / _J. Galt LT._          _04-24-06_
Internal Affairs Lieutenant (Warden's Designee)   Date

_J. _____ / CDW (A)_                    _4/27/06_
Hiring Authority                          Date

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.                Category

1. SATF-A              1. 06-01558              7
2. _____              2. _____

You may appeal any policy, action or decision, which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Givens, F | T-86266 | A2 | 166Low |

A. Describe Problem: This is a formal citizen's complaint (P.C§832.5) against Warden Ken Clark, for his failure to ensure proper training of staff at CSATF/SP in accordance with CCR(CCR§) 3287, regarding cell searches. Supervisor training which began shortly after the submission of appellant's 3-26-06 allegation of failing to train subordinates, apparently did not include training in this area. It is obvious that extensive training is needed to correct the irregularities in staff performance of duties at this institution. (see attached)

If you need more space, attach one additional sheet.

B. Action Requested: The name of staff who confiscated appellant's box on 4-17-06. Replacement of the box. A CDC128 chrono should issue stating that the box was confiscated. Assurance that CCR§3287 will be adhered to during all searches. No reprisals for the filing of this appeal.

Inmate/Parolee Signature: _____    Date Submitted: 4-17-06

CSATF APPEALS APR 27 2006

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

First Level  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other  CSATF APPEALS

E. REVIEWER'S ACTION (Complete within 15 working days): Date Assigned: APR 27 2006   Due Date: 6 8 06
Interviewed by: D. SNELL

SEE ATTACHED MEMO TITLED "STAFF COMPLAINT
RESPONSE - APPEAL # SATF-A-06-01558 dated
6/5/06

Staff Signature: _____  Title: LT.  Date completed: 6/5/06
Division Head Approved:
Signature: _____  Title: AW  CSATF APPEALS JUN 16 2006  Date to Inmate: 6/15/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____  Date submitted: _____

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____  Due Date: _____
☐ See Attached Letter
Signature: _____  Date Completed: _____
Warden/Superintendent Signature: _____  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____  Date Submitted: _____

For the Director's Review, Submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)   Date: _____

Attachment E    2/21/06

State of California

# Memorandum

Date:    June 5, 2006

To:    Givens, CDC # T86266
A2- 166L

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # SATF-A-06-01558**

**APPEAL ISSUE:** You allege that K. Clark, Warden, failed to ensure the proper training of staff in accordance California Code of Regulations, Title 15, Section 3287 regarding cell searches. This improper training resulted in an unknown officer removing your cardboard type box (es) from your bed area and not leaving you a receipt.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐    REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**

D. Snell, Correctional Lieutenant, interviewed you on May 24, 2006 and you stated that your appeal primarily pertained to your believed to be property, the cardboard boxes. Although Mr. Clark had no direct involvement in the alleged inappropriate removal of the cardboard boxes, you wrote this appeal as a staff complaint because Mr. Clark failed to train and is responsible for the conduct of his subordinate staff. The following information was obtained as a result of your allegations of staff misconduct: On 4-14-06, Facility A was placed on a Modified Program because a 'critical' tool was discovered missing from a vocational classroom on Facility A. During this Modified Program, all Facility A housing units were searched by Correctional Officers. On 4-17-06 building A2 was searched. Upon speaking with the Facility A Sergeant and various correctional officers whom searched A2, none specifically recall the your assigned bed area. However, most of the officers' recall removing cardboard boxes, which are unauthorized from various inmates, bed areas. Any authorized items located within the removed box (es) were placed within the appropriate inmates' locker or on their assigned bed area. Additionally, if personal or authorized state issued property was removed from an inmates' bed area a receipt would have been issued. The Receiving and Release (R&R) Sergeant was contacted and stated, "R&R staff do not issue or give inmates cardboard boxes. R&R staff do store inmates legal material in card boxes pending issuance, shipment etc. However, when inmates are issued their legal material, the boxes should not be given to them, as they are unauthorized for possession by inmates. Cardboard boxes in the possession of inmates are considered as contraband."

Attachment CDC602 Citizen's Complaint
I/M Givens, #T-86266   4-17-06

On 2-2-06, the appellant recieved (2) of his (4) boxes of legal materials that were being stored in Recieving and Release (R&R) at CSATF/SP. Since that time, the appellant has been exchanging the contents of the boxes in his possession with those that are stored in R&R to prepare for deadlines in active court cases.

For the prior (2) weeks or so, extensive supervisor training has occured on the A-yard facility at CSATF/SP. On 4-14-06, a reportable incident as defined by DOM§51030.3, caused a general lockdown of the A-yard facility. As to whether or not an AOD Incident Report (CDC Form 837) was generated, the appellant has no such knowledge for there has been no Plan of Operations posted in the housing unit stating the reasons for the lockdown.
..."The reviewer found that unless the reason for a lockdown is confidential the inmate population would be informed of any program change and the reason, via staff or the Inmate Advisoy Council (IAC). When lockdowns are based on the safety and security of the institution the inmate population would be informed via the Part "B" of the Plan of Operations"...2-27-06 Director's Level Response to Group Appeal Log#SATF-B-05-03828.

Inmates were informed that a tool was missing from the Small engine Vocation class and that all members of the class would be placed in Adminstrative Segregation (ASU) until the tool was found (Appellant is in Small Engines Vocational traing class). On 4-17-06, appellant's housing unit (A2) was searched for the missing tool. One box containing appellant's legal materials for US District Court (ND Cal)#C03-1818 MJJ, US District Court (ED Cal) CV-F04-6288 AWI DLB-P, and US Court of Appeals (CA9) Docket No 06-15231, was dumped on the appellant's bed, and the box was confisacated. CCR§3287(a)(2) provides that every reasonable precation will be taken to leave the inmate's property in good order upon completion of a cell inspection. The box, which was authorized to the appellant on 2-2-06 should not have been confiscated. To further aggravate the situation, no confiscation slip was issued by the officer who went through the appellant's legal materials outside of his presence.
..."The inmate will be given a written notice for any item(s) of personal and stae-issued property removed from his or her quarters during an inspection and the disposition made of such property. The notice will also list contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer"...CCR§3287(a)(4)   "A written record shall be maintained of the disposition of contraband and stolen or missing property confiscated as the result of cell, property or body inspections"... CCR§3287(d).

Whether the box was considered contraband, a breach of institutional security or state-issued authorized property, a CSATF-001 "Confiscated Property/Contraband Reciept" should have been issued to the appellant. The appellant has no way of knowing whether documents are missing from that box, and there is no chain of custody as to whom the last officer was who accessed the appellant's legal materials. As such, if appellant' discovers that materials have been removed, he can only attach supervisory liability for failing to properly train staff in regards to the provisions of CCR§3287.

X _____
Francois P. Givens,#T-86266
CSATF/SP A2-166Low
P.O. box 5248
Corcoran, Ca., 93212

- 1 of 1 -

State of California                                                                                           Department of Corrections

# ALLEGATION OF MISCONDUCT BY PEACE OFFICER
## NOTICE OF RIGHTS AND RESPONSIBILITIES

| Penal Code Section 148.6 - Falsely Reporting Police Misconduct. |
|---|
| (a) Every person who files any allegation of misconduct against any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, knowing the report to be false, is guilty of a misdemeanor. |
| (b) Any law enforcement agency accepting an allegation of misconduct against a peace officer shall require the complainant to read and sign the following information advisory, all in boldface type: |

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A DEPARTMENTAL PEACE OFFICER FOR ANY IMPROPER PEACE OFFICE CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. COMPLAINTS AND ANY REPORTS OF FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS. IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE. YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE IN A CRIMINAL COURT.

_____   T-86266                          4-17-06
Complainant's Signature         CDC No.                        Date Signed

_____                                     8/24/06
Receiving Staff's Signature                                    Date Signed

| Log No. |
|---|
|         |

# CONFIDENTIAL

## STAFF COMPLAINT
## CHRONOLOGICAL TRACKING WORKSHEET

Inmate/Parolee Name: _Givens_    CDC #: _T86266_

Appeal Log Number: _06-01558_

Appeal Category/Issue: _S/C_

Date Received in Appeals Office: _4/20/06_

Date Forwarded to Hiring Authority for Determination: _7/20/06_

Date Appeal Inquiry Ordered: _4/25/06_

Date Received by Appeals Coordinator for Assignment: _4/27/06_

Assigned Unit/Staff Member: _A/B_         CSATF APPEALS

Due Date: _6/9/06_    Date Received Complete: _JUN 1 6 2006_

Comments: _____

Attach to Appeal

Attachment A   Rev. 2/21/06

State of California

# Memorandum

Staff Member: __Warden Ken Clark__
Complaint issue: __Improper cell search__
Area of Origin: __CW A/B/ASU__
Appeal log #: __SATF-A-06-01558__

CSATF APPEALS

Date:   APR 2 0 2006

CONFIDENTIAL

RECEIVED APR 21 2006 ASU

To:   Ken Clark
      Warden

Subject:   **DETERMINATION OF STAFF COMPLAINT**

The attached appeal from inmate/parolee __Givens__, CDC# __T58306__ dated __4-17-06__, reflects a complaint against staff. Pursuant to Administrative Bulletin 05-03, please review the attached appeal and determine the following:

☐ ~~The complaint warrants a request for an internal affairs investigation.~~
☑ The complaint shall be addressed by appropriate supervisory staff.
☐ The appeal does not meet the requirement for assignment as a staff complaint.

A. Normal Appeals Process:
   ☐ Routine Appeal Processing
   ☐ Second Level Response

B. Appeal Rejected:
   ☐ Reject with no appeal inquiry
   ☐ Reject: assign for review outside Appeal Process

C. Appeal Inquiry:
   ☑ Referred to __FACILITY A LIEUTENANT__ for Appeal Inquiry. The Original of the completed "Confidential Supplement to Appeal, Appeal Inquiry" (Attachment C) is to be forwarded to the Inmate Appeals Office to be filed with the appeal. **Inmates/Parolees will not be provided a copy of this confidential report.**

D. Formal Investigation:
   ☐ Refer to the Office of Internal Affairs, Central Intake Unit, for review and determination of action/investigation.

Please print and sign below:

_____ / _____   __4/20-06__
R. Hall, Appeals Coordinator                               Date

__J. Gatto, LT.__ / _____   __04-24-06__
Internal Affairs Lieutenant (Warden's Designee)            Date

_____ / __CDW (A)__   __4/27/06__
Hiring Authority                                           Date

## CONFIDENTIAL SUPPLEMENT TO APPEAL
## "APPEAL INQUIRY"
## (NOT FOR INMATE DISTRIBUTION)

**Date:** June 5, 2006

**Appeal Log Number:** SATF-A-06-01558

**Inmate/Parolee Name:** Givens

**CDC Number:** T86266

**Assigned Reviewer:** D. Snell, Correctional Lieutenant

**Witnesses:** Correctional Sergeant S. Mata, Correctional Officers L. Moreno, S. Ingle C. Lett, G. Seward and J. R. Castaneda

**Accused Staff Member(s):** K. Clark, Warden

**Synopsis of Allegation:** Complainant alleges that K. Clark, Warden, failed to ensure the proper training of staff in accordance California Code of Regulations, Title 15, Section 3287 regarding cell searches. This improper training resulted in an unknown officer removing his (cardboard type) box (es) from his bed area and not leaving him a receipt.

**Findings:** On 4-14-06, Facility A was placed on a Modified Program because a 'critical' tool was discovered missing from a vocational classroom on Facility A. During this Modified Program, all Facility A housing units were searched by Correctional Officers. On 4-17-06 building A2 was searched. Upon speaking with the Facility A Sergeant and various correctional officers whom searched A2, none specifically recall the complainant's assigned bed area. However, most of the officers' recall removing cardboard boxes, which are unauthorized from various inmates, bed areas. Any authorized items located within the removed box (es) were placed within the appropriate inmates' locker or on their assigned bed area. Additionally, if personal or authorized state issued property was removed from an inmates' bed area a receipt would have been issued. I contacted Receiving and Release (R&R) Sergeant and inquired whether they had issued and or given the complainant or other inmates cardboard boxes. The R&R Sergeant stated, "No, they do not issue or give inmates cardboard boxes. R&R staff do store inmates legal material in card boxes pending issuance, shipment etc. However, when inmates are issued their legal material, the boxes should not be given to them, as they are unauthorized for possession by inmates. Cardboard boxes in the possession of inmates are considered as contraband."

The CCR, Title 15, Section 3287 states in part:

(2) Cell and property inspections are necessary in order to detect and control serious contraband and to maintain institution security. Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection.

(3) An inmate's presence is not required during routine inspections of living quarters and property when the inmate is not or would not otherwise be present. During special inspections or searches initiated because the inmate is suspected of having a specific item or items of contraband in his or her quarters or property, the inmate should be permitted to observe the search when it is reasonably possible and safe to do so.

(4) The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property. The notice will also list any contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer.

During an interview with the complainant, he acknowledged that his appeal primarily pertained to his believed to be property (card board boxes). Although Mr. Clark had no direct involvement in the alleged inappropriate removal of the cardboard boxes, the complainant wrote this appeal as a staff complaint because Mr. Clark failed to train and is responsible for the conduct of his subordinate staff.

**Conclusion:**

The complainant allegations that staff should have left him a confiscated property receipt for the removal of cardboard boxes is without merit. In accordance with Title 15 Section 3287(4), the card board boxes were not the complainants' personal property or authorized state issued property therefore issuance of a property receipt was not warranted. In this reviewer's opinion, this appears to be an appeal regarding property versus a staff complaint. The sole staff member responsible for searching the complainants' bed area could not be determined as it was a massive combined group search of A2. The complainant will not receive a replacement box, as it is unauthorized. No reprisals will be taken against the complainant for exercising his right to file an appeal.

Further Administrative Action Recommended: ☐ Yes ☒ No

D. Snell, Correctional Lieutenant
Appeals Interviewer

Date: June 5, 2006

K. Clark
Warden

Date: 6/15/06

CSATF APPEALS
JUN 16 2006