**EXHIBIT F**

Attachment A, Rev. 2/21/06

State of California

# Memorandum

Staff Member: Voc. instructor A. Perales (4)
Complaint: False 128B
Area of Origin: CW F/G
Appeal Log #: 07-01883

CSATF APPEALS
APR 19 2007

Needs docs.

APR 20 2007

Date:

To: Ken Clark
    Warden

Subject: DETERMINATION OF STAFF COMPLAINT

The attached appeal from inmate/parolee _Givens_, CDC# _T86266_ dated _4-8-07_, reflects a complaint against staff. Pursuant to Administrative Bulletin 05-03, please review the attached appeal and determine the following:

☐ The complaint warrants a request for an internal affairs investigation.
☑ The complaint shall be addressed by appropriate supervisory staff.
☐ The appeal does not meet the requirement for assignment as a staff complaint.

A. Normal Appeals Process:
   ☐ Routine Appeal Processing
   ☐ Second Level Response

B. Appeal Rejected:
   ☐ Reject with no appeal inquiry
   ☐ Reject: assign for review outside Appeal Process

C. Appeal Inquiry:
   ☑ Referred to _SUPERVISOR VOCATIONAL INSTRUCTION_ for Appeal Inquiry. The Original of the completed "Confidential Supplement to Appeal, Appeal Inquiry" (Attachment C) is to be forwarded to the Inmate Appeals Office to be filed with the appeal. **Inmates/Parolees will not be provided a copy of this confidential report.**

D. Formal Investigation:
   ☐ Refer to the Office of Internal Affairs, Central Intake Unit, for review and determination of action/investigation

Please print and sign below:

_R. Smith_ / _____          4/19/07_
R. Hall / R. Gomez, Appeals Coordinators        Date

_J. GATTO, LT._ / _J. Gatto LT._          04-23-07
Internal Affairs Lieutenant (Warden's Designee)   Date

_J. Ward_ / _J. Ward_                    4/23/07
Hiring Authority                          Date

STATE OF CALIFORNIA · DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. SATF-A   2. _____
Log No. 1. 07-01883   2. _____
Category: 7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Givens | T86266 | | A3-121 |

A. Describe Problem: _Docked Citizens Complaint See form dated 4-8-07_

If you need more space, attach one additional sheet.

B. Action Requested: _See form dated 4-8-07_

Inmate/Parolee Signature: _____   Date Submitted: _____

[Stamp: CSATF APPEALS APR 19 2007]

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

[Stamp: BYPASS]

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

[Stamp: BYPASS]

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☒ Other _Cancelled._

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4-30-07    Due Date: 6-12-07

Interviewed by: D. Risenhoover, Inmate Givens, T86266, A3 12L was interviewed on May 16, 07, "A" Voc. Sgt. Flores was present during the interview. Inmate Givens was ask to discuss this appeal. He stated that he could not comment because he had filed the case in Federal Court. He did state the action he wanted was to have the misconduct on Perales investigated. I/M Givens would not fully cooperation into this investigation. This investigation was cancelled.

Staff Signature: _Risenh___    Title: SVI    Date Completed: [CSATE APPEALS stamp]
Division Head Approved:
Signature: O. ___    Title: AW    Returned Date to Inmate: MAY 31 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____
Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
    Date: _____

CDC 602 (12/87)

(2) days after a 3-29-07 incident in which he and the complaintant had a heated conversation regarding a job change for the complaintant. During that 3-29-07 discussion, A.Perales told the complaintant that Correctional Counselor Torrez stated that the complaintant told her in a 1-25-07 interview that he did not want to be changed from his current Y-shift position (Wednesday thru Saturday) to an X-shift position (Sunday thru Wednesday). In the 1-25-07 interview, Counselor Torrez actually told the complaintant that she would not recommend a UCC action to transfer the complaintant to a different position or shift, and if the complaintant wanted to be on X-shift, then A.Perales would be able to do so, without a problem. Compalintant's desire to change his work hours/assignment stems from several factors, including but not limited to: (1) he completed Electrical Works vocational training in or around December 2004; (2) he completed Electronics Repair Vocational training in September 2005; (3) he is a Certified Network Adminstrator (Novell Network Computer Systems), and has extensive history as a computer professional in Texas and California;and (4) Y-shift training conflicts with the hours of operation of the A-yard library at CSATF/SP. Compalintant asserts that A.Perales filed the erroneous information after the complaintant informed Perales on 3-29-07 that his testimony would be required for US District Court(ED Cal)Case# CV-F04 6288 AWI DLB-P, GIVENS v. DERRAL G. ADAMS, et al", in which complaintant has filed civil rights litigation in order to address, inter alia, conspiracy by CDC to impede complaintant's access to the courts and retaliation against a qualified individual under both Rehabilitation and Americans with Disabilities Act(s). This act by A.Perales was done in order to assure that the instructor would not be blamed for constitutional deprivations inflicted upon the complaintant by CDC or it's agents in the federal lawsuit.

Every person who prepares a false instrument in writing, with intent to allow it to be produced for any fraudulent purpose, upon any proceeding authorized by law, is guilty of felony (PC§134). Retaliation against any individual who has made a charge or opposed any act done in violation of the ADA (42 USC§12102 et seq.) is prohibited by federal law (42 USC§12203(a)). Under the ADA, individuals may be held liable, both civilly and criminally, for deprivations of 8th Amendment rights and assurances under the ADA (18 USC§§241,242; 42 USC§§1983,1985; Sever v. Alaska Pulp Corp(CA9 1992) 978 F.2d 1529;Portman v. County of Santa Clara(CA9 1993)995 F.2d 898). By all appearances, A.Perales has intended to (see attached)

e additional sheets of 8 1/2" x 11" white paper if necessary. Attach all
evant supporting documentation.)

he undersigned declare under penalty of perjury under the laws of
State of California that the foregoing complaint is true and correct
d as to such facts averred upon information and belief, that I am so
ormed and believe the same to be true, and affix my signature
eto.

ed this  8th  day of  April , 2007

ttachments
of pages

## § 832.5 CITIZENS' COMPLAINTS AGAINST PERSONNEL
### INVESTIGATION; DESCRIPTION OF PROCEDURE; RETENTION OF RECORD

(a) Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies and shall make a written description of the procedure available to the public.

(b) Complaints and any reports or findings relating thereto shall be retained for a period of at least five years. (Added by Stats. 1974, c. 29 §1. Amended by Stats. 1978, c. 630 §4.) (All reference to California Penal Code 1994.)

### PERSONNEL COMPLAINT:

Complainant: Francois P. Givens, #T-86266
Address: CSATF/SP
P.O. Box 5248
City: Corcoran  State: Ca  Zip: 93212
Residence phone (____) - NA -
Business phone (____) - NA -
Date and time of incident: April 7, 2007
Location of incident: Electrical Works Vocational training (CSATF/SP)

**Check only one:**
1. ☐ Police Department
2. ☐ California Highway Patrol
3. ☐ U.S. Marshall
4. ☐ Sheriff's Department
5. ☐ Medical Staff
6. ☐ District Attorney
7. ☐ County Grand Jury
8. ☐ Internal Affairs
9. ☒ Department of Corrections
10. ☐ Bar Association

Personnel involved: Vocational Instructor A. Perales

Names and addresses of witnesses: Various inmates in class, Correctional Counselors Franco, Torrez, Vocational Instructors L.Nunez, Seth, Scovatzi, Skinner.

Statement of complaint: This is a formal citizen's complaint against CSATF/SP Electrical Works Vocational Instructor A.Perales, for the intentional introduction of false/misleading information in complaintant's central prison file. On 12-20-06, A.Perales did issue a CDC128-B General Chrono for the complainant, in which he stated: "[I] request that Inmate Givens T-86266;A3-121L be unassigned from position ELF%A.216. Inmate Givens has completed the Vocational Electrical Class and is qualified for an electrical position. It is my recommendation that he be assigned to any position to utilize his electrical skills. I request that UCC move him to this position in absentia"... (see cetral file for complaintant). Also on 12-20-06, A.Perales issued a CDC128-E "educational Progress Report" in which he stated: "[I]nmate shown a great deal of interest in the Electrical Works Curriculum while assigned. He has completed most assignments in a timely manner and has good attendance (see central file).

On 4-7-07, complaintant recieved a second CDC128-E report dated 3-31-07 from A.Perales, in which he stated: "[I]nmate Givens shows little interest in the Electrical Works Curriculum while assigned. His conduct and cooperation needs improvement. Also, he is having difficulty adapting to the classroom environment. his respect for the instructor is lacking" (see central file). Compalintant asserts that A.Perales filed the contradictory information

## CERTIFICATE OF SERVICE

I, the undersigned, do herby declare under the penalty of perjury of the laws of the United States that all information presented in this Certificate of Service is to the best of my knowledge, TRUE and ACCURATE.

I am a citizen of the United States, currently residing in the County of __Solano__ CA. On this day, I did place either original or exact copy of the following documents, and placed them in envelopes with sufficient postage, addressed as follows:

a) <u>Citizen Complaint (Cal. P.C. § 832.5) Against CDC Vocational Instructor A. Perales</u>

1) CSATF  
   Appeals Coordinator  
   P.O. BOX 7100  
   Corcoran CA. 93212

2) Inspector General  
   Current Director  
   P.O. BOX 348780  
   Sacramento CA. 95834-8780

3) C.D.C.R.  
   James Tilton Secretary  
   P.O. BOX 942883  
   Sacramento CA. 94383-0001

4) C.S.A.T.F.  
   Litigation Coordinator  
   P.O. BOX 7100  
   Corcoran CA. 93212

5) C.D.C. Office of Internal Affairs  
   Jerry Negrete Special Agent in Charge  
   5016 California Ave. Suite 210  
   Bakersfield CA. 93309

5) Francois P. Givens T-86266  
   CSATF/SP A-3 121 Low  
   P.O. Box 5248  
   Corcoran CA. 93212

These envelopes were deposited in an official U.S. Mail depository in the city of __Vacaville__ CA. on this day.

SWORN TRUE ON THIS _____ DAY OF _____, 2007 IN VACAVILLE CA.

x_Edmond W. Givens_ (signature)  
Edmond W. Givens  
166 Tahoe Drive  
Vacaville CA. 95687-5529

attachment Citizen's Complaint 4-8-07

I/M Givens, #T-86266

deprive the complaintant of the rehabilitative services and programs offered by an ADA Title II Public Entity which recieves federal funding under the Rehabilitation Act (29 USC§701, et seq.) by filing false information which would classify the complaintant as a "program failure" under CDC standards.

    On or around 1-26-07, before all available positions on X-shift were filled, the complaintant told A.Perales that Counselor Torrez stated that if the complaintant wanted to be placed on X-shift then Perales would need to do it. Complaintant also told Perales that he would consider staying in his class on Y-shift if placed in a teacher's assistant or clerk pay position, but he no longer desired to take Electrical/Electronics training for a **third time**. Perlaes stated that would not be possible. A.Perales seems intent on preventing the complaintant from obtaining rehailitaive resources to the fullest extent appropriate or considering the informed choice of the complaintant (29 USC§723(a)(5)), as well as depriving the complaintant of reasonable access to the courts, as much as possible, while assuring that complaintant's prison file has misleading derogatory information regarding his work/training performance. In CDC128-E report dated 9-25-05, upon his completeion of Electronics repair training, Vocational Instructor L.Nunez stated: "[I]/M Givens contributes to the positive behavior of others, he is self-motivated in all aspects of this program and he has a positive attitude. He adapts well to change and works well with others" (see central file). Complaintant has never had a problem "adapting to the classroom enviroment" as stated in A.Perales 3-31-01 education progress report, and complaintant will seek to have the instructor's actions called into question in federal court or in federal agencies responsible for investigating criminal deprivations of constitutional rights under 18 USC§§241 and or 242.

X _____
Francois P. Givens, #T-86266
CSATF/SP A3-121Low
P.O. Box 5248
Corcoran, Ca., 93212

CC: Office of the Inspector General
    Office of the secretary, CDCR
    Litigation Coordinator, CSATF/SP
    On File.
    Central Division, Internal Affairs, CDCR

- 1 of 1 -

Attachment B   Rev. 2/21/06

MAY 04 2007

# CONFIDENTIAL

## STAFF COMPLAINT
## CHRONOLOGICAL TRACKING WORKSHEET

Inmate/Parolee Name: __Givens__   CDC #: __T86266__

Appeal Log Number: __SATF-07-01883__

Appeal Category/Issue: __S/C__

Date Received in Appeals Office: __4/19/07__

Date Forwarded to Hiring Authority for Determination: __4/19/07__

Date Appeal Inquiry Ordered: __4/23/07__

Date Received by Appeals Coordinator for Assignment: __4/30/07__

Assigned Unit/Staff Member: __F/G__

Due Date: __6/12/07__   Date Received Complete: _____

Comments: _____
_____
_____
_____
_____
_____
_____

Attach to Appeal

# CONFIDENTIAL SUPPLEMENT TO APPEAL
## "APPEAL INQUIRY"
### (NOT FOR INMATE DISTRIBUTION)

Date: May 17, 2007

**Appeal Log Number:**     SATF-A-07-01883

**Inmate/Parolee Name:**     Givens     A3-126U
**CDC Number:**     T86266

**Assigned Reviewer:**
David Risenhoover, Vocational Vice Principal (VVP)

**Witnesses:**
None

**Accused Staff Member(s):**
Andrew Perales, Vocational Instructor.

**Synopsis of Allegation:**
Appellant states that A. Perales, VI, is violating appellant's right to meaningful access to A library by preparing written documents (128Es and 128Bs) with fraudulent purpose of preventing him from changing programs to X shift and keeping him on the Y shift schedule. Perales written comments is not truthful and do not depict his conduct or ability.

**Findings:**

Inmate Givens, T86266, A3-126: you were interview on Wednesday, May 16, 2007 by D. Risenhoover. Present during the interview was 'A" vocational Sergeant Flores. During the interview you stated that you would not comment or elaborate on the issues in your appeal because you had file a suit with the Federal Courts. You stated that the written statements in your appeal speaks for itself no comments are necessary. Therefore, I am canceling your appeal due to your lack of cooperation.

Andrew Perales, "A" Electric Works Instructor: You stated during your interview on Thursday, May 17, 2007 that your 128 Es and 128Bs were a reflection of Inmates behavior, conduct, cooperation, adaptability, and initiative while in his class. None of these chronos' had anything to do with his access to the library nor did he in any way conspire with Custody staff to prevent Inmate Givens access to the library or other programs available to him. You further stated that Inmate Givens was excited and wanted to participate in the NCCER (National Center Construction Education and Research) Electric Works Program. He was assigned on approximately October 6, 2006. Inmate Givens first Evaluation (128E, December 20, 2006) indicated that he was doing very well in Class, about the same time, Inmate Givens told you that he wanted out of this program because he had completed the Mr. Skinner's "B" Electric Works Program. Mr. Perales stated that he review his file and confirmed that he had. As requested by Inmate Givens, Mr. Perales wrote a 128B on December 20, 2006 requesting that he be reassigned through UCC. Mr. Perales stated that his request to have him removed did not happen immediately and Inmate Givens behavior and cooperation began to change.

He spoke with CCI Torrez, CCI Franco and "A" Facility CCII (he did not recall his name) about Inmate Givens Course completion and request to be assign to a pay position. Mr. Perales continue to say that Givens only wanted a pay position on the Yard and did not want to be assigned to another Education or Vocation Program. On a number of occasions Inmate Givens requested interviews with Mr. Perales regarding his un-timely removal from his class. When he was informed that he must go through UCC for a paid position and not through him, Givens became upset and irate and argumentative, he demanded that Mr. Perales place him in a paid position on the yard. Mr. Perales stated that Instructor Chapparro had over heard his conversations with Inmate Givens. Perales stated that he informed Inmate Givens that he had the authority to move him from a class to another class but could not remove him from his class to a support pay position. Givens was informed that he had conversations with his counselors and they would have to reassign him through UCC. Mr. Perales stated that the March 31, 2007 128E was a reflection of his performance during the pass three months. Inmate Givens only wanted a paid position and did not want to go to another student position on either shift.

L. Chapparro, "A" Janitorial Instructor: you stated during your interview on Friday, May 18, 2007 that your office door was opened and adjacent to Mr. Perales office Door. You heard the conversation between Perales and Givens. In general, you stated that Mr. Perales told inmate Givens that he was not authorized to change his assignment from a student position to a pay position. This action must be completed through the Classification Committee and his CCI. You stated that Perales offer him a class to class to any shift but Inmate Givens became angry and loud and shouted, I don't want to go to any vocational or educational class I want a clerk job on the yard. He said that he heard inmate Givens tell him that he has filed a Federal Law suit and he's going to be included for denying him access to the library.

Documents Reviewed: Student Education Folder i.e. 128Bs, and 128Es Chronos.

**If, during the course of the review, serious misconduct (conduct which would likely lead to Adverse Personnel Action) is discovered or suspected regarding staff, the review will be immediately terminated. The reviewer will then notify the hiring authority or designee of the information.**

**Conclusion:**
**In summary, the interviewer was unable to find any supporting evidences or wrong doing on the part of A. Perales as alleged in the Appeal. The written documentation reflects the teacher evaluation of student Givens during his assignment in his class.**

Further Administrative Action Recommended: ☐ Yes ☒ No

If the interviewer concludes that this complaint is based upon false information that the inmate/parolee knew was false, the interviewer will recommend whether or not disciplinary action is appropriate for False Allegation(s) against Staff. The decision of the interviewer will be noted in this response.

Please print and sign below:

D. Rusenhower, /D. Rusenhower/    5-17-07
Appeals Interviewer                  Date

J. Ward, /Ward/                      5/30/07
Hiring Authority                     Date

State of California

# Memorandum

Date:   May 15, 2007

To:   A. Perales, Electric Works Instructor

Subject:   **NOTICE OF INTERVIEW RE: COMPLAINT AGAINST STAFF (CDC FORM 602)**
**LOG #** SATF-A-07-01883

You are instructed to report for an Appeal Inquiry. This interview will be conducted by D. Risenhoover, VVP.

You are the subject of a CDC Form 602 staff complaint by an inmate/parolee, and the interview is being conducted regarding allegations of violating Inmate Givens rights by preparing written documents (128A and Bs) with fraudulent purpose of preventing him access to facility A library.

The interview is scheduled as follows:

| Date: May 17, 2007 | Time: 1200 |
|---|---|
| Location: A Facility Vocational Supervisor's Office. ||

You may bring a representative, if you so desire. The representative cannot be a person involved in this matter. You may record any portion of this interview. You will be notified in advance if any further proceedings are contemplated and prior to any subsequent interview.

You are being provided at least 24-hours notice prior to the interview being conducted. If you wish to waive the 24-hour notice requirement, check this box ☐ and initial here _____.

If you have any questions or you are unable to appear for this interview, please contact the undersigned staff interviewer at        (insert phone number).

This is an ongoing appeal inquiry. Therefore, you are admonished not to discuss this inquiry with anyone other than the assigned interviewer and your representative should you choose to have one.

Please print and sign below:

D. Risenhoover / [signature]                                5-17-07
Staff Interviewer                                            Date

A. Perales / [signature]                                    5-17-07    0800
Employee                                                     Date       Time

D. Risenhoover / [signature]                                5-16-07    0800
Server                                                       Date       Time

cc:   Employee

State of California

# Memorandum

**Date:** May 16, 2007

**To:** A. Perales, Vocational Electric Works Instructor

**Subject:** ADVISEMENT OF RIGHTS – APPEAL INQUIRY (CDC FORM 602 - COMPLAINT AGAINST STAFF)

The date is May 16, 2007. The time is approximately 0800 hours.

You are a ☒ subject ☐ witness of a staff complaint by an inmate/parolee.

This is an official appeal inquiry concerning the California Department of Corrections and Rehabilitation, involving an allegation(s) of staff misconduct by preparing written documents (128Esand Bs) with fraudulent purpose of preventing him access to the library on Facility A. The inquiry ☐ is / ☒ is not being tape-recorded at Facility A Vocational Electrical Works office. The individual conducting this interview is D. Risenhoover, Vocational Vice Principal.

This is a CDC Form 602 Appeal Inquiry and, as such, you do not have the right to refuse to answer. The truth is expected, as is your entire knowledge relative to items discussed. If you refuse to respond or answer questions relating to the performance of your duties, it will be grounds for adverse personnel action, which could result in your dismissal from the Department. If you do answer, none of your statements nor any information or evidence which is gained by reason of such statements can be used against you in any criminal proceedings.

No promise or reward will be made as an inducement for the answer to any question.

You may record any portion of this interview. You will be notified in advance if any further proceedings are contemplated and prior to any subsequent interview or interrogation.

You have the right to be represented by an individual of your choice who may be present at all times during your interview, providing the person chosen is not a witness or subject of this inquiry. Your representative may ask to have questions clarified, may suggest that you give a more complete answer, may object to questions outside the announced scope of the appeal inquiry, and may object to what he or she believes is harassment of you. However, your representative cannot impede the progress of the interview nor can he or she direct you not to answer any of the questions asked of you. Do you understand? (Initial here) _AP_

If it is requested that this interview be recorded, each person present is requested to identify himself/herself and his/her voice on the tape by stating his/her name, title and/or classification, and place of employment when applicable (record each individual). This recording will be kept with the CDC Form 602.

Do you understand? (Initial here) _AP_  Do you have any questions so far? (Initial here) _____

| TAPE RECORDING(S) | | | |
|---|---|---|---|
| WHOSE EQUIPMENT WAS USED? ☐ DEPARTMENTS ☐ OTHER | WERE OTHER RECORDINGS MADE? ☐ NO ☐ YES, BY: | | HOW MANY TAPES WERE REQUIRED TO RECORD PROCEEDINGS? |
| TAPE I.D. NUMBER | FOOTAGE STARTING MARK | ENDING MARK | TOPIC |
| | | | |

Please print and sign below:

_D. Risenhoover_ / A. Perales _[signature]_     _5/17/07_
Staff Interviewer     Vocational Instructor     Date