# EXHIBIT G

Attachment A   Rev. 2/21/06

State of California

# Memorandum

Staff Member: __LT A Rosenthal__
Complaint: __Denied legal copies__ (2)
Area of Origin: __AW F/C__
Appeal Log #: __07-1981__

**CSATF APPEALS**
**MAY 0 1 2007**

RECEIVED MAY -4 2007

Date:

To:   Ken Clark
      Warden

Subject:   **DETERMINATION OF STAFF COMPLAINT**

The attached appeal from inmate/parolee __Givens__, CDC# __T86266__ dated __4/22/07__, reflects a complaint against staff. Pursuant to Administrative Bulletin 05-03, please review the attached appeal and determine the following:

☐ The complaint warrants a request for an internal affairs investigation.
☐ The complaint shall be addressed by appropriate supervisory staff.
☑ The appeal does not meet the requirement for assignment as a staff complaint.

A. Normal Appeals Process:
   ☑ Routine Appeal Processing
   ☐ Second Level Response

B. Appeal Rejected:
   ☐ Reject with no appeal inquiry
   ☐ Reject: assign for review outside Appeal Process

C. Appeal Inquiry:
   ☐ Referred to _____ for Appeal Inquiry. The Original of the completed "Confidential Supplement to Appeal, Appeal Inquiry" (Attachment C) is to be forwarded to the Inmate Appeals Office to be filed with the appeal. **Inmates/Parolees will not be provided a copy of this confidential report.**

D. Formal Investigation:
   ☐ Refer to the Office of Internal Affairs, Central Intake Unit, for review and determination of action/investigation

Please print and sign below:

__J. Smith__ / _____          __5-1-07__
Hall / R. Gomez, Appeals Coordinators           Date

__J. GATTO, LT.__ / __J. Gatto LT.__            __05.04.07__
Internal Affairs Lieutenant (Warden's Designee)  Date

__J. Ward__ / __J Ward__                         __5/7/07__
H        ] Authority                             Date

Givens, Francois Poitier
T86266

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

A3-121low    Location: Institution/Parole Region
1. CSATF/SP  A
2. _____

Log No.
1. 07-1981
2. _____

Category
1D

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Givens, Francois | T-86266 | | A3-121low |

A. Describe Problem: This is a Citizen's complaint against CSATF/SP A-yard LTA Rosenthal and the Education Department. On 4-21-07, LTA Rosenthal prevented the appellant from copying an attachment to a pleading for California Supreme Court Case#S-151593, stating that the attachment was not an exhibit or legal document per D.O.M. This action by Rosenthal deprived the appellant of his fundamental right of access to the courts and establishes CDCR's Education Department as being deliberately indifferent towards assisting prisoners prepare and file meaningful legal documents.

If you need more space, attach one additional sheet.   (see attached)

B. Action Requested: Verification that CDCR requires all documents filed in any court proceeding to be fully briefed, accompanied with a memorandum of points and authorities, and contain a "table of exhibits". for copy purposes. Declaration from CDCR to California Supreme Court Justices to explain ********* this procedure for Case#S-151593. Investigation to determine Rosenthal's competency to provide legal assistance. Education's verification of Rosenthal's credentials.

Inmate/Parolee Signature: _____    Date Submitted: 4-22-07

CSATF APPEALS
MAY 01 2007

C. INFORMAL LEVEL (Date Received: _____ )
Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

CSATF APPEALS (Withdrawn)

First Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☒ Other  MAY 0 8 2007  Due Date: 6-20-0

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____

Interviewed by: _____

X see attached

CSATF APPEAL
JUL 1 9 2007

Staff Signature: _____ Title: VICE PRINCIPAL  Date Completed: CSATF SABV-0
Division Head Approved: _____ Title: _____ Returned Date to Inmate: JUN 1 4 2007
Signature: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 receipt of response.

Dissastisfied as to how this situation was allowed to occur, at all. Submitted for the purpose of the PLRA (42 USC §1997e) exhaustion requirement.

Signature: _____  Date Submitted: 6-28-

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other  CSATF APPEALS  JUL 0 9 2007  Due Date: 8/6/07

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____
☐ See Attached Letter

Date Completed: _____
Signature: _____
Date Returned to Inmate: _____
Warden/Superintendent Signature: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of response.

Date Submitted: _____
Signature: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter  Date: _____

CDC.602 (12/87)

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

DIVISION OF ADULT INSTITUTIONS
P.O. Box 942883,
Sacramento, CA 94283-0001



June 8, 2007

Inmate Givens, T86266
A3-121L

**FIRST LEVEL RESPONSE, APPEAL LOG NO. SATF-A-07-01981**

**ACTION REQUESTED:** Receive requested copies

Your appeal was referred for First Level Review. You were interviewed on 5-29-2007 at approximately 12:10 hours by S Ponce ASCVT and M Hindrich Sr. Librarian in regards to your concerns.

1. You are requesting verification that CDCR requires all documents filed in any court proceeding be fully briefed, accompanied with a memorandum of points and authorities, and contain a "table of exhibits" for copy purposes.

2. You are requesting a declaration from CDCR to The California Supreme Court Justices to explain this procedure.

3. Investigation to determine LTA Rosenthal's competency to provide legal assistance and for Education to verify Rosenthal's credentials.

**APPEAL RESPONSE:** You were interviewed on May 29, 2007 and stated "I was denied copies of three pages by Rosenthal because he said that the pages were not addressed to a court therefore they were not legal documents and that it did not include a table of exhibits therefore you could not get copies." You also had concerns as to how Rosenthal determined that your documents were not legal and wanted to know where he received his training.

According to the log book in "A" facility Law Library, you had access at 0915 hours and left at 0950 hours. At 1010 hours you returned and questioned R Rosenthal regarding the policy of Priority Legal User (PLU) status. R Rosenthal showed you the policy and you again chose to leave the library at 1130 hours. Per R Rosenthal the copies in question were not made pursuant to the policy and procedure outlined in DOM section 53060.6 for CSATF/SP.

As you stated you were able to get the copies you needed by sending them home to your family who did them for you.

Your appeal is **PARTIALLY GRANTED** at the First Level of Review. You should have received the copies in question as they are in direct relation to the case you were currently working on as a PLU user. Enclosed you will also find a copy of the DOM section 53060.6

Attachment DC602 4-22-07
I/M Givens, #T-86266

CDCR D.O.M §53060.6, Section "Exhibits", provides:
..."All exhibits submitted for copying must be labeled as such, be listed in the petition's table of exhibits, be duely cited in the body of the petition, and appear related to the issues at hand. "exhibits" made up of documents listed as "Non-legal" in D.O.M §14010.21.3, shall not be copied, except the specific exception noted above, for slip opinions and D.O.M sections"...

This section of DOM clearly allows CDCR defined "non-legal documents" to be copied if they are referenced within the body of a petition. Notwithstanding this fact, California Rules of Court (CRC) rule 8.60 makes no such mandatory requirement for "table of exhibits" to be included with an application for extension of time to file a document in the California Supreme Court, requiring only that a petitioner submit a declaration of facts in support thereof. On 4-21-07, appellant requested copies of his application for an extension of time to file a response to the Attorney General's answer to his petition for review in the Court (#S-151593). The (3) page document, which clearly did not require "briefing" or a "memorandum of points and authorities", referenced a (3) page attachment in the body of the document (id. at 2:31-3:1). This reference should have been sufficient to establish the attachment as "evidence" in support of the application.

LTA Rosenthal, who replaced A-yard LTA L.Lima, reviewed the document before he would allow it to be copied, and determined that the attached document was not "marked as an exhibit", nor was a "table of exhibits" included with the (3) page document. Black's Law Dictionary (7th Ed 1999) defines "exhibit" as: "A document <u>attached</u> to and made part of the pleading, motion, contract, or other instrument" (id). By definition, the <u>attached document</u> was an "exhibit", made part of the pleading, and should have been copied in it's entirety. When the appellant attempted to explain that the document was neither a "brief" or "memorandum", Rosenthal stated that he would not copy the document pursuant to DOM §14010.21.3, because the document was not addressed to confidential legal corresponents (see Title 15, CCR§3141 and aforementioned DOM section).

"[I]t is now established beyond doubt that prisoners have a constitutional right to access to the courts" [Citation]. "We hold, therefore, that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in thge preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" (Bounds v. Smith (1977)430 US 817). In Lewis v. Casey(1996)116 S.Ct 2174, The US Supreme Court overruled <u>Bounds</u> in part, but held that a <u>Bounds</u> injury will nonetheless occur when inadequacies in a prison's legal assistance program prevents a prisoner from filing a document in a court (id. at 2180)

Rosenthal's interpretation of DOM§53060.6 impermissibly obstructed appellant's access to the courts, causing a <u>Bounds</u> injury. The document in question, addressed to CDCR's Institutional Standards and Operations Division, <u>contained</u>, inter alia, information relating to the legal assistance program on the A-yard facility at CSATF/SP. It is quite possible that after Rosenthal read whom the document was addressed, and the contents of the document, he made a determination that the document could prove detremental in the Court case for the Education Department and CSATF/SP, then made an active decision to prohibit the copying of the document. Because of this wanton action, the appellant was forced to send the document and attachment to a family member through regular mail to copy and serve on the Courts and Attorney General. Had his deadline been closer, appellant would have been unable to do so.

The Education Department at CSATF/SP, as part of the California Teacher's association, has demonstrated it's deliberate indifference to the fundamental rights of prisoners on the A-yard facility by placing Rosenthal in a position were he has unfettered disretion to obsrtuct prisoner access to the courts (Note - Civil Local Rule 7-4 for US District Court ND Cal does not require a table of contents or authorities for motions less than (10) pages). When Rosenthal stated that the attachment was not "marked as an exhibit", the appellant asked the librarian to explain that statement. Rosenthal would only point to DOM§§ 14010.21.3 and 53060.6 and tell the appellant to "read it!".

This may only be a conclusory observation, however, after speaking with Rosenthal, the appellant, based on information and belief, is of the mind that the suspect member of the Education Department and California Teacher's Association, does not have the mental capacity to fathom Shepardization, let alone perform it, or to navigate West Key Note topics, locate atretisis or to assist any inmate with meaning/research information, as his position, title, CCR and the US Constitution so requires. Rosenthal's legal training should be called into question and, if found "LACKING", he should not be allowed to return to the A-yard facility asa library technician assistant.

X _____
Francois P. Givens,#T-86266
CSATF/SP A3-121Low

Article 32 - Library and Law Library

53060.6
Library Services Criteria

Legal Supplies and Legal Photocopies:

Requests for legal supplies and photocopies will be made on a Legal Material Request form (Attachment A) and must be approved by library staff. Copies or supplies that may be considered questionable for the courts may require the Senior Librarian/Librarian to call the court for further instruction. Library staff will have five (5) days to complete photocopy requests.

Forms provided to the California Department of Corrections and Rehabilitation by State and Federal Courts will be made available to inmates at no cost. In the case of photocopied forms, the first copy will be provided to the inmate at no charge; subsequent copies will be $0.10 per page.

All inmates must submit to library staff a Trust Account Withdrawal Order (CDC 193) for requested legal supplies and/or copies. The Accounting Office, which processes and verifies funds, determines whether or not an inmate is indigent.

The library may provide the following supplies to indigents for legal use only:

1. The quantity of #10 business sized envelopes and/or 10"x13" or 10"x15" manila envelopes the inmate needs to mail legal work that he has presented to the library staff. The envelopes will be marked "Legal Mail Only" and the inmates must address all envelopes in the presence of the library staff, prior to leaving the library.
Inmates may be provided up to ten (10) sheets of standard white paper, per court action, that the inmate is working on. The inmates must demonstrate to the library staffs' satisfaction that the paper is required for their case, and will only be used for legal purposes (courts will accept inmate line numbering).

A CDC 193 must be completed and signed, whether or not the inmate is indigent. Emergency legal supplies provided to non-indigent inmates will be charged at the following rates:

- Envelopes:
  #10 business size      $0.05 per envelope
  10"x13"                $0.35 per envelope
  10"x15"                $0.35 per envelope

- Paper:
  White (unlined)        $0.03 per sheet

Stationary items supplied by the library are solely for court submission or submission to the Board of Control for claims. For any other purpose, #10 envelopes, paper and manila envelopes must be purchased through the canteen.

Photocopy charge is $.10 cents per page. Photocopy service is provided according to Department Operations Manual (DOM), Section 14010.21, Legal Copying Service.

Non-Legal Documents:

The "Non-Legal Documents" listed in DOM, Section 14010.21.3, consists of law review articles, court transcripts, correspondence with attorneys or public officials, and slip opinions, except when slip opinions of the California Court of Appeals are necessary to attach petitions for hearing in the State Supreme Court.

The "Non-Legal Documents" listed in DOM, Section 14010.21.3, shall not be copied for inmates except for the following reasons:

1. Pages of any law book, including DOM and the California Code of Regulations (CCR), shall not be copied except as needed for:

   a. Institutional convenience and efficiency in providing legal material to inmates in restricted housing units or under extended lockdown that do not have physical access to the law library in their facility. These will be provided on a checkout basis for a set period of time.

   b. Institutional convenience and efficiency when sharing materials between California Substance Abuse Treatment Facility (CSATF) library programs, as well as, when filling requests made by CSATF library staff.

   c. Reproduction of copies of court cases from law books physically unavailable at facilities libraries.

2. The law library shall not reproduce sections of the DOM, unless they are being used as court exhibits.

All requests for copies of legal work shall be in compliance with the respective court's rules and authority of the DOM concerning the number of copies required per motion and/or petition, writ, complaint, etc.

Exhibits:

All "Exhibits" submitted for copying must be labeled as such, be listed in the petition's table of exhibits, be duly cited in the body of the petition, and appear related to the issues at hand. "Exhibits" made up of documents listed, as "Non-Legal" in DOM, Section 14010.21.3, shall not be copied, except the specific exceptions noted above for slip opinions and DOM sections.

Inmates will submit their own legal work in its completed entirety for approval and provision of legal photocopying services.

Certified or Registered Mail, Legal Phone Calls:

Library staff has no authority to provide Certified Mail Service or approve legal phone calls. These requests must be directed to the inmate's counselor.

53060.6.2
Check Out of Library Books

Recreational Book User:

Inmates wishing to check books out will complete the Recreational Reading Book Request form and a CDC 193 (Attachment B). Recreational book users must have a signed CDC 193 on file in the facility library prior to checking out library materials for use, either in the library or in the housing units. No hardbound or reference books may be removed from the library. Up to two (2) paperback books may be checked out for a two-week period. One overdue notice will be sent the inmate (Attachment C). The CDC 193 will be dated and processed when checked out items are three weeks overdue. There will be a minimum charge of $10.00 for each lost, damaged, or non-returned book. Once the money is removed from the inmate's account, the money will not be refunded even if the book is subsequently returned.

42.

| # | DATE | NAME | CDC | IN | OUT | # |
|---|------|------|-----|----|-----|---|
|   | 4/19/07 | Gould | F56628 | 1300 | 1530 |   |
|   |   | Harville | T59861 | 1300 | 1400 |   |
|   |   | Garcia | V04341 | 1400 | 1530 | Called to |
|   |   | Hoffman | T65941 | 1400 | 1500 | about |
|   | 4/20/07 | Forrest | F53482 | 0900 | 1055 | outside be |
| Lib/ Lima & | | Alvarez | F59855 | 0900 | 100 | |
| Rosenthal | | Pelcic | V11363 | 0900 | 1055 | |
|   |   | Zuniga | T64924 | 0900 | 1055 |   |
|   |   | Givens | T86266 | 0900 | 1130 |   |
|   |   | Haskew | K86361 | 0900 | 1055 |   |
|   |   | Tibbs | P67111 | 0900 | 1055 |   |
|   |   | Camphor | T68116 | 0930 | 1055 |   |
|   |   | Marchy | P.69846 | 1020 | 1055 |   |
|   | 4/21/07 | Martinez | J19064 | 915 | 1030 |   |
|   |   | Givens | T86266 | 915 | 950 |   |
|   |   | Rivas | T35035 | 915 | 1051 |   |
|   |   | Stegall | P4336 | 915 | 930 |   |
|   |   | Haskew | K86361 | 915 | 950 |   |
|   |   | Sharpe | F05734 | 915 | 1035 |   |
|   |   | Tibbs | P67111 | 915 | 11:30 |   |
|   |   | Soldate | D45260 | 915 | 1030 |   |
|   |   | Contreras | B20035 | 915 | 930 |   |
|   |   | Forrest | F53482 | 915 | 1015 |   |
|   |   | Dixon | K52568 | 915 | 930 |   |
| Givens | asked me | my policy | of Lib | | 1130 | |
| Status | I told him | that I | had policy | | 1130 | |
| of the | institution | He when | left early | | 1130 | |
|   |   | Haskew | K86361 | 1010 | 1130 |   |
|   |   | Doran | F35169 | 1010 | 1130 |   |
|   |   | Sue | P63863 | 1010 | 1030 |   |
|   |   | Givens | T86266 | 1010 | Today |   |
|   |   | Rebello | E23601 | 1035 | 1115 |   |
|   |   | Huizar | T86659 | 1035 | 1115 |   |

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                          ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
P.O. Box 942883
Sacramento, CA 94283-0001




June 8, 2007

Inmate Givens, T86266
A3-121L

**FIRST LEVEL RESPONSE, APPEAL LOG NO. SATF-A-07-01981**

**ACTION REQUESTED:** Receive requested copies

Your appeal was referred for First Level Review. You were interviewed on 5-29-2007 at approximately 12:10 hours by S Ponce ASCVP and M Hildreth Sr. Librarian in regards to your concerns.

1. You are requesting verification that CDCR requires all documents filed in any court proceeding be fully briefed, accompanied with a memorandum of points and authorities, and contain a "table of exhibits" for copy purposes.

2. You are requesting a declaration from CDCR to The California Supreme Court Justices to explain this procedure.

3. Investigation to determine LTA Rosenthal's competency to provide legal assistance and for Education to verify Rosenthal's credentials.

**APPEAL RESPONSE:** You were interviewed on May 29, 2007 and stated "I was denied copies of three pages by Rosenthal because he said that the pages were not addressed to a court therefore they were not legal documents and that it did not include a table of exhibits therefore you could not get copies." You also had concerns as to how Rosenthal determined that your documents were not legal and wanted to know where he received his training.

As you stated you were able to get the copies you needed by sending them home to your family who did them for you.

Your appeal is **PARTIALLY GRANTED** at the First Level of Review. You should have received the copies in question as they are in direct relation to the case you were currently working on as a PLU user. Enclosed you will also find a copy of the DOM section 53060.6 which outlines the requirements for this institution in regards to Non-Legal documents and exhibits.

As you know all staff matters are confidential in nature. As such, results of any inquiry/investigation will not be shared with staff, members of the public or inmates. Although you have a right to submit a staff complaint, a request for administrative action regarding staff or

Page 2
SATF-A 07-01981
GIVENS, T86266

the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of review up to and including the Director's Level of Review. You administrative remedies will be considered exhausted once a decision has been rendered at the Director's Level of Review.

Based on the information above, your appeal is PARTIALLY GRANTED at the First Level of Review.

S Ponce
Academic Vice-Principal
California Substance Abuse Treatment Facility and State Prison at Corcoran


D Fulks
Associate Warden, Complex IV
California Substance Abuse Treatment Facility and State Prison at Corcoran