# EXHIBIT H

T86266
A3-121(W)

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region  1. CSATF/SP - A   2. _____
Log No.: 1. 07-3077   2. _____
Category: 3

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| GIVENS, FRANCOIS P. | T-86266 | -- | A3-121 Low |

**A. Describe Problem:** CSATF/SP CONTINUES TO INTERFERE WITH APPELLANT'S ACCESS TO THE COURTS. ON 4-25-07, THE OFFICE OF THE COURT EXECUTIVE FOR KING'S COUNTY SUPERIOR COURT VERIFIED THAT THE 4-11-07 "PETITION TO PROHIBIT CIVIL HARASSMENT/VOCATIONAL INSTRUCTOR A. PERALES" WAS NOT RECIEVED BY THE COURT, DESPITE THE FACT THAT A COURT DOCUMENT SENT TO THE CALIFORNIA SUPREME COURT ON THE SAME DAY REACHED IT'S DESTINATION, AND WAS ADDRESSED BY 4-17-06. THIS CONTINUED "POLICY/CUSTOM" OF RETALIATORY INTERFERENCE WITH THE APPELLANT'S LEGAL MAIL IS PENDING AS A CLAIM IN THE FEDERAL COURTS.

If you need more space, attach one additional sheet. SEE ATTACHED

**B. Action Requested:** INVESTIGATION TO DETERMINE THE WEREABOUTS OF THE MISSING DOCUMENT. DISCLOSURE OF PERSON(S) RESPONSIBLE FOR FEDERAL MAIL THEFT (18 USC§1708) AND/OR MAIL/CORRESPONDENCE OBSTRUCTION (18 USC§§1701-1703). NO RETALIATION OR MODIFICATION OF ACCESS TO THESE FEDERAL STATUTES ON THE COMPUTERS LOCATED IN THE A-YARD LAW LIBRARY. APPROPRIATE ACTION TO BE TAKEN AGAINST THE PERPETRATOR(S).

Inmate/Parolee Signature: _____   Date Submitted: 4-25-07

CSATF APPEALS MAY 14 2007

**C. INFORMAL LEVEL (Date Received: _____ )**

Staff Response: GRANTED - The findings of the investigation revealed that all Legal mail received in the institution mailroom was processed in accordance with the Rules and Regulation established by the State of California and the Warden of this institution. There is no person(s) responsible for mail theft in the mailroom, all mail received was processed.

Staff Signature: _____   Date Returned to Inmate: 05/18/07

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFIED. CDCR HAS FAILED TO PRODUCE AFFIRMATIVE PROOF (CDC119 LEGAL MAIL LOG AND DECLARATION) SHOWING THAT THE AFOREMENTIONED LEGAL MAIL WAS RECIEVED BY THE MAILROOM. FAILURE TO ESTABLISH PROOF OF THIS FACT WILL RESULT IN THE "ADOPTIVE ADMISSION" THAT THIS MAIL WAS STOLEN IN VIOLATION OF FEDERAL LAW, AND RETALIATION BY CDCR FOR THE APPELLANT'S EXERCISE OF HIS FIRST AMENDMENT RIGHT TO PETITION REGARDING IMPROPRIETIES BY VOCATIONAL INSTRUCTOR A. PERALES, AS KINGS COUNTY SUPERIOR COURT HAS AFFIRMATIVELY STATED THAT THE RESTRAINING ORDER AGAINST A. PERLAES WAS NEVER RECIEVED BY THE COURT. EXHAUSTION ON THESE ISSUES PURSUANT TO PLRA (42 USC §1997E).

Signature: _____  (See 5-18-07 Attachment)   Date Submitted: 5-18-07

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____


CSATF APPEALS MAY 30 2007
3

First Level  ☒ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: JUL 0 6 2007    Due Date: 8-17-07

Interviewed by: _____

See attached copy

Staff Signature: _____  Title: Sergeant    Date Completed: _____
Division Head Approved:
Signature: _____  Title: AWCS (A)    Returned Date to Inmate: JUL 1 3 2007

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

The Second Level response to this appeal incorrectly purports that the outgoing mail log (CDC 119) for the appellant shows that the 4-11-07 filing for Kings County Superior Court was mailed on the following day (4-12-07). On 7-24-07 CSATF Sgt Pugliese (mailroom Sgt) verified this not to be true. (see Attached) *Note- Appeal would not fit in 602 box mail [illegible]

Signature: _____    Date Submitted: 7-27-07

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: AUG 0 8 2007    Due Date: 9/06/07
☒ See Attached Letter

Signature: _____ CCII    Date Completed: SEP 1 0 2007
Warden/Superintendent Signature: J. J. Hutchins    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
California Substance Abuse Treatment Facility and State Prison at Corcoran
900 Quebec Ave.
P.O. Box 7100
Corcoran, CA 93212



September 6, 2007

Inmate Givens, T86266
California Substance Abuse Treatment
Facility and State Prison at Corcoran
P. O. Box 7100
Corcoran, CA 93212

Second Level Response
Log # SATF-A-07-03077

### ISSUE:

You contend that your outgoing legal mail that you submitted for mailing on 4/11/07 was never received by the Kings County Superior Court. You request that an investigation be conducted to determine the whereabouts of the missing document. You request the disclosure of the person responsible for the theft of the missing document. You request that you not be retaliated against for filing this appeal and that your access to the Facility-A computers not be modified. Finally, you request that appropriate action be taken against "the perpetrators".

### INTERVIEWED BY:

R. Hall, Appeals Coordinator, on 9/6/07.

### REGULATIONS:

The rules governing this issue are taken from the California Code Of Regulations (CCR) Title 15, and Local Operational Procedures (OPs).

    **CCR 3142. Processing of Outgoing Confidential Mail.**
    **OP 129. Inmate Mail.**

### SUMMARY:

R. Hall, Appeals Coordinator, investigated your appeal at the Second Level of Review (SLR). On 9/6/07, Mr. Hall interviewed you at the SLR in order to afford you the opportunity to provide additional information and/or clarify issues under review. You stated that you were not concerned with the matter anymore because of other active court cases and that whatever was said on the appeal is fine. That concluded the interview. The First Level Reviewer confirmed on this date via the Mailroom Outgoing Legal Mail Logbook that on 4/12/07, two mailings were sent out for you: 1) the

Givens, T86266
Log # A-07-03077
Page 2

Supreme Court, San Francisco, Ca. 2) the Superior Court of Kings County. You have failed to provide any information/evidence at the SLR to modify the First Level Decision.

**DECISION:**

Your appeal is **partially granted.** An investigation was conducted in regard to your outgoing legal mail addressed to the Kings County Superior Court that was mailed on 4/12/07. You shall not be retaliated against for filing this appeal. Your request that administrative action be taken against staff is beyond the scope of the appeals process. All other requests are denied. You are advised that you may submit your appeal to the Director's Level of Review if desired.

KEN CLARK
Warden

CSATF APPEALS
SEP 10 2007

Attachment CDC602 #SATF-A-07-3077
I/M. Givens, # T-86266    July 27, 2007

On 7-24-07 at approximately 9:00am, CSATF/SP Mailroom Sgt Pugliesse interviewed the appellant in regards to another inmate appeal addressing mail issues. At that time, the appellant informed the sergeant that his ongoing problems with legal mail at this institution has adversely affected his access to the courts. At that time, the appellant discussed this appeal, stating that on 4-11-07, Unit A3 Officer R. Gamboa logged (2) legal mail entries for the appellant in the Unit A3 Legal Mail Log Book, one of which was addressed to Kings County Superior Court (see Attachments 5-6). Sgt Pugliesse's 7-11-07 First Level response states that both entries were mailed the next day (4-12-07) according to mailroom log for CSATF/SP. (see Attachment 4). At the 7-24-07 interview, Sgt Pugliesse, who at the time was in possession of appellant's CDC119 Outgoing Legal Mail log, verified that the 4-11-07 filing for Kings County Superior Court was not mailed on 4-12-07.

This mail issue was made the subject of judicial notice in KCSC Case # 04 W00391. On 7-10-07, the habeas petition filed in that action was denied without prejudice, whereupon appellant will refile the petition upon complete exhaustion of all issues therein. (see Attachments 1-3). One day after the petition was denied, the appellant submitted a request for an injunction to the Court against this institution, which was returned by the Office of the Court Executive, stating, "[I]f your problem is still not resolved you will need to file a new petition and attach any new evidence at that time" (see Attachment 4). This appeal, upon exhaustion, will be submitted as new evidence that CSATF/SP. continues to interfere with appellant's access to the courts.

X _____
Francois P. Givens #T-86266
CSATF/SP A3-121w

*Note- After obtaining copies of the attached court documents on 7-27-07, and seeing that this appeal would not fit in the CDC602 Drop Box on the A-yard facility, the appellant waited until the next available maildrop (7-29-07) to mail this appeal.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KINGS

CONFORMED COPY
ORIGINAL FILED ON
JUL 1 0 2007

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

In re Application of                    )    No. 04W0039H
                                        )
                                        )    ORDER DENYING PETITION
FRANCOIS P. GIVENS,                     )    FOR WRIT OF HABEAS
                                        )    CORPUS WITHOUT
            Petitioner,                 )    PREJUDICE
                                        )
For Writ of Habeas Corpus.              )

    Petitioner, FRANCOIS P. GIVENS ("Petitioner"), filed a petition for writ of habeas corpus ("petition") on May 11, 2007. Although the petition speaks of "mandamus" relief, the Court elects to treat the petition as one for habeas corpus. (See, Neal v. State (1960) 55 Cal. 2d 11, 16.)

    Petitioner complains within the petition that officials at California Substance Abuse and Treatment Facility ("Respondent") have failed and/or refused to provide him with adequate access to his legal materials. Respondent placed Petitioner's legal materials into storage on or about December 7, 2005. According to Petitioner, the most recent version of CSATF/SP OP§201, Section XXI.F provides for inmate access to stored legal materials at a minimum of twice per week, Monday through Friday, during normal business hours. Petitioner claims that, despite the mandates of CSATF/SP OP§201, he has not received regular access to his four (4) boxes of legal materials since December 7, 2005. Petitioner states that he has received access to his stored legal materials at a rate of not more than once every two weeks and that such, "[l]ack of reasonable access to his own legal materials has and will continue to cause actual 'Bounds' injuries for the petitioner . . . " (Petition, ¶6(a).)

    Under state law, exhaustion of available administrative remedies is a jurisdictional prerequisite to resort to the courts. (Wright v. State of California (2004) 122 Cal. App. 4th 659, 665.) Although Petitioner alleges that he has exhausted administrative remedies, the facts and documents provided in support

of his petition demonstrate only that he has exhausted administrative appeals in connection with Respondent's alleged misplacement of his legal documents (SATF A-06-00506). Petitioner has provided no facts nor documents which establish a good faith attempt to administratively resolve the issue of Respondent's alleged non-compliance with CSATF/SP OP§201 and/or some reason why such requirement should be excused. (People v. Duvall (1995) 9 Cal. 4th 464, 474 [Petitioner bears heavy initial burden to establish prima facie case for relief].) Accordingly, no prima facie claim for relief has been stated.

IT IS HEREBY ORDERED, the petition is denied, without prejudice.

Dated: July 10, 2007

Peter M. Schultz, Judge
Judge of the Superior Court

13



# Office of the Court Executive
## Superior Court of the State of California
### County of Kings

**Todd H. Barton**
*Clerk of Court and Jury Commissioner*

**Jeff Lewis**
*Chief Deputy Court Administrator and Assistant Jury Commissioner*

**Sandra Salyer**
*Assistant Chief Deputy Court Administrator for Finance*

**Steve Miller**
*Assistant Chief Deputy Court Administrator for Information Technology*

**David Calhoun**
*Assistant Chief Deputy Court Administrator for Family Services*

**Richard Duran**
*Assistant Chief Deputy Court Administrator for Human Resources*

**Rose Hamblin**
*Deputy Court Administrator for Jury Services*

**Cindy Torres**
*Deputy Court Administrator for Courtroom Services*

**Krystina Cifuentez**
*Deputy Court Administrator for Civil & Family Law*

**Diana Cabral**
*Deputy Court Administrator for Criminal/Juvenile/Traffic*

**Barbara Torres**
*Deputy Court Administrator for Records Management & Appeals*

☐ Avenal Division
   501 E. Kings Street
   Avenal, CA 93204
   (559) 582-1010, xt. 4094
   Fax (559) 585-3269

☐ Corcoran Division
   1000 Chittenden Ave.
   Corcoran, CA 93212
   (559) 582-1010, xt. 3004
   Fax (559) 585-3270

☐ Hanford Division
   1426 South Drive
   Hanford, CA 93230
   (559) 582-1010
   Fax (559) 585-3260

☐ Lemoore Division
   449 "C" Street
   Lemoore, CA 93245
   (559) 582-1010, xt 3014
   Fax (559) 585-3271

July 13, 2007

Francois P. Givens, T86266
CSATF/SP A 3 121 Low
P.O. Box 5248
Corcoran, Ca 93212

Dear Mr. Givens:

You petition was denied by this court on July 10, 2007. If your problem is still not resolved you will need to file a new petition and attach any new evidence at that time.

Sincerely,

Todd H. Barton
Court Executive Officer

Mia Leyva
Deputy Clerk
Kings County Superior Court

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION        ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY AND
STATE PRISON-CORCORAN
900 Quebec Avenue, P.O. Box 7100
Corcoran, CA 93212



July 11, 2007

Inmate Givens, CDC # T-86266
Housing Unit A3-121L

**FIRST LEVEL APPEAL RESPONSE – LOG # SATF-A-07-03077**

**INTERVIEWED BY:** C. PUGLIESE

**APPEAL DECISION:** GRANTED

**APPEAL ISSUE:** MAIL

**APPEAL RESPONSE:** This First Level Appeal has received careful consideration and has been thoroughly researched. Per Director's rule 3084.5 (f) (2) first level appeal review requires a persona interview unless the appeal is granted.

This appeal is concerning the mailing of legal mail. Appellant is requesting an investigation to determine the whereabouts of the missing documents. Disclosure of person(s) responsible for the missing mail, no retaliation and appropriate action taken against the perpetrator(s).

This appeal was granted at the informal level informing the appellant that there was no "theft" of appellant's mail.

A further review at the First Level revealed the same findings. The log of outgoing legal mail kept in the housing unit indicated that the appellant sent two mailings out to the courts on the date in question. One mailing was addressed to the Supreme Court in San Francisco, CA. and the other was addressed to the Superior Court in Kings County. The mailroom log indicates the two mailings were sent out to the courts on the next day, the day they were received in the institution mailroom.

Considering the above information, your appeal is **GRANTED** at the First Level of Review. An investigation has been conducted, there is no person(s) responsible because the mail was sent out. No retaliation will be taken for filling this appeal. Although it is beyond the scope of the appeal system to take "Action" against any staff member, no action is warranted because there was no misconduct found during the investigation, and the appellant has not provided any evidence to indicate any mishandling of his legal mail.

| | | |
|---|---|---|
| Interviewer<br>C. Pugliese<br>Mailroom Sergeant<br>CSATF/SP at Corcoran | CSATF APPEALS<br>JUL 1 3 2007 | Awes (A-)<br>Reviewer<br>T. WAN<br>Assoc. Warden, Central Svs.<br>CSATF/SP at Corcoran |

L5

5-18-07  ATTACHMENT CDC602
I/M GIVENS, #T-86266

CSATF/SP OP§201 VI.T.3.B (APRIL 2004), WHICH PROVIDES REGULATIONS FOR THE LOGGING AND PROCESSING OF OUTGOING PRISONER LEGAL MAIL FROM THE HOUSING UNITS AT CSATF/SP PROVIDES, IN RELEVANT PART:
..."THE OFFICER WILL RECORD THE INMATE'S NAME AND DOCUMENT THE RECIPIENT'S ADDRESS. THIS WILL BE LOGGED ON THE LEGAL MAIL LOG BOOK MAINTAINED IN EVERY HOUSING UNIT. THE MAIL WILL BE PLACED IN THE MAILBOX UNTIL PICKED UP BY FIRST WATCH STAFF"...ID.

ON 4-11-07, THIRD WATCH UNIT A-3 OFFICER R.GAMBOA FOLLOWED THESE PROCEDURES AS HE LOGGED APPELLANT'S LEGAL MAIL WHICH HE HAD ADDRESSED TO KINGS COUNTY SUPERIOR COURT. SOMETIME AROUND JUNE 2006, ALL MAILBOXES ON THE A-YARD FACILITY AT CSATF/SP WERE "SEALED" BY ADMINISTRATION BECAUSE OF EXCESSIVE FALSE "KITES" BY INMATES, SO THE LEGAL MAIL RECIEVED BY THIRD WATCH OFFICERS IS NOT PLACED IN A MAILBOX, AND THE APPELLANT DOES NOT KNOW THE DISPOSITION OF HOW MAIL IS RETAINED UNTIL PICKED UP BY FIRST WATCH OFFICERS. HOWEVER, IN HOUSTON V. LACK (1988), THE UNITED STATES SUPREME COURT ESTABLISHED THE "MAILBOX RULE", WHICH PROVIDES, IN ESSENCE, THAT A PRISONER'S LEGAL DOCUMENT ADDRESSED TO A COURT IS CONSIDERED "FILED" IN THAT COURT ON THE DATE AND TIME THAT THE PRISONER GIVES THE MAIL TO AN OFFICER TO PROCESS IN ACCORDANCE WITH THE INSTITUTION'S PROCEDURES FOR LOGGING OUTGOING LEGAL MAIL. ACCORDINGLY, APPELLANT'S RESTRAINING ORDER AGAINST CSATF/SP VOCATIONAL INSTRUCTOR A.PERALES WAS "FILED" IN KINGS COUNTY SUPERIOR COURT ON 4-11-07 AT APROXIMATELY 9:10 P.M.

CSATF/SP OP§201 VI.T.3.E PROVIDES:
..."OUTGOING LEGAL MAIL ADDRESSED TO THE BOARD OF CONTROL (BOC) WILL BE POSTED ON THE INMATE'S CDC119, MAIL RECORD AS REFERENCED IN CCR, SECTION 3165"...ID.

IF THERE IS NO RECORD OF THE 4-11-07 LEGAL MAIL FOR KINGS COUNTY SUPERIOR COURT IN APPELLANT'S CDC119 MAIL RECORD LOG, THE ONLY POSSIBLE PRESUMPTIONS WHICH A FEDERAL COURT WOULD NATURALLY BE ABLE TO DRAW FROM THE UNDERLYING FACTS IS: (A) SOMEONE IN UNIT A-3 OTHER THAN OFFICER R.GAMBOA, WHO LOGGED THE MAIL, REMOVED THE MAIL FROM IT'S OFFICIAL [DEPOSITORY]; OR (B) THE MAILROOM AT CSATF/SP FAILED TO PROCESS THE LEGAL MAIL IN ACCORDANCE WITH ESTABLISHED INSTITUTIONAL PROCEDURES. WITH THE 5-18-07 INFORMAL RESPONSE TO THE APPEAL STATING THAT "ALL LEGAL MAIL RECIEVED IN THE INSTITUTION MAILROOM WAS PROCESSED", THE ONLY VIABLE ALTERNATIVE LEGT IS THAT APPELLANT'S LEGAL MAIL NEVER MADE IT TO THE MAIL ROOM ON 4-11-07/4-12-07, DESPITE THE FACT THAT LEGAL MAIL ADDRESSED TO THE CALIFORNIA SUPREME COURT, AT THE SAME TIME, REACHED IT'S DESTINATION. IF THIS FACT REMAINS TRUE, THIS WOULD CONSTITUTE FEDERAL FELONIOUS ACTIVITY:

..."WHOEVER KNOWINGLY AND WILLFULLY OBSTRUCTS OR RETARDS THE PASSAGE OF MAIL, ...SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NO MORE THAN SIX MONTHS, OR BOTH"...18 USC§1701, IN RELEVANT PART.

..."WHOEVER TAKES ANY LETTER....OUT OF ANY....AUTHORIZED DEPOSITORY FOR MAIL....BEFORE IT HAS BEEN DELIEVERED TO THE PERSON TO WHOM IT WAS DIRECTED....OR DETROYS THE SAME, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS, OR BOTH"...18 USC§1702, IN RELEVANT PART.

..."WHOSOEVER STEALS, TAKES, OR ABSTRACTS,...FROM OR OUT OF ANY MAIL,...LETTER BOX, MAIL RECEPTICLE,...OR AUTHORIZED DEPOSITORY FOR MAIL MATTER....ANY LETTER,....OR MAIL, ANY ARTICLE OR THING CONTAINED THEREIN WHICH HAS BEEN LEFT FOR COLLECTION UPON OR ADJACENT TO A COLLECTION BOX...SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH"...18 USC§1708, IN RELEVANT PART. [THIS SECTION ALSO PERTAINS TO ANYONE WHO "OBTAINS" SUCH MAILS].

IF CSATF/SP HAS ANY INTENTION ON "INVESTIGATING" THE WHEREABOUTS OF THE MISSING MAIL, AS REQUESTED BY THE APPELLANT, PERSONS WITHIN THE CHAIN OF CUSTODY BETWEEN HOUSING UNIT A-3 AND THE MAILROOM ON THE NIGHT OF 4-11-07 AT 10:30 P.M., AND THE MORNING OF 4-12-07, AT WHATEVER TIME THE MAIL FOR A-3 WAS DELIEVERED TO THE MAILROOM, WILL NEED TO ACCCUNT FOR FOLLOWING INSTITUTIONAL PROTOCOL REGARDING THE HEREIN SUBJECT MATTER.

X_____
FRANCOIS P. GIVENS, #T-86266
CSATF/SP A3-121LOW
APPELLANT.

6

4-25-07
CDC602 Attachment I/M Givens,#T-86266

Title 15, CCR§3142(d)(4) provides that the procedure for processing outgoing legal mail is to be stated in a facility's mail procedures. CSATF/SP OP-129 "Inmate Mail", Section VI.T.(3).(B) provides in essence, that all outgoing legal mail as defined in Title 15,CCR§3141, will be logged in the outgoing legal mail logbook located within the respective housing units at a facility.. The legal mail logbook for Unit A-3 at CSATF/SP indicates that on 4-11-07, the appellant gave legal mail addressed to the California Supreme Court and Kings County Superior Court to Unit A-3 officer R.Gamboa, who logged and processed the articles in accordance with CSATF/SP OP§129.

On 4-17-07, the California Supreme Court granted appellant's 4-11-07 request in Case#S-151593. On 4-25-07, court executive employes verified that appellant's 4-11-07 "Petition to Prohibit Civil Harrassment/Restraining Order agianst Vocational Instructor A.Perales" had not been recieved by Kings County Superior Court. Both articles should appear as entries in appellant's CDC-119 Legal Mail Log maintained by the mailroom at CSATF/SP.

On 1-29-06, appellant had a verbal dispute with CSATF/SP Unit A-2 officer, regarding the logging of his legal mail per CSATF/SP OP§129. After that argument, Unit A-2 officers would no longer log appellant's mail, but on occcassion, would allow the appellant to log his own legal mail in the officer's log book. On 2-2-06, substitute A-2 Officer B.Isla logged a complaint of appellant's addressed to the Victim's Compensation Government Claims Branch (State Board of Control). In or around March 2006, that office verified that it had never recieved the complaint. In or around October 2004, the Chief of Inmate Appeals granted, in part, CDC602 Log#SATF-B-04-01355, a citizen's complaint against the mailroom sergeant at CSATF/SP, for the unauthorized opening of "incoming" legal mail from the First Appellate District Court. Interference with the flow or the disappearance of appellant's legal mail has been an established policy/custom at CSATF/SP since the latter part of 2003.

..."State prison officials had policy or custom of retaliating against inmates who exercised, or assisted others in exercise of, their rights of access to courts, and thereby violated inmate's First Amendment rights, even if warden did not directly order retaliation, where top administrators failed to investigate retaliation complaints, there was no reprimand or discipline for officers involved even when their supervisors were aware of complaints, and investigation was delegated to officers involved in grievences"...Gomez v. Vernon(CA9 2001) 255 F.3d 1118.

CSATF/SP, the Chief of Inmate Appeals for CDCR as well as the offices of Internal Affairs (Central Division) and Ombudsman for CDCR have all been made aware of appellant's mail issues at CSATF/SP, either directly from appellant, appellant's family or attor[ies] appointed for the appellant. State and Federal agencies and courts records reflect the obstructions. Continued obstructions of appellant's access to the courts will only bolster his retaliation and mail interference claims in State and Federal Courts.

X _____
Françoıs P. Givens,#T-86266
CSATF/SP A3-121Low
P.O. Box 5248
Corcoran, Ca., 93212

CC: CSATF/SP Warden Ken Clark (original)
    CSATF/SP Litigation Coordinator
    Office of the Attorney General - San Francisco
    California Supreme Court.

17

6-12-07

To: Warden Ken Clark
    CSATF/SP

Re: 5-30-07 CDC695 Screening Form / CDC602 dated 4-25-07

Warden Clark:

On 6-1-07, I recieved my First-Level appeal regarding the disappearance of mail sent to Kings County Superior Court on 4-11-07. The appeal was unprocessed, with a 5-30-07 CDC695 Screening form attached, stating:

..."Attach verification from Kings County Superior Court [that] the documents were not recieved"... (attached at pg#2).

On 6-2-07, I submitted a request for judicial notice to Kings County Superior Court (Case# 04 w 0039H) (attached at 1), requesting that the Court Executive provide copies of the document(s) requested by the Appeals Coordinator at CSATF/SP, in order for the appeal to be processed. As to this date, I have not recieved the requested documents. It should be noted that on 6-4-07, a Court Executive by the name of Jennifer (would not give last name) verified that the 4-11-07 document had not been recieved by the Court. (The missing petition to prohibit civil harrassment [a copy of] was included with the 6-2-07 request for judicial notice.

I ask that this appeal is stayed until Kings County Superior Court has acted on the request for judicial notice, unless this institution is willing to proceed with this appeal, without the documents requested by the Appeals Coordinator. Please inform me of this institution's intentions. Attached is the CDC602 (at 3-5).

X _____
Francois P. Givens  T-81266
CSATF/SP 43-121Low.

118

Francois P. Givens, #T-86266
CSATF/SP
P.O. Box 5248
Corcoran, Ca., 93212
Petitioner, In Pro Per.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF KINGS

| | |
|---|---|
| Francois P. Givens, | Case No: 04 W 0039H |
| Petitioner, | APPENDIX OF EXHIBITS IN SUPPORT OF REQUEST |
| vs. | FOR JUDICIAL NOTICE. |
| Warden Ken Clark, | |
| Respondent(s), | |
| On Habeas Corpus. | |

Appendix A: 4-11-07 CH-100 submitted to this Court ........1 - 6

Appendix B: 5-30-07 CDC695 Screening Form ............8
4-25-07 CDC602 ......9 - 11

Date: June 2, 2007

X _____
Francois P. Givens, #T-86266
Petitioner, In Pro Per.

Appendix of Exhibits
04 W 0039H

California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

May 30, 2007
received 6-1-07

GIVENS, T86266
FAB3T1000000121W

Log Number: SATF-A-

(...ed to screen out appeals or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal is incomplete. You must include supporting documentation. All documents must be legible. (If necessary, you may obtain copy(ies) of requested documents by sending your request with a signed trust withdrawal form to your assigned counselor.) Your appeal is missing:*

*Attach verification from Kings County Superior Court the the documents were not received.*

[signature]
Appeals Coordinator

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE