EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5739
  Fax: (415) 703-5843
  Email: Robert.Duncan@doj.ca.gov

Attorneys for Defendants O. Nollette and James E. Tilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>                    Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>                    Defendants. | C 07-3575 MJJ (PR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT; REQUEST TO STAY SUMMARY JUDGMENT PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS** |

TO PLAINTIFF FRANCOIS P. GIVENS, IN PRO SE:

PLEASE TAKE NOTICE THAT Defendants O. Nollette and James E. Tilton (Defendants) oppose the "Request for Summary Judgment By Plaintiff," and request that the Court stay the summary judgment proceedings pending a ruling on Defendants' Motion to Dismiss. The opposition and request are based on the following memorandum of points and authorities, the declarations of O. Nollette, R. Duncan, and the Court's file in this case.

Defs.' Opp'n Pl.'s Req. Summ. J.;
Req. Stay Summ. J. Proceedings Pending Ruling Defs.' Mot. Dismiss

F. Givens v. J. Tilton, et al.
C 07-3575 MJJ (PR)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

On July 11, 2007, Plaintiff Francois P. Givens, a state prisoner, filed a civil-rights suit under 42 U.S.C. § 1983. On August 9, 2007, the Court reviewed Givens's complaint for cognizable claims in accordance with 42 U.S.C. § 1915A, and found that liberally construed Givens stated cognizable claims that Secretary James Tilton, Sergeant Nollette, and S. Mendonca: (1) improperly appropriated money from his prison trust account, (2) retaliated against him for his filing lawsuits and confiscated his legal papers; and (3) subjected him and other African-American inmates to "inhumane" living conditions. (Order of Service at 1-2.) The Order required the Defendants to file a motion for summary judgment or other dispositive motion within ninety days from the date of order. (*Id.* at 3.) On November 13, 2007, this Court extended that deadline to January 7, 2008. (Order Extending Dispositive Motion Deadline.) On December 27, 2007, Givens filed a Request for Summary Judgment based on the alleged failure of the Defendants to timely respond to discovery requests, and their deemed admissions as a consequence of failing to respond to discovery. (Ct. Docket at 26; Req. Summ. J. Pl. at 10, 12-13.) Givens claims that Secretary Tilton did not provide timely responses to his interrogatories and request for admissions (Req. Summ. J. Pl. at 10:13-19), Secretary Tilton contests that claim. Givens also claims that Sergeant Nollette did not provide timely responses to interrogatories. (*Id.*) On January 7, 2008, Defendants Tilton and Nollette filed a motion to dismiss under Rule 12(b) on the ground that Givens failed to exhaust his administrative remedies before bringing this action. (Ct. Docket at 29.)

### ARGUMENT

### I.

### GIVENS'S MOTION SHOULD BE DENIED BECAUSE TILTON SERVED GIVENS WITH TIMELY DISCOVERY RESPONSES, AND DID NOT ADMIT TO ANY OF GIVENS'S ALLEGATIONS.

Givens requests summary judgment based on his mistaken belief that Secretary Tilton did not provide timely responses to Givens's discovery requests, and therefore all of the discovery

requests should be deemed true. (*See* Req. Summ. J. Pl. at 12-13.) Givens wrongly premises his motion on the misconception that Secretary Tilton was personally served in this matter before the discovery was mailed (*Id.* at 9:8-16.); he was not. Because Givens is an inmate confined to prison, Defendants agreed to waive the requirement of service by letter to the U.S. Marshals Service on November 6, 2007, which sets the time of constructive service to this date. Fed. R. Civ. P. 4(d)(4) (stating that when defendant waives service under Rule 4(d), the effective date of service is the date that plaintiff files waiver with court); (Decl. R. Duncan Supp. Defs.' Opp'n Pl.'s Req. Summ. J. & Defs.' Mot. Stay Summ. J. (Decl. Duncan) ¶ 2, Ex. A.) The Federal Rules of Civil Procedure provide that discovery requests may only be served on a party to the action. Fed. R. Civ. P. 33(a), 34(a), 36(a). One becomes a party officially, and is required to take action in that capacity, only upon service of the summons or other authority-asserting measure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Requests for admissions may only be directed to parties, not to defendants that have never been served with process. *See United States v. Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1397 (10th Cir. 1997); *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996); *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994). Therefore, because Secretary Tilton waived service by letter to the U.S. Marshals Service on November 6, 2007, and became a party to this action on that date, any service of discovery prior to this date was defective, and Tilton was not required to respond. However, on November 9, 2007, Deputy Attorney General Duncan wrote Givens to explain that Secretary Tilton recently became a party to this action and volunteered to provide responses to Givens's Request for Production, Written Interrogatories, and Request for Admissions by December 6, 2007, thirty days after Tilton became a party to this action. (Decl. Duncan ¶ 3, Ex. B.) Givens did not respond to this letter.

    On December 6, 2007, Secretary Tilton served discovery responses to Plaintiff's Request for Admissions, Plaintiff's First Set of Interrogatories, and Plaintiff's Request for Production. (Decl. Duncan ¶ 4, Ex. C.) Since Secretary Tilton did not admit to any of the allegations in Givens's Complaint, Givens's instant motion is groundless, and must be denied.

Defs.' Opp'n Pl.'s Req. Summ. J.;
Req. Stay Summ. J. Proceedings Pending Ruling Defs.' Mot. Dismiss
*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)
3

## II.

## GIVENS'S MOTION SHOULD BE DENIED BECAUSE NEITHER SERGEANT NOLLETTE OR HIS ATTORNEY WERE SERVED WITH DISCOVERY, AND SERGEANT NOLLETTE DID NOT ADMIT TO ANY OF GIVENS'S ALLEGATIONS.

Givens claims that his father, Edmund Givens, served Sergeant Nollette and the Office of Attorney General with Written Interrogatories by mail on September 24, 2007. (App. Ex. Supp. Req. Summ. J. (Volume 2) 67, Ex. G.) This was before Sergeant Nollette became a party to this action. (Decl. Duncan ¶ 2, Ex. A.) The Office of Attorney General agreed to waive service of process on November 6, 2007. (*Id.*) Under Rule 33(a) a party may serve written interrogatories on *any other party*. Fed. R. Civ. P. 33(a) (*emphasis added*). Because Sergeant Nollette did not become a party to this action until November 6, 2007, any service of discovery prior to this date was defective, and Nollette was not required to respond.

Alternatively, Sergeant Nollette did not receive interrogatories, or any other discovery, from inmate Givens, before or after becoming a party to this action. (Decl. Nollette Supp. Defs.' Opp'n Pl.'s Req. Summ. J. & Defs.' Mot. Stay Summ. J. (Decl. Nollette) ¶ 2.) Sergeant Nollette's attorney of record, Robert Duncan, never received interrogatories, or any other discovery, and does not believe that the Office of Attorney General received any discovery for Sergeant Nollette. (Decl. Duncan ¶ 5.) Federal Rule of Civil Procedure 5(b)(1) requires that if a party is represented by an attorney, discovery must be served on the attorney in order for service to be proper. Fed. R. Civ. P. 5(b)(1). Duncan only became aware of the Written Interrogatories for Sergeant Nollette, that Givens claims were mail served on September 24, 2007, when Duncan received Givens's Appendix of Exhibits in Support of Request for Summary Judgment (Volume 2) on December 26, 2007. (Decl. Duncan ¶ 5.) Sergeant Nollette could not respond to interrogatories that he or his attorney never received, and the Request for Summary Judgment was the first time counsel for the Defendants became aware of any discovery requests for Defendant Nollette.

Additionally, Givens asserts that because Sergeant Nollette did not respond to the interrogatories he admitted to: (1) embezzling funds from Givens's trust account, (2) violating

Defs.' Opp'n Pl.'s Req. Summ. J.;  
Req. Stay Summ. J. Proceedings Pending Ruling Defs.' Mot. Dismiss  
4

*F. Givens v. J. Tilton, et al.*  
C 07-3575 MJJ (PR)

the Americans with Disability Act, (3) subjecting Givens to inhumane living conditions, (4) confiscating Givens's legal materials, (5) a history of racial discrimination against African-Americans and "jailhouse lawyers," (6) a history of psychological imbalances, (7) violating the guidelines for managing inmates' trust accounts, and (8) improperly screening out Givens's administrative appeal. (Req. Summ. J. Pl. at 12-13.) Givens's assertion that Nollette admitted to the material allegations in his Complaint is unpersuasive. Givens claims that he served a request for interrogatories on Nollette, not a request for admissions. (App. Ex. Supp. Req. Summ. J. (Volume 2) 63-67, Ex. G.) Rule 33 of the Federal Rules of Civil Procedure, concerning interrogatories, does not contain a provision that deems a lack of a response to an interrogatory to be an affirmative response. Fed. R. Civ. P. 33. The Rules provide that a request for admission is deemed admitted unless, within thirty days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. Fed. R. Civ. P. 36(a)(3). However, there is no comparable provision for interrogatory requests.

### III.

**DEFENDANTS REQUEST THAT THE COURT STAY THE SUMMARY JUDGMENT PROCEEDINGS PENDING A RULING ON THE DEFENDANTS' MOTION TO DISMISS**

On November 13, 2007, this Court extended the deadline for Defendants to file a summary-judgment motion or other dispositive motion until January 7, 2008. (Order Extending Dispositive Motion Deadline.) On January 7, 2008, Defendants Tilton and Nollette filed a motion to dismiss under Rule 12(b) on the ground that Givens failed to exhaust his administrative remedies before bringing this action. (Ct. Docket at 29.)

In the event that the Court does not deny Givens's Request for Summary Judgment, Defendants request that the Court stay summary judgment proceedings pending a ruling on the Defendants' Motion to Dismiss. Because a prisoner must exhaust the administrative remedies before filing suit, and exhaustion "subsequent to the filing of the suit will not suffice," *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002), judicial economy suggests that the Court should rule on the issue of whether Givens exhausted his administrative remedies before considering the

Defs.' Opp'n Pl.'s Req. Summ. J.;                                        F. Givens v. J. Tilton, et al.
Req. Stay Summ. J. Proceedings Pending Ruling Defs.' Mot. Dismiss         C 07-3575 MJJ (PR)
                                        5

merits of the case raised by any party through summary judgment. When there is no pre-suit exhaustion, the district court is required to dismiss the complaint without prejudice. *Id.* at 1200-01; *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Since the Defendants filed a timely Motion to Dismiss, the Defendants request that the Court stay any consideration of Givens's Request for Summary Judgment, and rule on their Motion to Dismiss.

## CONCLUSION

Defendants respectfully request that the Court deny Givens's Request for Summary Judgment because Defendant Tilton served Givens with timely responses to his Request for Admissions, First Set of Interrogatories, and Request for Production, and Defendant Nollette never received any discovery requests. Alternatively, Defendants request that the Court stay the summary judgment proceedings until it rules on the Defendants' Motion to Dismiss.

Dated: January 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

D. ROBERT DUNCAN
Deputy Attorney General
Attorneys for Defendants O. Nollette and James E. Tilton

40206423.wpd
SF2007200722

Defs.' Opp'n Pl.'s Req. Summ. J.;
Req. Stay Summ. J. Proceedings Pending Ruling Defs.' Mot. Dismiss

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

6

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   F. Givens v. J. Tilton, et al.

No.:   C 07-3575 MJJ (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>January 18, 2008,</u> I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT; REQUEST TO STAY SUMMARY JUDGMENT PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

**DECLARATION R. DUNCAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT, AND DEFENDANTS' REQUEST TO STAY SUMMARY JUDGMENT PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

**DECLARATION O. NOLLETTE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT, AND DEFENDANTS' REQUEST TO STAY SUMMARY JUDGMENT PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

**[PROPOSED] ORDER DENYING PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT AND STAYING SUMMARY JUDGMENT PROCEEDINGS PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405**
**8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
**Pro Per**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 18, 2008, at San Francisco, California.

| | |
|---|---|
| _____L. Santos_____ | _____*L. Santos*_____ |
| Declarant | Signature |

40208036.wpd