# EXHIBIT C

ORIGINAL

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  D. ROBERT DUNCAN, State Bar No. 161918
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5739
     Fax:  (415) 703-5843
8    Email:  Robert.Duncan@doj.ca.gov

9  Attorneys for Defendant Nollette and Tilton

10

11              IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14
   FRANCOIS P. GIVENS,                        C 07-3575 MJJ (PR)
15
                              Plaintiff,       **DEFENDANT TILTON'S**
16                                             **RESPONSES TO**
                 v.                            **PLAINTIFF'S REQUEST FOR**
17                                             **ADMISSIONS**
   JAMES TILTON, et al.,
18
                              Defendants.
19

20
   Propounding Party:     **FRANCOIS P. GIVENS, Plaintiff**
21
   Responding Party:      **JAMES TILTON, Defendant**
22
   Set No.:               **One**
23

24  REQUEST FOR ADMISSION NO. 1:
25
        San Quentin State Prison (SQSP) is one of the older penal institutions within California.
26
   RESPONSE TO REQUEST FOR ADMISSION NO. 1:
27
        Objection.  This request seeks information that is irrelevant to any claim or defense in this
28

Def. Tilton's Resp. to Pltf's. Req. for Admissions                    *F. Givens v. J. Tilton, et al.*
                                                                       C 07-3575 MJJ (PR)

1  action.  *See* Fed. R. Civ. P. 26(b)(1).  The Court recognized three cognizable claims in the

2  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

3  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

4  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

5  defendants subjected plaintiff and other African-American inmates to "inhuman" living

6  conditions.  (Order of Service 2.)  This request seeks information that is irrelevant to any of the

7  claims recognized by the Court.  Without waiving this objection, Defendant admits that San

8  Quentin State Prison is one of the older institutions within California but is informed that San

9  Quentin State Prison has been continuously maintained and improved throughout the institutions'

10  existence.

11

12  REQUEST FOR ADMISSION NO. 2:

13     Because of the age of SQSP, the facilities at the prison require greater maintenance than

14  newer prisons within California.

15  RESPONSE TO REQUEST FOR ADMISSION NO. 2:

16     Objection.  This request seeks information that is irrelevant to any claim or defense in this

17  action.  *See* Fed. R. Civ. P. 26(b)(1).  The Court recognized three cognizable claims in the

18  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

19  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

20  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

21  defendants subjected plaintiff and other African-American inmates to "inhuman" living

22  conditions.  (Order of Service 2.)  This request seeks information that is irrelevant to any of the

23  claims recognized by the Court.  Without waiving this objection, Defendant is informed that San

24  Quentin State Prison has been continuously maintained and improved throughout the institutions'

25  existence.  Defendant denies Request for Admission No. 2.

26

27

28

Def. Tilton's Resp. to Pltf's. Req. for Admissions

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1  REQUEST FOR ADMISSION NO. 3:

2      Because of SQSP's location on the San Francisco Bay, ventilation systems and plumbing

3  fixtures are routinely covered in "growths" caused by fungus, algea[sic] or other micro-

4  organisms which thrive in the waters of the bay.

5  RESPONSE TO REQUEST FOR ADMISSION NO. 3:

6      Objection.  This request seeks information that is irrelevant to any claim or defense in this

7  action.  *See* Fed. R. Civ. P. 26(b)(1).  The Court recognized three cognizable claims in the

8  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

9  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

10  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

11  defendants subjected plaintiff and other African-American inmates to "inhuman" living

12  conditions.  (Order of Service 2.)  This request seeks information that is irrelevant to any of the

13  claims recognized by the Court.  Defendant further objects on the basis that the request is

14  compound, unintelligible, ambiguous, and assumes facts that have not been established.

15  Additionally, the request is unduly burdensome since it requires a determination of whether

16  because of San Quentin's location: 1) the ventilation and plumbing systems are covered by

17  "growths", and 2) the "growths" are caused by microorganisms which thrive in the bay.  Without

18  waiving this objection, Defendant denies Request for Admission No. 3 based on insufficient

19  knowledge.

20

21  REQUEST FOR ADMISSION NO. 4:

22      In or around 2006, SQSP's "Donner Section" was designated as Administrative

23  Segregation (Ad-Seg).

24  RESPONSE TO REQUEST FOR ADMISSION NO. 4:

25      Defendant lacks personal knowledge concerning the request but is informed that in 2006,

26  Carson Section was San Quentin State Prison's primary administrative segregation unit, and

27  Donner Section was the overflow or secondary administrative segregation unit.  Therefore,

28  Defendant denies Request for Admission No. 4.

Def. Tilton's Resp. to Pltf's. Req. for Admissions                    *F. Givens v. J. Tilton, et al.*
                                                                       C 07-3575 MJJ (PR)

3

1

2   REQUEST FOR ADMISSION NO. 5:

3       At the time of plaintiff's 7-11-06 arrival at SQSP, "Alpine Section" was designated as an

4   "SNY" facility (Special Needs Yard).

5   RESPONSE TO REQUEST FOR ADMISSION NO. 5:

6       Objection.  The wording of Request for Admission No. 5 is vague and ambiguous since it

7   refers to "special needs yard" rather than "sensitive needs yard."  Without waiving this objection,

8   Defendant lacks personal knowledge concerning the request but is informed that during July

9   2006, Alpine Section was the reception center unit at San Quentin State Prison and served a

10  purpose similar to a sensitive needs yard.  Therefore, Defendant denies Request for Admission

11  No. 5.

12

13  REQUEST FOR ADMISSION NO. 6:

14      On 7-11-06, although the plaintiff had just been transferred from general population at the

15  San Francisco County Jail, Receiving and Release (R&R) at SQSP was made aware that the

16  plaintiff was currently endorsed on an SNY facility at CSATF/SP, yet elected to place the

17  plaintiff in Ad-Seg.

18  RESPONSE TO REQUEST FOR ADMISSION NO. 6:

19      Defendant lacks personal knowledge concerning the request but is informed that upon

20  Plaintiff's arrival at San Quentin on July 11, 2006, Plaintiff informed R & R staff that: (1) he had

21  enemy concerns with the Bloods and Crips, (2) he had been told to move off the B-yard at SATF,

22  and (3) his life and the lives of his family had been threatened by the Blood and Crips.  Plaintiff

23  told R & R staff that he could not provide any additional information since he had filed a case

24  against the former Warden of the California Substance Abuse Treatment Facility (SATF).  Based

25  on the information that Plaintiff provided to the R & R staff, he was placed on administrative

26  segregation status with the status subject to review by the Institutional Classification Committee

27  (ICC).  Therefore, Defendant denies Request for Admission No. 6.

28

Def. Tilton's Resp. to Pltf's. Req. for Admissions                    *F. Givens v. J. Tilton, et al.*
                                                                       C 07-3575 MJJ (PR)

                                        4

1

2  REQUEST FOR ADMISSION NO. 7:

3      On 7-11-06, no case factors existed within plaintiff's prison file which precluded his

4  placement in Alpine Section or mandated his placement in Ad-Seg.

5  RESPONSE TO REQUEST FOR ADMISSION NO. 7:

6      Defendant lacks personal knowledge concerning the request but is informed that Plaintiff

7  had told R & R staff that: 1) he had enemy concerns with the Bloods and Crips, (2) he had been

8  told to move off the B-yard at SATF, and (3) his life and the lives of his family had been

9  threatened by the Blood and Crips. Title 15 states that when an inmate's presence in an

10  institution's general population presents an immediate threat to the safety of the inmate or others

11  . . . the inmate shall be immediately removed from the general population and be placed in

12  administrative segregation. Cal. Code Regs. tit. 15, § 3335(a). Based on the information that

13  Plaintiff provided to the R & R staff, he was placed in administrative segregation to protect his

14  safety. Therefore, Defendant denies Request for Admission No. 7.

15

16  REQUEST FOR ADMISSION NO. 8:

17      At plaintiff's July 2006 classification hearing at SQSP, the committee elected to retain the

18  plaintiff in Ad-Seg, rather than release the plaintiff to the SNY facility at SQSP.

19  RESPONSE TO REQUEST FOR ADMISSION NO. 8:

20      Defendant lacks personal knowledge concerning the request but is informed that Plaintiff

21  appeared before the Institutional Classification Committee (ICC) on July 19, 2006 for an initial

22  review at which the committee decided to retain Plaintiff in the administrative segregation unit

23  pending his return to the California Substance Abuse Treatment Facility (SATF). The ICC noted

24  that the Plaintiff's central file was not available for review and pursuant to departmental

25  procedure, his housing needs could not be determined until Plaintiff's central file was received

26  and reviewed. Defendant denies Request for Admission No. 8.

27

28

Def. Tilton's Resp. to Pltf's. Req. for Admissions                    *F. Givens v. J. Tilton, et al.*
                                                                      C 07-3575 MJJ (PR)

1  REQUEST FOR ADMISSION NO. 9:

2       On 7-11-06, SQSP had a policy which required all prisoners who were being placed in

3  Ad-Seg, to be cuffed with their hands behind their back and, if they were in the R&R area, walk

4  over ½ mile with their hands in that position.

5  RESPONSE TO REQUEST FOR ADMISSION NO. 9:

6       Defendant lacks personal knowledge concerning the request but is informed that San

7  Quentin State Prison has a policy that all administrative segregation maximum A inmates must

8  be in restraints before they can be removed from their cell.  Section 709 of the San Quentin State

9  Prison supplement to the Departmental Operations Manual (DOM) states that an administrative

10 segregation inmate must be handcuffed, and/or placed in mechanical restraints before being

11 moved from an assigned cell.  Defendant denies Request for Admission No. 9 to the extent that

12 the Defendant does not know if the distance from the R & R at San Quentin to the administrative

13 segregation unit is over ½ mile.

14

15 REQUEST FOR ADMISSION NO. 10:

16      On 7-11-06, SQSP did not provide reasonable accommodations for disabled/mobility

17 impaired prisoners in assisting them to carry their property from R&R to Ad-Seg while

18 handcuffed.

19 RESPONSE TO REQUEST FOR ADMISSION NO. 10:

20      Defendant lacks personal knowledge concerning the request but is informed that San

21 Quentin State Prison has a policy that all administrative segregation maximum A inmates must

22 be in restraints before they can be removed from their cell.  Section 709 of the San Quentin State

23 Prison supplement to the Departmental Operations Manual (DOM) states that an administrative

24 segregation inmate must be handcuffed, and/or placed in mechanical restraints before being

25 moved from an assigned cell.  Since Plaintiff was restrained during his movement to

26 administrative segregation on July 11, 2006, he was unable to carry his legal materials.

27 However, Plaintiff's Complaint states that his legal materials were delivered to his cell on July

28 14, 2006, three days after he was moved to administrative segregation.  Therefore, Defendant

1  denies Request for Admission No. 10.

2

3  REQUEST FOR ADMISSION NO. 11:

4       SQSP R&R Reciept[sic]#157412 shows that on 7-11-06, the plaintiff was received at

5  SQSP with $174.37 transferred from his trust account at the county jail.

6  RESPONSE TO REQUEST FOR ADMISSION NO. 11:

7       Defendant lacks personal knowledge concerning the request but is informed that a deposit

8  was made to the inmates ITAS trust account San Quentin State Prison on July 20, 2006.

9  According to the R & R receipt, the amount of the initial deposit from San Francisco County jail

10  was $174.37.  An administrative fee of $6.97 and a restitution deduction of $69.74 were charged

11  to the initial deposit leaving a balance of $97.66 that is reflected on the San Quentin State Prison

12  ITAS account statement for Francois Givens.

13

14  REQUEST FOR ADMISSION NO. 12:

15       Plaintiff's certified trust account statement printed at CSATF/SP on 8-15-06 shows that

16  as of that date, plaintiff's funds from the county jail had not been placed in his CDCR trust

17  account.

18  RESPONSE TO REQUEST FOR ADMISSION NO. 12:

19       Defendant lacks personal knowledge concerning the request but is informed that the

20  $97.66 balance from the $174.37 transfer was placed in Francois Givens' ITAS trust account at

21  San Quentin State Prison on July 20, 2006 and a check for various inmates trust accounts

22  including Francois Givens' was issued to the California Substance Abuse Treatment Facility

23  (CSATF) trust account on August 16, 2006.  Therefore, Defendant denies Request for Admission

24  No. 12.

25

26  REQUEST FOR ADMISSION NO. 13:

27       Plaintiff's 8-15-06 trust certified trust account statement shows that on 7-26-06,

28  restitution in the amount of $69.74 was paid towards a $600 dollar restitution fine attached to the

Def. Tilton's Resp. to Pltf's. Req. for Admissions                    *F. Givens v. J. Tilton, et al.*
                                                                                    C 07-3575 MJJ (PR)

1  plaintiff's trust account and also reflects a negative balance in his trust account for the amount of

2  (-$13.98).

3  RESPONSE TO REQUEST FOR ADMISSION NO. 13:

4        Defendant lacks personal knowledge concerning the request but is informed that a

5  restitution deduction of $69.74 was charged to the San Quentin State Prison ITAS account for

6  Francois Givens on July 20, 2006 leaving a balance of $97.66. Therefore, Defendant denies

7  Request for Admission No. 13.

8

9  REQUEST FOR ADMISSION NO. 14:

10        Title 15 of the California Code of Regulations (CCR)§3134, "Indigent Inmates" provides,

11  in relevant part, "[A] charge will not be placed against future deposits to the inmate's trust

12  account to recover the cost of materials and postage provided while the inmate was without

13  funds" (Id).

14  RESPONSE TO REQUEST FOR ADMISSION NO. 14:

15        Defendant denies Request for Admission No. 14 due the incompleteness of the quoted

16  regulation. Title 15, §3134 provides that "[w]riting paper, envelopes, and the minimum postage

17  required for first class domestic mail for up to five one ounce letters per week shall be supplied

18  to an indigent inmate as defined in section 3000, upon the inmate's request. An indigent inmate

19  shall have free and unlimited postage for the mailing of claims to the Board of Control and for

20  the filing of legal documents to any court as described in section 3165. Foreign mail requiring

21  postage in excess of the minimum required for first class domestic mail will be limited to two of

22  the five one ounce letters. A charge will not be placed against future deposits to the inmate's

23  trust account to recover the costs of materials and postage provided while the inmate was without

24  funds." Cal. Code Regs. tit. 15, § 3134. Title 15, § 3000 defines an indigent inmate as one

25  "who is wholly without funds at the time they were eligible for withdrawal of funds for canteen

26  purchases." Id. at § 3000.

27

28

Def. Tilton's Resp. to Pltf's. Req. for Admissions                    *F. Givens v. J. Tilton, et al.*
                                                                       C 07-3575 MJJ (PR)

8

1  REQUEST FOR ADMISSION NO. 15:

2       On 8-24-06, the remainder of plaintiff's funds which had not been placed in his trust

3  account, were placed in his trust account after the extraction of funds for restitution. Legal copy

4  and postage holds dating back to January 12, 2005 were modified to appear as being placed

5  against the plaintiff's trust account on 8-24-06, with funds for those holds (13.98) being extracted

6  on 8-24-06.

7  RESPONSE TO REQUEST FOR ADMISSION NO. 15:

8       Defendant lacks personal knowledge concerning the request but is informed that the

9  $97.66 balance from the $174.37 transfer was placed in Francois Givens' ITAS trust account at

10  San Quentin State Prison on July 20, 2006 and a check for various inmates trust accounts

11  including Francois Givens' was issued to the California Substance Abuse Treatment Facility

12  (CSATF) trust account on August 16, 2006. Therefore, Defendant denies Request for Admission

13  No. 15 particularly the portion stating "[l]egal copy and postage holds dating back to January 12,

14  2005 were modified to appear as being placed against the plaintiff's trust account on 8-24-06,

15  with funds for those holds (13.98) being extracted on 8-24-06."

16

17  REQUEST FOR ADMISSION NO. 16:

18       On 1-30-07, the First Appellate District Court of Appeal requested an informal response

19  from the State Attorney General to plaintiff's allegations of embezzlement in Case#A116196. On

20  2-14-07, $53.39 was paid back into the plaintiff's trust account by the Trust Accounting

21  Department at CSATF/SP. The Defendants 3-6-07 response to plaintiff's allegations admitted

22  that monies in excess of the fines ordered by the superior court had been extracted by CDCR

23  from the plaintiff's account, but stated that the issue was moot because the monies had been

24  returned to his account.

25  RESPONSE TO REQUEST FOR ADMISSION NO. 16:

26       Objection. This request seeks information that is irrelevant to any claim or defense in this

27  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

28  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

Def. Tilton's Resp. to Pltf's. Req. for Admissions                        *F. Givens v. J. Tilton, et al.*
                                                         C 07-3575 MJJ (PR)

1  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

2  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

3  defendants subjected plaintiff and other African-American inmates to "inhuman" living

4  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

5  claims recognized by the Court.

6

7  REQUEST FOR ADMISSION NO. 17:

8       The 8-16-07 classification committee at CSATF/SP, which made a recommendation to

9  transfer the plaintiff to the new men's SNY facility at the California Rehabilitation Center, did so

10  against the plaintiff's express wishes and in violation of Federal Rule of Appellate Procedure 23.

11  RESPONSE TO REQUEST FOR ADMISSION NO. 17:

12       Objection. This request seeks information that is irrelevant to any claim or defense in this

13  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

14  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

15  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

16  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

17  defendants subjected plaintiff and other African-American inmates to "inhuman" living

18  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

19  claims recognized by the Court.

20

21  REQUEST FOR ADMISSION NO. 18:

22       The decision to transfer the plaintiff to CRC was done after the issuance of plaintiff's 8-

23  9-07 order to show cause in ND Cal Case#C07-3575 MJJ and the 8-9-07 order of service of

24  process against the defendants in this action.

25  RESPONSE TO REQUEST FOR ADMISSION NO. 18:

26       Objection. This request seeks information that is irrelevant to any claim or defense in this

27  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

28  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

1  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

2  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

3  defendants subjected plaintiff and other African-American inmates to "inhuman" living

4  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

5  claims recognized by the Court.

6

7  REQUEST FOR ADMISSION NO. 19:

8       Since the time of the plaintiff's arrival on the A-yard facility at CSATF/SP (12-28-05),

9  the approved hours of operation for the A-yard law was Tuesday through Saturady[sic], 9:00 -

10  11:30 a.m. and 12:00 - 3:30 p.m (approximately 36 hours per week), and at the time of the

11  issuance of this Court's orders, the hours of operation had been reduced to no more than 18 hours

12  per week.

13  RESPONSE TO REQUEST FOR ADMISSION NO. 19:

14       Objection. This request seeks information that is irrelevant to any claim or defense in this

15  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

16  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

17  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

18  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

19  defendants subjected plaintiff and other African-American inmates to "inhuman" living

20  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

21  claims recognized by the Court.

22

23

24

25

26

27

28

1  REQUEST FOR ADMISSION NO. 20:

2          Currently, the law library at the men's SNY facility at CRC does not provide legal copies,

3  writing materials, envelopes or legal forms for prisoners.

4  RESPONSE TO REQUEST FOR ADMISSION NO. 20:

5          Objection. This request seeks information that is irrelevant to any claim or defense in this

6  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

7  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

8  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

9  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

10 defendants subjected plaintiff and other African-American inmates to "inhuman" living

11 conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

12 claims recognized by the Court.

13

14              Dated:  December 6, 2007

15                          Respectfully submitted,

16                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

17                          DAVID S. CHANEY
                            Chief Assistant Attorney General

18                          FRANCES T. GRUNDER
                            Senior Assistant Attorney General

19

20                          MICHAEL W. JORGENSON
                            Supervising Deputy Attorney General

21

22                          *[signature]*

23

24                          D. ROBERT DUNCAN
                            Deputy Attorney General
                            Attorneys for Defendants Nollette and Tilton

25

26

27  20112934.wpd
    SF2007200722

28

Def. Tilton's Resp. to Pltf's. Req. for Admissions          *F. Givens v. J. Tilton, et al.*
                                                             C 07-3575 MJJ (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **F. Givens v. J. Tilton, et al.**

No.:    **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>December 6, 2007</u>, I served the attached

### DEFENDANT TILTON'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens**
**T-86266**
**California Rehabilitation Center**
**405 8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 6, 2007, at San Francisco, California.

| | |
|---|---|
| L. Santos | _L. Santos_ |
| Declarant | Signature |

40194416.wpd

ORIGINAL

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5739
 Fax:  (415) 703-5843
 Email:  Robert.Duncan@doj.ca.gov

Attorneys for Defendants Nollette and Tilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **FRANCOIS P. GIVENS,** <br><br> Plaintiff, <br><br> v. <br><br> **JAMES TILTON, et al.,** <br><br> Defendants. | C 07-3575 MJJ (PR) <br><br> **DEFENDANT TILTON'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** Francois P. Givens, Plaintiff

**RESPONDING PARTY:**   James E. Tilton, Defendant

**SET NO.:**        One (1)

INTERROGATORY NO. 1:

     Do you, James Tilton, and/or your authorized agents/representatives swear under penalty of

perjury by the laws of the United States that all information presented in response to these written

interrogatories is, to the best of [your] [his] [her] knowledge, TRUE and ACCURATE?

Def. Tilton's Resp. to Pltf's. 1ˢᵗ Set of Interrogs                                    *F. Givens v. J. Tilton, et al.*
                                                                                        C 07-3575 MJJ (PR)

RESPONSE TO INTERROGATORY NO. 1:

These interrogatories are signed in compliance with Fed. R. Civ. P. 33.


INTERROGATORY NO. 2:

Please state your name, position and the lenght[sic] of your association with CDCR.

RESPONSE TO INTERROGATORY NO. 2:

My name is James E. Tilton, I currently serve as the Secretary of the California Department of Corrections and Rehabilitation (CDCR). I have been associated with CDCR since 1985 when I began serving as the Deputy Director for Administrative Services. From 1998 to 2006, I served in various capacities within the California Department of Finance. I returned to CDCR in April 2006 as the acting Secretary and then was appointed Secretary on September 13, 2006.


INTERROGATORY NO. 3:

What is the name and position of CDCR personnel who initiated the conversion of the Women's facility at the California Rehabilitation Center (CRC) to a men's "Special Needs Yard (SNY facility)?

RESPONSE TO INTERROGATORY NO. 3:

Objection. This request seeks information that is irrelevant to any claim or defense in this action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account; (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3) defendants subjected plaintiff and other African-American inmates to "inhuman" living conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the claims recognized by the Court.

Def. Tilton's Resp. to Pltf's. 1st Set of Interrogs

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

2

1 | INTERROGATORY NO. 4:

2 |     What is the date of CDCR's official implimentation[sic] of the conversion of the facility?

3 | RESPONSE TO INTERROGATORY NO. 4:

4 |     Objection. This request seeks information that is irrelevant to any claim or defense in this

5 | action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

6 | Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

7 | July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

8 | (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

9 | defendants subjected plaintiff and other African-American inmates to "inhuman" living

10 | conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

11 | claims recognized by the Court.

12 |

13 | INTERROGATORY NO. 5:

14 |     What criteria was used to select the male prisoners who qualified for the mandatory

15 | transfer?

16 | RESPONSE TO INTERROGATORY NO. 5:

17 |     Objection. This request seeks information that is irrelevant to any claim or defense in this

18 | action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

19 | Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

20 | July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

21 | (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

22 | defendants subjected plaintiff and other African-American inmates to "inhuman" living

23 | conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

24 | claims recognized by the Court.

25 |

26 | INTERROGATORY NO. 6:

27 |     Who established this criteria and on what date?

28 |

Def. Tilton's Resp. to Pltf's. 1st Set of Interrogs

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

3

1  RESPONSE TO INTERROGATORY NO. 6:

2      Objection. This request seeks information that is irrelevant to any claim or defense in this

3  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

4  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

5  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

6  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

7  defendants subjected plaintiff and other African-American inmates to "inhuman" living

8  conditions. (Order of Service 2.)  This request seeks information that is irrelevant to any of the

9  claims recognized by the Court.

10

11

12  INTERROGATORY NO. 7:

13      On 8-1-07, while housed on the A-yard Facility at CSATF/SP, the A-yard Librarian S.

14  Killan issued "Priority LeGal User" status for the plaintiff to prepare his Opening brief in

15  USCourt of Appeals (CA9) Docket# 07-16298 "GIVENS v. ADAMS, et al" (see attached).

16  Around this time, S. Killan's supervisor, S. Ponce, reduced the hours of operation for the A-yard

17  law library. How did S. Ponce justify the reduction of hours for the A-yard law library?

18  RESPONSE TO INTERROGATORY NO. 7:

19      Objection. This request seeks information that is irrelevant to any claim or defense in this

20  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

21  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

22  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

23  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

24  defendants subjected plaintiff and other African-American inmates to "inhuman" living

25  conditions. (Order of Service 2.)  This request seeks information that is irrelevant to any of the

26  claims recognized by the Court.

27

28

1    INTERROGATORY NO. 8:

2        Did CSATF/SP Warden Ken Clark approve the reduction of hours of operation for the A-

3    yard law library?

4    RESPONSE TO INTERROGATORY NO. 8:

5        Objection. This request seeks information that is irrelevant to any claim or defense in this

6    action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

7    Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

8    July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

9    (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

10   defendants subjected plaintiff and other African-American inmates to "inhuman" living

11   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

12   claims recognized by the Court.

13

14   INTERROGATORY NO. 9:

15       Was anyone in your office or who works for or on your behalf, in any administrative or legal

16   capacity, ever made aware of the plaintiff's 8-29-07 deadline in the Ninth Circuit Court of

17   Appeals?

18   RESPONSE TO INTERROGATORY NO. 9:

19       Objection. This request seeks information that is irrelevant to any claim or defense in this

20   action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

21   Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

22   July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

23   (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

24   defendants subjected plaintiff and other African-American inmates to "inhuman" living

25   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

26   claims recognized by the Court.

27

28

Def. Tilton's Resp. to Pltf's. 1st Set of Interrogs                          *F. Givens v. J. Tilton, et al.*
                                                                             C 07-3575 MJJ (PR)

1    INTERROGATORY NO. 10:

2        Do CSATF/SP Associate Warden Michael Fischer, Assistant Doug Hansen, Correctional

3    Counselor II Lee or Correctional Counselors I. Villareal or Wadkins acknowledge that they were

4    made aware of plaintiff's Ninth Circuit deadline before the decision was made to transfer the

5    plaintiff?

6    RESPONSE TO INTERROGATORY NO. 10:

7        Objection. This request seeks information that is irrelevant to any claim or defense in this

8    action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

9    Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

10   July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

11   (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

12   defendants subjected plaintiff and other African-American inmates to "inhuman" living

13   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

14   claims recognized by the Court.

15

16   INTERROGATORY NO. 11:

17       On 8-9-07, the US Marshalls were directed to serve the operative complaint in this action on

18   your office and various CDCR personnel, with the Office of the Attorney General being notified

19   directly by the Court. On what day did CDCR or the Attorney General first recieve[sic] notice of

20   service of process in this action?

21   RESPONSE TO INTERROGATORY NO. 11:

22       Objection. This request seeks information that is irrelevant to any claim or defense in this

23   action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

24   Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

25   July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

26   (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

27   defendants subjected plaintiff and other African-American inmates to "inhuman" living

28   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

Def. Tilton's Resp. to Pltf's. 1ˢᵗ Set of Interrogs                                    *F. Givens v. J. Tilton, et al.*
                                                                                        C 07-3575 MJJ (PR)

1   claims recognized by the Court.

2

3   INTERROGATORY NO. 12:

4        On 8-9-07, Northern District Court Judge Martin J. Jenkins also issued an order to show

5   cause (OSC) in plaintiff's federal habeas corpus (#C07-1448MJJ) challenging the remainder of

6   his state criminal convictions. Was your office or any office under your control directed by the

7   Office of the Attorney General to transfer the plaintiff from CSATF/SP to CRC, notwithstanding

8   the fact that at this point in habeas procedings[sic], under FRAP 23 and 28 USC§2254, Judge

9   Jenkins has control over the plaintiff's custody status?

10  RESPONSE TO INTERROGATORY NO. 12:

11       Objection. This request seeks information that is irrelevant to any claim or defense in this

12  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

13  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

14  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

15  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

16  defendants subjected plaintiff and other African-American inmates to "inhuman" living

17  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

18  claims recognized by the Court.

19

20  INTERROGATORY NO. 13:

21       Is your office and/or the Office of the Warden at CSATF/SP aware that pursuant to FRAP

22  23, Warden Ken Clark was required to apply and show just cause for transfering[sic[ the

23  plaintiff?

24  RESPONSE TO INTERROGATORY NO. 13:

25       Objection. This request seeks information that is irrelevant to any claim or defense in this

26  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

27  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

28  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

1    (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

2    defendants subjected plaintiff and other African-American inmates to "inhuman" living

3    conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

4    claims recognized by the Court.

5

6    INTERROGATORY NO. 14:

7        On 8-13-07, CCI Villarrial informed the plaintiff that because he met the requsite[sic]

8    criteria established by "Sacramento", it was mandatory for her to recommend that the plaintiff be

9    transferred to CRC, but failed to affirmatively disclose what the criteria was. Did Villarrial have

10   knowledge of the transfer criteria on 8-13-07?

11   RESPONSE TO INTERROGATORY NO. 14:

12       Objection. This request seeks information that is irrelevant to any claim or defense in this

13   action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

14   Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

15   July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

16   (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

17   defendants subjected plaintiff and other African-American inmates to "inhuman" living

18   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

19   claims recognized by the Court.

20

21   INTERROGATORY NO. 15:

22       While CDCR regulations establish that the classification process shall be uniformly applied

23   for all prisoners throughout the time such prisoners are under your jurisdiction (Title 15,

24   CCR§3375(a)), and will take the prisoner's interests, needs and desires into consideration (Title

25   15, CCR§3375(b)), California Penal Code § 5068 provides, in relevant part, "[t]he Director shall

26   assign a prisoner to the institution ..... nearest the prisoner's home" (Id). The plaintiff submitted

27   an 8-15-07 "In Absentia Written Request" to his counselor (Villarrial) to present at his 8-16-07

28   classification hearing, which alerted committee members that the majority of the plaintiff's

Def. Tilton's Resp. to Pltf's. 1st Set of Interrogs                      *F. Givens v. J. Tilton, et al.*
                                                                         C 07-3575 MJJ (PR)

1  family resided in the Northern California area and that because of "death threats" made against

2  the plaintiff and his family by Southern California gang members who were protecting a CDC

3  Officer from the Los Angeles area, the plaintiff did not desire to transfer to the Southern

4  California area. Was this information considered by the 8-16-07 Classification committee?

5  RESPONSE TO INTERROGATORY NO. 15:

6      Objection. This request seeks information that is irrelevant to any claim or defense in this

7  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

8  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

9  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

10  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

11  defendants subjected plaintiff and other African-American inmates to "inhuman" living

12  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

13  claims recognized by the Court.

14

15

16  INTERROGATORY NO. 16:

17      What are the names of the committee members who agreed with the recommendation to

18  transfer the plaintiff and the CSR who authorized the transfer?

19  RESPONSE TO INTERROGATORY NO. 16:

20      Objection. This request seeks information that is irrelevant to any claim or defense in this

21  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

22  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

23  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

24  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

25  defendants subjected plaintiff and other African-American inmates to "inhuman" living

26  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

27  claims recognized by the Court.

28

Def. Tilton's Resp. to Pltf's. 1ˢᵗ Set of Interrogs

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1  INTERROGATORY NO. 17:

2      On 9-6-07 at approximately 8:00 a.m., CSATF/SP A-yard Lt. Snell told A-3 Housing Unit

3  Officer that the plaintiff had "excessive legal supplies" which he would have to discard.

4  Aproximately[sic] (1) hour later, the plaintiff was told to pack all of his property, which was

5  placed in a storage closet overnight, and taken to CSATF/SP R&R on 9-7-07 for plaintiff's

6  subsequent transfer to CRC. The following day, on 9-8-07, former I/M Library Clerk David

7  Arrietta informed the plaintiff that his name appeared on the 9-8-07 "transpack list", not a list

8  generated on 9-6-07. Why was the plaintiff instructed to "transpack" (2) days before he was

9  authorized to do so?

10  RESPONSE TO INTERROGATORY NO. 17:

11      Objection. This request seeks information that is irrelevant to any claim or defense in this

12  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

13  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

14  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

15  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

16  defendants subjected plaintiff and other African-American inmates to "inhuman" living

17  conditions.  (Order of Service 2.)  This request seeks information that is irrelevant to any of the

18  claims recognized by the Court.

19

20

21  INTERROGATORY NO. 18:

22      Upon plaintiff's 9-10-07 arrival at CRC, R&R Officer Bender told the plaintiff that he had

23  "excessive legal materials" which the plaintiff would have to discard because R&R at CRC does

24  not store any property. Is this policy promulgated by your office or the Office of the Warden at

25  CRC?

26  RESPONSE TO INTERROGATORY NO. 18:

27      Objection. This request seeks information that is irrelevant to any claim or defense in this

28  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

Def. Tilton's Resp. to Pltf's. 1ˢᵗ Set of Interrogs                    *F. Givens v. J. Tilton, et al.*
                                                                        C 07-3575 MJJ (PR)

1  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

2  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

3  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

4  defendants subjected plaintiff and other African-American inmates to "inhuman" living

5  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

6  claims recognized by the Court.

7

8  INTERROGATORY NO. 19:

9      Has your office, any defendant in this action, or anyone working for or on behalf of any

10 defendant in this action contacted any CDCR personnel at CRC relating to any prose litigation

11 initiated by the plaintiff, and if so, what was the nexus of the communication(s)?

12 RESPONSE TO INTERROGATORY NO. 19:

13     Objection. This request seeks information that is irrelevant to any claim or defense in this

14 action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

15 Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

16 July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

17 (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

18 defendants subjected plaintiff and other African-American inmates to "inhuman" living

19 conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

20 claims recognized by the Court.

21

22 INTERROGATORY NO. 20:

23     Currently, the SNY facility at CRC where the plaintiff is now housed, does not have

24 regurally[sic] scheduled law library access, does not provide copy services in the library and does

25 not have sufficient workspace to prepare legal documents. The "Premise" legal database used by

26 the library is only current through November 2006, and the plaintiff has been informed that the

27 California Supreme Cort[sic] recently rendered decisions in several cases which relate to Federal

28 Double Jeopardy claims presented in his federal habeas corpus. Can your office and/or the Office

Def. Tilton's Resp. to Pltf's. 1st Set of Interrogs                                    *F. Givens v. J. Tilton, et al.*
                                                                                       C 07-3575 MJJ (PR)

1  of the Attorney General establish that CRC's law library is in compliance with <u>Gilmore v. Lynch</u>,

2  <u>Bounds v. Smith</u> and <u>Lewis v. Casey</u>, and that the 9-10-07 transfer of the plaintiff has not

3  prejudiced the plaintiff in any way, and if so, please do so.

4  <u>RESPONSE TO INTERROGATORY NO. 20:</u>

5       Objection.  This request seeks information that is irrelevant to any claim or defense in this

6  action.  *See* Fed. R. Civ. P. 26(b)(1).  The Court recognized three cognizable claims in the

7  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

8  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

9  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

10  defendants subjected plaintiff and other African-American inmates to "inhuman" living

11  conditions.  (Order of Service 2.)  This request seeks information that is irrelevant to any of the

12  claims recognized by the Court.

13

14       Dated:  December 6, 2007

15                          Respectfully submitted,

16                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

17                          DAVID S. CHANEY
                           Chief Assistant Attorney General
18
                           FRANCES T. GRUNDER
19                          Senior Assistant Attorney General

20                          MICHAEL W. JORGENSON
                           Supervising Deputy Attorney General

21

22

23

24                          D. ROBERT DUNCAN
                           Deputy Attorney General
25                          Attorneys for Defendants Nollette and Tilton

26

27

28

1

## VERIFICATION

2    I, James E. Tilton, declare under penalty of perjury that I have reviewed the foregoing

3    responses to interrogatories.  The responses are true and correct of my own knowledge, and as to

4    such responses, I believe them to be true.

5

6    Executed this ___5___ day of December, 2007, in Sacramento, California.

7

8

9    JAMES E. TILTON
     Secretary California Department of
10   Corrections and Rehabilitation

20106859.wpd
11   SP2007200722

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. Tilton's Resp. to Pltf's. 1st Set of Interrogs                                    F. Givens v. J. Tilton, et al.
                                                                                         C 07-3575 MJJ (PR)

13

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **F. Givens v. J. Tilton, et al.**

No.:   **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>December 6, 2007,</u> I served the attached

### DEFENDANT TILTON'S RESPONSES TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens**
**T-86266**
**California Rehabilitation Center**
**405 8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 6, 2007, at San Francisco, California.

| | |
|---|---|
| L. Santos | Ꝓ. Santos |
| Declarant | Signature |

40194436.wpd

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5 | D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5739
Fax: (415) 703-5843
8 | Email: Robert.Duncan@doj.ca.gov

9 | Attorneys for Defendant Nollette and Tilton

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

| | |
|---|---|
| **FRANCOIS P. GIVENS,** | C 07-3575 MJJ (PR) |
| Plaintiff, | **DEFENDANT TILTON'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION** |
| v. | |
| **JAMES TILTON, et al.,** | |
| Defendants. | |

Propounding Party:    **FRANCOIS P. GIVENS, Plaintiff**

Responding Party    **JAMES TILTON, Defendant**

Set No.:    **ONE**

REQUEST FOR PRODUCTION NO. 1:

The names and official positions, at times relevant for this complaint, of the three persons named as "Does" in the complaint (see Complaint at 9:9-23, 10:30-11:11);

Def. Tilton's Resp. to Pltf's Req. for Production    *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1

1  RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 1:

2    Objection. This is not a valid request for production of documents under Fed. R. Civ. P. 34.

3

4  REQUEST FOR PRODUCTION NO. 2:

5    The names of all correctional officers/staff working in the R&R area at San Quentin State

6  Prison (SQSP) during second watch hours (6:30am to 2:30pm) on July 11, 2006, and third watch

7  hours (2:30pm to 10:30pm) on July 11, 2006;

8  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

9    Objection. This is not a valid request for production of documents under Fed. R. Civ. P. 34.

10

11  REQUEST FOR PRODUCTION NO. 3:

12    The name of the Warden at SQSP on 7-11-06;

13  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

14    Objection. This is not a valid request for production of documents under Fed. R. Civ. P. 34.

15  Without waiving this objection, Defendant responds that Warden Robert L. Ayers, Jr. was

16  serving as warden of San Quentin State Prison on July 11, 2006.

17

18  REQUEST FOR PRODUCTION NO. 4:

19    SQSP Operational Procedure which regulates the processing of funds to and from inmate

20  trust accounts, and the procedure used for institutional transfer of funds;

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

22    Defendant lacks personal knowledge concerning the request but is informed that the

23  produced excerpt from the Inmate Trust Operations Guide describes the policy at San Quentin

24  State Prison for the transfer of funds between institutions. Defendant is also producing the title

25  15 sections concerning charges to indigent inmates' accounts.

26

27

28

1  REQUEST FOR PRODUCTION NO. 5:

2      A copy of the check issued at SQSP for plaintiff's funds which were mailed to CSATF/SP

3  on 8-16-06 (see Complaint at 5:11-15).

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

5      Defendant lacks personal knowledge concerning the request but is informed that the

6  attached check no. 187-062350 issued to the California Substance Abuse Treatment Facility

7  (SATF) on August 16, 2006 included funds for Francois Givens trust account.

8

9      Dated:  December 6, 2007

10                          Respectfully submitted,

11                          EDMUND G. BROWN JR.
                            Attorney General of the State of California

12                          DAVID S. CHANEY
                            Chief Assistant Attorney General
13
                            FRANCES T. GRUNDER
14                          Senior Assistant Attorney General

                            MICHAEL W. JORGENSON
15                          Supervising Deputy Attorney General

16

17                          ⟨signature⟩

18

19                          D. ROBERT DUNCAN
                            Deputy Attorney General
                            Attorneys for Defendants Nollette and Tilton
20

21      20112966.wpd

22      SF2007200722

23

24

25

26

27

28

Def. Tilton's Resp. to Pltf's Req. for Production                    *F. Givens v. J. Tilton, et al.*
                                                                    C 07-3575 MJJ (PR)



# TRANSFERRED INMATES



Inmate who have been transferred to other CDC institutions are identified as type "T" in ITAS.  The system produces a report of transferred inmates who have balances on their trust account.

*The report groups the accounts by institutions.
*Funds should be forwarded at least once a week.
*A copy of the transfer report, restitution fines . and restitution updates should be included with a check for the trust funds to the receiving institution.

## INDIGENT INMATES

**DEFINITIONS** ......................................................................................................................5300

The definitions of indigent inmates in Title 15 apply to a specific subject, not to indigent inmates as a whole. The subjects and definitions are found in:

- Title 15, Section 3134, Mail
- Title 15, Section 3162, Standard Forms
- Title 15, Section 3165, Mailing Legal Documents
- Title 15, Section 3358, Artificial Appliances.
- Title 15, Section 3901.27.10, Indigent Prisoner or Parolee

Title 15, Section 3000 defines an indigent inmate as one "who is wholly without funds at the time they were eligible for withdrawal of funds for canteen purchases". This definition applies unless a specific condition is stated as in the above/following regulations.

Questions of indigency for inmates that have savings accounts and/or investments should be referred to the institution's Litigation Coordinator.

**MAIL**..............................................................................................................................5305

Title 15, Section 3134. Indigent inmates. "Writing paper, envelopes and the minimum postage required for first class domestic mail for up to five one ounce letters per week *shall be supplied to an indigent inmate as defined in section 3000, upon the inmate's request.* An indigent inmate shall have free and unlimited mail to any court as described in section 3165. Foreign mail requiring postage in excess of the minimum required for first class domestic mail will be limited to two of the five on ounce letters. *A charge will not be placed against future deposits to the inmate's trust account* to recover the costs of materials and postage provided while the inmate was without funds.

If an inmate did not have funds at the time of his/her regular canteen draw, the department will provide the items listed in Section 3134. A charge will <u>not</u> be placed against future deposits to the

inmate's trust account to recover the costs of materials and postage provided while the inmate was without funds.

**MEDICAL/DENTAL APPLIANCES** ........................................................................................5315

Title 15, Section 3358 (c) states, "Prescribed appliances shall be provided at state expense if an inmate is indigent." Because the section does not include the condition(s) of indigency, Trust Offices are required to use the definition of indigency contained in Section 3000, *"Indigent inmate means an inmate who is wholly without funds at the time they were eligible for withdrawal of funds for canteen purchases."* Legal Affairs has determined that a fair reading of the regulations allows for a hold (if the inmate is not indigent) on the account in the amount of the purchase price for the appliance at the time the inmate places the order if the inmate had funds on his account the last time the inmate was eligible for canteen. If the inmate had no funds then the inmate is considered indigent and no hold is placed on the account. Once the inmate receives the appliance, the account should be charged for the purchase price or whatever part of the purchase price the inmate has funds for and the original hold should be released.

If there are insufficient funds for the entire price, a hold should be placed for the balance due. Once a new draw period begins in which the inmate is "wholly without funds", the hold is removed and the balance of the purchase price is written off. See Artificial Appliance Indigency Test

Title 15, Section 3358 (c) also states, "When use of precious metals is necessary and a reasonable substitute is not available or practical to repair, remake, or alter any crown, bridge, or other prosthetic appliance, the inmate shall sign a CDC Form 193, Trust Account Withdrawal Order (Rev. January 1988) to pay for the materials." Health Care Services Division is aware of the discrepancies in the definition of indigency between the Director's Rules and DOM Sections 54050.18.6 and 54050.15.2. As of September, 1997, DOM has not been revised and therefore the Director's Rules and the above Legal opinion take precedence.

**LEGAL COPY CHARGES** ...................................................................................................5320

Title 15, Section 3162, Standard Forms, "The printed forms required by state and federal courts which are supplied to the department by the courts shall be provided to inmates without charge. Inmates shall be required to pay for duplication of printed forms and other written or typed materials, and for any special paper and envelopes required for mailing to the courts. *An inmate who is without funds for 30 days or more after such materials and services are provided shall not be required to pay for the cost of those materials and services.* " (See Section 5355 of this manual for legal/court documents.)

**HEALTH RECORDS COPY CHARGES**.....................................................................................5325

DOM Section 54046.8.4 states that inmates will be charged for all pages of health records copied at rates specified in the DOM Section 13030, and that inmates totally without funds and/or a pay number shall be provided copy service without charge. Health Care Services Division has referenced Civil Code Section 1798.33 as the statutory authority to charge inmates for copies of their health records.

**LEGAL MAIL**...................................................................................................................5330

Title 15, 3165 (c), "The cost of postage for mailing documents to the courts will be charged against an inmate's trust account unless the inmate *is without funds at the time the material is submitted for mailing and remains without funds for 30 days after the documents are mailed.*"



HOLD AT AN ANGLE TOWARD LIGHT TO VERIFY ARTIFICIAL WATERMARK ON FACE & BACK

ACCOUNT · NUMBER · SERIAL

* SEE ATTACHED *
W610
DRL
VARIOUS INMATES
**366695**

PHILIP ANGELIDES, TREASURER
STATE OF CALIFORNIA
SACRAMENTO

187- 062350

WARNING: THIS NUMBER BLEEDS THROUGH PINK TO THE BACK

99-1242
1211

*TRUST*
600675

187-062350

PAY TO THE ORDER OF

SATE - CORCORAN
ATTN: TRUST OFFICE
P.O. BOX 7100
COCORAN, CA
         93212

ISSUE DATE
08/16/06

CHECK AMOUNT
$**3,672.55*

SAN QUENTIN STATE PRISON

By

0020742135 08/24/2006 2
Bank of the West >121100782<
221 053

State Treasurers Office
Received
08/28/2006 2009561370

Payee
Signature
Endorsement
Area

WHEN ABOVE PAYABLE TO MORE THAN ONE PAYEE, EACH PAYEE MUST ENDORSE. NOTE: VERIFY SECURITY FEATURES. ARTIFICIAL WATER MARK ON FACE. BLEEDS THROUGH PINK ON THE BACK.

PAY TO THE ORDER OF
BANK OF THE WEST
FOR DEPOSIT ONLY
TREASURER OF STATE OF CA
CA SUBSTANCE ABUSE TREATMENT
032002640

ENDORSE ABOVE THIS LINE

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **F. Givens v. J. Tilton, et al.**

No.:    **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On December 6, 2007, I served the attached

### DEFENDANT TILTON'S RESPONSES TO PLAINTIFF'S
### REQUEST FOR PRODUCTION

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens**
**T-86266**
**California Rehabilitation Center**
**405 8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 6, 2007, at San Francisco, California.

| L. Santos | $\partial \cdot$ Santos |
|---|---|
| Declarant | Signature |

40194430.wpd