FRancois P. Givens, #T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, IN Pro Se.

FILED
08 FEB -1 AM 9:32
RICHARD W. WIEKING
U.S. DISTRICT COURT
ND. DIST. OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,                        ) Case No: C07-3575 MJJ (PR)
     Plaintiff,                            ) PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
v.                                         ) TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT
JAMES TILTON, et al.,                      ) AND OPPOSITION TO DEFENDANT'S REQUEST TO
     Defendants.                           ) STAY SUMMARY JUDGMENT PROCEEDINGS

To: THE HONORABLE JUDGE MARTIN J. JENKINS - NORTHERN DISTRICT OF CALIFORNIA

   Plaintiff, Francois P. Givens, does submit this reply to Defendant's opposition to his request for summary judgment, and does also oppose Defendant's request to stay summary judgment proceedings pending ruling on Defendant's motion to dismiss this action under Federal Rule of Civil Procedure 12(b). Plaintiff's reply and opposition are based on the following memorandum of points and authorities, exhibits and the Court file for this case.

//
//

Reply/Opposition to Summary Judgment   - 1 of 11 -
ND Cal C07-3575 MJJ

MEMORANDUM OF POINTS AND AUTHORITIES

STATEMENT OF CASE

On 7-11-07 in this Court, the Plaintiff filed civil rights action under 42 USCS1983. On 8-9-07, this Court reviewed the complaint in accordance with 28 USCS1915A, finding that the Plaintiff stated cognizable claims against CDCR Secretary James Tilton, SQSP Warden Robert L. Ayers, CSATF/SP Records Analyst S.Mendonca and SQSP Sergeant O.Nollette (fn1), for: (1) improperly appropriating money from the Plaintiff's trust account; (2) retaliating against the Plaintiff for his filing lawsuits; and (3) subjecting the Plaintiff and other similarly situated African-American prisoners to inhumane living conditions (8-9-07 Order at 2:5-14). In that order, this Court ordered that the Clerk of the Court prepare summons for Defendants Tilton, Nollette and S,Mendonca to be provided to the US Marshal, who would serve summons and complaint upon Defendants (fn2). The order stated that the Court would mail a courtesy copy of the order and complaint to the California Attorney General (ID., at 2:24-3:2). The Civil Docket listing for this case (Appendix "A" at 1-3) shows that this Court issued summons as to Defendants Tiliton, Mendonca and Nollette on 8-17-07 (Id., at 2) and on 9-12-07, the summons for Mendonca was returned to the Court, unexecuted (Id., at 3). The docket is unclear as to whom returned the summons.

The 8-9-07 order also authorized the parties to conduct discovery without further order of court (8-9-07 Order at 5:2-4). Because this Court ordered the US Marshal to serve process upon Defendants "[i]n order to expedite the resolution of this case" (Id., at 2:21-22), the Plaintiff began the discovery process without receiving confirmation that the US Marshal had served the Defendants by serving the following discovery requests:

1) Request For Production (Set 1) served on 8-26-07 (Appendix "B" at 5-7);
2) Written Interrogatories, James Tilton (Set 1) served 9-20-07 (Appendix "C" at 9-15);
3) Written Interrogatories, Segeant Nollette (Set 2) served 9-24-07 (Appendix "D" at 17-21);
4) Written Interrogatories, S.Mendonca (Set 3) served 9-26-07 (Appendix "E" at 23-27); and
5) Request For Admissions, James Tilton (Set 1) served 10-15-07 (Appendix "F" at 29-32).

In each instance of service, the Plaintiff did properly serve either the Defendant, the head of CDCR and/or Deputy Attorney General Patricia Webber-Heim whom represented the Defendants on these same issues in First Appellate District Court (FADC) Case#A116196 (see 12-19-07 Request For Summary Judgment (herein "RFSJ"), Appendix "G" at 33-35).

Reply/Opposition to Summary Judgment     - 2 of 11 -
ND Cal C07-3575 MJJ

1  On 11-6-07, Defendants Tilton and Nollette requested an extension of time to file dispositive
2  motion, waived reply to the complaint and demanded jury trial. Nowhere within their pre-answer
3  motion did Defendants challenge the sufficiency of service of process or discovery request. They
4  also failed to acknowledge any service of process[1] Nollette or Tilton by the US Marshal and did
5  not state when the Office of the Attorney General was served with the courtesy copies or the summons
6  itself. Also on 11-6-07, in separate correspondence addressed to the US Marshal, Deputy Attorney
7  General D. Robert Duncan, who declares to have only recently been appointed to represent the
8  Defendants (see 11-6-07 Declaration, D.Robert Duncan at 2:6-7), attempted to waive formal service
9  of process by the US Marshal, ex post facto.

10  Despite the Defendant's failure to acknowledge that proper service of process had been effected
11  by the US Marshal prior to 9-12-07, Defendants Nollette and Tilton were properly within this Court's
12  jurisdiction when served with Plaintiff's discovery requests, and failed/refused to timely respond
13  to those requests. This failure to respond within the time prescribed by federal rules warrants
14  "default admissions" and sanctions for the Defendant's disobedience to this Court's order
15  authorizing discovery. Currently, there is a genuine issue of fact that is unresolved between
16  the parties regarding the sufficiency of service of process and discovery requests and whether
17  the Defendants have defaulted during the discovery process.

18

19                                    ARGUMENT

20  I. DEFENDANTS WERE PARTIES TO THIS CASE BEFORE THEIR EX POST FACTO ATTEMPT TO WAIVE FORMAL SERVICE
       OF PROCESS
21

22  In the Defendant's opposition to summary judgment, they claim that any service of discovery
23  request upon Defendant Tilton prior to his ex post facto attempt to waive formal service was
24  defective, and Tilton was not required to respond to those requests (Opposition at 3:16-18). The
25  Defendants made similar argument for Defendant Nollette (Id., at 4:7-12). Defendant's argument
26  is flawed, insofar as it either misconstrues or disregards Federal Rules of Civil Procedure,
27  California satutes, local rules and order(s) of this Court.
28  //

Reply/Opposition to Summary Judgment    - 3 of 11 -          1- "upon"
ND Cal C07-3575 MJJ

The Federal Rules of Civil Procedure provides that service upon an individual from whom a waiver has not been obtained, may be effected in any judicial district of the United States, "[p]ursuant to the law of the state in which the district court is located, or in which service is effected, for the service of summons upon the defendant in the action brought in the courts of general jurisdiction of the state" (FRCP 4(e)(1)); or "[b]y delivering a copy of the summons and of the complaint to the individual personally...or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process " (FRCP 4(e)(2)).

In California, the state in which this Court is located, "[T]he Attorney General, as chief law enforcement officer of the state, has the authority and power, in absence of a statute to the contrary, to institute, conduct and maintain all civil actions involving the rights and interest of the state" (People v. Birch Securities Company(1948)86 Cal.App.2d 703). In regards to service of process upon Defendants in this action, California law explicitly states:
..."Where the state is a defendant, the summons and complaint shall be served on the attorney general"...CCP§1250.140

..."Except as provided in Sections 811.9, 955.6, 955.8, and 955.9:
(a) Service of summons in all actions on claims against the state shall be made on the Attorney General.
(b) The Attorney General shall defend all actions on claims against the state"...GvC§955.4 (a) and (b).

Federal courts in various judicial districts acknowledge that service of pleadings and other papers, which may be accomplished through the mail, is accomplished by service upon the party's attorney (Kiki Undies Corp. v/. Promenade Hosiery Mills,Inc(SDNY 1969)308 F.Supp 489,495; McClelland v. Azrilyan(W.D Mo 1998)31 F.Supp.2d 707,710; US v. Atlas Leader Company(S.D Ohio 2001)282 F.Supp.2d 687,702). Clearly, within this judicial district, this same standard applies:
..."The 30-day removal period commenced to run upon attorney's receipt of initial pleadings, rather than when service of client was formally accomplished, where attorney was authorized to represent client on day he received the initial pleadings"...Lofstrom v. Dennis(ND Cal 1993)829 F.Supp 1194,1195–1196.

ND Cal Civil L.R 5-5 provides "[w]henever, by Court order or under the local rules, a pleading or other paper must be "served" upon the attorney for a party or the party...the pleading or paper must be actually delivered to the receiving attorney or party within the meaning of FRCivP 5(b) on or before the date" (Id., in relevant part). While there is some question as to when D.Robert

Reply/Opposition to Summary Judgment     - 4 11 -
ND Cal C07-3575 MJJ

Duncan was appointed to represent the Defendants in this action, the Office of the California Attorney General is not only authorized by law to represent the Defendants, but have already represented the Defendants on the same issues in FADC#A116196, involving the same parties.

ON 1-30-07, in FADC#A116196, the state appellate court requested that the California Attorney General provide an informal response to Plaintiff's allegations that CDCR had retaliated against the Plaintiff by, inter alia, embezzling funds from his prison trust account. In that proceeding, CDCR was represented by Deputy Attorney General Patricia Webber-Heim. The Defendants have failed to explain why this case was reassigned to a different attorney, D.Robert Duncan, who works in the same office as Webber-Heim, to the best of the Plaintiff's knowledge. However, this question is moot in regards as to when the Office of the Attorney General became official representatives for CDCR in this action insofar as it may be presumed that the Defendants became actual parties before the attempt at ex post facto waiver of service:

..."Accordingly, one becomes a party officially, and is required to take action in that capacity, only when service of a summons or other **authority-asserting measure** stating the time within which the party served must appear and defend"...Murphy Brothers, Inc v. Michetti Pipe Stringing, Inc.(1999)526 US 344,350.

On 8-9-07, this Court ordered the Clerk of the Court to issue summons for service with the complaint on Defendants by the US Marshal in accordance with FRCP 4(c)(2). The docket listing for this case shows that on 8-17-07, the Clerk performed this ministerial duty (Appendix "A" at 3). On 9-12-07, the docket listing shows that the summons for Defendant S.Mendonca was returned to the Court, unexecuted (Id). Since this Court ordered the US Marshal to serve summons and complaint upon Defendants Mendonca, Tilton and Nollette, it should be presumed that the Marshals completed their ministerial duty insofar as summons upon Tilton and Nollette were not returned unexecuted, and that those parties, as well as the Attorney General were properly made aware of this litigation before 9-12-07. Accordingly, all Defendants who had been properly named within the initial pleading became official parties to this action before the 11-6-07 ex post facto attempt at waiver of formal service (fn3).

The Plaintiff believes that both the Clerk of this Court and the US Marshals performed their ministerial duties as ordered by this Court. However, assuming arguendo that proper service was not effected by the Clerk of this Court and the US Marshals before 9-12-07, the Ninth Circuit Court

Reply/Opposition to Summary Judgment   - 5 of 11 -
ND Cal C07-3575 MJJ

of Appeals has held:

> ..."An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the US Marshal for service of summons and complaint, and having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effectuate service where the US Marshal or the Clerk has failed to perform the duties required of each of them under 28 USCS1915(c) and FRCivP 4"...Puett v. Blandford(C.A.9 1990)912 F.2d 270,275.

Accordingly, if this Court determines that proper service of process was not effectuated by the Clerk of this Court and the US Marshals before the 11-6-07 ex post facto waiver of formal service, Plaintiff request that discovery continues for this action, in accordance with any necessary order of this Court. Should this Court determine that the Defendants were properly within this Court's jurisdiction before the ex post facto waiver, Plaintiff request that this Court grants relief not inconsistent with the relief requested within his request for summary judgment.

II. DEFENDANTS WERE PROPERLY SERVED DISCOVERY REQUESTS AND FAILED TO RESPOND WITHIN A TIMELY MANNER

Defendants assert that their "retroactive" waiver of process extended the period in which they had to respond to Plaintiff's discovery requests (Opposition at 3:16-22). It defies logic to believe that a person may waive the performance of an act which has already occured, in a nunc pro tunc type fashion. Defendants have also fraudulently concealed proper service of discovery requests by purporting to this Court that "[S]ergeant Nollette did not receive interrogatories, or any other discovery,, from inmate Givens, before or after becoming a party to this action" (Id., at 4:13-14). This fraudulent statement, in and of itself, violates the California Business and Professions Code:

> ..."It is the duty of an attorney to do all of the following...To support the Constitution and the laws of the United States and of this State...To employ, for maintaining the causes confided to him or her those means only as are consistent with truth, and never seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law"...BPCS6068(a) and (d).

On 9-24-07, Edmond Givens prepared a certificate of service for this case, in which he swore under penalty of perjury by the laws of the United States that he did place written interrogatories for Sergenat Nollette in envelopes addressed to both Nollette at SQSP and Deputy Attorney General Patricia Webber-Heim at the Attorney General's office in San Francisco, Ca. Edmond Givens, who is available to testify on these matters as a competent witness, will testify that neither

Reply/Opposition to Summary Judgment     - 6 of 11 -
ND Cal C07-3575 MJJ

1. envelope was returned to his residence which he had deposited "[i]n official US Mail depository
2. in the City of Vacaville, Ca." on 9-24-07 (Appendix "D" at 21) **(fn4)**.
3.   Additionally, on 8-26-07, Plaintiff personally served request for production on Defendant Tilton
4. and Webber-Heim (Appendix "B" at 7), while on 9-20-07, Edmond Givens served the written
5. interrogatories for Defendant Tilton on Defendant Tilton and Webber-Heim (Appendix "C" at 15) and
6. on 9-26-07 he served Defendant Mendonca's interrogatories on Defendant Mendonca and Webber-Heim
7. (Appendix "E" at 27). Edmond Givens would also serve Defendant Tilton's Request For Admissions
8. on Defendant Tilton and Webber-Heim on 10-15-07 (Appendix "F" at 32). The typing error which appears
9. on several of the certificates of service, purporting Webber'Heim's address as "450 Golden Gate
10. Ave" has been corrected by Edmond Givens (see declaration for this pleading).
11.   Answers and or objections to interrogatories shall be served within (30) days after the service
12. of interrogatories (FRCP 33(b)(3)). Written response to request for production shall be served
13. within (30) days after the service of the request (FRCP 34(b)). Request for admissions are deemed
14. "[a]dmitted unless written response or objection is provided within 30 days after service of request"
15. (FRCP 36(a), in relevant part). Defendant Tilton responded to Plaintiff's request for admissions,
16. interrogatories and production on 12-6-07, however, his responses should have been provided by
17. 11-14-07, 10-20-07 and 9-25-07, respectively, and as to this date, no discovery response from
18. Sergeant Nollette has been provided.
19.
20.   Federal courts have long held that the failure to respond to interrogatories is sanctionable
21. conduct (Grant v. Phoenix Mutual Life Insurance Co.(1887)121 US 105; Nelson v. US(1906)201 US 92;
22. NHL v. Metropolitan Hockey Club,Inc.(1976)427 US 639), and failure to respond to requests for
23. admissions, served upon a party or his attorney, deems those matters within the request admitted
24. (Padway v. Pacific Mutual Life Insurance Company of California(ED Wis 1942)42 F.Supp 569;
25. SwitchMusic.com,Inc v. US Music Corp(CD Cal 2006)416 F.Supp.2d 812).
26.   The Plaintiff's request for summary judgment was largely premised on Defendant's defaulted
27. admissions and sanctionable conduct **(fn5)**. Accordingly, should this Court determine that default
28. summary judgment is warranted, Plaintiff request that this Court awards summary judgment as

Reply/Opposition to Summary Judgment    - 7 of 11 -
ND Cal C07-3575 MJJ

requested in his motion for summary judgment, if he is so entitled "as a matter of law" (Celotex Corp. v. Catrett(1986)477 US 317,322 [Summary judgemnt is proper if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law]). Alternatively, if this Court determines that the Defendants did not default during discovery, the novice pro se Plaintiff respectfully request that this Court authorizes the discovery process to continue in this matter.

III. DEFENDANTS HAVE NOT PRESENTED GOOD CAUSE TO WARRANT THE STAY OF SUMMARY JUDGMENT PROCEEDINGS

With there being a genuine triable issue of fact between the parties, unless this Court concludes otherwise, regarding the sufficiency of service of process and discovery requests, this Court should proceed to settle the matter or order trial. However, the Defendants have not presented sufficient cause to warrant the stay of summary judgment proceedings. A stay of summary judgment proceedings is only warranted in certain circumstances:

..."Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other orders as is just"...Morton v. Hall(CD Cal 2006)455 F.Supp.2d 1066.

Defendants have neither presented or eluded to any evidence which could challenge the merits of the Plaintiff's claims in this action. Instead, Defendants continue to attempt to defeat the merits of Plaintiff's claims by procedural default, and request stay of summary judgment proceedings in order to do so.

Accordingly, Plaintiff does oppose Defendant's request for stay of summary judgment proceedings, solely on that ground.

Conclusion

For the aforementioned reasons, the Plaintiff requests that this Court denies the Defendants' request to stay these proceedings in order for the Defendants to attempt to technically defeat the merits of the Plaintiff's claims in their FRCP 12(b) motion to dismiss. The Plaintiff also

Reply/Opposition to Summary Judgment     - 8 of 11 -
ND Cal C07-3575 MJJ

1 | request that this Court proceeds to determine as to whether there is a genuine issue of material
2 | fact between the parties which this Court must either decide or order trial, and in doing so, this
3 | Court orders any and all relief requested by the Plaintiff which this Court deems necessary, just
4 | and or required by law.

6 | Date: January 28, 2008                              X _____
7 |                                                     François P. Givens, #T-86266
                                                        Plaintiff, In Pro Se.

8 | - - - - - - - - - - -FOOTNOTES- - - - - - - - - - -

9 | fn1) Warden Ayers was not made an official party in this case because the Plaintiff did not
know his name at the time of the preparation of the operative complaint for this action.

fn2) The 8-9-07 order incorrectly purported that Defendant S.Mendonca worked at SQSP (8-9-07
order at 2:27-3:1), however, the Plaintiff did identify S.Mendonca as a "Correctional Case Records
Analyst at CSATF/SP" (7-11-07 Complaint at 10:16-17).

fn3) "[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have
'notice of all facts, notice of which can be charged upon the attorney' " (Pioneer Investment
Services Company v. Brunswick Associates Ltd. Partnership(1993)507 US 380,397; Community Dental
Services v. Tani(C.A.9 2002)282 F.3d 1164,1173).

Defendants Tilton, Nollette and S.Mendonca are bound by the acts of their lawyer-agent, the
Attorney General for the State of California, who has fraudulently presented to this Court that
Defendants were not within this Court's jurisdiction before 11-6-07.

fn4) On 9-26-07 upon receipt of the written interrogatories which were served upon Nollette
and Webber-Heim, the Plaintiff noticed that the address listed for the Office of the Attorney
General on the certificate of service was "450 Golden Gate Ave". Later on 9-26-07, the Plaintiff
called Edmond Givens who informed the Plaintiff that the address was a typing error, and that he
had actually mailed the request to "455 Golden Gate Ave". This same typing error also appears on
the certificates of service for Defendant Tilton and Mendonca's interrogatories.

fn5) Because "[p]ower to punish for contempts, inherent in all courts, reaches both conduct
before court and that beyond court's confine" [Citations.], as long as a party receives appropriate
hearing, "[p]arty may be sanctioned for abuses of process occurring beyond courtroom, such as
disobeying court's orders" (Chambers v. Nasco, INC(1991)501 US 32). The Defendant's have concealed
facts which have occurred outside of this Court's confine by practicing fraud in open court
(Universal Oil Products Company v. Roof Refining Company(1946)328 US 575) and have delayed and
or disrupted litigation or hampered the enforcement of this Court's orders (Hutto v. Finley(1979)
437 US 678,n14). Because of these abuses of the litigation process, the Defendants may be held
incontempt of this Court's 8-9-07 order and 8-17-07 summons (Zapan v. US Department of Justice(C.A.9
1995)53 F.3d 283).
Plaintiff requests, that in this Court's discretion, contempt hearing(s) are initiated against
the Defendants.

27 | - - - - - - - - - - -END OF FOOTNOTES- - - - - - - - - - -

28 | //
Reply/Opposition to Summary Judgment      - 9 of 11 -
ND Cal C07-3575 MJJ

Declaration

Plaintiff, Francois P. Givens, does hereby declare under penalty of perjury by the laws of the United States that all information presented in this reply to Defendant's opposition to Plaintiff's request for summary judgment, exhibits in support of, and this declaration are, to the best of his knowledge, TRUE and ACCURATE depictions of what is purported.

1) On or around _January 28_ 2008, Edmond W. Givens did submit amended certificate of services for written interrogatories previously served upon Defendants Tilton, Nollette and Mendonca as well as Deputy Attorney General Patricia Webber-Heim, correcting the typing error which appeared on the original proof of services. The amended certificates should be considered as accurate depictions of what they purport.

SWORN TRUE ON THIS 28th DAY OF _January_, 2008 IN NORCO, CALIFORNIA

X _____
Francois P. Givens, #T-86266
Plaintiff, In Pro Se.

Reply/Opposition to Summary Judgment   - 10 of 11 -
ND Cal C07-3575 MJJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MJJ(PR)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury by the laws of the United States that all information presented within this certificate of service is, to the best of my knowledge, TRUE and ACCURATE depictions of what is purported.

I am an adult citizen of the United States, currently incarcerated at the CRC in Norco, Ca. On this day, I did personally place either original or exact copies of the following document:

a) Plaintiff's reply to Defendant's opposition to Plaintiff's request for Summary judgment and opposition to Defendant's request to stay summary judgment proceedings w/ appendix of exhibits.

in envelopes with sufficient postage addressed as follows:

1) Office of the Clerk
   US District Court (ND Cal)
   450 Golden Gate Ave
   San Francisco, Ca., 94102

2) Office of the Attorney General
   D.Robert Duncan - D.A.G
   455 Golden Gate Ave., Suite#11000
   San Francisco, Ca., 94102

3) CDCR
   Secretary James Tilton
   P.O. Box 942883
   Sacramento, Ca., 94283-0001

These envelopes were given to a correctional officer at CRC to log and process as outgoing legal mail in accordance with legal mail procedures established at the institution on this day.

SWORN TRUE ON THIS 28th DAY OF January , 2008 IN NORCO, CALIFORNIA

X _____
Francois P. Givens, #T-86266
CRC
P.O Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

Reply/Opposition to Summary Judgment    - 11 of 11-
ND Cal C07-3575 MJJ