Francois P. Givens,#T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,                             ) Case No: C07-3575 MJJ (PR)

   Plaintiff,                                     ) APPENDIX OF EXHIBITS IN SUPPORT OF DEFENDANT'S

v.                                              ) OPPOSITION TO PLAINTIFF'S REQUEST FOR

JAMES TILTON, et al.,                           ) SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S

   Defendants.                                    ) REQUEST TO STAY SUMMARY JUDGMENT PROCEEDINGS

Appendix "A": 11-9-07 civil docket listing for this case ......1 - 3

Appendix "B": 6-25-07 Request For Production (Set 1) ......5 - 7

Appendix "C": 9-16-07 Interrogatories, James Tilton (Set 1) ......9 - 15

Appendix "D": 9-16-07 Interrogatories, Sergeant Nollette (Set 2) .....17 - 21

Appendix "E": 9-23-07 Interrogatories, S.Mendonca (Set 3) .....23 - 27

Appendix "F": 10-8-07 Request For Admissions, James Tilton (Set 1) .....29 - 32

Date: January 28, 2008          X _____
                                Francois P. Givens,#T-86266
                                Plaintiff, In Pro Se.

Appendix for Reply/Opposition to Summary Judgment
ND Cal C07-3575 MJJ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24                              APPENDIX "A"
25
26
27
28

E-Filing, ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-03575-MJJ
### Internal Use Only

Givens v. Tilton et al

Assigned to: Hon. Martin J. Jenkins

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 07/11/2007

Jury Demand: None

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

**Plaintiff**

**Francois P. Givens**

represented by **Francois P. Givens**
California Rehabilitation Center
Prisoner Id T-86266
P.O. Box 3535
Norco, CA 92860
PRO SE

V.

**Defendant**

**James Tilton**
*Secretary, California Department of Corrections and Rahabilitaion*

represented by **Donn Robert Duncan, II**
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102
415-703-5739
Email: robert.duncan@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nola Grannis**
*Chief of Inmate Appeals, CDCR*
*TERMINATED: 08/10/2007*

**Defendant**

**Warden**
*SQSP*

**Defendant**

**Chandler-Dacanay**
*Appeals Coordinator, SQSP*
*TERMINATED: 08/10/2007*

**Defendant**

**W. Jeppeson**
*Appeals Coordinator, SQSP*
*TERMINATED: 08/10/2007*

### Defendant

**S. Mendonca**
*Records Analyst, CSATF/SP*

### Defendant

| **Sergeant Nollette** | represented by | **Donn Robert Duncan, II** |
|---|---|---|
| *R&R, SQSP* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2007 | 1 | COMPLAINT against James Tilton, Nola Grannis, Warden, Chandler-Dacanay, W. Jeppeson, S. Mendonca, Nollette (Filing fee: ifpp). Filed by Francois P. Givens. (sv, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/13/2007) |
| 07/11/2007 | | CASE DESIGNATED for Electronic Filing. (sv, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/13/2007) |
| 07/11/2007 | 2 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (sv, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/13/2007) |
| 07/11/2007 | 3 | Appendix of Exhibits in Support re [1] Complaint filed by Francois P. Givens. (Related document(s)[1]) (slh, COURT STAFF) (Filed on 7/11/2007) (Entered: 07/17/2007) |
| 07/23/2007 | 4 | Declaration in support of in forma pauperis application filed by Francois P. Givens. (slh, COURT STAFF) (Filed on 7/23/2007) (Entered: 07/26/2007) |
| 08/03/2007 | 5 | Prisoner Trust Fund Account Statement by Francois P. Givens. (slh, COURT STAFF) (Filed on 8/3/2007) (Entered: 08/07/2007) |
| 08/10/2007 | 6 | REQUEST to Lodge Document by Francois P. Givens. (slh, COURT STAFF) (Filed on 8/10/2007) (Entered: 08/16/2007) |
| 08/10/2007 | 7 | ORDER OF SERVICE by Judge Martin J. Jenkins for issuance by the Clerk and service by the U.S. Marshal of summons and complaint; the claims against defendants W. Jeppeson; Chandler-Dacanay and Nola Grannis are DISMISSED for failure to state a cognizable claim for relief; GRANTING Motion for Leave to Proceed Informa Pauperis. (slh, COURT STAFF) (Filed on 8/10/2007) Additional attachment(s) added on 8/30/2007 (epb, COURT STAFF). (Entered: 08/17/2007) |
| 08/17/2007 | | Summons Issued as to James Tilton, S. Mendonca, Nollette. (slh, COURT STAFF) (Filed on 8/17/2007) (Entered: 08/17/2007) |

| 08/29/2007 | ●8 | MOTION for Clarification of Order filed by Francois P. Givens. (slh, COURT STAFF) (Filed on 8/29/2007) (Entered: 08/30/2007) |
| 08/29/2007 | ●9 | REQUEST for Clarification of Order by Francois P. Givens. (slh, COURT STAFF) (Filed on 8/29/2007) (Entered: 08/30/2007) |
| 09/12/2007 | ●10 | Letter dated 9/11/07 from Edmond W. Givens re Change of Address and Request for release order or transfer to Federal Prison. (slh, COURT STAFF) (Filed on 9/12/2007) (Entered: 09/17/2007) |
| 09/12/2007 | ●11 | Summons Returned Unexecuted by Francois P. Givens as to S. Mendonca. (slh, COURT STAFF) (Filed on 9/12/2007) (Entered: 09/17/2007) |
| 10/02/2007 | ● | Letter from Mr. Givens re change of address. (sv, COURT STAFF) (Filed on 10/2/2007) (Entered: 10/04/2007) |
| 10/03/2007 | ●12 | NOTICE of Change of Address by Francois P. Givens. (slh, COURT STAFF) (Filed on 10/3/2007) (Entered: 10/04/2007) |
| 10/05/2007 | ●13 | MOTION for Sanctions against CDCR filed by Francois P. Givens. (slh, COURT STAFF) (Filed on 10/5/2007) (Entered: 10/09/2007) |
| 10/16/2007 | ●14 | Statment regarding habit of defendants filed by Francois P. Givens. (slh, COURT STAFF) (Filed on 10/16/2007) (Entered: 10/18/2007) |
| 11/06/2007 | ●15 | MOTION for Extension of Time to File *Defendants' Request For Extension Of Time To File A Dispositive Motion* filed by James Tilton, Nollette. (Duncan, Donn) (Filed on 11/6/2007) (Entered: 11/06/2007) |
| 11/06/2007 | ●16 | Declaration of R. Duncan in Support of 15 MOTION for Extension of Time to File *Defendants' Request For Extension Of Time To File A Dispositive Motion* filed byJames Tilton, Nollette. (Related document(s) 15) (Duncan, Donn) (Filed on 11/6/2007) (Entered: 11/06/2007) |
| 11/06/2007 | ●17 | Proposed Order re 15 MOTION for Extension of Time to File *Defendants' Request For Extension Of Time To File A Dispositive Motion* by James Tilton, Nollette. (Duncan, Donn) (Filed on 11/6/2007) (Entered: 11/06/2007) |
| 11/06/2007 | ●18 | RESPONSE to *Defendants O. Nollette And J. Tilton Waiver Of Reply And Demand For Jury Trial* by James Tilton, Nollette. (Duncan, Donn) (Filed on 11/6/2007) (Entered: 11/06/2007) |

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPENDIX "B"

5

1   Francois P. Givens #7-86266
2   CSATF/SP
3   P.O. Box 5248
4   Corcoran, Ca, 93212
5   Plaintiff, In Pro Se.
6
7
8                    UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA
10
11   FRANCOIS P. GIVENS,                    Case No: C07-3575 MJJ
12      Plaintiff,                          REQUEST FOR PRODUCTION
13   v.                                     SET 1 (FRCP 34).
14   JAMES TILTON, Secretary - CDCR, et al.,
15   Defendant(s).
16
17   To: James Tilton, Secretary - CDCR.
18
19      Pursuant to 8-9-07 order of service in this action, discovery may be taken
20   by the parties in this action. Accordingly, plaintiff Francois P. Givens request
21   that CDCR provides the plaintiff with the following Item/Things:
22
23      Group 1 : The names and official position(s) at times relevant for this
24                complaint of the three persons named as "Does" in the
25                complaint (see Complaint at 9:9-23, 10:30 - 11:11);
26
27      Group 2: The names of all correctional officers/staff working in the R&R
28                area at San Quentin State Prison (SQSP) during second watch

16

1    hours (6:30am to 2:30pm) on July 11, 2006 and July 24, 2006, and
2    ~~the~~ Third watch hours (2:30pm to 10:30 pm) on July 11, 2006;
3
4    Item 3: The name of the Warden at SQSP on 7-11-06;
5
6    Item 4: SQSP Operational Procedure which regulates the processing of funds
7            to and from inmate trust accounts, and the procedure used
8            for institutional transfer of funds; and
9
10   Item 5: A copy of the check issued at SQSP for plaintiff's funds which
11           were mailed to CSATF/SP on 8-16-06 (see Complaint at 5:11-15).
12
13   Plaintiff requests production of the requested items within (30) days of the
14   date of service of this document. Failure to respond or evasive answers may
15   result in plaintiff seeking a court order to compel production.
16
17   Date: August 25, 2007                              X _____
18                                                        Francois P. Givans #T-86266
                                                          Plaintiff, In Pro Se.
19
20
21
22
23
24
25
26
27
28

7

1          UNITED STATES DISTRICT COURT
2.              NORTHERN DISTRICT OF CALIFORNIA
3   GIVENS v. CDCR, et al,
4   C07-3575 MIJJ (PR)
5                    CERTIFICATE OF SERVICE
6    I, the undersigned, do hereby certify under penalty of perjury by
7   the laws of the United States that all information presented in this
8   certificate of service is to the best of my knowledge, TRUE and ACCURATE.
9    I am an adult citizen of the United States currently incarcerated at
10  the CSATF/SP in Corcoran, Ca. On this day, I did place true and exact
11  copies of the following document:
12    a) "Request For Production / Set 1"
13  in envelopes with sufficient postage, addressed as follows:
14    1) James Tilton, Secretary        2) Office of the Attorney General
15       CDCR                              Patricia Webber-Heim, D.A.G
16       P.O Box 942883                    455 Golden Gate Ave #11000
17       Sacramento, Ca 94283-0001         San Francisco, Ca, 94102
18
19   These envelopes were given to a correctional officer to log and process
20  as outgoing legal mail in accordance with CSATF/SP §129 on this day.
21
22  SWORN TRUE ON THIS _26th_ DAY OF _August_, 2007 IN CORCORAN, CALIFORNIA.
23                                    X _____
                                        Francis P. Givens #T-86266
24                                      CSATF/SP
                                        P.O Box 5248
25                                      Corcoran, Ca, 93212
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

APPENDIX "C"

1   Francois P. Givens # T-86266
2   CRC 404-09up
3   P.O Box 3535
4   Norco, Ca, 92860
5   Plaintiff, In Pro Se.
6
7
8                       UNITED STATES DISTRICT COURT
9                       NORTHERN DISTRICT OF CALIFORNIA
10
11  FRANCOIS P. GIVENS,               | Case No: CO7-3575 MJJ
12      Plaintiff,                    | WRITTEN INTERROGATORIES
13  v.                                | JAMES TILTON, Secretary, CDCR.
14  JAMES TILTON, Secretary, CDCR, et al, | Set 1.
15      Defendants
16
17  To: JAMES TILTON, Secretary, California Department of Corrections and Rehabilitation.
18
19  Interrogatories:
20
21  Intr 1: Do you, James Tilton, and/or your authorized agents/
22  representatives swear under penalty of perjury by the laws of the United
23  States that all information presented in response to these written
24  interrogatories is, to the best of [your][his][her] knowledge, TRUE and
25  ACCURATE?
26
27  Intr 2: Please state your name, position and the lenght of your association
28  with CDCR.
29
30  Intr 3: What is the name and position of CDCR personnel who initiated
31  the conversion of the Women's facility at the California Rehabilitation
32  Center (CRC) to a men's "Special Needs Yard" (SNY facility)?

Written Interrogatories/James Tilton/Set 1        -1 of 5-
ND Cal # CO7-3575 MJJ

IIC

1  Intr 4: What is the date of CDCR's official implimentation of the conversion
2  of the facility?
3
4  Intr 5: What criteria was used to select the male prisoners who
5  qualified for the mandatory transfer?
6
7  Intr 6: Who established this criteria and on what date?
8
9  Intr 7: On 8-1-07, while housed on the A-yard Facility at CSATF/SP, the
10  A-yard Librarian S. Killian issued "Priority Legal User" status for the
11  plaintiff to prepare his opening brief in USCourt of Appeals (C49) Docket #
12  07-16298 "GIVENS v. ADAMS, et al" (see attached). Around this time,
13  S. Killian's supervisor, S. Ponce, reduced the hours of operation for the
14  A-yard law library. How did S. Ponce justify the reduction of hours
15  for the A-yard law library?
16
17  Intr 8: Did CSATF/SP Warden Ken Clark approve the reduction of hours of
18  operation for the A-yard law library?
19
20  Intr 9: Was anyone in your office or who works for or on your behalf,
21  in any administrative or legal capacity, ever made aware of the
22  plaintiff's 8-29-07 deadline in the Ninth Circuit Court of Appeals?
23
24  Intr 10: Do CSATF/SP Associate Warden Michael Fischer, Assistant Doug
25  Hansen, Correctional Counselor II Lee or Correctional Counselors I Villarial
26  or Wadkins acknowledge that they were made aware of plaintiff's
27  Ninth Circuit deadline before the decision was made to transfer the
28  plaintiff?
29
30  Intr 11: On 8-9-07, the US Marshalls were directed to serve the
31  operative complaint in this action on your office and various CDCR
32  personnel, with the Office of the Attorney General being notified

Written Interrogatories/James Tilton/Set 1        -2 of 5-
NDCal # C07-3575 MSJ

[11]

1 . directly by the court. On what day did CDCR or the Attorney General
2 first recieve notice of service of process in this action?
3
4 Intr 12: On 8-9-07, Northern District Court Judge Martin J Jenkins also
5 issued an order to show cause (OSC) in plaintiff's federal habeas
6 corpus (#C07-1448MSJ) challenging the remainder of his state
7 criminal convictions. Was your office or any office under your control
8 directed by the Office of the Attorney General to transfer the plaintiff
9 from CSATF/SP to CRC, notwithstanding the fact that at this point in
10 habeas proceedings, under FRAP 23 and 28 USC §2254, Judge Jenkins
11 has control over the plaintiff's custody status?
12
13 Intr 13: Is your office and/or the Office of the Warden at CSATF/SP
14 aware that pursuant to FRAP 23, Warden Ken Clark was required
15 to apply and show just cause for transfering the plaintiff?
16
17 Intr 14: On 8-13-07, CCI Villarrial informed the plaintiff that because
18 he met the requisite criteria established by "Sacramento", it was
19 mandatory for her to recommend that the plaintiff be transfered
20 to CRC, but failed to affirmatively disclose what the criteria was.
21 Did Villarrial have knowledge of the transfer criteria on 8-13-07?
22
23 Intr 15: While CDCR regulations establish that the classification
24 process shall be uniformily applied for all prisoners throughout the
25 time such prisoners are under your jurisdiction (Title 15, CCR§3375(a)),
26 and will take the prisoner's interests, needs and desires into
27 consideration (Title 15, CCR§3375(b)), California Penal Code § 5068 provides,
28 in relevant part, "[T]he Director shall assign a prisoner to the institution . . .
29 nearest the prisoner's home" (Id). The plaintiff submitted an 8-15-07
30 "In Absentia Written Request" to his counselor (Villarrial) to present at
31 his 8-16-07 classification hearing, which alerted committee members
32 that the majority of the plaintiff's family resided in the Northern

Written Interrogatories/James Tilton  Set 1            -3of5-
NDCal #C07-3575 MSJ

12

1 California area and that because of "death threats" made against the
2 plaintiff and his family by Southern California gang members who
3 were protecting a CDC Officer from the Los Angeles area, the plaintiff
4 did not desire to transfer to the Southern California area. Was this
5 information considered by the 8-16-07 Classification committee?
6

7 Intr 16: What are the names of the committee members who agreed
8 with the recommendation to transfer the plaintiff and the CSR
9 who authorized the transfer?
10

11 Intr 17: On 9-6-07 at approximately 8:00 a.m., CSATF/SP A-yard Lt Sneil
12 told A-3 Housing Unit Officer that the plaintiff had "excessive legal
13 supplies" which he would have to discard. Approximately (1) hour later,
14 the plaintiff was told to pack all of his property, which was
15 placed in a storage closet overnight, and taken to CSATF/SP R&R on
16 9-7-07 for plaintiff's subsequent transfer to CRC. The following day,
17 on 9-8-07, former I/m Library Clerk David Arnetta informed the
18 plaintiff that his name appeared on the 9-8-07 "transpack list", not a
19 list generated on 9-6-07. Why was the plaintiff instructed to
20 "transpack" (2) days before he was authorized to do so?
21

22 Intr 18: Upon plaintiff's 9-10-07 arrival at CRC, R&R Officer
23 Bender told the plaintiff that he had "excessive legal materials"
24 which the plaintiff would have to discard because R&R at CRC
25 does not store any property. Is this policy promulgated by your
26 office or the Office of the Warden at CRC?
27

28 Intr 19: Has your office, any defendant in this action, or anyone
29 working for or on behalf of any defendant in this action contacted
30 any CDCR personnel at CRC relating to any pro se litigation initiated
31 by the plaintiff, and if so, what was the nexus of the communication(s)?
32

Written Interrogatories/James Tilton/set 1        -4 of 5-
ND Cal# CC7-3575 MJJ

|13|

1  Intr 20: Currently, the SNY facility at CRC where the plaintiff is now
2  housed, does not have regularly scheduled law library access, does
3  not provide copy services in the library and does not have
4  sufficient workspace to prepare legal documents. The "Premise" legal
5  database used by the library is only current through November
6  2006, and I the plaintiff has been informed that the California
7  Supreme Court recently rendered decisions in several cases which
8  relate to Federal Double Jeopardy claims presented in his federal
9  habeas corpus. Can your office and/or the Office of the Attorney
10  General establish that CRC's law library is in compliance with
11  Gilmore v. Lynch, Bounds v. Smith and Lewis v. Casey, and that
12  the 9-10-07 transfer of the plaintiff has not prejudiced the
13  plaintiff in any way, and if so, please do so.
14
15
16  Date: September 16, 2007                    Respectfully submitted,
17                                             X
18                                             Francois P. Givans #T-96266
19                                             Plaintiff, In Pro Se.
20
21
22  Please respond to these interrogatories within (30)days of the date of
23  service.
24
25
26
27
28
29
30
31
32
   Written Interrogatories / James Tilton / Set 1        - 5 of 5-
   ND Cal # C07-3575 MJJ

# REQUEST FOR PRIORITY LEGAL USE(PLU)

INMATES WITH A VERIFIABLE LEGAL DEADLINE MAY APPLY FOR PRIORITY LEGAL USE(PLU) BY FILLING OUT THIS FORM COMPLETLY AND ACCURATELY AS POSSIBLE AND SUBMITTING IT TO THE LAW LIBRARY OFFICER.

|4|

## **\*\*FILL IN ALL SPACES OR FORM WILL BE RETURNED\*\***

PRINT ALL INFORMATION CLEARLY          RD: *1/2day Wed, Thrs Fri, Sat*

INMATE NAME: *Gwens, F*      CDC#: *T-86266*   CELL#: *A3-121W*

DATE OF THIS APPLICATON: *8-1-07*    ATTORNEY NAME: *Proper*

DATE OF LEGAL DEADLINE: *8-29-07*   ATT. ADDRESS: ———

COURT DATE: ———   NAME OF COURT: *9th Circuit Court of Appeals*

ADDRESS: *P.O Box 193939 San Francisco 94119*   CLERK OR JUDGE: *Cathy Catterson*

CASE NUMBER: *07-16298*

## PER D.O.M. ARTICLE 32, SEC. 53060.6.2:

\* PRIORITY SHALL BE GIVEN TO THOSE INMATES WHO HAVE VERIFIABLE 30-DAY COURT DEADLINES. ALL COURT DEADLINES SHALL BE VERIFIED BY THE SUPERVISOR OF THE FACILITY LAW LIBRARY. INMATES SHALL BE ALLOWED A MINIMUM OF TWO(2) HOURS OF LIBRARY ACCESS PER WEEK. HOWEVER, INMATES MAY EXCEED THE TWO-HOUR LIMITATION PER WEEK, IF SPACE IS AVAILABLE DUE TO CANCELLATIONS.

\* THE LAW LIBRARY SHALL NOT REPRODUCE SECTIONS OF THE DEPARTMENT OPERATIONS MANUAL(DOM), UNLESS THEY ARE BEING USED AS COURT EXHIBITS. FURTHERMORE, THE LAW LIBRARY SHALL NOT REPRODUCE COPIES OF THE COURT TRANSCRIPTS, LAW BOOK PAGES, LAW REVISIONS, ARTICLES, SLIP OPINIONS OR CORRESPONDENCE WITH ATTORNEYS OR PUBLIC OFFICIALS.
\* PHOTOCOPIES ARE TEN CENTS PER PAGE. LEGAL DOCUMENTS AND ALL EXHIBITS TO BE COPIED SHALL BE PRESENTED IN COMPLETE PACKETS, READY TO BE MAILED. <u>NO EXCEPTIONS!</u>
\* <u>ONCE COPIES ARE MADE, PLU STATUS IS NO LONGER VALID</u>

INMATE SIGNATURE: _____

*DO NOT WRITE BELOW THIS LINE*
LEGAL OFFICER'S SIGNATURE VERIFYING LEGAL DEADLINE: *S. Kill*     DATE: *8-1-07*

OTHER INFORMATION: _____

115

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**Francois P. Givens vs. City and County of San Francisco Case #C-07-3575 MJJ (PR)**

## CERTIFICATE OF SERVICE

I, the undersigned, do herby declare under the penalty of perjury of the laws of the United States that all information presented in this Certificate of Service is to the best of my knowledge, TRUE and ACCURATE.

I am a citizen of the United States, currently residing in the County of __Solano__ CA. On this day, I did place either original or exact copy of the following documents, and placed them in envelopes with sufficient postage, addressed as follows:

a) **Written Interrogatories James Tilton, Secretary CDCR**

1) C.D.C.R
James Tilton Secretary
P.O. BOX 942883
Sacramento CA. 94283-0001

2) Office of the Attorney General
Patricia Webber-Heim D.A.G.
450 GOLDEN Gate Ave. # 11000
San Francisco CA. 94102

3) Francois P. Givens T-86266
CRC 404 9-UP
P.O. Box 3535
Norco CA. 92860

These envelopes were deposited in an official U.S. Mail depository in the city of __Vacaville__ CA. on this day.

SWORN TRUE ON THIS __20__ DAY OF __September__ , 2007 IN VACAVILLE CA.

X _Edmond W. Givens_
Edmond W. Givens
166 Tahoe Drive
Vacaville CA. 95687-5529

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24                              APPENDIX "D"
25
26
27
28

17

1. Francois P. Givens # T-86266
2. CRC 404-9Up
3. P.O Box 3535
4. Norco, Ca., 92860
5. Plaintiff, In Pro Se.
6.
7.
8.              UNITED STATES DISTRICT COURT
9.              NORTHERN DISTRICT OF CALIFORNIA.
10.
11. FRANCOIS P. GIVENS,              Case No: CO7-3575 MJJ
12.     Plaintiff,                   WRITTEN INTERROGATORIES
13. v.                              SERGEANT NOLLETTE, SQSP
14. JAMES TILTON, Secretary, CDCR, et al,   Set 2.
15.     Defendants
16.
17. To: R&R SERGEANT NOLLETTE, San Quentin State Prison.
18.
19. Interrogatories
20.
21. Intr 1: Do you, Sergeant Nollette, swear under penalty of perjury by the
22. laws of the United States that all information presented in ~~those~~ response to
23. these written interrogatories is, to the best of your knowledge, TRUE and
24. ACCURATE?
25.
26. Intr 2: State your full name, current position, position at times relevant
27. to the operative complaint and your length of employment with
28. CDCR.
29.
30. Intr 3: What [are][were] your official duties as a Receiving and
31. Release (R&R) officer at SQSP?
32. //

Written Interrogatories/Sgt Nollette/Set 2          -1 of 4-
N.D Cal # CO7-3575 MJJ

118

1  Intr 4; When prisoners are processed into SQSP by R&R, who is responsible
2  for determining their Housing Unit assignments?
3
4  Intr 5: Under P.C.§2085, who is the official "bailee" for ensuring accurate
5  tracking, keeping and release of prisoner property and funds upon
6  transfer to and from SQSP?
7
8  Intr 6: On 7-11-06, did SQSP and your R&R Department have an
9  established policy to reasonably accommodate mobility impaired inmates
10  who were unable to carry their property with their hands cuffed
11  behind their back to and from Ad-Seg (Donner Unit)?
12
13  Intr 7: On 7-11-06, after finding out that the plaintiff was endorsed
14  at a "Special Needs Yard" (SNY facility) at CSATF/SP, you issued a CDC114D
15  lockup order, and had the plaintiff placed in Ad-Seg rather than
16  on the SNY facility at SQSP. What factors persuaded this decision?
17
18  Intr 8: On 7-11-06, did you directly contact any Donner Section Housing
19  Unit Officer or personally make any recommendations as to where
20  the plaintiff should be housed within Donner Section?
21
22  Intr 9: During a conversation with the plaintiff, after telling the
23  plaintiff that you may have to get an attorney to sue the plaintiff,
24  you made reference to "seeing about" the plaintiff's living
25  quarters. Do you recall making these statements?
26
27  Intr 10: Why did you personally confiscate the plaintiff's legal materials
28  on 7-11-06, then throw the materials into a closet in R&R?
29
30  Intr 11: Do you have any personal biases/prejudice against African-
31  Americans and/or "jailhouse lawyers"?
32

Written Interrogatories / Sgt Nailette / Set 2        -2cf4-
ND Cal# CO7-3575 MJJ

19

1 <u>Intr 12</u>: Do you have any information within your personnel file regarding
2 psychological issues, i.e., anger control, depression, alcoholism or drug abuse or
3 any complaints of racism, bigotry or bias and/or disciplinary action or
4 law suits against you for racial discrimination, bigotry or retaliation
5 against prisoners for pursuing grievances/litigation against you?
6

7 <u>Intr 13</u>: On 7-26-06, the plaintiff was returned to CSATF/SP without
8 his legal supplies. How did this occur?
9

10 <u>Intr 14</u>: On 7-26-06, Transportation Sgt L. Araujo verified that the plaintiff's
11 legal supplies were not on the "Schedule D" bus to CSATF/SP. On what
12 day were the plaintiff's legal supplies transported to CSATF/SP?
13

14 <u>Intr 15</u>: Did you knowingly and willfully, or did anyone in your office
15 knowingly and willfully participate in, allow or encourage the embezzlement
16 of funds from the plaintiff's trust account?
17

18 <u>Intr 16</u>: Upon plaintiff's receipt of his legal supplies in the later part
19 of August 2006, he discovered that the materials had been placed
20 in a separate container and the contents had been severely
21 disturbed. What is the name of the Officer who transpacked
22 the plaintiff's legal supplies and on what day did this occur?
23

24 <u>Intr 17</u>: On or around 8-20-06, the plaintiff's family was informed
25 by R&R staff at SQSP that a check for plaintiff's funds had been recently
26 issued and "mailed" to CSATF/SP. Is it standard operating
27 procedure for R&R at SQSP to retain prisoner funds for almost
28 (1) month after their release/transfer from SQSP?
29

30 <u>Intr 18</u>: On 7-11-06, did any San Francisco Sheriff deputy or Sheriff
31 Hennessey (NDCal #C03-1818 MJJ) contact your office or anyone working
32 in R&R at SQSP to suggest that the plaintiff should be taught a

20

1 . lesson?
2
3 <u>Intr 19</u> : Are you personally or anyone else in your office familiar
4 with a SFSD transportation deputy by the name of Williams?
5
6 <u>Intr 20</u> : Were you ever contacted by anyone from the Office of the
7 Appeal Coordinator at SQSP regarding the 8-20-06 CDC602 submitted
8 by the plaintiff to address these issues?
9
10 <u>Intr 21</u> : Do you have any personal biases against any class of citizen
11 of the United States which would affect your ability to impartially
12 perform your official duties under color of state law?
13
14
15
16 Date: <u>September 16, 2007</u>                    Respectfully submitted,
17                                                    X _____
18                                                    Francois P. Givens # T-81266
19                                                    Plaintiff <u>In Pro Se.</u>
20
21
22 Please respond to these interrogatories within (30)days of the
23 date of service.
24
25
26
27
28
29
30
31
32

Written Interrogatories/Sgt Nallette/Set 2       - 4 of 4 -
NDCal # C07-3575 MHJ

1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

2

3

**Francois P. Givens vs. City and County of San Francisco Case #C-07-3575 MJJ (PR)**

## CERTIFICATE OF SERVICE

4

5

6

I, the undersigned, do herby declare under the penalty of perjury of the laws of the United States that all information presented in this Certificate of Service is to the best of my knowledge, TRUE and ACCURATE.

7

8

I am a citizen of the United States, currently residing in the County of __Solano  CA.__ On this day, I did place either original or exact copy of the following documents, and placed them in envelopes with sufficient postage, addressed as follows:

9

a) **Written Interrogatories Sergeant Nollette SQSP**

10

11

12

1) San Quentin State Prison
   Sergeant Nollette, R & R
   General Delivery
   San Quentin CA. 94964

2) Office of the Attorney General
   Patricia Webber-Heim D.A.G.
   450 GOLDEN Gate Ave. # 11000
   San Francisco CA. 94102

13

14

15

3) Francois P. Givens T-86266
   CRC 404 9-UP
   P.O. Box 3535
   Norco CA. 92860

16

17

These envelopes were deposited in an official U.S. Mail depository in the city of __Vacaville__ CA. on this day.

18

19

SWORN TRUE ON THIS __24__ DAY OF __September__ , 2007 IN VACAVILLE CA.

20

X _Edmond W. Givens_

22

23

   Edmond W. Givens
   166 Tahoe Drive
   Vacaville CA. 95687-5529

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24                              APPENDIX "E"
25
26
27
28

23

1. Francois P Givens # T-80266
2. CRC 404-9Up
3. P.O Box 3535
4. Norco, Ca, 92860
5. Plaintiff, In Pro Se.
6.
7.
8.                    UNITED STATES DISTRICT COURT
9.                  NORTHERN DISTRICT OF CALIFORNIA.
10.
11. FRANCOIS P. GIVENS,                    Case No: C07-3575 mJJ
12.     Plaintiff,                         WRITTEN INTERROGATORIES
13. v.                                     S. MENDONCA, CCRA, CSATF/SP.
14. JAMES TILTON, Secretary, CDCR, et al.,  Set 3.
15.     Defendants.
16.
17. To : S. Mendonca, Correctional Case Records Analyst, California Substance
18.       Abuse Treatment Facility State Prison. (CSATF/SP).
19.
20. Intr 1 : Do you, S. Mendonca, swear under penalty of perjury by the laws
21. of the United States that all responses to these written interrogatories
22. are, to the best of your knowledge, TRUE and ACCURATE?
23.
24. Intr 2: What is your full name, current position with CDCR and
25. length of employment with the State agency?
26.
27. Intr 3: While employed as a Correctional Case Records Analyst (CCRA),
28. what were your official duties within that position?
29.
30. Intr 4: In July 2006, while employed as a CCRA at CSATF/SP, what was
31. the name of your supervisor?
32.

    Interrogatories / S. Mendonca Set 3      - 1 of 4 -
    ND Cal # C07-3575 MJJ

124

1. **Intr 5:** On or around 7-26-06, you did personally complete a CDC 1497
2. "Inmate Restitution Fine/Direct Order Collection" form for the
3. plaintiff (see pg #44 of exhibits for complaint). You did personally list
4. San Francisco Superior Court (SFSC) Case #1849874 "as the new"
5. controlling case for plaintiff's conviction entered on 6-16-06. Can
6. you produce the official court document where you obtained case
7. information for SFSC Case#1849874, or explain why you can't do
8. so?
9.
10. **Intr 6:** On 7-26-06, was it your intention to impose a "new" or an
11. "adjusted" restitution order on the plaintiff's trust account?
12.
13. **Intr 7:** On 6-16-06, the superior court ordered in SFSC Case #189987,
14. a reduction in plaintiff's restitution fine from $600 dollars to
15. $200 dollars. In August 2006, the plaintiff's family was informed
16. by the Trust Accounting Department at CSATF/SP that plaintiff's
17. restitution balance was over $700 dollars, and that if this amount
18. were incorrect, it would take "Sacramento" at least 26) months
19. to correct the error. Is it standard procedure for "Sacramento" to
20. correct institutional accounting errors or an institution?
21.
22. **Intr 8:** On 1-30-07, in First Appellate District Court Case #A116196,
23. the appellate court requested an informal response to the plaintiff's
24. habeas corpus allegations that CDCR had embezzled from and
25. improperly imposed fines upon his inmate trust account. On 2-13-07,
26. CSATF/SP CCRA T. Barnett completed a CDC1497A "Inmate Restitution
27. Adjustment to Fine/Direct Order Collection" form, adjusting plaintiff's
28. restitution to $200 dollars as ordered by the superior court.
29. Around this period, from 1-30-07 to 2-13-07, were you or anyone
30. else contacted at CSATF/SP by the Office of the Attorney General
31. regarding these matters? If so, please explain the subject matter
32. of the communications.

Interrogatories /S. Mendonca   Set-3      - 2 of 4 -
NDCal #C07-3575 MJJ

125

1. <u>Intr 9</u>: How did CCRA T.Burnett obtain the authority to "adjust"
2  plaintiff's ordered amount of restitution when plaintiff's family
3  was informed that only "Sacramento" could do so?
4

5  <u>Intr 10</u>: At the time of your 7-26-06 completion of the CDC 1497 form,
6  were you aware that a CDC1497A form existed?
7

8  <u>Intr 11</u>: Prior to issuing a "new" order for restitution on 7-26-06,
9  were you, or anyone else in your office or the Trust Accounting
10 Office at CSATF/SP, contacted by anyone from San Quentin
11 State Prison (SQSP) or Administration at CSATF/SP regarding
12 plaintiff's restitution?
13

14 <u>Intr 12</u>: Did you, or anyone in your office, directly participate in
15 the extraction of $69.74 from plaintiff's "concealed" funds,
16 which were paid towards restitution?
17

18 <u>Intr 13</u>: How was it possible for CDCR to extract $69.74 on
19 7-26-06 from monies which were not deposited into the
20 plaintiff's trust account until 8-24-06? (see pg#6-8 of exhib.7s).
21

22 <u>Intr 14</u>: Plaintiff's 8-15-06 certified trust account statement printed
23 at CSATF/SP shows that "copy" and "postage" holds in the amount
24 of $13.98 dated 4-7-05, 5-6-05 and 9-27-05, respectively, were
25 placed against his account. (pg#8 of exhibits). Plaintiff's 9-11-06
26 statement shows that the date of those "holds" were
27 modified to appear as being placed against his account on 8-24-06,
28 and $13.98 was extracted from his account on that day. Did
29 you personally participate in, or have direct knowledge of
30 whomever extracted these funds from the plaintiff's account,
31 and if so, what were the name(s) of the person(s) responsible?
32 //

Interrogatories /S. Mandarin Set 3         -3of4-
NDCal #C07-3575 MIJ

26

1  Intr 15: Did you willfully, with intent to injure plaintiff in
2  person or property, or with intent to deprive him of any rights,
3  privileges and/or immunities secured by the laws or Constitution
4  of the United States, participate in any artifice or scheme to
5  defraud or any other unlawful activity, or conspire to commit
6  any such artifice or scheme against the plaintiff?
7
8
9  Date: Sept 23, 2007                    Respectfully submitted,
10                                         X _____
11                                         Francois P. Givens # T-88212
                                           Plaintiff, In Pro Se.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

Interrogatories / S. Mendirica Set 3        - 4 of 4 -
NDCal # C07-3575 MJJ

27

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Francois P. Givens vs. City and County of San Francisco Case #C-07-3575 MJJ (PR)

## CERTIFICATE OF SERVICE

I, the undersigned, do herby declare under the penalty of perjury of the laws of the United States that all information presented in this Certificate of Service is to the best of my knowledge, TRUE and ACCURATE.

I am a citizen of the United States, currently residing in the County of ___Solano  CA.___ On this day, I did place either original or exact copy of the following documents, and placed them in envelopes with sufficient postage, addressed as follows:

a) **Written Interrogatories S. Mendonca CCRA /CSATF**

1) S. Mendonca, CCRA                    2) Office of the Attorney General
   CSATF/SP                                 Patricia Webber-Heim D.A.G.
   900 Quebec Ave.                          450 GOLDEN Gate Ave. # 11000
   Corcoran CA. 93212                       San Francisco CA. 94102

3) Francois P. Givens T-86266
   CRC 404 9-UP
   P.O. Box 3535
   Norco CA. 92860

These envelopes were deposited in an official U.S. Mail depository in the city of ___Vacaville___ CA. on this day.

SWORN TRUE ON THIS __26__ DAY OF _September_ , 2007 IN VACAVILLE CA.

X _Edmond W. Givens_

Edmond W. Givens
166 Tahoe Drive
Vacaville CA. 95687-5529

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24                      APPENDIX "F"
25
26
27
28

29

1  Francois P. Givens, #T-86266
   California Rehabilitation Center
2  P.O. Box 3535
   Norco, Ca., 92860
3  Plaintiff, In Pro Se.

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9

10

11  FRANCOIS P. GIVENS,              ) Case No: C07-3575 MJJ

12    Plaintiff,                     ) REQUEST FOR ADMISSIONS

13  v.                               ) JAMES TILTON, Secretary, CDCR

14  JAMES TILTON, Secretary, CDCR, et al.,  ) Set 1

15    Defendants                     ) (FRCivP 36)

16

17  To: JAMES TILTON, Secretary, CDCR.

18

19   Plaintiff, FRancois P. Givens, submits the following request for admissions

20  for the above entitled action. Pursuant to Federal Rule of Civil Procedure

21  (FRCivP) 36, each matter is deemed admitted unless a timely response has been

22  provided in accordance with this Rule, and denies, either in full or in part,

23  the matters contained herein.

24

25  Admission 1: San Quentin State Prison (SQSP) is one of the older penal
    institutions within California.
26
    Admission 2: Because of the age of SQSP, the facilities at the prison require
27  greater maintenance than newer prisons within California.

28  //
    Request For Admission/James Tilton Set 1    - 1 of 3-
    ND Cal C07-3575 MJJ

1  Admission 3: Because of SQSP's location on the San Francisco Bay, ventilation systems and plumbing fixtures are routinely covered in "growths" caused by
2  fungus, algea or other micro-organisms which thrive in the waters of the bay.

3  Admission 4: In or around 2006, SQSP's "Donner Section" was designated as Administrative Segregation (Ad-Seg).
4
   Admission 5: At the time of plaintiff's 7-11-06 arrival at SQSP, "Alpine
5  Section" was designated as an "SNY" facility (Special Needs Yard).

6  Admission 6: On 7-11-06, although the plaintiff had just been transferred from general population at the San Francisco County Jail, Receiving and Release
7  (R&R) at SQSP was made aware that the plaintiff was currently endorsed on an SNY facility at CSATF/SP, yet elected to place the plaintiff in Ad-Seg.
8
   Admission 7: On 7-11-06, no case factors existed within plaintiff's prison
9  file which precluded his placement in Alpine Section or mandated his placement in Ad-Seg.
10
   Admission 8: At plaintiff's July 2006 classification hearing at SQSP, the
11 committee elected to retain the plaintiff in Ad-Seg, rather than release the plaintiff to the SNY facility at SQSP.
12
   Admission 9: On 7-11-06, SQSP had a policy which required all prisoners who
13 were being placed in Ad-Seg, to be cuffed with their hands behind their back and, if they were in the R&R area, walk over 1/2 mile with their hands in that
14 position.

15 Admission 10: On 7-11-06, SQSP did not provide reasonable accommodations for disabled/mobility impaired prisoners in assisting them to carry their property
16 from R&R to Ad-Seg while handcuffed.

17 Admission 11: SQSP R&R Reciept#157412 shows that on 7-11-06, the plaintiff was received at SQSP with $174.37 transferred from his trust account at the
18 county jail.

19 Admission 12: Plaintiff's certified trust account statement printed at CSATF/SP on 8-15-06 shows that as of that date, plaintiff's funds from the county jail
20 had not been placed in his CDCR trust account.

21 Admission 13: Plaintiff's 8-15-06 trust certified trust account statement shows that on 7-26-06, restitution in the amount of $69.74 was paid towards a $600
22 dollar restitution fine attached to the plaintiff's trust account and also reflects a negative balance in his trust account for the amount of (-$13.98).
23
   Admission 14: Title 15 of the California Code of Regulations (CCR)§3134,
24 "Indigent Inmates" provides, in relevant part, "[A] charge will not be placed against future deposits to the inmate's trust account to recover the cost of
25 materials and postage provided while the inmate was without funds" (Id).

26

27
   //
28 Request For Admissions/James Tilton Set 1    - 2 of 3 -
   ND Cal CO7-3575 MJJ

1   **Admission 15:** On 8-24-06, the remainder of plaintiff's funds which had not
    been placed in his trust account, were placed in his trust account after the
2   extraction of funds for restitution. Legal copy and postage holds dating back
    to January 12, 2005 were modified to appear as being placed against the
3   plaintiff's trust account on 8-24-06, with funds for those holds (13.98) being
    extracted on 8-24-06.

4

5   **Admission 16:** On 1-30-07, the First Appellate District Court of Appeal requested
    an informal response from the State Attorney General to plaintiff's allegations
    of embezzlement in Case#A116196. On 2-14-07, $53.39 was paid back into the
6   plaintiff's trust account by the Trust Accounting Department at CSATF/SP. The
    Defendants 3-6-07 response to plaintiff's allegations admitted that monies
7   in excess of the fines ordered by the superior court had been extracted by
    CDCR from the plaintiff's account, but stated that the issue was moot because
8   the monies had been returned to his account.

9   **Admission 17:** The 8-16-07 classification committee at CSATF/SP, which made
    a recommendation to transfer the plaintiff to the new men's SNY facility at
10  the California Rehabilitation Center, did so against the plaintiff's express
    wishes and in violation of Federal Rule of Appellate Procedure 23.
11

12  **Admission 18:** The decision to transfer the plaintiff to CRC was done after
    the issuance of plaintiff's 8-9-07 order to show cause in ND Cal Case#C07-3575
13  MJJ and the 8-9-07 order of service of process against the defendants in this
    action.

14  **Admission 19:** Since the time of the plaintiff's arrival on the A-yard facility
    at CSATF/SP (12-28-05), the approved hours of operation for the A-yard law
15  was Tuesday through Saturady, 9:00 - 11:30 a.m. and 12:00 - 3:30 p.m
    (approximately 36 hours per week), and at the time of the issuance of this
16  Court's orders, the hours of operation had been reduced to no more than 18
    hours per week.
17

18  **Admission 20:** Currently, the law library at the men's SNY facility at CRC does
    not provide legal copies, writing materials, envelopes or legal forms for
19  prisoners.

20  Date: _October 8, 2007_

21                                              X _____
                                                Francois P. Givens,#T-86266
                                                Plaintiff, In Pro Se.

22

23

24

25

26

27

28  Request For Admission/James Tilton Set 1    - 3 of 3 -
    ND Cal C07-3575 MJJ

| 32 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Francóis P. Givens vs. City and County of San Francisco Case #C-07-3575 MJJ (PR)

**CERTIFICATE OF SERVICE**

    I, the undersigned, do herby declare under the penalty of perjury of the laws of the United States that all information presented in this Certificate of Service is to the best of my knowledge, TRUE and ACCURATE.

    I am a citizen of the United States, currently residing in the County of __Solano_ CA. On this day, I did place either original or exact copy of the following documents, and placed them in envelopes with sufficient postage, addressed as follows:

a) **REQUEST FOR ADMISSIONS**

1) CDCR
James Tilton Secretary
P.O. BOX 942883
Sacramento CA. 94283-0001

2) Office of the Attorney General
Patricia Webber-Heim D.A.G.
455 Golden Gate Ave. # 11000
San Francisco CA. 94102

3) Francois P. Givens T-86266
Cal. Rehab. Center 408 1-UP
P.O. Box 3535
Norco CA. 92860
[ Original sent ]

    These envelopes were deposited in an official U.S. Mail depository in the city of __Vacaville_ CA. on this day.

SWORN TRUE ON THIS _15_ DAY OF _OCTOBER_ , 2007 IN VACAVILLE CA.

X _Edmond W. Givens_
Edmond W. Givens
166 Tahoe Drive
Vacaville CA. 95687-5529