EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5739
  Fax: (415) 703-5843
  Email: Robert.Duncan@doj.ca.gov

Attorneys for Defendants O. Nollette and James E. Tilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES TILTON, et al.,<br><br>            Defendants. | C 07-3575 MJJ (PR)<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

## INTRODUCTION

On January 7, 2008, Defendants Nollette and Tilton (Defendants) filed a non-enumerated motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. (Defs.' Not. Mot. & Mot. Dismiss; Memo. P. & A.) Defendants' motion to dismiss was based on Plaintiff Francois P. Givens's failure to exhaust his administrative remedies for any of the recognized claims concerning his incarceration at San Quentin State Prison (San Quentin) in July of 2006. (*Id.*) The Court found that Givens stated cognizable claims for violation of his constitutional rights

Defs.' Reply Pl.'s Opp'n Mot. Dismiss                    *F. Givens v. J. Tilton, et al.*
                                                                                     C 07-3575 MJJ (PR)

1

1  under § 1983 at San Quentin by alleging that James Tilton, Sergeant Nollette, S. Mendonca: (1) improperly appropriated money from his prison trust account, (2) retaliated against him for his filing lawsuits and confiscated his legal papers; and (3) subjected him and other African-American inmates to "inhumane" living conditions, in particular to malfunctioning sewage and waste disposal systems in the prison cells, while not exposing white and Hispanic inmates to the same conditions. (Order of Service at 1-2.)

Defendants moved to dismiss the case under 42 U.S.C. § 1997e(a), a provision of the Prison Litigation Reform Act (PLRA), because inmates must exhaust their administrative remedies before filing any suit challenging prison conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Givens filed his opposition to the motion to dismiss on February 21, 2008. In his opposition, Givens counters that he exhausted administrative remedies for two of the recognized claims by submitting an inmate appeal, on August 20, 2006, to San Quentin Warden Ayers alleging a policy of inaction that allowed subordinate officers to embezzle prisoner funds. (Pl.'s Opp'n Defs.' Mot. Dismiss 2:15-26.) Givens contends that his administrative appeal was a citizens' complaint challenging departmental policy that entitled him to bypass the informal level of review. (*Id.*) However, as the appeals coordinators and the chief of the inmate appeals branch explained the appeal was not entitled to bypass the informal level of review. (Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss (Decl. Dacanay) ¶ 10-11; Decl. N. Grannis Supp. Defs.' Mot. Dismiss (Decl. Grannis) ¶ 9.) Since Givens refused to submit his appeal to the trust department for an informal level review, and did not exhaust the claim of inhumane living conditions. Givens did not exhaust his administrative remedies with respect to the claims that the Court found cognizable. Therefore the case must be dismissed without prejudice.

Defs.' Reply Pl.'s Opp'n Mot. Dismiss

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

# ARGUMENT

## I.

### GIVENS'S ADMINISTRATIVE APPEAL CONCERNING THE MISHANDLING OF TRUST ACCOUNT FUNDS AND LEGAL MATERIALS AT SAN QUENTIN WAS NOT ELIGIBLE TO BYPASS THE INFORMAL LEVEL OF REVIEW.

Generally informal level review is required before an appeal may be accepted for formal level review. *See* Cal. Code Regs., tit. 15, § 3084.5(a). Informal review provides the appellant and the staff involved in the action with an opportunity to resolve the matter informally. *See Id.* Each institution head designates an appeals coordinator to screen and categorize the administrative appeals for compliance with the regulations, and coordinate the processing of the appeals. *Id.* § 3084.3(a). An inmate appeal may be rejected or screened-out if the inmate does not provide evidence of an attempt to resolve the grievance at the informal level. *Id.* § 3084.3(c)(4). Givens's August 20, 2006 appeal alleges that San Quentin trust personnel failed to transfer trust account funds in a timely manner, and that his legal materials were improperly detained for four days. (Compl. Ex. A, 3.) Givens provides no evidence that he attempted to contact the trust department staff or correctional officer, in order resolve the trust account or legal materials claims informally.

Givens initially mailed his administrative appeal to the warden at San Quentin and "various other state officials." (Pl.'s Opp'n Defs.' Mot. Dismiss 2:15-16; Compl. Ex. A, 9.) On September 6, 2006, the San Quentin appeals coordinators received Givens's appeal, despite the fact that Givens had not submitted it to the appeals coordinators. (Compl. Ex. A, 2, 9.) Appeals coordinators, W. Jeppeson and R. Chandler-Dacanay, screened and rejected the appeal because Givens had not provided evidence of an informal level response. (Compl. Ex. A, 1.) Appeal Coordinator, W. Jeppeson, provided a handwritten note on the Inmate/Parolee Screening Form directing Givens to submit the appeal to the trust department for informal level review. (Compl. Ex. A, 1; Decl. Dacanay ¶ 8.) Despite the explicit instruction from Appeals Coordinator Jeppeson, Givens chose to ignore proper appeal procedure and resubmit the appeal to the San Quentin appeals coordinators and warden on September 19, 2006. (Compl. Ex. A, 10-11.)

Defs.' Reply Pl.'s Opp'n Mot. Dismiss

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

3

The Supreme Court held that "proper exhaustion" of the mandatory exhaustion requirement under § 1997e(a) is necessary. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006) "Proper" exhaustion of administrative remedies requires that grievances be filed within institutional time limits and without other procedural defects. *Id.* The Supreme Court reiterated that "prisoners must complete the administrative review process in accordance with the applicable procedural rules, . . . . rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal citations and quotation marks omitted) (quoting *Woodford*, 126 S. Ct. at 2384). Therefore, "compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id.* Thus the trust account and retaliation claims were not properly exhausted and must be dismissed.

Givens claims that the appeal is entitled to bypass the informal level of review because: (1) the appeal challenges a departmental policy, (2) the appeals coordinator determined that the appeal could not be resolved informally, and (3) the appeal alleges misconduct by a departmental peace officer. (Pl.'s Opp'n Defs.' Mot. Dismiss 6:25-28, 7:1; Compl. Ex. A, 10.) The California Code of Regulations specifies the types of appeals that are exempt from the informal review level of review, and includes the three categories mentioned by Givens. Cal. Code Regs., tit. 15, § 3084.5(a)(3)(D),(F),(G). However, the evidence fails to support Givens assertion that his appeal falls into one of the three categories.

Givens describes the appeal as a "formal Citizen's Complaint [under the California Penal Code § 832.5] against the Warden at SQSP for his failure to ensure that subordinate officers adhere to regulations . . . [and] that the Warden at SQSP promulgates a policy/custom of inaction which allows subordinate officers to 'embezzle' inmate funds." (Compl. Ex. A, 2.) Givens claims that his appeal does "not challenge an 'action' or 'decision' which will be resolved informally." (Compl. Ex. A, 10.) Despite Givens's assertion that the appeal is a citizen's complaint, or alternatively challenges departmental policy, the appeals coordinators at San Quentin made the determination that Givens's appeal challenged an action of the San Quentin trust department and required review at the informal level. (Compl. Ex. A, 2.) If Givens disagreed with this determination by the appeals coordinators, the proper procedure would have

Defs.' Reply Pl.'s Opp'n Mot. Dismiss    *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

4

1  been to resubmit the Inmate/Parolee Appeals Screening Form to the appeals coordinators
2  providing support that the appeals coordinators determination was in error. (Compl. Ex. A, 1;
3  Decl. Dacanay ¶ 9.) The lack of a date stamp on the Inmate/Parolee Appeals Screening Form
4  indicates that Givens did not resubmit it to appeals coordinators for reconsideration of the screen-
5  out decision. (*Id*.) In fact, Givens has failed to provide any evidence that the decision of the
6  appeals coordinators was challenged despite prison administrators' instructions to do so.

7        Even if the decision of the appeals coordinators was properly challenged, the evidence
8  establishes that Givens's appeal was a regular administrative appeal, not an appeal challenging
9  departmental policy, or an appeal alleging misconduct by a peace officer. California Penal Code
10 § 832.5, cited by Givens in his appeal as the basis for his complaint against the warden,
11 establishes procedures for investigating citizens' complaints of criminal behavior against peace
12 officers. S*ee* Cal. Penal Code § 832.5. Peace officers include any "sheriff, undersheriff, or
13 deputy sheriff . . . any chief of police of a city or chief, director, or chief executive officer of a
14 consolidated municipal public safety agency that performs police functions." *Id*. § 830.1.
15 California Penal Code §§ 830-832.9 concern the activities of peace officers, not wardens or trust
16 department personnel. *Id*. §§ 830-832.9. Despite Givens's assertion that Penal Code § 832.5 is
17 relevant, the section concerns peace officer malfeasance, and is inapplicable to the mishandling
18 of trust account funds. Alternatively, Givens asserts that his appeal challenges a departmental
19 policy of inaction that allows for the mishandling of trust account funds. (Compl. Ex. A, 2.)
20 However, Givens provides no evidence of a policy or custom of mishandling inmate trust funds
21 at San Quentin, he merely asserts that the transfer of his funds from San Quentin to the California
22 Substance Abuse Treatment Facility was delayed for a month. (Compl. Ex. A, 2-3; Decl.
23 Grannis ¶ 9; Decl. Dacanay ¶ 10.) In addition, there is abundant evidence that the appeals
24 coordinators determined that informal level review was the appropriate course of action.
25 (Compl. Ex. A, 1; Decl. Grannis ¶ 9; Decl. Dacanay ¶ 10-11.) Therefore, the claims must be
26 dismissed because they were not properly exhausted under the prison grievance requirements.
27 *See Jones*, 127 S.Ct. at 922.

28       Givens fails to establish that: (1) the appeal was entitled to bypass the informal level of

Defs.' Reply Pl.'s Opp'n Mot. Dismiss        *F. Givens v. J. Tilton, et al.*
      C 07-3575 MJJ (PR)

review, or (2) that he properly challenged the screen-out of the appeal.

## II.

### GIVENS FAILED TO SUBMIT AN ADMINISTRATIVE APPEAL CONCERNING HIS ALLEGATION THAT HE AND OTHER AFRICAN AMERICAN INMATES WERE SUBJECT TO INHUMANE LIVING CONDITIONS AT SAN QUENTIN.

As stated, the only administrative appeal concerning Givens's incarceration at San Quentin in July 2006, is the appeal dated August 20, 2006, that alleges improper handling of the funds in his inmate trust account at San Quentin. (*See* Decl. Dacanay ¶ 8; Compl. Ex. A, 2.) Givens attached this appeal to his Complaint, and claims that it satisfies the administrative exhaustion requirement for this lawsuit. (Compl. Ex. A.) The appeal briefly mentions the alleged mishandling of Givens's legal materials, (Compl. Ex. A, 3), but it fails to mention Givens's claim that he and other African-Americans were subjected to inhumane living conditions at San Quentin during July of 2006.

Between July 11, 2006, the date Givens arrived at San Quentin, and July 11, 2007, the date Givens filed this action, only four of inmate Givens's administrative appeals were exhausted at the director's level of review. (Decl. N. Grannis Supp. Defs.' Mot. Dismiss (Decl. Grannis) ¶ 4, Ex. A.) Of the four administrative appeals that were exhausted at the director's level of review, none of four related to the claims found in Givens's Complaint, and all concerned events at the California Substance Abuse Treatment Facility. (Decl. Decl. R. Gomez Supp. Defs.' Mot. Dismiss (Decl. Gomez) ¶¶ 8-11, Exs. B-E.) Givens's only administrative appeal that related to the events that occurred at San Quentin in July of 2006 did not include a claim that he and other African-Americans were subjected to inhumane living conditions. (Compl. Ex. A, 2-3.)

Therefore, Givens failed to exhaust his claim that Defendants subjected him and other African-American inmates to "inhumane" living conditions at San Quentin.

Defs.' Reply Pl.'s Opp'n Mot. Dismiss

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

## CONCLUSION

Givens failed to comply with the PLRA's requirement that all available administrative remedies be exhausted before filing suit because he failed to exhaust the claims that: (1) money was improperly appropriated from his prison trust account, (2) Defendants retaliated against him for his filing lawsuits and confiscated his legal papers, and (3) Defendants subjected him and other African-American inmates to "inhumane" living conditions. There is no evidence that any of these claims were exhausted. Givens's refusal to submit his administrative appeal to the informal level of review, and failure to properly challenge the screen-out, is insufficient to demonstrate exhaustion. In addition, Givens failed to submit any administrative appeal that he and other African-American inmates were subject to "inhumane" living conditions at San Quentin. Because Givens has not exhausted his administrative remedies for these claims before filing suit, Defendants respectfully request that this action be dismissed without prejudice. 42 U.S.C. § 1997e(a).

Dated: March 6, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*/s/ D. Robert Duncan*

D. ROBERT DUNCAN
Deputy Attorney General
Attorneys for Defendants O. Nollette and James E. Tilton

40224504.wpd
SF2007200722

Defs.' Reply Pl.'s Opp'n Mot. Dismiss

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **F. Givens v. J. Tilton, et al.**

No.:   **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 6, 2008</u>, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405 8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 6, 2008, at San Francisco, California.

_____                    _____
            L. Santos                                                                               Signature
            Declarant

40226279.wpd