1  Francois P. Givens, #T-86266
2  CRC
   P.O. Box 3535
3  Norco, Ca., 92860
   Plaintiff, In Pro Se.

FILED
08 MAR -3 PM 2:06
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | ) Case No: C07-3575 MJJ(PR) |
| Plaintiff, | ) OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY |
| v. | ) PENDING DEFENDANT'S MOTION TO DISMISS AND MOTION |
| JAMES TILTON, et al., | ) TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY |
| Defendants. | ) REQUEST(S). |

THE HONORABLE JUDGE MARTIN J. JENKINS

NORTHERN DISTRICT OF CALIFORNIA

Opposition to Stay/Motion to Compel    - i -
ND Cal C07-3575 MJJ(PR)

TABLE OF CONTENTS

Nature of Opposition / Motion to Compel .............1

Memorandum of Points and Authorities
  Statement of Case .......1 - 3

  Argument
  I. DEFENDANTS HAVE FAILED TO PARTICIPATE IN GOOD FAITH DISCOVERY .......3 - 5

  II. COURTS DO NOT FAVOR DELAYS IN DISCOVERY .......5 - 6

  III. DEFENDANTS HAVE FAILED TO MEET HEAVY BURDEN OF SHOWING WHY DISCOVERY
       SHOULD BE DENIED ............7

  IV. DISCOVERY SOUGHT IS GERMANE TO PLAINTIFF'S CLAIMS .......8 - 9

  V. PLAINTIFF HAS BEEN PREJUDICED BY DEFENDANTS' FAILURE TO ANSWER
     DISCOVERY REQUESTS ............9

Conclusion ............10

Footnotes .....10 - 11

Declaration ............11

Certificate of Service ..........iii

Opposition to Stay/Motion to Compel    - ii -
ND Cal C07-3575 MJJ

<u>Nature of Opposition / Motion to Compel</u>

Plaintiff, Francois P. Givens, does hereby oppose Defendant's request to stay discovery pending this Court's ruling on the Defendants' motion to dismiss the operative complaint for this action. Grounds for opposition are: (1) Defendants have not participated in good-faith discovery; (2) courts do not favor delays in discovery; (3) Defendants have failed to meet their heavy burden of showing why discovery should be denied; (4) the discovery sought is germane to Plaintiff's claims; and (5) actual and substantial prejudice to Plaintiff will occur if discovery is denied.

Because Defendants have and continue to abuse the discovery process by denying Plaintiff access to key relevant evidence which is material to his claims, Plaintiff does request that this Court compels Defendants to disclose the evidence sought by Plaintiff.


MEMORANDUM OF POINT AND AUTHORITIES

STATEMENT OF CASE

Plaintiff, Francois P. Givens (herein 'Givens') filed this civil rights action under 42 USCS§1983 on 7-11-07. This Court recognized three cognizable claims in the operative complaint: (1) embezzlement of funds from Givens' prison trust account; (2) confiscation of Givens' legal materials in retaliation for his filing of grievances and lawsuits; and (3) subjecting Givens and other similarly situated African-American prisoners to inhumane living conditions. The initial violations occurred at San Quentin State Prison (SQSP) between 7-11-06 and 7-26-06, however, continuous similar and related violations occurred at CSATF/SP in Corcoran, Ca. and the California Rehabilitation Center (CRC) in Norco, Ca.

On 8-9-07, this Court did order service of process on Defendants James Tilton, R&R Sgt. O.Nollette and S.Mendonca by the US Marshal (8-9-07 order at 2-3), stating that the Clerk of this Court "[s]hall also mail a courtesy copy of this order and the complaint to the California Attorney General" (Id., at 3). On that same day, this Court did also authorize discovery by the parties in this action (Id., at 5). Givens received his copy of the 8-9-07 order on 8-16-07.

On 8-17-07, summons did issue for Defendants Tilton, Nollette and Mendonca (Docket#7, this action). Shortly thereafter, on 9-10-07, Givens experienced what he perceived to be a retaliatory

1  wanted this Court to rule on his motion to dismiss before disclosure.

2  During the conference, Duncan would not admit that the US Marshal had effected proper service on Tilton and Nollette prior to his 11-6-07 waiver of service, and claimed not to have knowledge of when the Office of the Attorney General received their courtesy copy on the 8-9-07 order and operative complaint. Because Defendants have not participated in discovery "in good-faith", Givens informed Duncan that he would not agree to stay discovery to allow Defendants a better chance at avoiding issues which are relevant to Givens' claims in this action.

On 2-13-08, Givens did submit his opposition to Defendant's motion to dismiss, in conjunction with a First Amended complaint for this action. In that amended complaint, Givens named additional Defendants who have inflicted the same and or related constitutional deprivations as those which are cognizable in the operative complaint. Because Givens did also name the Office of the Attorney General as Defendants in the first amended complaint, Givens did serve California Attorney General Edmund G. Brown, Jr. with a copy of the complaint and opposition on 2-18-08.

On 2-15-08, Defendants filed a motion to stay discovery, based on the ground that it would be unduly burdensome for Defendants to respond to the written interrogatories initially served on Defendants on 9-24-07, if this Court granted their motion to dismiss. This argument does not provide the basis to deny discovery, insofar as the proper remedy when administrative exhaustion has not occurred is to dismiss the complaint without prejudice to refiling. Givens has made good-faith efforts to participate in discovery, while Defendants have not only failed to participate in discovery, "in good-faith", but have also failed to meet their heavy burden of proof necessary to show why discovery should be denied. Accordingly, Givens has filed this motion opposing denial of discovery and requesting that this Court compels disclosure of Defendant Nollette's written responses to interrogatories.

ARGUMENT

I. DEFENDANTS HAVE FAILED TO PARTICIPATE IN GOOD FAITH DISCOVERY

A. Protective Orders
..."Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other

Opposition to Stay/Motion to Compel    - 3 of 11 -
ND Cal C07-3575 MJJ

1  (Doe by & Through Rudy-Glanzer v. Glanzer(C.A.9 2002)232 F.3d 1258,1264). With there being
2  "independent evidence" that Defendants Tilton and Nollette, and/or their attorneys were served
3  by proper "authority asserting measures" (Murphy Brothers, Inc. v. Michetti Pipe Stringing,Inc
4  (1999)526 US 344,350) before 11-6-07, Defendants had an affirmative duty to respond to all
5  discovery requests within (30) days of receipt of service, which did not occur in this case.
6
7  Accordingly, Defendants have acted in bad-faith during the discovery process, warranting
8  sanctions of admission, preclusion and adverse inference.
9
10  II. COURTS DO NOT FAVOR DELAYS IN DISCOVERY
11  ..."[A] motion to stay discovery is tantamount to a request for a protective order and...motions for a protective order which seek to prohibit or delay discovery are not favored"...Saleh v.
12  Titan Corp(SD Cal 2005)361 F.Supp.2d 1152,1170, quoting Kron Medical Corp v. Groth(MDNC 1988)119 F.R.D 636, 637.
13  Defendants have moved to delay discovery through a protective order (FRCivP 26(c)), based upon
14  their assertion that the "[b]urden or expense of the proposed discovery outweighs its likely benefit
15  taking into account the needs of the case...and the importance of the proposed discovery in
16  resolving issues" (FRCivP 26(b)(2), in part; see Motion to Stay Discovery at 3). This reasoning
17  only takes into account Defendants' desire to dismiss this case, without consideration of the
18  pending motion for sumary judgment submitted by Givens, or the needs of this case.
19  The importance of Defendant Nollette's interrogatories is clearly evidenced within the
20  interrogatories (see 2-15-08 Declaration, Exhibit "A"). In the interrogatories, Givens has sought
21  the identity of the official "bailee" (PCS2085) of his property and funds at SQSP (Id., Intr 5),
22  whether SQSP, at the time of the events relevant to this case, provided reasonable accomodations
23  for mobility impaired prisoners in Ad-seg (Id., Intr 6) and other specific evidence reasonably
24  calculated to elicit evidence of retaliation by Nollette, as well as his subjective state of mind
25  on 7-11-06 (Id., Intr 7-12, 15, 18-21)(fn1). Deliberate indifference to constitutional rights of
26  citizens of the United States need not be established by a showing of "express intent to inflict"
27  constitutional deprivations, but may be shown by conduct which demonstrates a level of "obdurcy
28  and wantoness" greater than simple "inadvertence or error in good faith" (Whitley v. Albers(1986)

Opposition to Stay/Motion to Compel      - 5 of 11 -
ND Cal C07-3575 MJJ

475 US 312, 319). Clearly, inquiry into the culpability of Nollette's state of mind is warranted.

Defendants argue that production of this evidence would be unduly burdensome if their motion to dismiss the operative complaint is granted (Motion to Stay Discovery at 1). This speculative argument by Defendants is misplaced. If this Court does dismiss the operative complaint for Givens' failure to exhaust administrative remedies, the law in this Circuit regarding pre-suit exhaustion under the Prison Litigation Reform Act (PLRA 42 USCS1997e(a)) is well established:

> ..."A district court must <u>dismiss</u> a case <u>without prejudice</u> where there is no presuit exhaustion, even if there is exhaustion while suit is pending"...McKinney v. Carey(C.A.9 2002)311 F.3d 1198, 1200 (fn2).

Black's Law Dictionary (Abridged, 8th Ed 2005) defines "dismissed without prejudice" as, "[r]emoved from the court's docket in such a way that the plaintiff may refile the same suit on the same claim" (Id). This Court has previously dismiss suit by Givens without prejudice when this Court determined that there had not been presuit exhaustion (C02-4764 MJJ). Irregardless of whether Givens has exhausted administrative remedies, the evidence sough in the discovery request is germane to the cognizable claims which Givens will again present to this Court should Defendants' motion to dismiss be granted.

> ..."Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party" (FRCivP 26(b)(1))." 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute' " (Moon v. SCP Pool Corp(CD Cal 2005)232 F.R.D 633, 636). Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial (Jones v. Commander, Kansas Army Ammunitions Plant (D.Kan 1993)147 F.R.D 248,250). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting it's objections"...US ex rel. O'Connell v. Chapman University(CD Cal 2007)2007 WL 1982198, *2.

Defendants have failed to clarify, justify and explain how production of evidence at this time is a greater burden than it would be after additional exhaustion has occurred. Because the facts as they pertain to the events which occurred on 7-11-06 will not change, Givens will continue to seek this evidence, hence, Defendants' attempt at delaying the discovery of such evidence is unjustified, and warrants an order by this Court to compel it's disclosure.

//

1  III. DEFENDANTS HAVE FAILED TO MEET HEAVY BURDEN OF SHOWING WHY DISCOVERY SHOULD BE DENIED

2  "[U]nder liberal discovery principles of federal rules, "those opposing discovery are required
3  to carry a heavy burden of showing why discovery should be denied" (Blankenship v. Hearst Corp(C.A.9
4  1975)519 F.2d 418, 429). Defendants have failed to make a showing that responding to Nollette's
5  interrogatories at this point in time is unduly burdensome and not relevant to the issues presented
6  in tis case. Defendants have also failed to show how responding to the request will prove any more
7  burdensome than the other interrogatories and other discovery requests which Defendants have already
8  answered.

9  Defendants have requested a protective order to stay discovery under FRCivP 26(c). Defendants
10 have not asserted any privilege associated with the evidence which they choose to protect (FRCivP
11 26(b)(5). In failing to plead privilege in a "simple, concise, and direct" manner (FRCivP 8(e)(1)),
12 or responding to interrogatories by asserting privilege, Defendants may have waived their ability
13 to assert this defense (see Chilicky v. Schweiker(C.A.9 1986)796 F.2d 1131,1136; Hadley v. US(C.A.9
14 1995)45 F.3d 1345,1348; Grant v. Phoenix Mutual Life Insurance Co.(1887)121 US 105; NHL v.
15 Metropolitan Hockey Club,Inc(1976)427 US 639). However, in this case, federal common law governs
16 the rules of privilege:
17 ..."[A]s a preliminary matter, the Court must first address whether the federal common law on privilege should apply. In federal question cases, federal privilege law applies (NLRB v. North Bay Plumbing Inc(C.A.9 1996)102 F.3d 1005, 1009). State privilege law may be considered if
18 enlightening (Tennenbaum v. Deloitte & Touche(C.A.9 1996)77 F.3d 337,340). However, state law cannot supply the rule of decision"...North Pacific LLC v. City of Pacifica(ND Cal 2003)274
19 F.Supp.2d 1118.

20 Ultimately, in federal questions cases, federal common law principles supply the rule of
21 privilege (Id.; see also Lewis v. US(C.A.9 1975)517 F.2d 236,237; FRE 501). Because of these
22 principles, information contained within Defendant Nollette's personnel file is not privileged
23 information in which a protective order would prevent it's disclosure (see Welsh v. City and County
24 of San Francisco(ND Cal 1995)887 F.Supp 1293)(fn3).

25

26 Accordingly, because Defendants have failed to meet their heavy burden of persuasion which would
27 justify their request for the protective order, their request to stay discovery should be denied.
28 //

Opposition to Stay/Motion to Compel        - 7 of 11 -
ND Cal C07-3575 MJJ

IV DISCOVERY SOUGHT IS GERMANE TO PLAINTIFF'S CLAIMS

A. <u>Right to Discover Nonprivileged Information</u>

..."Under Federal Rule of Civil Procedure 26(b)(1), each party has the right to discover nonprivileged information "relevant to the claim or defense of any party" (Id). Rule 26 (b)(1) also permits the court, for "good cause", to order discovery of information relevant to the subject matter involved in the action. Relevance is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party (Pitney Bowles,Inc v. Kern International,Inc (D.Conn 2006)239 F.R.D 62,65). The responding party must produce not only information which is admissible as evidence, but also information which is reasonably calculated to lead to the discovery of admissible evidence"...City of Rialto v. US Dept. of Defense(CD Cal 2007)492 F.Supp.2d 1193,1202.

Givens' discovery request from Nollette was reasonably calculated to elicit the following testimony from Nollette:; (1) who was responsible for the embezzlement of funds from Givens' trust account at SQSP (Intr 3,5,15,17); (2) was the confiscation of Givens' legal materials in retaliation for his filing of grievances and lawsuits (Intr 7,10,11,13,14,16); (3) was Givens' assignment to Ad-seg Unit 1D-047 invidious discrimination on the part of Nollette or any other state actors, and does Nollette have any mental propensities or history of participating in this type of behavior (Intr 4,6-9,11-12,21); and (4) did Nollette conspire with any other person(s) to deprive Givens of his Constitutional rights (Intr 4-5,8-9,13-20). While the first three categories pertain directly to the cognizable claims presented in the operative complaint, the fourth category, conspiracy to interfere with Givens' access to the federal courts, was included as an additional / continuing claim in the First Amended complaint. Clearly this is the type of evidence within the broad area of relevancy which mandates disclosure (Pitney, supra, 239 F.R.D at 65).

Defendants claimed that their failure to timely respond to Nollette's interrogatories was due to defective service by Givens and lack of jurisdiction of this Court. In Insurance Corporation of Ireland,Ltd v. Compagnie des Bauxities de Guinee(1982)456 US 694, the Supreme Court sustained a sanction that found the facts necessary to establish personal jurisdiction over a recalcitrant defendant: (fn4):

..."We see no reason why a court cannot, in an appropriate case, sanction a defendant who refuses to respond to appropriate discovery requests on a fact relevant to subject matter jurisdiction by entering an order establishing that fact as true...A sanction in the form of an adverse finding rests on neither consent or waiver. Rather, it rests on a reasonable assumption that the party resisting discovery is doing so because the information sought is unfavorable to its interest. In such a case, the sanction merely serves as a mechanism for establishing facts that are being improperly hidden by the party resisting discovery"...Gibson v. Chrysler Corp(C.A.9 2001)261 F.3d 927, 948; Chilcutt v. US(C.A.5 1993)4 F.3d 1313, 1324.

Opposition to Stay/Motion to Compel         - 8 of 11 -
ND Cal C07-3575 MJJ

1  Givens made a good-faith effort to resolve discovery dispute regarding this Court's jurisdiction
2  with D.Robert Duncan on 2-7-08. Duncan would not disclose facts which whould elucidate as to when
3  proper authority asserting measures created this Courts' jurisdiction over named parties, nor would
4  he disclose as to when the Office of the Attorney General actually received their courtesy copy
5  of 8-9-07 order and complint.

6  Because Defendants have actively resisted disclosure of Nollette's interrogatories based on
7  unreasonable jurisdictional claims, this Court should draw the adverse inference that it's tenure
8  would be unfavorable to Defendants, and deems all matters within the request as being admitted
9  for the purposes of this action (FRCivP 37(b)(2)(A)), bars Defendants from introducing matters
10 into the record to contest these facts (FRCivP 37(b)(2)(B)), treats Defendants' failure to respond
11 as a contempt of this Court's orders (FRCivP 37 (b)(2)(D)) and compels Defendants to answer the
12 outsyanding discovery request (FRCivP 37(a)(2)(A),(B)).

13

14 **V. PLAINTIFF HAS BEEN PREJUDICED BY DEFENDANTS FAILURE TO ANSWER DISCOVERY REQUEST**
15 "[C]ourt would not continue matter, or sanction defendants, based on their alleged failure to
16 make initial discovery disclosures until after plaintiff moved for summary judgment, where plaintiff
17 had not demonstrated prejudice from delay or provided evidence of improper motive on part of
18 defendants" (Palacios v. City of Oakland(ND Cal 1997)970 F.Supp 632,738). Since Givens' initial
19 attempts at filing the 8-20-06 inmate appeal at SQSP to address polices promulgated by Defendant
20 Warden Ayers, there has been an extreme amount of unwillingness to address the actions of Defendant
21 Nollette. This has deprived Givens of an accurate administrative record which would allow for
22 meaningful judicial review of his claims and has delayed the administration of justice in both
23 state and federal courts, allowing the continuance of retaliation by Defendants by way of
24 embezzlement, confiscation/destruction of legal materials belonging to Givens, and the continuous
25 threat of disciplinary action and/or transfer to another institution. Givens has been severely
26 prejudiced by the Defendants' stonewalling tactics and the failure to allow this Court to adjudicate
27 his claims.
28 //

Opposition to Stay/Motion to Compel        - 9 of 11 -
ND Cal C07-3575 MJJ

Conclusion

Because Givens has, and continues to be actually and substantially prejudiced by the failure of the Defendants to disclose the requested information (Hallet v. Morgan(C.A.9 2002)296 F.3d 732, 751), this Court should issue appropriate sanctions against Defendants and compel the disclosure as this Court may so require.

Date: February 28, 2008

X _____
FRancois P. Givens#T-86266
Plaintiff, In Pro Se.

- - - - - - - - - -FOOTNOTES- - - - - - - - - - -

fn1) "[T]he source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual punishment"[Citations.] "If the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify"...Wilson v. Seiter(1991)115 L.Ed.2d 271,280.

Because Wilson mandates inquiry into prison official's state of mind, the treatment that prisoners receive while in prison and their conditions of confinement are subject to scrutiny under the Eighth Amendment (Farmer v. Brennan(1994)511 US 825).

fn2) Givens initialy filed habeas corpus in his trial court (SFSC#184987) to address, inter alia, doublejeopardy violation by the imposition of multiple restitution fines which were not ordered by the court. The writ was reassigned to Judge McBride in Dept#22 (Writ No 5423), where it was denied for failing to make a prima facie case for relief.[1] IN First Appellate District Court (FADC) #A116196, the state appellate court requested an informal response from the Office of the Attorney General, in which Patrica Webber-Heim did respond. The writ would subsequently be denied after Defendants admitted that they had inappropriately extracted funds from Givens' account, but had returned the excess funds extracted for restitution. Givens did exhaust court remedies in the state in California Supreme Court #S-151593 on 5-23-07 (Appendix "B" at 3-15).

While failure to exhaust administrative remedies may , in some cases, constitute a procedural default, "[t]he procedural default is not "adequate" if the state courts themselves bypass the petitioner's default and consider the claims on the merits" (Harmon v. Ryan(C.A.9 1992)959 F.2d 1457,1461). The collateral-estoppel doctrine prohibits the government from relitigating an issue of ultimate fact that has been determined by a valid final judgment (Dowling v. US(1990)493 US 342). The last reasoned case on this issue presented in the state was Writ 5423, which was decided on the merits, not a procedural default.

The California Supreme Court granted leave for Givens to file a late petition to exhaust state remedies, and gave the Attorney General a 5-7-07 deadline to respond to the petition (Appendix "B" at 3-4). The Attorney General failed to answer, and the petition was denied on 5-23-07 (Appendix "A" at 1). The collateral-estoppel bar applies in §1983 claims when a constitutional violation is based on the same wrong as addressed in state court action (Allen v. McCurry(1980)449 US 90,104-105; see also Sperl v. Deukmejian(C.A.9 1981)642 F.2d 1154,1155 ( a judgment in a state habeas action may preclude further litigation of issues in a federal civil rights action). Because of this doctrine, Defendants may be estopped from claiming that Givens failed to exhaust

administrative remedies.

fn3) "[F]or good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted" (Phillips ex rel. Estates of Byrd v. General Motors Corp(C.A.9 2002)307 F.3d 1206,1210-1212, citing Beckman Industries, Inc v. International Insurance Co(C.A.9 1992)966 F.2d 470,476 (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

fn4) "[A]n appropriate discovery sanction for refusing to respond to discovery requests on jurisdictional facts can be an adverse finding on the factual issue"...Gibson, supra, 261 F.3d at 928.

fn5) On 2-27-08, Givens was informed by a CDCR officer that his name appears on a list generated in Sacramento to transfer to McFarland Community Correctional Facility, and that his Correctional counselor, J.Sheppard, is responsible for ensuring that Givens meets all criteria for transfer. Prior to this, on 2-18-08, Givens submitted his First Amended complaint to this Court nad the Office of the Attorney General in Sacramento, Ca.

- - - - - - - - - -END OF FOOTNOTES- - - - - - - - - -

Declaration

Plaintiff, Francois P. Givens, does hereby declare under penalty of perjury by the laws of the United States that all information presented in this declaration, opposition, and exhibits submitted in support thereof [is][are] TRUE and ACCURATE depictions of what is purported at true.

SWORN TRUE ON THIS 28th DAY OF February ,2008 IN NORCO, CALIFORNIA.

X _____
Francois P. Givens,#T-86266
Plaintiff, In Pro Se.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MJJ(PR)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury by the laws of the United States that all information presented in this certificate of service is, to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States, currently incarcerated at CRC in Norco, Ca., On this day, I did personally place either original or exact copies of the following document:

a) Opposition to defendant's motion to stay discovery pending defendant's motion to dismiss and motion to compel defendants to respond to discovery request(s) w/exhibits

in envelopes with sufficient postage, addressed as follows:

1) Office of the Clerk
   US District Court(ND Cal)
   450 Golden Gate Ave.
   San Francisco, Ca., 94102

2) Office of the Attorney General
   Edmund G. Brown,Jr., Attorney General
   P.O. Box 944255
   Sacramento, Ca., 944244-2550

3) Office of the Attorney General
   D.Robert Duncan - D.A.G
   455 Golden Gate Ave., Suite#11000
   San Francisco, Ca., 94102

These envelopes were given to a correctional officer at CRC to log and process in accordance with institutional procedures regarding outgoing legal mail, on this day.

SWORN TRUE ON THIS 28th DAY OF February ,2008 IN NORCO, CALIFORNIA.

X _____
Francois P. Givens,#T-86266
CRC
P.O. Box 3535
Norco, Ca., 92860

Opposition to Stay/Motion to Compel    - iii -
ND Cal C07-3575 MJJ