Francois P. Givens, #T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

FILED
MAR - 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | ) Case No: C07-3575 MJJ(PR) |
| Plaintiff, | ) APPENDIX OF EXHIBITS IN SUPPORT OF PLAINTIFF'S |
| v. | ) OPPOSITION TO MOTION TO STAY DISCOVERY |
| JAMES TILTON, et al., | ) |
| Defendants. | ) |

Appendix "A": 5-23-07 order denying C.Sct #S-151593 ............1

Appendix "B": 4-17-07 correspondence for C.Sct#S-151593 ............3
            4-17-07 petition for review,#S-151593 ......4 - 15

Date: 2-28-08

X _____
Francois P. Givens, #T-86266
Plaintiff, In Pro Se.

Appendix of Exhibits
ND Cal C07-3575 MJJ

- i -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

Court of Appeal, First Appellate District, Div. 2 - No. A116196
**S151593**

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re FRANCOIS P. GIVENS on Habeas Corpus

The petition for review is denied.

SUPREME COURT
**FILED**

MAY 2 3 2007

Frederick K. Ohlrich Clerk

_____
Deputy

_____
**GEORGE**
Chief Justice

EXHIBIT "B"

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



# Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

April 17, 2007

Francois P. Givens, CDC# T-86266
CSATF/SP
P.O. Box 5248
Corcoran, Ca 93212

Re: **S151593 – Givens (Francois P.) on H.C.**

Dear Mr. Givens:

The court has granted permission to file the untimely petition for review and the petition was filed this date.

An answer to the petition may be served and filed on or before May 7, 2007, 20 days after the petition is filed. The answer may present additional issues desired for review if the petition for review is granted.

A reply to the answer may be filed within 10 days after filing of the answer, limited to the additional issues presented in the answer, if any.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: Joseph Cornetta, Deputy Clerk

Cc: Court of Appeal, First Appellate District, Division Two
Attorney General, San Francisco Office

```
Francois P. Givens, #T-86266
CSATF/SP
P.O. Box 5248
Corcoran, Ca., 93212
Petitioner, In Pro Per.
```

SUPREME COURT
FILED with permission

APR 17 2007

Frederick K. Ohlrich Clerk

_____
DEPUTY

CALIFORNIA SUPREME COURT

In re                              | Case No: **S151593**

FRANCOIS P. GIVENS,                | FADC No: A116196

On Habeas Corpus.                  | PETITION FOR REVIEW TO EXHAUST STATE
                                   | REMEDIES (CRC 8.508)

TO: THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE CALIFORNIA SUPREME COURT.

   Petitioner, Francois P. Givens, does hereby present this petition for review to exhaust state remedies for First Appellate District Court of Appeal (FADC) Case#A116196, pursuant to California Rules of Court (CRC) Rule 8.508, in order to proceed with federal review of the issues presented within this petition.

Grounds For Review

   Pursuant to CRC 8.500(b), no grounds for review exists for this petition, notwithstanding the fact that upon seeking federal review, petitioner will request that the federal court(s) decide an important question of federal law (CRC 8.500(b)(1)) and that both appellate and superior courts exceeded their

Petition For Review                       - 1 -
FADC #A116196

jurisdiction in resolving federal questions of law (CRC 8.500(b)(2)).

Statement of Proceedings

1) At petitioner's 12-20-02 sentencing hearing in San Francisco Superior Court (SFSC) Case#184987, the court imposed (3) concurrent prison sentences for attempted manslaughter, corporal injury and aggravated assault, respectively, with dual enhancements on each count, as well as a $200 dollar restitution fine imposed on all (3) counts.

2) On 1-26-06, in FADC#A101176, the appellate court reversed petitioner's conviction on Count I, and remanded jurisdicction back to the superior court for resentencing the petitioner, directing the superior court to give due heed to double jeopardy proscription of Penal Code Section 654.

3) On 6-16-06, the superior court imposed (8) year prison sentences on Counts II and III, staying punishment on Count III, and reduced restitution from $600 dollars to $200 dollars. On 7-11-06, the petitioner was transfered from the San Francisco County Jail to San Quentin State Prison (CDCR) with a copy of the abstract of judgment reflecting the reduction of restitution ordered by the court.

4) CDCR did not deposit peitioner's funds which were in his jail trust account upon his arrival at SQSP on 7-11-06, but secreted the funds until 8-24-06, extracting restitution on 7-26-06 and deducting additional funds upon deposit for trust account "holds" whicy had been placed on petitioner's trust account over (1) year prior. Also, on 7-26-06, CDCR did add an additional $200 restitution fine by creating a court case which did not exist (SFSC#184987A), reflecting that the petitioner had an $800 dollar order for restitution deduction rather than the $200 dollar amount ordered on 6-16-06.

5) On 8-27-06, the petitioner submitted a habeas corpus to his trial court, addressing CDCR's imposition of multiple restitution fines as violating PC§654,

Petition For Review   - 2 -
FADC #A116196

1 Cal Constitution Article I,§15 Clause 5 and the 5th Amendment to the US
2 Constitution, requesting that the trial court order CDCR to reduce restitution
3 in accordance with the 6-16-06 order of the court. the petition was assigned to
4 a superior court judge other than the trial judge in this matter (Writ No 5423)
5 who denied the writ on 11-13-06[1] for "failure to exhaust administrative remedies".

   6) On 12-19-06, petitioner filed a habeas corpus in FADC#A116196, in which he
stated the following grounds for relief:
    I. restitution is not a condition of confinement which must be exhausted
       through administrative remedies with CDCR; and
    II. Under "futility exception", the petitioner should not be required to
       exhaust administrative remedies when the grievance procedure can provide
       no remedy at all.

   7) On 1-30-07, the appellate court ruled on the petition, requesting an
informal reply from the attorney general, who submitted [her] reply on 3-6-07,
with the petitioner submitting his response to that reply on 3-14-07. On 3-23-07
the appellate court summarily denied the petition, without a brief statement of
reasons for the denial. This constituted a "final decision upon filing" (CRC
8.264(b)(2)(A)), precluding the filing of a petition for rehearing on the
petition (CRC 8.268(a)(1)-(2)).

   8) the petitioner recieved the appellate court's denial on 3-27-07.[2] Due to:
(a) Yard closure and medical appointment on 3-28-07; (b) vocational training on
3-29-07; (c) vocational training after returning from a medical appoint at 9:40
am on 3-20-07; and (d) law library closure on 3-31-07, the petitioner has not
had access to the law library in order to prepare copies of documents required
for this petition, e.g., the 11-13-07 and 3-23-07 orders denying habeas corpus
before the time expired for filing a petition for review in this matter (CRC
8.504(b)(4) and CRC 8.500(e)(1), respectively, however, this Court may relieve
a party from failure to file timely petition for review if the time for the Court
to order review on it's own motion has not expired (CRC 8.500(e)(2),8.512(c)).

//

Petition For Review              - 3 -    1. Attachment 1
FADC #A116196                                2. Attachment 2

Statement of Claim/Federal Legal Basis

The following are claims which the petitioner will pursue in the federal court system, with the federal statutory or constitutional provisions which govern the issues, pursuant to Gray v. Netherland(1996)518 US 152,162-163 and Picard v. Conner(1971)404 US 270.

A) Summary denial of habeas corpus, after ruling on petition violates a petitioner's right to habeas corpus (US Const,Art I§9):

Both state and federal constitutions provide that habeas corpus will not be suspended (Cal Const,Art I,§11; US Const, Art I,§9), and failure to address the merits of the petition at this point deprived the petitioner of his First Amendment right to petition for redress of grievence against CDCR (Rhodes v. Robinson(CA9 2004)380 F.3d 1123).

B) The mandatory language of CRC 4.551(g) and Cal Const, Art VI,§14 creates a protected liberty interest for "res judicata" when a habeas corpus petition has been properly filed in an appellate court and the appellate court has made a decision to rule on the petition pursuant to CRC 4.551(a)(4) (US Cosnt, 14th Amendment):

The plain meaning confered upon CRC 4.551(g)["Any order denying a petition for writ of habeas corpus must contain a brief statement of the reasons for denial. An order only declaring the petition to be "denied" is insufficient"] and Cal Const Art VI,§14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"] creates a petitioner's right to a judicial determination of the merits of the petition or to "law of the case", which would clearly establish the basis for a federal court's "comity" or "deference" to the last reasoned state court decision on the issues which a petitioner seeks review (Ylst v. Nunnemaker(1991)501 US 797,801-802). Providing "res judicata" would also satisfy two of the purposes of the Prison Litigation

Petition For review                     - 4 -
FADC A116196

Reform act (PLRA), e.g., allowing federal courts to evaluate relative merits of state claims (Gomez v. Winslow(ND Cal 2001)177 F.Supp.2d 977), and giving state courts the first opportunity to decide unexhausted claims submitted to the federal courts (Rose v. Lundy(1982)455 US 509, at 518-519; Rhines v. Webber(2005) 544 US 269).

C) Restitution is a condition of sentence, not of confinement, which cannot be exhausted through administrative remedies (42 USC§1997e; US Const, 14th Amend):

The PLRA's total exhaustion requirement (42 USC§1997e(a)) applies to all suits about prison life (Porter v. Nussle(2002)534 US 516) however, restitution fines, which are imposed by the judicial branch of government, are considered "punishment" for double jeopardy purposes (Jeffers v. US(432 US 137,155; People v. Hanson(2000)23 Cal.4th 355,361). When prison authorities abrogate powers confered upon the judicial branch of government by imposing unauthorized restitution fine(s) upon a prisoner, the resulting "atypical and significant hardship" upon prisoners is not in relation to the "ordinary incidents of prison life" (Sandin v. Conner(1995)515 US 472), and violates Due Process and Equal Protection Clauses of the 14th Amendment, which does not require administrative exhaustion but judicial intervention.

D) The PLRA's exhaustion requirement does not apply when an administrative agency violates it's own regulations in refusing to file and/or process administrative grievences (US Const, First and Fourteenth Amends.):

The First Amendment right to petition for redress of grievence extends to prison grievence (Hines v. Gomez(ND Cal 1994)853 F.Supp 329; Rhodes v. Robinson, supra), and when prison officials remove a prisoner's ability to file a grievence by refusing to process the grievence, prison officials do necessarily circumvent the prisoner's First Amendment right to petition. Such actions satisfy

Petition For Review         - 5 -
FADC #A116196

the PLRA's exhaustion requirement by removing the possibility of "some relief", depriving administrative officials of the "[a]uthority to act upon the subject of the complaint, leaving the inmate with nothing to exhaust" (Booth v. Churner (2001)121 S.Ct 1819,1823, fn4).

E) Extraordinary writ is proper avenue to pursue relief when prison authorities owe an affirmative statutory or constitutional duty to hold private property for eventual return to lawful owner (Us Const., 4th and 14th amends.):

When an officer of a state has an affirmative ministerial duty, and fails to perform that ministerial duty by unlawfully seizing (4th Amend) monies which were entrusted unto that officer, and secretes such monies (PC§504), extraordinary writ is the proper vehicle to enjoin the officer to perform ministerial duty (see Escamilla v. CDCR(2006)141 Cal.App.4th 498), in either state or federal court.

Conclusion

Review of the aforementioned issues is thus required by the federal courts to decide federal issues of law as are discussed within this petition. However, this Court does retain the inherent power for discretionary review of FADC # A116196, notwithstanding petitioner's statement that this petition presents no grounds for review under CRC 8.500(b)(see Advisory Committee Comment for CRC 8.508(2007)). Hence, state exhaustion or review by this Court is thus warrented.

Date: *March 3, 2007*                    X *[signature]*
                                          François P. Givens,#T-86266
                                          Petitioner, In Pro Per.

Petition For Review                       - 6 -
FADC #A116196

110

1 Declaration

2    Petitioner, Francois P. Givens, does hereby declare under penalty of perjury
3 by the laws of the State of California that all information presented in this
4 declaration and in this petition for review is to the best of his knowledge,
5 TRUE and ACCURATE.

6

7 SWORN TRUE ON THIS 31st DAY OF March ,2007 IN CORCORAN, CALIFORNIA.

8

9                                                   X _____
                                                Francois P. Givens,#T-86266
10                                                 Petitioner, In Pro Per.

28 Petition For Review             - 7 -
   FADC #A116196

Attachments

1) 11-13-06 order for SFSC Writ No. 5423 (3 pages)
2) 3-23-07 order for FADC FAILURE

ENDORSED
FILED
San Francisco County Superior Court

NOV 1 7 2006

GORDON PARK-LI, Clerk
BY: _____ANGEVIC AGDEPPA_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

Department No. 22

IN THE MATTER OF THE APPLICATION )
OF )
 )
 )   WRIT NO. 5423
FRANCOIS GIVENS )
 )   ORDER
Petitioner, )
 )
FOR A WRIT OF HABEAS CORPUS )
 )
 )

A Petition for a Writ of Habeas Corpus has been received.

Petitioner states that he is currently incarcerated in the California Substance Abuse Treatment Facility/State Prison in Corcoran, California, for violation of PC § 273.5 [infliction of corporal injury on spouse or cohabitant]; PC § 245(a)(1) [assault with a deadly weapon other than a firearm], with PC § 12022.7(e) [infliction of great bodily injury on spouse or cohabitant] and PC § 12022(b)(1) [use of knife] enhancements.

On June 16, 2006, pursuant to appeal (Case No. A101176), Petitioner was resentenced, resulting in modification of his sentence and reduction of his restitution fine $600 to $200. As a result of these changes, the Correctional Case Records Analyst

(CCRA) began the process of modifying Petitioner's records to reflect the new sentence.

Petitioner states that as of September 5, 2006, the CDC has not yet updated his records to reflect the reduction of the restitution fine from $600 to $200. Petitioner claims that "prison staff" told his family that the update of his central file and inmate trust account records would take approximately six months to complete. Petitioner complains that because of the delay in updating his records, his family cannot pay the new restitution balance or deposit money into his trust account because the account still reflects that he owes restitution in the amount of $600. Petitioner additionally contends that this situation is preventing him from transferring to a prison outside California through the Western Interstate Corrections Compact and that the CDC's failure to timely update his central file is an "adverse collateral consequence of being ordered to pay three restitution fines for one single act on a single victim."

Petitioner seeks a court order directing the CDC to remove the excessive portion of the fine from Petitioner's records and to accurately reflect the amount of restitution ordered by the court on June 16, 2006.

Petitioner has not stated a prima facie case for relief.

Inmates must exhaust available administrative remedies before filing a petition for habeas corpus in the courts. (*In re Hudson* (2006) 143 Cal.App.4th 1, 7.) There is no indication that Petitioner sought relief from the CDC by filing a grievance prior to filing the instant writ. Petitioner states that he has exhausted his administrative remedies by filing a prior writ "related to a previous issue related to CDC failing to maintain accurate records" in the Marin County Superior Court in August of 2004. However, Petitioner has not attached a copy of the writ or explained how it relates to the current complaint.

A petition for writ of habeas corpus should 1) state fully and with particularity the facts upon which relief is sought; and 2) include copies of reasonably available documentary evidence supporting the claim, including pertinent affidavits, reports, disclosure forms, or declarations. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Conclusory allegations made without any explanation of their basis do not warrant relief. (*People v. Karis*

2

1  (1988) 46 Cal.3d 612, 656; *see also In re Swain* (1949) 34 Cal.2d 300, 303-304.)

   For the foregoing reasons, Petitioner's writ of habeas corpus is DENIED.

Date 11/13/06                                  _____
                                               Judge of the Superior Court

3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

MAR 2 3 2007

| | |
|---|---|
| In re FRANCOIS P. GIVENS, on Habeas Corpus. | A116196 <br><br> (San Francisco County Super. Ct. No. 5423) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: MAR 2 3 2007          KLINE, P. J.          P.J.

1