EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5739
 Fax: (415) 703-5843
 Email: Robert.Duncan@doj.ca.gov

Attorneys for Defendants Nollette and Tilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>                              Plaintiff,<br><br>   v.<br><br>JAMES TILTON, et al.,<br><br>                              Defendants. | C 07-3575 MJJ (PR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT** |

**INTRODUCTION**

On January 7, 2008, Defendants Nollette and Tilton (Defendants) filed a non-enumerated motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. (Defs.' Not. Mot. & Mot. Dismiss; Memo. P. & A.) Defendants' motion to dismiss was based on Plaintiff Francois P. Givens's failure to exhaust his administrative remedies for any of the recognized claims concerning his incarceration at San Quentin State Prison (San Quentin) in July 2006. (*Id.*) The Court found that Givens stated cognizable claims for violation of his constitutional rights under §

Defs.' Opp'n Pl.'s Req. Leave Am. Compl.                                                      *F. Givens v. J. Tilton, et al.*
                                                                                                        C 07-3575 MJJ (PR)

1

1983 at San Quentin by alleging that James Tilton, Sergeant Nollette, S. Mendonca[1/]: (1) improperly appropriated money from his prison trust account, (2) retaliated against him for his filing lawsuits and confiscated his legal papers, and (3) subjected him and other African-American inmates to "inhumane" living conditions. (Order of Service at 1-2.)

Defendants moved to dismiss the case under 42 U.S.C. § 1997e(a), a provision of the Prison Litigation Reform Act (PLRA), because inmates must exhaust their administrative remedies before filing any suit challenging prison conditions. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Givens filed his opposition to the motion to dismiss on February 21, 2008. (Pl.'s Opp'n Defs.' Mot. Dismiss.) Defendants filed a reply to Givens's opposition to the motion to dismiss on March 6, 2008. (Defs.' Reply Pl.'s Opp'n Mot. Dismiss.) Defendants' motion to dismiss is currently pending before this Court.

On February 21, 2008, Givens also filed a request for leave to amend his complaint based on his alleged need to properly address relevant claims and to join all necessary and/or indispensable Defendants. (Req. Leave Am. Compl. 1.) Givens asserts it is necessary to amend his complaint in order to join additional Defendants and address continuous violations regarding his trust account and legal materials. (*Id.* 2-4.) Defendants oppose Givens's request for leave to amend his complaint since the proposed First Amended Complaint fails to remedy the deficiency of the original Complaint that Givens failed to exhaust his administrative remedies. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (denying leave to amend complaint when the requested relief was precluded by law). Leave to amend should be denied where the proposed amendment is futile. (*Id.*) Further, several of the newly proposed Defendants are Deputy Attorneys General whose conduct is within their official duties so they are entitled to absolute immunity.

## ARGUMENT

Plaintiffs may amend pleadings under Federal Rule of Civil Procedure 15(a)-(c). Under

---

1. S. Mendonca has not been served and has not appeared in this action.

Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Ninth Circuit has held that under Rule 15(a) "leave to amend should be granted freely until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Here, Givens's proposed First Amended Complaint is futile, is sought in bad faith, and there is no evidence that joinder of the additional Defendants is necessary or indispensable. In addition, the Court has already dismissed the claims against Grannis, Chandler-Dacanay, and Jeppeson; and Brown, Ruffra, Binsacca, Jorgenson, Swanson, Duncan, and Webber-Heim are entitled to absolute immunity. Thus justice requires that Given's request for leave to amend his complaint should be denied. Moreover, the entire action should be dismissed because Givens did not exhaust his administrative remedies with respect to any of the claims.

## I.

**LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED SINCE GIVENS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND AN AMENDED COMPLAINT WOULD BE FUTILE.**

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul*, 928 F.2d at 843. The test for determining the legal sufficiency of a proposed amendment is identical to the one for considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f) of the Federal Rules of Civil Procedure: if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied. 3 Moore's Federal Practice 15.08(4) (2d ed. 1974).

In the case at hand, Givens failed to exhaust his administrative remedies for the claims recognized by the Court since Givens failed to properly submit an administrative appeal for the

Defs.' Opp'n Pl.'s Req. Leave Am. Compl.                    *F. Givens v. J. Tilton, et al.*
                                                                                    C 07-3575 MJJ (PR)

3

mishandling of trust account, legal materials, or inadequate living conditions to the informal level of review. (Defs.' Not. Mot. & Mot. Dismiss, Memo. P. & A. 8-12.) Despite being informed that informal review was required, Givens chose to ignore the appeals coordinator's directions and continued to submit the appeal to the formal level of review. (*Id.* 9.) Givens's proposed First Amended Complaint does not remedy the failure to properly exhaust administrative remedies for the claims recognized in the original Complaint. (First Am. Compl.) The substance of the First Amended Complaint is the same as the original Complaint alleging that Givens's trust account and legal materials were mishandled, and that he was subjected to inhumane living conditions. (*Id.* 2-8.) Although the First Amended Complaint proposes additional Defendants, discussed below, and expands the time period for the alleged misconduct, the First Amended Complaint is essentially a complaint regarding the mishandling of Givens's trust account, legal materials, and living conditions. (*Id.* 2-8.) These are the same claims that Givens refused to submit to the trust department for informal level review.

The First Amended Complaint does assert the additional claim that Givens was inappropriately transferred from the California Substance Abuse Treatment Facility (SATF) to the California Rehabilitation Center (CRC) in September 2007. (*Id.* 7.) However, there is no evidence that Givens attempted to submit an administrative appeal regarding this issue, and since the transfer occurred in September 2007, it would have been impossible to exhaust an administrative appeal regarding the transfer before this suit was filed on July 11, 2007.

Amending Givens's Complaint does not cure the exhaustion defect for claims regarding the mishandling of Givens's trust account and legal materials, inadequate living conditions, or inappropriate transfer. They are all subject to dismissal for failure to exhaust administrative remedies. The Federal Rules of Civil Procedure provide that a trial court should grant leave to amend "freely when justice so requires." Fed. R. Civ. P. 15(a). However, the Ninth Circuit denied a request to amend a complaint to add injunctive relief against the United States and propose class-wide relief when the Civil Service Reform Act (CSRA) precluded the relief. *Saul*, 928 F.2d at 843. The Ninth Circuit held that amending the complaint to seek injunctive relief would be futile. *Id.* The rationale was that the CSRA precluded judicial interference, regardless

1  of whether the employee requested damages or injunctive relief. *Id.* In the case at hand, Givens
2  seeks to name additional Defendants and claims in his First Amended Complaint, despite the fact
3  that the PLRA precludes suit under 42 U.S.C. § 1983 until after the inmate exhausts his
4  administrative remedies. 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th
5  Cir. 2002). Just as the PRLA precludes Givens's original suit for mishandling of his trust
6  account, legal materials and inadequate living conditions, so it precludes Givens from bringing
7  any other suit for these causes of action.

## II.

### GIVENS'S LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED SINCE HE IS SEEKING TO AMEND THE COMPLAINT IN ORDER TO DELAY THE PROCEEDINGS.

Givens requests that the Court stay the proceedings until sixty days after August 4, 2008, the date that Givens believes he will be released on parole. (Req. Leave Am. Compl. 1.) Givens's First Amended Complaint does little more than expand the scope of the alleged violations over a larger period of time, and name additional Defendants. (First Am. Compl.) Courts have held that egregious, unexplained delays alone may be a sufficient basis for denying leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). It appears from the proposed First Amended Complaint and the request for a stay that Givens is seeking to delay the proceedings. If leave to amend the complaint is granted, the Court will need to screen the First Amended Complaint, defendants will need to be served with the summons and complaint, and this proceeding will be delayed for an extended period of time. Givens has failed to state a plausible reason for this delay.

Givens claims that the Defendants have unconstitutionally deprived him of access to evidence to properly prosecute this action. (Req. Leave Am. Compl. 1.) However, Secretary Tilton responded to Plaintiff's Request for Admissions, Plaintiff's First Set of Interrogatories, and Plaintiff's Request for Production, (Decl. R. Duncan Supp. Defs.' Opp'n Pl.'s Req. Summ. J. & Defs.' Mot. Stay Summ. J. (Decl. Duncan#2) ¶ 4, Ex. C.), and Sergeant Nollette responded to

Plaintiff's First Set of Interrogatories. In addition, Givens has filed numerous pleadings including a Motion for Sanctions against CDCR, Statement regarding the habit of Defendants, Motion to Compel an Answer to Complaint, Summary Judgment Motion, Motion for Extension of Time, Opposition to Defendants' Motion to Dismiss, Request for Leave to Amend Complaint, Opposition to Defendant's Motion to Stay Discovery, and Motion to Compel Discovery. This is not the pleading history of a plaintiff who has been unable to properly prosecute a case.

### III.

**GIVENS FAILS TO ESTABLISH HOW JOINDER OF ADDITIONAL DEFENDANTS IS NECESSARY, INDISPENSABLE, OR PERMISSIVE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.**

Givens requests leave to amend his complaint on the grounds that joinder of additional persons as Defendants is necessary and/or indispensable. (Req. Leave Am. Compl. 1-3.) However, Givens fails to describe any particular reasons for the joinder of the proposed Defendants. Givens makes unsupported assertions such as the "proposed First Amended Complaint reveals that there are Defendants whose failure to join in this action would impede their ability to defend their interests." (*Id.* 3.)

The Federal Rules of Civil Procedure govern the circumstances under which persons must or may be joined as parties to an action. Fed. R. Civ. P. 19, 20. In making the determination whether a party is necessary under Rule 19(a), and whether a party is indispensable under Rule 19(b); the facts are evaluated "as they exist[ed] when the case [was] filed, and not by what happens later." *American Nat. Bank & Trust Co. of Chicago v. Bailey*, 750 F.2d 577, 582 (C.A.Ill. 1984); *Freeport-McMoRan, Inc. v. K.N. Energy, Inc.*, 498 U.S. 426, 428 (1991). As of the filing of the original Complaint on July 11, 2007, the alleged retaliatory transfer of Givens from SATF to CRC had not yet occurred. Therefore, any of the Defendants named in the First Amended Complaint as being involved in the September 10, 2007 transfer, or interacting with Givens after his transfer to CRC should not be joined as Defendants in this lawsuit, these persons include Villarrial, Martel, Hansen, Baker, and Sheppard.

Defs.' Opp'n Pl.'s Req. Leave Am. Compl.                F. Givens v. J. Tilton, et al.
                                                        C 07-3575 MJJ (PR)

1  Givens proposes Ayers, Clark, and Prud'Homme as additional Defendants in the First
2  Amended Complaint for their alleged failure to properly train and supervise subordinates. (First
3  Am. Compl. 10, 12, 13.) However, the law is clear that liability under a § 1983 claim only
4  attaches to supervisors if they personally participated in the constitutional violation, or had
5  knowledge that their subordinates were violating another's constitutional rights and did nothing
6  to prevent it. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, to bring a successful §
7  1983 claim against Ayers, Clark, or Prud'Homme, Givens must allege and prove that the
8  Defendants either personally committed acts which had a direct causal connection to Givens's
9  alleged constitutional violations, or that they knew of alleged constitutional violations committed
10 by their subordinates. *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986). Since Givens
11 does not offer any allegations of personal wrongdoing by Ayers, Clark, or Prud'Homme, or
12 knowledge of alleged misconduct by their subordinates, Givens has failed to state a claim against
13 these persons and they should not be joined as Defendants in this lawsuit.

## IV.

### JOINDER OF GRANNIS, CHANDLER-DACANAY, AND JEPPESON MUST BE DENIED SINCE THE CLAIMS AGAINST THEM WERE ALREADY DISMISSED IN THE ORDER OF SERVICE.

18 In the Order of Service, the Court dismissed the claims against Grannis, Chandler-Dacanay,
19 and Jeppeson for failure to state a cognizable claim for relief. (Order of Service 2.) The Court
20 based the dismissal on the grounds that there is no constitutional right to a prison administrative
21 appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v.*
22 *Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430
23 (7th Cir. 1996); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974). Givens seeks to once
24 again name Grannis, Chandler-Dacanay, and Jeppeson as Defendants for their involvement in the
25 administrative appeal process. (First Am. Compl. 9-10.) But the Court should deny joinder on
26 the grounds that the claims against Grannis, Chandler-Dacanay, and Jeppeson have already been
27 dismissed.
28

Defs.' Opp'n Pl.'s Req. Leave Am. Compl.                       *F. Givens v. J. Tilton, et al.*
                                                                C 07-3575 MJJ (PR)

## V.

## JOINDER OF BROWN, RUFFRA, BINSACCA, JORGENSON, SWANSON, DUNCAN, AND WEBBER-HEIM IS INAPPROPRIATE SINCE THESE PERSONS ARE ENTITLED TO ABSOLUTE IMMUNITY.

Here, Givens should not be granted leave to amend his Complaint and join these attorneys as Defendants because suit against them is barred by the doctrine of absolute immunity. Givens seeks to join Attorney General Brown in his official capacity for failure to discharge his duties. (First Am. Compl. 16.) Givens seeks to join Supervising Deputy Attorneys General Ruffra, Binsacca, and Jorgenson in their official capacities for failure to properly train and supervise subordinate attorneys, and failure to investigate mishandling of his trust account. (*Id.* 16-17, 19.) Givens also seeks to join Deputy Attorneys General Swanson, Duncan, and Webber-Heim in their individual capacities for various retaliatory conspiracies against Givens resulting in the mishandling of his legal materials, trust account, and transfer from SATF to CRC. (*Id.* 17-18.) As recognized by the Ninth Circuit, "[i]f sued in an official capacity . . . any OAG [Office of Attorney General] attorneys sued . . . have absolute official immunity." *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001); *see also Yoonessi v. Albany Medical Center*, 352 F. Supp. 2d 1096, 1103 (C.D. Cal. 2005) (dismissing a lawsuit on the grounds of absolute immunity against a Deputy Attorney General for making an alleged false statement in a court proceeding). In addition, "[i]f sued in an individual capacity . . . any OAG attorneys are similarly absolutely immune for conduct during performance of official duties." *Bly-Magee*, 236 F.3d at 1018. In the case at hand, Brown, Ruffra, Binsacca, and Jorgenson were all sued in their official capacity and therefore are entitled to absolute immunity. With respect to Swanson, Duncan, and Webber-Heim, the alleged conduct either fell within the scope of their official duties as Deputy Attorneys General and therefore was entitled to absolute immunity, or the alleged conduct did not fall within the scope of their responsibilities and no duty was owed to Givens. Thus, Defendants requests that the Court deny Givens's request amend his Complaint and join Brown, Ruffra, Binsacca, Jorgenson, Swanson, Duncan, and Webber-Heim as Defendants.

Defs.' Opp'n Pl.'s Req. Leave Am. Compl.　　　　　　　　　　　　　　　F. Givens v. J. Tilton, et al.
C 07-3575 MJJ (PR)

8

## CONCLUSION

Givens's proposed First Amended Complaint is subject to dismissal, the request to amend the complaint is sought in bad faith, and there is no evidence that joinder of the additional Defendants is necessary or indispensable. In addition, the Court has already dismissed the claims against Grannis, Chandler-Dacanay, and Jeppeson; and Brown, Ruffra, Binsacca, Jorgenson, Swanson, Duncan, and Webber-Heim are entitled to absolute immunity. Therefore justice requires that Givens's request for leave to amend his complaint should be denied. Moreover, this entire action should be dismissed because Givens failed to administratively exhaust any of the claims.

Dated: March 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*[signature]*

D. ROBERT DUNCAN
Deputy Attorney General
Attorneys for Defendants Nollette and Tilton

40226749.wpd
SF2007200722

Defs.' Opp'n Pl.'s Req. Leave Am. Compl.

F. Givens v. J. Tilton, et al.
C 07-3575 MJJ (PR)

9

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **F. Givens v. J. Tilton, et al.**

No.:   **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 14, 2008</u>, I served the attached

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405**
**8-UP**
**P.O. Box 3535**
**Norco, CA  92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 14, 2008, at San Francisco, California.

| L. Santos | _(signature)_ |
|---|---|
| Declarant | Signature |

40229505.wpd