1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | MICHAEL W. JORGENSON
Supervising Deputy Attorney General
5 | D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5739
Fax: (415) 703-5843
8 | Email: Robert.Duncan@doj.ca.gov

9 | Attorneys for Defendants Nollette and Tilton

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **FRANCOIS P. GIVENS,**

16 | Plaintiff,

17 | v.

18 | **JAMES TILTON, et al.,**

19 | Defendants.

| | |
|---|---|
| **FRANCOIS P. GIVENS,**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES TILTON, et al.,**<br><br>Defendants. | C 07-3575 MJJ (PR)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY; OPPOSITION TO MOTION TO COMPEL DISCOVERY** |

## INTRODUCTION

This is a civil-rights suit filed under 42 U.S.C. § 1983 by a state prisoner, Francois P. Givens (Plaintiff). Givens claims that while he was incarcerated at San Quentin State Prison (San Quentin) between July 11, 2006 and July 26, 2006, Defendants embezzled money from his inmate trust account, retaliated against him for filing lawsuits, confiscated his legal papers, and subjected him and other African-American inmates on his tier at San Quentin to inhumane living conditions. (Compl. ¶¶ 3-4.)

Defendants Tilton and Nollette (Defendants) became parties to this suit on November 6,

1 | 2007 when they waived service of process. (Decl. Duncan Supp. Defs.' Opp'n Pl.'s Req. Summ.

2 | J. & Defs.' Req. Stay Summ. J. (Decl. Duncan #2) ¶ 2, Ex. A.) On November 13, 2007, this

3 | Court extended the Defendants' deadline to file a dispositive motion until January 7, 2008.

4 | (Order Extending Dispositive Mot. Deadline.)

5 | On January 7, 2008, Defendants filed a Motion to Dismiss Under Rule 12(b) on the ground

6 | that Givens failed to exhaust his administrative remedies before bringing this action. (Ct. Docket

7 | at 29.) Givens opposed the Motion to Dismiss (Ct. Docket at 50), and Defendants replied to

8 | Givens's opposition (Ct. Docket at 51). Defendants' Motion to Dismiss is currently pending

9 | before this Court.

10 | On February 15, 2008, Defendants filed a Motion to Stay Discovery pending a ruling on the

11 | Defendants' Motion to Dismiss. (Ct. Docket at 44.) On March 3, 2008, Givens filed an

12 | Opposition to Defendants' Motion to Stay Discovery and Motion to Compel Defendants to

13 | Respond to Discovery Requests. (Ct. Docket at 52.) Defendants reply that good cause exists for

14 | a stay of discovery, and the burden of responding to the additional discovery outweighs any

15 | potential benefits. Defendants oppose Givens's motion to compel discovery on the grounds that

16 | Defendants have provided timely discovery responses.

17 | On December 6, 2007, Secretary Tilton responded to Plaintiff's Request for Admissions,

18 | Plaintiff's First Set of Interrogatories, and Plaintiff's Request for Production. (Decl. Duncan #2 ¶

19 | 4, Ex. C.) On March 3, 2008, Sergeant Nollette responded to Plaintiff's Written Interrogatories.

20 | (Decl. Duncan Supp. Reply Pl.'s Opp'n Defs.' Mot. Stay Disc. (Decl. Duncan #4) ¶ 2, Ex. A.)

21 | On February 28, 2008, a second Request for Production of Documents, and a Request for Mental

22 | Examination and Appointment of Expert Witness were served by mail. (Decl. Duncan #4 ¶ 3,

23 | Exs. B, C.) On March 4, 2008, a second Request for Admissions was served by mail on

24 | Secretary Tilton. (Decl. Duncan #4 ¶ 4, Ex. D.) At the time of this Reply, Defendants have not

25 | yet replied to the most recent Request for Production of Documents and Request for Admissions.

26 | None of the discovery is relevant to the issue of whether Givens exhausted his administrative

27 | remedies before filing suit. (Decl. Duncan Supp. Defs.' Mot. Stay Disc. (Duncan #3) ¶ 3-4;

28 | Decl. Duncan #4 ¶ 5.)

Reply Pl.'s Opp'n Defs.' Mot. Stay Disc.; Opp'n Mot. Compel Disc.                *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

2

## ARGUMENT

## I.

### DEFENDANTS HAVE MADE A GOOD FAITH EFFORT TO MEET AND CONFER IN ORDER TO RESOLVE DISCOVERY DISPUTES AND HAVE PROVIDED TIMELY DISCOVERY RESPONSES.

Before seeking a protective order, parties are to confer or attempt to confer in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1).

On November 9, 2007, Defendants' counsel wrote Givens to explain that Secretary Tilton recently became a party to this action and volunteered to provide responses to Givens's Request for Production, Written Interrogatories, and Request for Admissions by December 6, 2007, thirty days after Tilton became a party to this action. (Decl. Duncan #2 ¶ 3, Ex. B.) Givens did not respond to this letter. On December 6, 2007, Secretary Tilton served discovery responses to Plaintiff's Request for Admissions, Plaintiff's First Set of Interrogatories, and Plaintiff's Request for Production. (Decl. Duncan #2 ¶ 4, Ex. C.)

Defendants' counsel contacted Givens on February 7, 2008, and asked him if he would agree to stay discovery pending the Court's ruling on Defendants' Motion to Dismiss. (Decl. Duncan #3 ¶ 5.) Givens refused to agree to a stay of discovery. (*Id.*) On March 3, 2008, Sergeant Nollette served discovery responses to Plaintiff's Written Interrogatories. (Decl. Duncan Supp. Reply Pl.'s Opp'n Defs.' Mot. Stay Disc. (Decl. Duncan #4) ¶ 2, Ex. A.)

Despite the irrelevancy of the discovery to the issue of whether Givens exhausted his administrative remedies, Defendants have provided timely responses to the discovery after attempting to meet and confer about the discovery disputes.

## II.

### GIVENS'S RECENT REQUESTS FOR PRODUCTION AND ADMISSIONS ARE IRRELEVANT TO ANY CLAIM OR DEFENSE IN THIS ACTION.

The Federal Rules of Civil Procedure provide that a party generally has the right to discover "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The Rules explain further that "[f]or good cause, the court may order discovery of any

Reply Pl.'s Opp'n Defs.' Mot. Stay Disc.; Opp'n Mot. Compel Disc.

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1  matter relevant to the subject matter involved in the action." *Id.*  Although Rule 26(b)(1) does

2  "not specifically explain the difference in scope between discovery relevant to 'claims and

3  defenses' in the litigation, and discovery relevant to 'subject matter,' it is clear that the former is

4  intended to be narrower than the later, and that the broader discovery is only to be allowed for

5  'good cause.'" *Thompson v. Department of Housing & Urban Develop.*, 199 F.R.D. 168, 171

6  (D. Md. 2001).

7        The Request for Production of Documents and Things served on February 28, 2008

8  concerns mental health contracts regarding substance abuse treatment at the California

9  Rehabilitation Center (CRC) and is unrelated to Givens's incarceration at San Quentin. (Decl.

10  Duncan #4 ¶ 3, Ex. B.)  Similarly, the Request for Admissions served on March 4, 2008 also

11  relates to substance abuse treatment at CRC.  (Decl. Duncan #4 ¶ 4, Ex. D.)  Givens appears to

12  be dissatisfied with the conditions at CRC and would like to expand the scope of this suit to

13  include conditions at CRC.  However, the Court has already limited the scope of this suit to

14  Givens's incarceration at San Quentin in July 2006 (Order of Service), and discovery regarding

15  Givens's incarceration at CRC is irrelevant to any claim or defense in this suit.

16

17                                    **III.**

18     **GIVENS HAS NOT ESTABLISHED THAT THE MENTAL**
       **CONDITION OF SERGEANT NOLLETTE IS IN CONTROVERSY.**
19

20        Givens has served a Request for Mental Examination and Appointment of Expert Witness

21  in order to evaluate the mental condition of Sergeant Nollette.  *See* Fed. R. Civ. P. 35(a); Fed. R.

22  Evid. 702, 706(a)-(b).  Federal Rules of Civil Procedure provide that "[w]hen the mental or

23  physical condition . . . of a party or of a person in the custody or under the legal control of a

24  party, is in controversy, the court in which the action is pending may order the party to submit to

25  a physical or mental examination." Fed. R. Civ. P. 35(a).  The Rule specifies that "[t]he order

26  may be made only on motion for good cause shown." *Id.*  The Supreme Court explained that a

27  party cannot be compelled to submit to physical or mental examination solely on the basis of

28  unsubstantiated allegations made by the opposing party. *Schlagenhauf v. Holder*, 379 U.S. 104,

1  118 (1964).  In the case at hand, Givens alleges that Sergeant Nollette confiscated his legal

2  materials, embezzled his trust funds, subjected him to inhumane living conditions, and

3  transferred him to another institution.  (Compl. ¶ 9, 8-9.)  However, these unsubstantiated

4  allegations of wrongdoing are insufficient to establish that Sergeant Nollette's mental condition

5  is in controversy.  In the absence of additional evidence, Sergeant Nollette's mental condition is

6  not in controversy and good cause does not exist for a mental examination.

7       Givens also requests that the "Court allots funding for the appointment of medical expert

8  witness, in order to evaluate the mental condition of Defendant Nollette."  (Decl. Duncan #4 ¶ 3,

9  Ex. C.)  Federal Rules of Evidence specify that "[i]f scientific, technical, or other specialized

10  knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

11  witness qualified as an expert by knowledge, skill, experience, training, or education, may

12  testify."  Fed. R. Evid. 702.  Since Givens has failed to establish that Sergeant Nollette's mental

13  condition is in controversy, it would be premature to consider the appointment of a mental health

14  expert.

15

16  **IV.**

17  **GIVENS'S DISCOVERY IS UNRELATED TO THE CLAIMS IN THIS ACTION AND GOOD CAUSE EXISTS FOR A STAY OF**

18  **DISCOVERY.**

19       The majority of Givens's discovery is unrelated to the recognized claims in this lawsuit, and

20  it appears that Givens is using the discovery process to investigate matters beyond this lawsuit.

21  The Request for Production of Documents and Things served on February 28, 2008 seeks mental

22  health contracts regarding substance abuse treatment at CRC (Decl. Duncan #4 ¶ 3, Ex. B), and

23  the Request for Admissions served on March 4, 2008 also relates to substance abuse treatment at

24  CRC.  (Decl. Duncan #4 ¶ 4, Ex. D.)  Givens was transferred to CRC in September 2007 (Decl.

25  Duncan Supp. Defs.' Mot. Dismiss (Decl. Duncan #1) ¶ 3, Ex. B), one month after his Complaint

26  was screened, and the claims in this suit were recognized (Order of Service).  Substance abuse

27  treatment at CRC has nothing to do with the subject matter of this lawsuit, and it appears that

28  Givens is seeking to use the discovery process for purposes unrelated to this lawsuit.

Reply Pl.'s Opp'n Defs.' Mot. Stay Disc.; Opp'n Mot. Compel Disc.    *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

5

1      The Federal Rules of Civil Procedure recognize that courts may issue protective orders to

2  stay discovery for "good cause." Fed. R. Civ. P. 26(c).  Good cause exists when the "burden or

3  expense of the proposed discovery outweighs its likely benefit taking into account the needs of

4  the case . . . and the importance of the proposed discovery in resolving the issues." *Id.* at

5  26(b)(2).  Since Givens appears to be using the discovery process to investigate matters that are

6  unrelated to this lawsuit, the burden and expense of responding to this irrelevant discovery

7  outweighs any potential benefit.  Therefore, the Defendants assert that good cause exists to stay

8  discovery until after the Court rules on the Defendants' Motion to Dismiss.

9

10                                                    **V.**

11      **DEFENDANTS OPPOSE GIVENS'S MOTION TO COMPEL**
       **DISCOVERY ON THE GROUNDS THAT DEFENDANTS HAVE**
12      **PROVIDED TIMELY DISCOVERY RESPONSES.**

13      As of the date of this motion, Defendants have provided timely, substantive discovery

14  responses to Givens's discovery requests.  On December 6, 2007, Secretary Tilton responded to

15  Plaintiff's Request for Admissions, Plaintiff's First Set of Interrogatories, and Plaintiff's Request

16  for Production. (Decl. Duncan #2 ¶ 4, Ex. C.)  On March 3, 2008, Sergeant Nollette responded

17  to Plaintiff's Written Interrogatories. (Decl. Duncan #4 ¶ 2, Ex. A.)  Since the Defendants have

18  provided timely discovery responses, Givens's motion to compel discovery is premature.

19

20

21

22

23

24

25

26

27

28

Reply Pl.'s Opp'n Defs.' Mot. Stay Disc.; Opp'n Mot. Compel Disc.                    *F. Givens v. J. Tilton, et al.*
                                                                                                              C 07-3575 MJJ (PR)

6

## CONCLUSION

Good cause exists for a stay of discovery, and the burden of responding to additional discovery outweighs any potential benefits. Defendants respectfully request that the Court grant the Motion to Stay Discovery pending the Court's ruling on Defendants' Motion to Dismiss. If the Court denies the motion, Defendants request that the previously served discovery be due 30 days from the date of the Court's order. In addition, Defendants oppose Givens's motion to compel discovery on the grounds that the Defendants have provided timely discovery responses.

Dated: March 27, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

D. ROBERT DUNCAN
Deputy Attorney General
Attorneys for Defendants Nollette and Tilton

40231506.wpd
SF2007200722

Reply Pl.'s Opp'n Defs.' Mot. Stay Disc.; Opp'n Mot. Compel Disc.

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **F. Givens v. J. Tilton, et al.**

No.:   **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 27, 2008,</u> I served the attached

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY OF DISCOVERY; OPPOSITION TO MOTION TO COMPEL DISCOVERY**

**DECLARATION OF R. DUNCAN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405**
**8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 27, 2008, at San Francisco, California.

| | |
|---|---|
| L. Santos | |
| Declarant | Signature |

40234517.wpd