# EXHIBIT A

```
 1 │ EDMUND G. BROWN JR.
   │ Attorney General of the State of California
 2 │ DAVID S. CHANEY
   │ Chief Assistant Attorney General
 3 │ FRANCES T. GRUNDER
   │ Senior Assistant Attorney General
 4 │ MICHAEL W. JORGENSON
   │ Supervising Deputy Attorney General
 5 │ D. ROBERT DUNCAN, State Bar No. 161918
   │ Deputy Attorney General
 6 │   455 Golden Gate Avenue, Suite 11000
   │   San Francisco, CA  94102-7004
 7 │   Telephone:  (415) 703-5739
   │   Fax:  (415) 703-5843
 8 │   Email:  Robert.Duncan@doj.ca.gov
 9 │ Attorneys for Defendant O. Nollette and James E.
   │ Tilton
10 │
11 │
12 │                IN THE UNITED STATES DISTRICT COURT
13 │             FOR THE NORTHERN DISTRICT OF CALIFORNIA
14 │                     SAN FRANCISCO DIVISION
```

| | |
|---|---|
| **FRANCOIS P. GIVENS,** | C 07-3575 MJJ (PR) |
| Plaintiff, | **DEFENDANT NOLLETTE'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| **JAMES TILTON, et al.,** | |
| Defendants. | |

**PROPOUNDING PARTY:**   Francois P. Givens, Plaintiff

**RESPONDING PARTY:**   O. Nollette, Defendant

**SET NO.:**   One

INTERROGATORY NO. 1:

Do you, Sergeant Nollette, swear under penalty of perjury by the laws of the United States that all information presented in response to these written interrogatories is, to the best of your knowledge, TRUE and ACCURATE?

1  RESPONSE TO INTERROGATORY NO. 1:

2      These interrogatories are signed in compliance with Fed. R. Civ. P. 33.

3

4  INTERROGATORY NO. 2:

5      State your full name, current position, position at times relevant to the operative complaint

6  and your lenght[sic] of employment with CDCR.

7  RESPONSE TO INTERROGATORY NO. 2:

8      My name is Sergeant O. Nollette. I am currently employed as a Correctional Sergeant in the

9  North Block of San Quentin State Prison (San Quentin). I have worked for the California

10 Department of Corrections and Rehabilitation at San Quentin since 1995. At the time of inmate

11 Givens's incarceration at San Quentin in July 2006 my title was Correctional Sergeant Receiving

12 and Release (R&R) Third Watch at San Quentin.

13

14 INTERROGATORY NO. 3:

15     What [are][were] your official duties as a Recieving[sic] and Release (R&R) officer at

16 SQSP?

17 RESPONSE TO INTERROGATORY NO. 3:

18     Objection. This request seeks information that is irrelevant to any claim or defense in this

19 action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

20 Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

21 July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

22 (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

23 defendants subjected plaintiff and other African-American inmates to "inhuman" living

24 conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

25 claims recognized by the Court. Without waiving this objection, as a Correctional Sergeant in

26 R&R at San Quentin my responsibilities included photographing incoming inmates, creating

27 photographic identification, screening the inmates for medical issues, and interviewing the

28 inmates regarding their housing needs.

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.                    *F. Givens v. J. Tilton, et al.*
                                                                          C 07-3575 MJJ (PR)

1    INTERROGATORY NO. 4:

2        When prisoners are processed into SQSP by R&R, who is responsible for determing[sic]

3    their Housing Unit assignments?

4    RESPONSE TO INTERROGATORY NO. 4:

5        Objection. This request seeks information that is irrelevant to any claim or defense in this

6    action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

7    Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

8    July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

9    (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

10   defendants subjected plaintiff and other African-American inmates to "inhuman" living

11   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

12   claims recognized by the Court. Without waiving this objection, the R&R Correctional

13   Lieutenant may temporarily place an inmate in administrative segregation pending a review by

14   the Institutional Classification Committee (ICC). An inmate may be temporarily placed in an

15   administrative segregation unit if they were previously housed in administrative segregation, or

16   based on a screening interview conducted by an R&R officer that reveals safety concerns.

17

18   INTERROGATORY NO. 5:

19       Under P.C§2085, who is the official "bailee" for ensuring accurate tracking, keeping and

20   release of prisoner property and funds upon transfer to and from SQSP?

21   RESPONSE TO INTERROGATORY NO. 5:

22       Objection. This request seeks information that is irrelevant to any claim or defense in this

23   action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

24   Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

25   July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

26   (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

27   defendants subjected plaintiff and other African-American inmates to "inhuman" living

28   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.                    *F. Givens v. J. Tilton, et al.*
                                                                          C 07-3575 MJJ (PR)

1 claims recognized by the Court. In addition, Interrogatory No. 5 is vague and ambiguous since

2 §2085 of the California Penal Code does not refer to a "bailee." Cal. Penal Code §2085.

3 Without waiving this objection, if an incoming inmate at San Quentin has money upon their

4 arrival, the R&R Office Assistant (OA) is responsible for taking the money from the inmate's

5 bus driver and giving the inmate a receipt. The OA is also responsible for sending the money to

6 the trust department.

7

8 INTERROGATORY NO. 6:

9      On 7-11-06, did SQSP and your R&R Department have an established policy to reasonably

10 accommodate mobility impaired inmates who were unable to carry their property with their

11 hands cuffed behind their back to and from Ad-Seg (Donner Unit)?

12 RESPONSE TO INTERROGATORY NO. 6:

13      Objection. This request seeks information that is irrelevant to any claim or defense in this

14 action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

15 Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

16 July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

17 (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

18 defendants subjected plaintiff and other African-American inmates to "inhuman" living

19 conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

20 claims recognized by the Court. Without waiving this objection, San Quentin and the R&R

21 Department has a policy of reasonably accommodating mobility impaired inmates.

22

23 INTERROGATORY NO. 7:

24      On 7-11-06, after finding out that the plaintiff was endorsed at a "Special Needs Yard"

25 (SNY Facility) at CSATF/SP, you issued a CDC114D lockup order, and had the plaintiff placed

26 in Ad-Seg rather than on the SNY facility at SQSP. What factors persuaded this decision?

27 RESPONSE TO INTERROGATORY NO. 7:

28      On July 11, 2006, the date of Givens's arrival at San Quentin, he informed Receiving and

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.            *F. Givens v. J. Tilton, et al.*
                                           C 07-3575 MJJ (PR)

1  Release (R&R) staff that he had safety concerns because he was an enemy of both the Bloods and

2  Crips gangs. As a result, for his safety, Givens was transferred to administrative segregation at

3  San Quentin. On July 19, 2006, Givens appeared before the ICC at San Quentin. The ICC

4  recommended a ninety-day extension of Givens's retention in administrative segregation in order

5  to obtain and review Givens's central file. The ICC based its decision on safety concerns for

6  Givens, other inmates, and the institution.

7

8  INTERROGATORY NO. 8:

9      On 7-11-06, did you directly contact any Donner Section Housing Unit Officer or personally

10  make any recommendations as to where the plaintiff should be housed within Donner Section?

11  RESPONSE TO INTERROGATORY NO. 8:

12      Objection. This request seeks information that is irrelevant to any claim or defense in this

13  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

14  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

15  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

16  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

17  defendants subjected plaintiff and other African-American inmates to "inhuman" living

18  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

19  claims recognized by the Court. Without waiving this objection, the Defendant may have

20  contacted Donner Section on July 11, 2006, to inform them that Givens would be transferred to

21  their administrative segregation unit, and that escorts would be needed to transfer Givens.

22  However, Defendant would not have recommended a specific location where Givens should be

23  housed in Donner Section.

24

25  INTERROGATORY NO. 9:

26      During a conversation with the plaintiff, after telling the plaintiff that you may have to get

27  an attorney to sue the plaintiff, you made reference to "seeing about" the plaintiff's living

28  quarters. Do you recall making these statements?

Def. Nollette's Resp. to Pltf's. 1ˢᵗ Set of Interrogs.                    *F. Givens v. J. Tilton, et al.*
                                                                              C 07-3575 MJJ (PR)

1  RESPONSE TO INTERROGATORY NO. 9:

2      Objection.  This request seeks information that is irrelevant to any claim or defense in this

3  action.  *See* Fed. R. Civ. P. 26(b)(1).  The Court recognized three cognizable claims in the

4  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

5  July 2006:  (1) defendants improperly appropriated money from plaintiff's prison trust account;

6  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

7  defendants subjected plaintiff and other African-American inmates to "inhuman" living

8  conditions.  (Order of Service 2.)  This request seeks information that is irrelevant to any of the

9  claims recognized by the Court.  Without waiving this objection, Defendant did not tell Givens

10  that he would get an attorney to sue him.  Defendant may have told Givens that he would be

11  transferred to the administrative segregation unit in Donner Section.  It is common practice for

12  inmates to ask Defendant about their transfer status, and Defendant often informs them about

13  their transfer status.

14

15  INTERROGATORY NO. 10:

16      Why did you personally confiscate the plaintiff's legal materials on 7-11-06, then throw the

17  materials into a closet in R&R?

18  RESPONSE TO INTERROGATORY NO. 10:

19      The Defendant did not confiscate Givens's legal materials on July 11, 2006 and throw the

20  legal materials into a closet in R&R.

21

22  INTERROGATORY NO. 11:

23      Do you have any personal biases/prejudice against African-Americans and/or "jailhouse

24  lawyers"?

25  RESPONSE TO INTERROGATORY NO. 11:

26      Defendant does not have any personal biases/prejudice against African-Americans and/or

27  "jailhouse lawyers"

28

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.          *F. Givens v. J. Tilton, et al.*
                                                                C 07-3575 MJJ (PR)

6

1    INTERROGATORY NO. 12:

2        Do you have any information within your personnel file regarding psychological issues, i.e.,

3    anger control, depression, alcoholism or drug abuse or any complaints of racism, bigotry or bias

4    and/or disciplinary action or law suits against you for racial discrimination, bigotry or retaliation

5    against prisoners for pursuing grievances/litigation against you?

6    RESPONSE TO INTERROGATORY NO. 12:

7        Objection. This request seeks information that is irrelevant to any claim or defense in this

8    action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

9    Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

10   July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

11   (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

12   defendants subjected plaintiff and other African-American inmates to "inhuman" living

13   conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

14   claims recognized by the Court. In addition, this request seeks information that falls under the

15   official-information and privacy privileges.

16

17   INTERROGATORY NO. 13:

18       On 7-26-06, the plaintiff was returned to CSATF/SP, without his legal supplies. How did

19   this occur?

20   RESPONSE TO INTERROGATORY NO. 13:

21       The Defendant worked on the R&R Third Shift during July of 2006 and was not involved in

22   the transfer of inmates from San Quentin to other institutions. Generally, inmates are transferred

23   out of San Quentin in the early morning hours after being brought to R&R by an escorting

24   officer. Generally, the escorting officer is responsible for transporting the inmate's property to

25   R&R for processing and eventual transfer to the inmate's new institution.

26

27   INTERROGATORY NO. 14:

28       On 7-26-06, Transportation Sgt. L. Araujo verified that the plaintiff's legal supplies were

Def. Nollette's Resp. to Pltf's. 1ˢᵗ Set of Interrogs.        *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

7

1   not on the "Schedule D" bus to CSATF/SP. On what day were the plaintiff's legal supplies

2   transported to CSATF/SP?

3   RESPONSE TO INTERROGATORY NO. 14:

4       Defendant lacks any personal knowledge concerning the request but is informed that a

5   property officer is responsible for tracking and recording the transfer of inmate property.

6

7   INTERROGATORY NO. 15:

8       Did you knowingly and willfully, or did anyone in your office knowingly and willfully

9   participate in, allow or encourage the embezzlement of funds from the plaintiff's trust account?

10  RESPONSE TO INTERROGATORY NO. 15:

11      Defendant did not allow or encourage the embezzlement of funds from Givens's trust

12  account, and the Defendant is not aware that anyone in R&R participated or encouraged the

13  embezzlement of funds from Givens's trust account.

14

15  INTERROGATORY NO. 16:

16      Upon plaintiff's receipt of his legal supplies in the later part of August 2006, he discovered

17  that the materials had been placed in a seperate[sic] container and the contents had been severely

18  disturbed. What is the name of the officer who transpacked the plaintiff's legal supplies and on

19  what day did this occur?

20  RESPONSE TO INTERROGATORY NO. 16:

21      Objection. This request seeks information that is irrelevant to any claim or defense in this

22  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

23  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

24  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

25  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

26  defendants subjected plaintiff and other African-American inmates to "inhuman" living

27  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

28  claims recognized by the Court. Without waiving this objection, and although Defendant lacks

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.                          *F. Givens v. J. Tilton, et al.*
                                                                                 C 07-3575 MJJ (PR)

8

1 any personal knowledge concerning the request, Defendant is informed that a correctional officer

2 in the administrative segregation unit, property officer, or bus driver would have been in charge

3 of transporting the inmate's property.

4

5 INTERROGATORY NO. 17:

6     On or around 8-20-06, the plaintiff's family was informed by R&R staff at SQSP that a

7 check for plaintiff's funds had been recently issued and "mailed" to CSATF/SP. Is it standard

8 operating procedure for R&R at SQSP to retain prisoner funds for almost (1) month after their

9 release/transfer from SQSP?

10 RESPONSE TO INTERROGATORY NO. 17:

11     Defendant lacks any personal knowledge concerning the request, but R&R has no

12 responsibility for the transfer of inmate funds, and Defendant is informed that the trust

13 department is responsible for the transfer of funds.

14

15 INTERROGATORY NO. 18:

16     On 7-11-06, did any San Francisco Sheriff deputy or Sheriff Hennessey (NDCal #C03-1818

17 MJJ) contact your office or anyone working in R&R at SQSP to suggest that the plaintiff should

18 be taught a lesson?

19 RESPONSE TO INTERROGATORY NO. 18:

20     Objection. This request seeks information that is irrelevant to any claim or defense in this

21 action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

22 Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

23 July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

24 (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

25 defendants subjected plaintiff and other African-American inmates to "inhuman" living

26 conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

27 claims recognized by the Court. In addition, Interrogatory No. 18 is vague and ambiguous in its

28 reference to Northern District of California, Case No. C03-1818. Without waiving this

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.       *F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

1  objection, the Defendant is not aware that anyone contacted R&R at SQSP to suggest that the

2  Givens should be taught a lesson?

3

4  <u>INTERROGATORY NO. 19</u>:

5       Are you personally or anyone else in your office familiar with a SFSD transportation deputy

6  by the name of Williams?

7  <u>RESPONSE TO INTERROGATORY NO.19</u>:

8       Objection. This request seeks information that is irrelevant to any claim or defense in this

9  action. *See* Fed. R. Civ. P. 26(b)(1). The Court recognized three cognizable claims in the

10  Complaint, all concerning plaintiff's fifteen-day incarceration at San Quentin State Prison during

11  July 2006: (1) defendants improperly appropriated money from plaintiff's prison trust account;

12  (2) defendants retaliated against plaintiff for filing lawsuits and confiscated his legal papers; (3)

13  defendants subjected plaintiff and other African-American inmates to "inhuman" living

14  conditions. (Order of Service 2.) This request seeks information that is irrelevant to any of the

15  claims recognized by the Court. Without waiving this objection, the Defendant is not aware of a

16  SFSD transportation deputy named Williams.

17

18  <u>INTERROGATORY NO.20</u>:

19       Were you ever contacted by anyone from the Office of the Appeal Coordinator at SQSP

20  regarding the 8-20-06 CDC602 submitted by the plaintiff to address these issues?

21  <u>RESPONSE TO INTERROGATORY NO. 20</u>:

22       Defendant is not aware that he was ever contacted by anyone from the Office of the Appeal

23  Coordinator at San Quentin regarding an administrative appeal filed by Givens on August 20,

24  2006.

25

26

27

28

Def. Nollette's Resp. to Pltf's. 1st Set of Interrogs.                    *F. Givens v. J. Tilton, et al.*
                                                                          C 07-3575 MJJ (PR)

1    INTERROGATORY NO. 21:

2        Do you have any personal biases against any class of citizen of the United States which

3    would affect your ability to impartially perform your official duties under color of state law?

4    RESPONSE TO INTERROGATORY NO. 21:

5        Defendant does not have any personal biases that affect his ability to impartially perform his

6    official duties.

7

8            Dated:  March 3, 2008

9                          Respectfully submitted,

10                         EDMUND G. BROWN JR.
                           Attorney General of the State of California

11                         DAVID S. CHANEY
                           Chief Assistant Attorney General

12
                           FRANCES T. GRUNDER
13                         Senior Assistant Attorney General

14                         MICHAEL W. JORGENSON
                           Supervising Deputy Attorney General

15

16

17

18                         D. ROBERT DUNCAN
                           Deputy Attorney General
19                         Attorneys for Defendants O. Nollette and James E. Tilton

20

21

22

23

24

25

26

27

28

Def. Nollette's Resp. to Pltf's. 1ˢᵗ Set of Interrogs.                    *F. Givens v. J. Tilton, et al.*
                                                                          C 07-3575 MJJ (PR)

1  **VERIFICATION**

2  I, O. Nollette, declare under penalty of perjury that I have reviewed the foregoing responses

3  to interrogatories. The responses are true and correct of my own knowledge, and as to such

4  responses, I believe them to be true.

5

6  Executed this 3rd day of March, 2008, at San Quentin, California.

7

8

9  O. NOLLETTE
   Correctional Sergeant, San Quentin State Prison

10  40215046.wpd
    SF2007200722

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def. Nollette's Resp. to Pltf's. 1ˢᵗ Set of Interrogs.

*F. Givens v. J. Tilton, et al.*
C 07-3575 MJJ (PR)

.12

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **F. Givens v. J. Tilton, et al.**

No.:    **C 07-3575 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 3, 2008</u>, I served the attached

### DEFENDANT NOLLETTE'S RESPONSES TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405**
**8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 3, 2008, at San Francisco, California.

| | |
|---|---|
| L. Santos | |
| Declarant | Signature |

40224826.wpd