# EXHIBIT C

```
 1  Francois P. Givens,#T-86266
    California Rehabilitation Center
 2  P.O. Box 3535
    Norco, Ca., 92860
 3  Plaintiff, In Pro Se.

 4

 5

 6

 7

 8                    UNITED STATES DISTRICT COURT

 9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  FRANCOIS P. GIVENS,              ) Case No: C07-3575 MJJ (PR)
                                     )
12       Plaintiff,                  ) REQUEST FOR MENTAL EXAMINATION AND
                                     )
13  v.                               ) APPOINTMENT OF EXPERT WITNESS
                                     )
14  JAMES TILTON, et al.,            ) (FRCivP 35 / FRE 706)
                                     )
15       Defendants.                 )
    _____)
16

17  To: THE HONORABLE JUDGE MARTIN J. JENKINS - NORTHERN DISTRICT OF CALIFORNIA

18

19       Plaintiff, Francois P. Givens, does hereby request that this Court allots funding for the

20  appointment of medical expert witness, in order to evaluate the mental condition of Defendant

21  Nollette. This evidence will be presented at trial to support Plaintiff's claims, and if necessary,

22  such medical expert may be used to perform additional evaluations of any parties associated with

23  this action, including Plaintiff, should such evidence become necessary.

24       This request is based on the fact that subjective mental components are necessary elements of

25  Plaintiff's claims which must be proven, and may be elements of defense by Plaintiff should

26  Defendants file counter claims to challenge competency or mental stability of Plaintiff.

27       This request is submitted on the following applicable facts, points and authorities and

28  declaration by Plaintiff.
```

Request For Mental Examination/Expert Witness    - 1 of 5 -
ND Cal C07-3575 MJJ

Applicable Facts

1) On 7-11-06, Plaintiff, herein 'Givens', was transferred from the San Francisco County Jail Facility to San Quentin State Prison (SQSP) as an out-to-court transfer. Upon arrival in Receiving and Release (R&R) area at SQSP, Givens was interviewed by Defendant Nollette regarding Givens' current "SNY" (Special Needs Yard) housing assignment at CSATF/SP in Corcoran, Ca. Defendant Nollette appeared agitated during the interview, and was openly irritated and possibly disgusted by the responses provided by Givens.

2) Shortly after an R&R officer confiscated Givens' writing pens, Nollette did inform Givens that he did not care about his mobility impairment (ADA issues), stating that if Givens could not carry his own legal supplies to his housing unit, which was over 1/2 mile away, with his hands cuffed behind his back, notwithstanding the fact that the supplies weighed over (30) pounds, then th legal supplies would remain in R&R, without informing Givens how long he would retain the legal supplies. During the argument, Nollette made several demeaning comments directed towards Givens and "jailhouse lawyers". Nollette would specifically tell Givens that he may have to get his own attorney to "sue" Givens, then stated that he would see about Givens' living arrangements.

3) After causing the destruction of the box containing Givens' legal materials by throwing the box in a closet in R&R, Nollette arranged for Givens to be placed in a one-man cell in Ad-Seg (1D-047). The toilet in the cell was inoperative and contained human waste upon Givens' arrival. On a nightly basis, inmates in the cells directly above Givens would flood their toilets, causing the water to cascade down their tiers, and flood Givens' cell and cells adjacent to the cell. On 7-11-06, according to the Legal Status Summary Sheet printed at SQSP, someone also entered Givens' court appearance for resentencing in San Francisco Superior Court Case#184987 / First Appellate District Court Case#A101176 as an "additional charge" in CDCR's tracking system, increasing Givens' restitution, instead of reducing it as ordered by the court on 6-16-06. Funds from Givens account have been embezzled since that day.

//

//

Request For Mental Examination/Expert Witness   - 2 of 5 -
ND Cal C07-3575 MJJ

Points and Authorities

I. COURT MAY ORDER MENTAL EXAMINATION OF A PARTY TO AN ACTION

A. Physical and Mental Examination of Persons

..."When the mental or physical condition...of a party...is in controversy, the court in which the action is pending may order the party to submit to physical or mental examination by a suitably licensed or certified examiner...The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties..." FRCivP 35(a), in relevant part.

B. Court Appointed Experts

..."The court may on its own motion or on the motion of any party enter an order to show cause why expert witness should not be appointed...The court...may appoint any expert witnesses of its own selection...The witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness;...Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow"...Federal Rule of Evidence (FRE) 706(a) and (b), in relevant part.

In Nollette's interrogatories (Set 2), Givens asked, "Do you have any personal biases/prejudice against African-Americans and/or jailhouse lawyers?" (Intr 11); "Do you have any information within your personnel file regarding psychological issues, i.e., anger control, depression, alcoholism or drug abuse or any complaints of racism, bigotry or bias and/or disciplinary action or lawsuits against you for racial discrimination, bigotry or retaliation against prisoners for pursuing grievances/litigation against you?" (Intr 12); and "Do you have any personal biases against any class of citizen of the United States which would affect your ability to impartially perform your official duties under color of state law?" (Intr 21).

These interrogatories were formulated to elicit admissible evidence regarding Nollette's mental state of "wantoness" or "subjective recklessness", which [is][are] essential elements to establish deliberate indifference towards medical/ADA concerns or constitutional rights of prisoners. In Wilson v. Seiter(1991)501 US 294,115 L.Ed.2d 271, the US Supreme Court stated:
..."The source of the intent requirement is not the predilections of this Court, but the Eighth Amendment itself, which bans only cruel and unusual punishment. If the pain inflicted is not formally meted out as punishment by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify"...Id., 115 L.Ed.2d at 280.

Because the "[t]reatment prisoner receives in prison and conditions under which he is confined are subject to scrutiny under Eighth Amendment" (Farmer v. Brennan(1994)511 US 825), federal courts have developed a "subjective recklessness" standard which "mandate[s] inquiry into a prison

Request For Mental Examination/Expert Witness    - 3 of 5 -
ND Cal C07-3575 MJJ

1   official's state of mind" (Wilson, supra, 501 US at 299), embedding a subjective component into
2   all Eighth Amendment claims which address prison conditions. Mental examination of Nollette would
3   tend to establish or denounce the requisite "culpable state of mind" requirement (Farmer, supra,
4   511 US at 834) needed to find Nollette guilty of being deliberately indifferant to Givens' ADA
5   condition and rights privileges and immunities assured him under the United States Constitution.

7   In the federal courts, evidence of other wrong acts is admissible to show proof of motive,
8   opportunity, intent, knowledge or absence of mistake (FRE 406(b)). Character evidence is admissible
9   as evidence of an essential element of a claim (FRE 405(b)), as well as habit of a person (FRE
10  406). Because intent, knowledge and character evidence are key subjective components which are
11  relevant in supporting cognizable claims presented by Givens (FRE 401, 402), and expert witness
12  testimony is admissible in this Court (FRE 702-704), allotment of funds for appointment of expert
13  witness is critical to Givens' claims presented in this action.

15  Conclusion
16  For the aforementioned reasons, this Court should allot funds for appointment of it's own
17  selection of expert witness, i.e., psychologist and/or psychiatrist to perform mental and medical
18  (drug test)[fn1] examination of Defendant Nollette. Findings of any such examination should be provided
19  to all parties to this action, and if deemed necessary, this Court should retain appointment of
20  the expert(s) throughout the course of these proceedings, for any further examinations/evaluations
21  which may be required by this Court.

23  Date: 2-24-08                                    X_____
                                                     Francois P. Givens, #T-86266
24                                                   Plaintiff, In Pro Se.

25  ----------FOOTNOTES----------
26  fn1) This Court, in it's own discretion should decide whether a medical examiner is needed to
     perform drug tests on any party to this action.
27  ----------END OF FOOTNOTES----------

28  Request For Mental Examination/Expert Witness     - 4 of 5 -
    ND Cal C07-3575 MJJ

Declaration

Plaintiff, Francois P. Givens, does hereby declare under penalty of perjury by the laws of the United States that all information presented in this declaration and request are, to the best of his knowledge is TRUE and ACCURATE.

SWORN TRUE ON THIS 24th DAY OF February, 2008 IN NORCO, CALIFORNIA.

X _____
Francois P. Givens, #T-86266
Plaintiff, In Pro Se.

Request For Mental Examination/Expert Witness    — 5 of 5 —
ND Cal C07-3575 MJJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MJJ

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury by the laws of the United States that all information presented in this certificate of service is to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States currently residing in the County of CLARK, NEVADA. On this day, I did personally place either original or exact copies of the following document:

a) Request For Mental Examination and Appointment of Expert Witness

in envelopes with sufficient postage, addressed as follows:

1) Office of the Clerk
   US District Court (ND Cal)
   450 Golden Gate Ave.
   San Francisco, Ca., 94102

2) Office of the Attorney General
   Edmund G. Brown, Attorney General
   P.O. Box 944255
   Sacramento, Ca., 94244-2550

3) Office of the Attorney General
   D.Robert Duncan - Deputy Attorney General
   455 Golden Gate Ave., Suite#11000
   San Francisco, Ca., 94102

4) Francois P. Givens,#T-86266
   CRC / 408-1Up
   P.O. Box 3535
   Norco, Ca., 92860

These envelopes were placed in an oficial US mail depository in the City of LAS VEGAS, NEVADA on this day.

SWORN TRUE ON THIS 28 DAY OF FEBUARY ,2008 IN LAS VEGAS, NEVADA.

x Sonnie J. Franklin
Sonnie J. Franklin
4046 Whispering Quail Ct
Las Vegas, Nv., 89122