Francois P. Givens,#T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

FILED

08 APR -8  PH 12: 38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,                      ) Case No: C07-3575 MJJ (PR)

    Plaintiff,                           ) PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION

v.                                       ) TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

JAMES TILTON, Secretary, CDCR, et al.,   ) COMPLAINT

    Defendants.                          )
_____ )

To: THE HONORABLE JUDGE MARTIN J. JENKINS - NORTHERN DISTRICT OF CALIFORNIA

Introduction

    On 7-11-07, Plaintiff, Francois P. Givens (herein 'Givens') filed the operative complaint for

this civil rights action (42 USCS§1983) against the California Department of Corrections and

Rehabilitation (CDCR). On 8-9-07, this Court screened the complaint, holding three cognizable claims:

(1) Defendants misappropriated funds from Givens' prison trust account; (2) retaliation against

Givens for his filing of grievances and lawsuits; and (3) subjecting Givens and other similarly

situated African-American prisoners to inhumane living conditions (see 8-9-07 order at 2).

    While this Court ordered service of summons and complaint on several of the Defendants, this

Court also stated:

//

Reply/Opposition to Amend Complaint        – 1 of 13 –
ND Cal C07-3575 MJJ

1  ..."The claims against defendants Chandler-Dacanay, W.Jeppeson, and Nola Grannis are DISMISSED
2  for failure to state a cognizable claim for relief"...Id., at 2.

3    In addition to ordering service on properly named defendants, this Court also stated,
4  "[P]laintiff identifies other defendants as "Doe" or by position, but not by name. Until they are
5  named by plaintiff, such defendants cannot be served", implying that Givens did state claims against
6  those defendants as well (Id., at 3, fn1). Four days after this Court ordered service upon
7  Defendants, the Defendants informed Givens that he qualified for a mandatory transfer to a newly
8  created Substance Abuse Program (SAP) at the California Rehabilitation Center (CRC). On 9-10-07,
9  Defendants transferred Givens to CRC, where he was informed that he would have to send home several
10 boxes of his active legal materials (First Amended Complaint (FAC) at 7:2-15). After speaking with
11 administration at Facility IV, Receiving and Release (R&R) agreed to store the active legal materials
12 in accordance with CDCR Departmental Operational Manual (DOM) §54030.10.2 .

13    On 11-13-07, Givens received a copy of Defendant's request for extension to file dispositive
14 motion / waiver of reply to complaint / demand for jury trial. On 11-14-07, Givens requested access
15 to his legal materials stored in R&R and on 11-15-07, R&R informed Givens that they would no longer
16 store his active legal materials. On 11-16-07, Givens submitted (6) trust account withdrawal forms
17 to send home the (6) boxes of legal materials (Id., at 7:17-25). After Givens was forced to discard
18 evidence for this and other federal court cases, Defendants also misappropriated funds from his
19 prison trust account based on fraudulent information which had been placed in Givens prison file
20 on 7-11-06, notwithstanding the fact that similar misappropriated funds that had been extracted
21 based on this same fraudulent information was returned to Givens' account in February 2007.
22 Defendants at CRC and CSATF/SP, as well as the Office of the Attorney General were made aware of
23 this information in December 2007, yet have failed and/or refused to correct this ongoing Fourteenth
24 Amendment violation, as to the date of this document (Id., at 8:1-16).

25    Shortly after his transfer to CRC, Givens attempted to obtain discovery **** from Defendants,
26 who missed statutory deadlines in which to respond to the requests. Subsequently, Givens filed
27 a request for summary judgment against Defendants, based on their adoptive admissions when they
28 failed to respond to discovery requests (see 12-19-07 Request For Summary Judgment). On 1-7-08,
   Reply/Opposition to Amend Complaint      — 2 of 13 —
   ND Cal C07-3575 MJJ

1  Defendants filed a motion to dismiss the operative complaint, based on Givens' alleged failure

2  to exhaust administrative remedies for his claims (see 1-7-08 Motion to Dismiss). On 2-13-08, Givens

3  submitted opposition to that motion to dismiss, and in conjunction with his opposition, requested

4  leave to file a first amended complaint (herein 'FAC'), including a proposed amended complaint,

5  in order to cure deficiencies within the operative complaint and to address ongoing violations

6  of federal law which was proximately caused by acts of the Defendants on 7-11-06 and Givens' attempt

7  to address those acts in this civil rights action. In the proposed FAC, Givens seeks prospective

8  declaratory and/or injunctive relief against the California Office of the Attorney General (OAG),

9  who has failed and/or refused to enforce the laws of the State of California against persons who

10  have caused or conspired to cause continuing violations of state and federal laws which have

11  deprived Givens of rights, privileges and/or immunities assured by the laws and Constitution of

12  the United States.

13  To the best of Givens' knowledge, his request for summary judgment and Defendant's request to

14  dismiss are currently pending before this Court.

15

16  Argument

17  Defendants assert that the proposed FAC is futile, sought in bad faith, and there is no evidence

18  that joinder of additional defendants is either necessary or indispensable (3-14-08 Opposition to

19  Amend at 3). Defendants also asserts that leave to amend should be denied because claims against

20  Grannis, Chandler-Dacanay, and Jeppeson were dismissed on 8-9-07, and the OAG is entitled to

21  absolute immunity, notwithstanding Givens' alleged failure to exhaust administrative remedies (Id.)

22  Givens denies all such allegations by Defendants, and asserts: (1) Givens has properly exhausted

23  administrative remedies for the operative complaint, hence amendment is not futile; (2) Givens

24  does not seek to delay proceedings, but seeks to rectify the effects of spoliation of evidence

25  caused by Defendants; and (3) The OAG is not immune from suit brought for prospective declaratory

26  or injunctive relief to, inter alia, enjoin enforcement of California law and to stop ongoing

27  violations of federal law.

28  //

Reply/Opposition to Amend Complaint    – 3 of 13 –
ND Cal C07-3575 MJJ

**1**  I. PLAINTIFF HAS PROPERLY EXHAUSTED ADMINISTRATIVE REMEDIES FOR ALL CLAIMS IN THE OPERATIVE
COMPLAINT

**2**

**3**  ..."Proper exhaustion demands compliance with an agency's deadlines and other critical procedural
rules because no adjudicative system can function effectively without imposing some orderly

**4**  structure on the course of the proceedings"...Woodford v. Ngo(2006)126 S.Ct 2378,2386.

**5**  In Woodford, the US Supreme Court construed "proper exhaustion" to mean "[u]sing all steps that

**6**  the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)"

**7**  (Id., at 2385, quoting Pozo v. McCaughtry(C.A.7 2002)286 F.3d 1022, 1024). Defendants assert that

**8**  Givens failed to properly exhaust administrative remedies because he did not submit his appeal for

**9**  informal level review (Opposition to Amend at 3:27-4:2). Defendants rely on the arbitrary finding

**10**  by Defendants Chandler-Dacanay and W.Jeppeson which determined that the appeal did not challenge

**11**  a departmental/institutional policy, and was not a citizens' complaint, hence Givens was not

**12**  entitled to bypass informal level review (3-6-08 Reply to Opposition to Motion to Dismiss at 2).

**13**  "[C]alifornia's DOC provides a four-step grievance process for prisoners who seek review of

**14**  an administrative decision or perceived mistreatment" [Citations.] "Within 15 working days of "the

**15**  event or decision being appealed", the inmate must ordinarily file an "informal" appeal, through

**16**  which "the appellant and staff involved in the action or decision attempt to resolve the grievance

**17**  informally" (Title 15, CCR§§3084.5(a), 3084.6(c); Brown v. Valoff(C.A.9 2005)422 F.3d 926,929).

**18**  There are eight situations in which attempted resolution at the informal level is not required

**19**  (CCR§3084.5(a)(3)). Two of those situations are "[a]lleged misconduct by a departmental peace

**20**  officer" (CCR§3084.5(a)(3)(G); Brown, 422 F.3d at 949,fn1) and "[a]ppeal of a policy or procedure

**21**  implemented by the CDCR or Warden" (CCR§3084.5(b)), with the latter bypassing both informal and

**22**  first level review (see Henderson v. Ayers(ND Cal 2007)476 F.Supp.2d 1168,1171).

**23**  In the 8-20-06 CDC602 Inmate appeal which Givens served directly on Warden Ayers (Volume 1,

**24**  Exhibit "E" at 14-21, FAC), Givens explicitly stated:

**25**  ..."This is a formal Citizens' Complaint (PC§832.5) against the Warden at SQSP for his failure
to ensure that subordinate officers adhere to regulations established by the State of California
regarding the accurate maintainence of inmate trust accounts and tracking of restitution fines

**26**  ordered by court(s). Appellant asserts that the Warden at SQSP promulgates a policy/custom of
inaction which allows subordinate officers to 'embezzle' inmate funds, within the meaning of

**27**  PC§504 (No "Rights and Responsibilities Form" was available at the time of preparation of this
Citizens' complaint. As such, appellant SWEARS UNDER PENALTY OF PERJURY BY THE LAWS OF THE STATE

**28**  OF CALIFORNIA THAT ALL INFORMATION SUBMITTED IN THIS COMPLAINT [ARE] TRUE AND ACCURATE DEPICTIONS

1  OF WHAT THE INFORMATION PURPORTS AS TRUE"...Id., at 14. (fn1)

2  A plain reading of the appeal demonstrates Givens' desire to file a citizens' complaint against

3  Warden Ayers for instituting a policy of inaction which allows subordinate staff to embezzle inmate

4  trust account funds and mistrack court ordered restitution. While the Code of Regulations may not

5  explicitly provide for citizens' complaints against a Warden (see CCR§3391), the authority seems

6  to be implied within the Penal Code (PC§830, 830.5(b), 832.5 and 832.7) and Code of Regulations

7  (CCR§3380(a) ["The Warden...of an institution of the department is the chief executive officer

8  of that institution, and is responsible for the custody, treatment, training and discipline of

9  all inmates under his charge"]). Irregardless, it is the burden of Defendants to prove that a

10  process was available to address Givens' claims against Warden Ayers (Henderson v. Ayers, supra,

11  476 F.Supp.2d at 1171; Brown, supra, 422 F.3d 926 [The availability of relief turns on how prison

12  viewed and treated complaint based on its own procedures]).

13  Defendants Chandler-Dacanay and W.Jeppeson did not view the appeal as a citizens' complaint

14  or a challenge to a policy implemented by Warden Ayers, instead instructing Givens to seek informal

15  level review from the trust accounting department. In the appeal itself, Givens stated that he

16  was not provided with the proper form (Rights and Responsibilities Form) which Defendants require

17  as part of their appeal process in order to process an appeal as a citizens' complaint (CCR§3391(d)).

18  The Prison Litigation Reform Act (PLRA 42 USC§1997e(a)) requires that prisoners must comply with

19  the agency's "critical procedural rules" (Woodford, 126 S.Ct at 2386). In accord, "[a] prison's

20  administrative remedies can be rendered 'unavailable' for purpose of exhaustion when officials

21  refuse to provide an inmate with required grievance forms" (Bradley v. Washington(D.D.C 2006)441

22  F.Supp.2d 97, 101; see also Sheets v. Terhune(ED Cal 2006)421 F.Supp.2d 1304, 1308 ["A remedy prison

23  officials prevent a prisoner from utilizing is not an available remedy"]). The Defendants have

24  waived assertion of defense of failing to file the grievance within a timely fashion by failing

25  to assert the defense in their responsive pleadings. And, without an accurate administrative record

26  or further clarification by Defendants, the failure to provide Givens with a Rights and

27  Responsibilities Form may be the reason why Defendants screened out the appeal as a citizens'

28  complaint.
Reply/Opposition to Amend Complaint    – 5 of 13 –
ND Cal C07-3575 MJJ

1    Because the State has created a right for Givens to appeal any policy of CDCR or the Warden

2 (DOM§54100.4; CCR§3084.1(a)), screening out Givens' citizens' complaint and directing him to submit

3 it at the informal level to trust accounts was an arbitrary governmental decision by the Defendants,

4 insofar as the Trust Accounting Department at SQSP does not have the authority to review a citizens'

5 complaint or a policy of inaction by Warden Ayers (see CCR§3084.5(e) ["Formal appeals shall not

6 be reviewed by a staff person who participated in the event or decision being appealed, or who

7 is of lower administrative rank than any participating staff"]; see also CCR§3084.5(a)(3)(F) ["The

8 informal level shall be waived for appeal of...any action, which the appeals coordinator determines,

9 cannot be resolved informally"]). This decision, in and of itself, constitutes a 14th Amendment

10 violation (see Wolff v. McDonnell(1974)418 US 539,558 ["The touchstone of due process is protection

11 of the individual against arbitrary action of government"]; Torricellas v. Poole(CD Cal 1997)954

12 F.Supp 1405,1413 ["If a liberty interest is implicated, whether found in the Constitution or state

13 created, the prisoner must receive minimum due process prior to deprivation of that interest"]).

14    "[A] claimant is not required to provide the agency with a preview of his lawsuit by reciting

15 every possible theory of recovery or every factual detail that might be relevant" (Gomez v. Winslow

16 (ND Cal 2001)177 F.Supp.2d 977, 983). While the PLRA does not impose a "name all defendants"

17 requirement (Jones v. Bock(2007)127 S.Ct 910), Givens did attach additional facts to the 8-20-06

18 grievance which described Defendant Nollette's involvement in the cognizable claims (Ex "E" at

19 15, FAC). Because Givens specifically claims that the cognizable claims were proximately caused

20 when Defendant Nollette and other state actors retaliated against Givens for his desire to exercise

21 his First Amendment righs (FAC at 12:1-14), in which connivance of these actions by Warden Ayers

22 occurred through his policy of failing to train, supervise, discipline and/or control the acts

23 of his subordinate officers (Id., at 10:1-12), Defendants did arbitrarily remove the possibility

24 of "all available remedies" from the appeals process by mischaracterizing the appeal (see Booth

25 v. Churner(2001)121 S.Ct 1819, 1822, fn4 ["Without the possibility of some relief, the

26 administrative officers would presumably have no authority on the subject of the complaint, leaving

27 the inmate with nothing to exhaust"]), which created Defendant's "failure to exhaust" defense.

28 //

Reply/Opposition to Amend Complaint        – 6 of 13 –
ND Cal C07-3575 MJJ

1    Accordingly, Defendants caused the appeals process to become unavailable to Givens to address

2 claims against Warden Ayers by failing to adhere to their own "critical procedural rules", thus

3 warranting a finding that Givens has properly exhausted all available remedies for the cognizable

4 claims presented in the operative complaint, hence amendment is not futile.

5

6 II. AMENDMENT IS NOT SOUGHT IN BAD FAITH OR TO DELAY PROCEEDINGS

7    ..."Because of the strong federal policy favoring resolution of cases on their merits, leave
to amend should be freely granted unless the opposing party can make a showing of prejudice
8 or bad faith on the part of the moving party" [Citations.] "The policy regarding leave to amend
is to be applied with 'extraordinary liberality' "...Grier v. Brown(ND Cal 2002)230 F.Supp.2d
9 1108, 1111.

10    While the mandate to freely grant leave is to be heeded when justice so requires (see Foman

11 v. Davis(1962)371 US 178, 182) or when it appears possible that the plaintiff can cure defects

12 in a complaint (see Sarei v. Rio Tonto(C.A.9 2007)487 F.3d 1193, 1223), leave to amend may be denied

13 when amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an

14 undue delay in litigation; or (4) is futile (see Bowles v. Reade(C.A.9 1999)198 F.3d 752, 758).

15 Defendants claim that Givens' request to stay proceedings until (60) days after his scheduled parole

16 release date (8-4-08) is an attempt to delay the proceedings, and assert that Givens has not

17 justified this delay (Opposition to Amend at 5:12-23).

18    "[A]lthough a factor for the court to consider, undue delay is insufficient by itself to justify

19 denying a motion to amend unless accompanied by a showing of prejudice to the non moving party"

20 [Citations.] "The party opposing amendment bears the burden of showing prejudice" (Reiffin v.

21 Microsoft Corp(ND Cal 2003)270 F.Supp.2d 1132, 1160). It is not upon Givens to justify his request

22 to stay proceedings in order for this Court to grant leave to amend, but it is upon Defendants

23 to demonstrate how amendment and a short stay would prejudice Defendants (Id.)

24    On 11-16-07, shortly after Defendants demanded trial in this action, Defendants caused the

25 spoliation of evidence for this and other federal court actions initiated by Givens when they forced

26 him to send home (6) boxes of legal materials which had been stored by Defendants since 12-7-05

27 (FAC at 7:17-23) (fn2). Much of the spoliated evidence pertained to acts of Defendants at CSATF/SP.

28 As the Defendants note, if leave to amend is granted, this Court will need to screen the FAC, and
Reply/Opposition to Amend Complaint    – 7 of 13 –
ND Cal C07-3575 MJJ

1  named Defendants will again need to be served by the US Marshals (Opposition to Amend at 5:20-22).

2  Previously, the operative complaint was filed on 7-11-07, screened on 8-9-07 and Defendants

3  allegedly waived service of summons and complaint on 11-6-07, a process which took approximately

4  four months. Accordingly, a presumption exits which establishes that a similar process at this

5  stage of the proceedings would be completed within the (60)[1] period in which Givens seeks a stay,

6  which is not an excessive delay (fn3).

7      District courts are vested with broad powers to permit supplemental pleadings under Federal

8  Rule of Civil Procedure (FRCP) 15(d) (see US for Use of Atkins v. Reiten(C.A.9 1963)313 F.2d 673,

9  675) in order "[t]o cover events happening after suit, and it follows, of course, that persons

10 participating in these new events may be added if necessary" (Keith v. Volpe(C.A.9 1988)858 F.2d

11 467, 475). The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute

12 between the parties as possible by allowing the additional claims which arise after the initial

13 pleadings are filed (Id., at 473). While the proper vehicle to cure defects in the pleadings, such

14 as misnaming of defendants or failure to state a cause of action against defendants, is through

15 a Rule 15(a) motion to amend (Lopez v. Smith(C.A.9 2000 en banc)203 F.3d 1122, 1130), this Court

16 has the inherent power to consider Givens' request to amend as either a request under Rule 15(a) or

17 15(d), in order to allow amendment for ongoing constitutional violations which arose out of the

18 same transaction or series of transactions, or are sufficiently related and or similar to cognizable

19 claims presented in the operative complaint.

20

21     Accordingly, Givens' motive in seeking amendment/supplement of operative pleading (Boone v.

22 Allstate Ins Co(CD Cal 2002)229 F.Supp.2d 1016, 1023) is to cure defects in the pleadings, is not

23 sought in bad faith, will not produce an undue delay in litigation, is not futile, seeks to end

24 the entire controversy currently before this Court and to address ongoing violations by Defendants.

25 Such amendment does not prejudice Defendants, hence leave to amend/supplement complaint should

26 be granted.

27

28 //
   Reply/Opposition to Amend Complaint      – 8 of 13 –              1– "(60) day"
   ND Cal C07-3575 MIU

III. THE OFFICE OF THE ATTORNEY GENERAL IS NOT IMMUNE FROM SUIT IN THIS ACTION

Defendants Brown, Ruffa, Binsacca, Jorgensen, Swanson, Duncan and Webber-Heim of the OAG claim that their joinder as Defendants is improper because they are entitled to absolute immunity (Opposition to Amend at 8). The Eleventh Amendment does bar suit for money damages against a state official in [his][her] official capacity (Austin v. State Industrial Insurance System(C.A.9 1991)939 F.2d 676, 679). However, the immunity afforded the OAG is not absolute (Ashelman v. Pope(C.A.9 1986)793 F.2d 1072). Quasi-judicial immunity of the OAG is pierced when [he][she] does act(s) in the "clear absence of all jurisdiction" (Bradley v. Fisher(1871)80 US 335). This immunity may also be pierced in situations where, not acting as an advocate, the conduct of the OAG violates clearly established statutory or constitutional rights which reasonable person would have known (see Buckley v. Fitzsimmons(1993)509 US 259; Kalina v. Fletcher(1997)522 uS 118 [Qualified immunity applies to administrative or investigative functions]; see also KRL v. Moore(C.A.9 2004)384 F.3d 1105).

In order to maintain the Supremecy Clause, there exists an exception to the Eleventh Amendment's bar, which permits suits for prospective declaratory or injunctive relief against a state official acting in his official capacity (see Ex Parte Young(1908)209 US 123). The Ex Parte Young exception may be invoked to provide relief for ongoing violations of federal law (Papasan v. Allain(1968) 478 US 265, 282) or to pursue claims against the OAG to enjoin enforcement of Penal Code or other state laws (Artichoke Joe's v. Norton(ED Cal 2002)216 F.Supp.2d 1984, 1111).

In the FAC, Givens stated that "[D]efendant Brown has failed to properly discharge his duties as Chief Law Officer of the State by failing to properly train, supervise and oversee duties of subordinate supervising and deputy attorney generals and/or to ensure that California laws are uniformly and adequately enforced" (FAC at 16:10-13). Clearly this claim is cognizable under the Ex Parte Young doctrine, Ashelman, Buckley, Kalina, and KRL, supra. Givens seeks to enjoin the enforcement of California laws against Defendants who have and continue to deprive Givens of Due Process and Equal Protection of the Laws by embezzling funds from Givens' trust account (PC§504), falsifying official records filed in a state office (PC§§115, 132, 134, 470; GvC§§6200, 6201), conspiracy to deprive Givens of property (PC§182(a)(4)), witness intimidation (PC§136.1) and interference with Givens' civil rights because of his race (PC§§422.6, 422.75). These provisions

1  of California law have been violated by Defendants, and directly pertain to their acts in which
2  Givens has stated cognizable claims in the operative complaint.

3      Givens has also alleged that the OAG has participated in misconduct which violates Buisness
4  and Professions Code (BPC)§6068 by practicing constructive fraud (CC§1571 et seq; GvC§12527.5)
5  and have conspired to compound and conceal violations of California law (PC§§32, 153) which
6  continues to impede Givens' access to the federal courts and or has injured Givens in his person
7  or property (FAC at 16:13-19:7) To make out a claim based on retaliation under the first clause
8  of 42 USC§1985(2), denial of access to federal courts, a plaintiff must prove: (1) a conspiracy
9  by the Defendants; (2) to injure a party or witness in his person or property; (3) because he or
10 she attended federal court or testified in a matter pending in federal court; (4) resulting in
11 injury or damages to the plaintiff (Portman v. County of Santa Clara(C.A.9 1993)995 F.2d 898, 909).
12 Givens has alleged in the FAC that he experienced retaliation by Defendants as a direct result
13 of his filing of the operative complaint, however, the Ninth Circuit has not yet addressed as to
14 whether 42 USC§1985(2) applies in such cases (Id., at 910). Notwithstanding this fact, and because
15 conspiracies between private parties and state actors under this statute are actionable (Dennis v.
16 Sparks(1980)449 US 24), facts presented within the FAC present cognizable claims against the OAG
17 under 42 USC§1985(2).

18     Under 42 USC§1985(3), conspiracy to deprive person or class of persons of equal protection of
19 the laws, cause of action does exists against the OAG. The elements of a claim under this section
20 are: (1) the existence of a conspiracy to deprive the plaintiff of equal protection of the laws;
21 (2) an act in furtherance of the conspiracy; and (3) a resulting injury (Scott v. Ross(C.A.9 140
22 F.3d 1275, 1284). These claims also include an indispensable component of "some racial, or perhaps
23 otherwise class-based, invidiously discriminatory animus" (Griffin v. Breckenridge(1971)403 US
24 88), which does pierce the immunity of the OAG, per se (Ashelman, supra, 793 F.2d 1072). Givens
25 has alleged such animus (FAC at 20:6-8), the failure of the OAG to address the animus (Id., at
26 20:15-21) and conspiracy by the OAG to conceal the invidious discrimination (Id., at 16:17-19).
27 Claims in the FAC which address this provision of federal law are cognizable against the OAG.

28

1  Accordingly, since Givens seeks prospective declaratory/injunctive relief against the OAG,

2  and forwards cognizable claims under 42 USC§1985 against the OAG, there are no members of the OAG

3  who are absolutely immune from liability in this action, and leave to amend the FAC should be

4  granted in order to include these Defendants and resolve the entire controversy.

5

6  Conclusion

7  For the aforementioned reasons, Givens request to amend/supplement the operative complaint should

8  be granted, and all relief requested in his motion to amend should also be granted by this Court.

9

10  Date: _March 30, 2008_                                    X _____
                                                                Francois P. Givens,#T-86266
11                                                              Plaintiff, In Pro Se.

12

13

14  - - - - - - - - -FOOTNOTES- - - - - - - - -

15  fn1) In serving the 8-20-06 CDC602 appeal/citizens' complaint directly on
    Warden Ayers, Givens did in fact satisfy the informal review requirement (see DOM§54100.11 ["Before
16  an appeal shall be accepted for formal processing, the inmate/parolee shall make every effort to
    informally resolve the problem with the appropriate staff member").
17
    fn2) Recently, the Ninth Circuit Court of Appeals reversed and remanded Docket# 06-16267 back
18  to this Court, an appeal of C06-2505 MJJ, a civil rights action initiated by Givens against the
    City and County of San Francisco and the San Francisco Police Department. Virtually all documentary
19  evidence for that case was in the (6) boxes of legal materials which Givens was forced to send
    home on 11-16-07.
20
    fn3) On 3-4-08, Givens signed parole release plans and a request for interstate transfer of
21  his parole to his home in Nevada, in which Defendant J.Sheppard (FAC) is required to submit the
    documents to the proper authorities. On 3-13-08, Defendant Sheppard was removed as Givens' counselor
22  and as to this date, Givens does not know the status of the transfer request. Should the request
    not be processed before Givens' 8-4-08 release date, Givens will be required to return to his county
23  of commitment (San Francisco), where he does not have family, and will be homeless. Should that
    occur, Givens will not be able to properly prosecute his federal cases because all of his legal
24  materials will be stored at his home in Nevada.

25  - - - - - - - - -END OF FOOTNOTES- - - - - - - - -

26

27

28  //
    Reply/Opposition to Amend Complaint        - 11 of 13 -
    ND Cal C07-3575 MJJ

Declaration

    Plaintiff, Francois P. Givens, does hereby declare under penalty of perjury by the laws of the United States that all information presented in this declaration, and reply to defendant's opposition to plaintiff's request to amend complaint is, to the best of his knowledge, TRUE and ACCURATE.


SWORN TRUE ON THIS 30th DAY OF March _____, 2008 IN NORCO, CALIFORNIA.

                                        X _____
                                        Francois P. Givens,#T-86266
                                        Plaintiff, In Pro Se.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MJJ (PR)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury by the laws of the United States that all information presented in this certificate of service is, to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States currently incarcerated at the CRC in Norco, Ca. On this day, I did personally place either original or exact copies of the following document:

a) Plaintiff's opposition to Defendant's reply to Plaintiff's request to amend complaint;

in envelopes with sufficient postage, addressed as follows:

1) Office of the Clerk
   US District Court (ND Cal)
   450 Golden Gate Ave.
   San Francisco, Ca., 94102

2) Office of the Attorney General
   Edmund G. Brown, Jr., Attorney General
   P.O. Box 944255
   Sacramento, Ca., 94244-2550

3) Office of the Attorney General
   D.Robert Duncan - D.A.G
   455 Golden Gate Ave., Suite#11000
   San Francisco, Ca., 94102

These envelopes were given to a correctional officer at CRC to log and process as outgoing legal mail in accordance with mail procedures established at the institution, on this day.

SWORN TRUE ON THIS 3rd DAY OF April            , 2008 IN NORCO, CALIFORNIA

                                        X _____
                                        François P. Givens, #T-86266
                                        CRC
                                        P.O. Box 3535
                                        Norco, Ca., 92860
                                        Plaintiff, In Pro Se.

Reply/Opposition to Amend Complaint        – 13 of 13 –
ND Cal C07-3575 MJJ