1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  D. ROBERT DUNCAN, State Bar No. 161918
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5739
    Fax: (415) 703-5843
8   Email: Robert.Duncan@doj.ca.gov

9  Attorneys for Defendants O. Nollette and James E.
   Tilton

10

11

12            IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15  **FRANCOIS P. GIVENS,**                C 07-3575 MHP (PR)

16                           Plaintiff,

17       v.

18  **JAMES TILTON, et al.,**

19                           Defendants.

20

21  **DEFENDANTS' RE-NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

22

23

24

25

26

27

28

Defs.' Re-Not. Mot. & Mot. Dismiss; Memo. P. & A.                    *F. Givens v. J. Tilton, et al.*
                                                                     C 07-3575 MHP (PR)

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ... 2

    ISSUE PRESENTED ... 2

    STATEMENT OF THE CASE ... 2

    STATEMENT OF FACTS ... 3

        A. Plaintiff's Inmate History. ... 3

        B. California Department of Corrections and Rehabilitation Inmate Appeals Process. ... 4

        C. Givens Failed to Exhaust Any Appeals at the Director's Level Concerning the Allegations in His Complaint. ... 4

ARGUMENT ... 6

    THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING THIS ACTION. ... 6

        A. Standard of Review. ... 6

        B. The Mandatory Exhaustion Requirement under the Prison Litigation Reform Act. ... 6

        C. Under *Woodford v. Ngo* Proper Exhaustion is Required before Filing Suit. ... 7

        D. Givens Failed to Exhaust His Administrative Remedies. ... 8

            1. The Four Administrative Appeals that Givens Exhausted After July 11, 2006 Did Not Relate to His Incarceration at San Quentin. ... 8

            2. Givens's Only Pending Appeal at the Director's Level of Review Did Not Concern His Incarceration at San Quentin. ... 8

            3. Givens's Only Administrative Appeal Regarding His Incarceration at San Quentin was Screened Out Because Givens Did Not Submit the Appeal to the Informal Level. ... 9

            4. Givens's Five Administrative Appeals that were Screened Out at the Director's Level of Review after July 11, 2006 Were Not Properly Exhausted. ... 10

CONCLUSION ... 13

# TABLE OF AUTHORITIES

Page

**Cases**

| | |
|---|---|
| *Booth v. Churner* 532 U.S. 731 (2001) | 6, 7 |
| *Butler v. Adams* 397 F.3d 1181 (9th Cir. 2005) | 7 |
| *Jones v. Bock* 127 S. Ct. 910 (2007) | 7, 11 |
| *McKinney v. Carey* 311 F.3d 1198 (9th Cir. 2002) | 6 |
| *Porter v. Nussle* 534 U.S. 516 (2002) | 6 |
| *Vaden v. Summerhill* 449 F.3d 1047 (9th Cir. 2006) | 7 |
| *Woodford v. Ngo* 126 S. Ct. 2378 (2006) | 4, 7, 9 |
| *Wyatt v. Terhune* 315 F.3d 1108 (9th Cir. 2003) | 2, 6 |

**Statutes**

| | |
|---|---|
| California Penal Code § 832.5 | 10 |
| United States Code, Title 28 § 1915A | 3 |
| United States Code, Title 42 § 1997e(a) | 2, *passim* |
| § 1983 | 1-3, 6 |

**Court Rules**

| | |
|---|---|
| Federal Rule of Civil Procedure rule 12(b) | 1, 2, 6 |

## TABLE OF AUTHORITIES (continued)

| | Page |
|---|---|
| **Other Authorities** | |
| California Code of Regulations, Title 15 | |
| § 3084.1 | 7 |
| § 3084.1(a) | 4 |
| § 3084.2(a) | 4 |
| § 3084.3 | 10 |
| § 3084.3(a) | 7 |
| § 3084.3(c) | 8 |
| § 3084.3(c)(4)-(5) | 10 |
| § 3084.3(d) | 12 |
| § 3084.5 | 4, 9 |
| § 3084.5(a)(1) | 9 |
| § 3084.5(a)(3)(D) | 10 |
| Prison Litigation Reform Act | 2, *passim* |

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN, State Bar No. 161918
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5739
 Fax: (415) 703-5843
 Email: Robert.Duncan@doj.ca.gov

Attorneys for Defendants O. Nollette and James E. Tilton

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>                                    Plaintiff,<br><br>        v.<br><br>JAMES TILTON, et al.,<br><br>                                    Defendants. | C 07-3575 MHP (PR)<br><br>**DEFENDANTS' RE-NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>(Re-Noticed as required by Reassignment Order dated April 7, 2008; No hearing required, Order of Service, Docket No. 7.) |

TO PLAINTIFF FRANCOIS P. GIVENS, IN PRO SE:

PLEASE TAKE NOTICE that Defendants O. Nollette and James E. Tilton (Defendants)[1] moved this Court on January 7, 2008, to dismiss Plaintiff's action under the non-enumerated portion of Federal Rule of Civil Procedure 12(b) on the ground that Plaintiff Francois P. Givens, a state prisoner, failed to exhaust his administrative remedies before bringing this 42 U.S.C. §

---

    1. As of the date of this Motion to Dismiss, Defendant Mendonca has not been served and has not appeared in this action.

1983 action as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Additionally, Plaintiff may provide evidence to the Court to dispute that which is presented by Defendants. *Id.* at n.14.

This motion is based upon this notice, the memorandum of points and authorities, the declarations and exhibits filed in support, as well as the pleadings and records on file in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUE PRESENTED

The PLRA requires inmates to exhaust their available administrative remedies before filing a federal civil rights action. Givens never submitted his administrative appeal concerning the claims in this action to the informal level.

Should this Court dismiss this action because Givens's did not properly exhaust the administrative grievance regarding the claims in this action?

### STATEMENT OF THE CASE

On July 11, 2007, Francois P. Givens, an inmate at the California Substance Abuse Treatment Facility (SATF), filed this civil-rights action pro se under 42 U.S.C. § 1983, naming James Tilton, Secretary of the California Department of Corrections and Rehabilitation (CDCR), Nola Grannis, Chief of the Inmate Appeals Branch, Sergeant O. Nollette, a correctional officer at San Quentin State Prison (San Quentin), S. Mendonca, a correctional case records analyst at SATF, CC-II Jeppeson, an appeals coordinator at San Quentin, and CC-II Chandler-Dacanay, an appeals coordinator at San Quentin. (Compl. at 1.) In his Complaint, Givens asserts that Defendants retaliated against him for bringing prison grievances by: (1) racially discriminating against Givens and others by subjecting them to inhuman living conditions; (2) embezzling funds from Givens's trust account, (3) imposing restitution which was not ordered by the court, and (4) refusing to file and process Givens's grievances. (*Id.* at 2.)

On August 9, 2007, this Court screened Givens's Complaint under 28 U.S.C. § 1915A, and found that Givens stated cognizable claims for violation of his constitutional rights under § 1983 at San Quentin by alleging that James Tilton, Sergeant Nollette, S. Mendonca: (1) improperly appropriated money from his prison trust account, (2) retaliated against him for his filing lawsuits and confiscated his legal papers; and (3) subjected him and other African-American inmates to "inhumane" living conditions, in particular to malfunctioning sewage and waste disposal systems in the prison cells, while not exposing white and Hispanic inmates to the same conditions. (Order of Service at 1-2.) The Court failed to find cognizable claims against CC-II Chandler-Dacanay, CC-II Jeppeson, and Nola Grannis for improperly denying and processing his administrative appeals, on the grounds that no constitutional right to a prison administrative appeal exists. (*Id.*) The Court also explained that the "Doe" defendants and the unnamed defendant could not be served until Givens named them. (*Id.* at 3.)

## STATEMENT OF FACTS

**A.   Plaintiff's Inmate History.**

On July 11, 2006, Givens was temporarily transferred to San Quentin after being housed at San Francisco County Jail for a re-sentencing hearing. (Decl. D. Robert Duncan Supp. Defs.' Mot. Dismiss (Decl. Duncan) ¶ 3, Ex. B.) On that day, Givens informed Receiving and Release (R & R) staff that he had safety concerns because he was an enemy of both the Bloods and Crips gangs. (*Id.* ¶ 4, Ex. C.) As a result, for his safety, Givens was transferred to administrative segregation at San Quentin on July 11, 2006. (*Id.*) On July 19, 2006, Givens appeared before a Institution Classification Committee at San Quentin. (*Id.* ¶ 5, Ex. D.) The committee recommended a ninety-day extension of Givens's retention in administrative segregation in order to obtain and review Givens's central file. (*Id.*) The committee based its decision on safety concerns for Givens, other inmates, and the institution. (*Id.*) On July 26, 2006, Givens was transferred back to SATF. (*Id.* ¶ 3, Ex. B.) On August 8, 2006, Givens waived a Unit Classification Committee appearance, at which the committee reviewed his confidential file and elected to release Givens to the SATF Facility A sensitive needs yard. (*Id.* ¶ 6, Ex. E.)

B. **California Department of Corrections and Rehabilitation Inmate Appeals Process.**

The State of California provides inmates in its custody with an administrative appeals process to grieve any issues that the inmates "can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5. To submit an administrative grievance, the inmate "shall use a CDC Form 602 . . . Inmate/Parolee Appeal Form, to describe the problem and action requested" and may attach one continuation page and documentation if necessary to more fully describe the problem and action requested and to clarify the inmate appeal. *Id.* § 3084.2(a). The California Department of Corrections and Rehabilitation administrative appeal process provides the inmate with four levels of review: (1) informal resolution, (2) first formal level review, (3) second formal level of review by the institution head or designee, and (4) third formal level of review by a designated representative of the Director of the California Department of Corrections and Rehabilitation under supervision of the chief of the inmate appeals branch. *Id.* § 3084.5. Pursuing an inmate appeal through the lower levels of review and receiving a final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). *Id.* § 3084.5; *Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006).

C. **Givens Failed to Exhaust Any Appeals at the Director's Level Concerning the Allegations in His Complaint.**

Between July 11, 2006, the date Givens arrived at San Quentin and was placed in administrative segregation, and July 11, 2007, the date Givens filed this action, only four of inmate Givens's administrative appeals were exhausted at the director's level of review. (Decl. N. Grannis Supp. Defs.' Mot. Dismiss (Decl. Grannis) ¶ 4, Ex. A.) Of the four administrative appeals that were exhausted at the director's level of review, none of four related to the claims found in Givens's Complaint. Appeal number SATF-06-00675 concerned a challenge to SATF policy that prohibited inmates from receiving the *California Prison Focus* newsletter (Decl. Decl. R. Gomez Supp. Defs.' Mot. Dismiss (Decl. Gomez) ¶ 8, Ex. B), and did not relate to causes of action in Givens's Complaint. Appeal number SATF-06-01265 concerned library

1  access at SATF (*Id.* ¶ 9, Ex. C), and did not relate to causes of action in Givens's Complaint.
2  Appeal number SATF-06-01558 concerned a search of Givens's cell at SATF (*Id.* ¶ 10, Ex. D),
3  and did not relate to causes of action in Givens's Complaint. Appeal number SATF-06-03872
4  concerned the alleged failure of CDCR to provide adequate medical treatment for Givens's
5  vision and mobility impairments (*Id.* ¶ 11, Ex. E), and did not relate to causes of action in
6  Givens's Complaint.

7  As described above, the Court recognized three cognizable claims concerning Givens's two
8  week incarceration at San Quentin from July 11, 2006 until July 26, 2006. (Order of Service at
9  1.) The only administrative appeal that is related to the recognized claims is an August 20, 2006
10 appeal, that Givens attached to the Complaint. (Compl. Ex. A, 2.) The August 20, 2006 appeal
11 purports to be a formal "Citizen's Complaint" alleging that the warden at San Quentin failed to
12 ensure that subordinate officers adhere to regulations regarding the maintenance of inmate trust
13 accounts and the tracking of restitution fines. (*Id.*) The appeal was submitted to the warden at
14 San Quentin, the warden at SATF, the U.S. District Court, the Kings County District Attorney,
15 the Marin County District Attorney, and CDCR headquarters. (*Id.* Ex. A, 9.) On September 6,
16 2006, the appeal was screened out as not being appropriate for formal level processing and
17 required proof of an informal level response. (*Id.* Ex. A, 1.) The language of the appeal
18 indicates that it was a regular administrative appeal, and did not qualify to bypass the informal
19 level of review. (Decl. R. Chandler-Dacanay Supp. Defs.' Mot. Dismiss (Decl. Dacanay) ¶ 11.)

20 After July 11, 2006, five of inmate Givens's administrative appeals were screened out at the
21 director's level of review. (Decl. Grannis ¶ 6, Ex. A.) Two of the appeals were screened out
22 after Givens's Complaint was filed on July 11, 2007: SATF-07-01883 was screened out on
23 August 15, 2007 because the appeal was rejected, withdrawn, or canceled; and SATF-07-01981
24 was screened out on October 16, 2007 because the appeal was missing documentation. (*Id.*) Of
25 the remaining three appeals that were screened out after July 11, 2006, none of the appeals had
26 institutional log numbers, most likely because the appeals had not reached the formal level of
27 review. (*Id.*) All three of the appeals were screened out because the appeal had not completed
28 the second level of review. (*Id.*)

# ARGUMENT

## THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BEFORE FILING THIS ACTION.

**A.    Standard of Review.**

An inmate's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) is a matter in abatement properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. If the court determines that the inmate has not exhausted his administrative remedies, the case should be dismissed without prejudice. *Id.*

**B.    The Mandatory Exhaustion Requirement under the Prison Litigation Reform Act.**

In the Prison Litigation Reform Act of 1995, Congress amended 42 U.S.C. § 1997e(a) and imposed an exhaustion requirement on suits by prison inmates. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The Prison Litigation Reform Act now provides that "[n]o action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The current exhaustion provision differs markedly from its predecessor" and is "invigorated." *Porter*, 534 U.S. at 524. It applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Id.* at 532.

The exhaustion requirement under § 1997e(a) "is now mandatory" and is "a prerequisite to suit." *Porter*, 534 U.S. at 524. Furthermore, the prisoner must exhaust the administrative remedies before filing suit, and exhaustion "subsequent to the filing of the suit will not suffice." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). When there is no pre-suit exhaustion, the district court is required to dismiss the complaint without prejudice. *Id.* at 1200-01; *Wyatt*, 315 F.3d at 1120. Further, the Ninth Circuit requires exhaustion to be completed before any

papers in federal court are filed, stating that "[t]he bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances" and "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed." *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).

The Prison Litigation Reform Act requires the prisoner to fully exhaust the administrative process that the state provides. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). Prisoners must complete the prison's administrative grievance process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth*, 532 U.S. at 741.

**C. Under *Woodford v. Ngo* Proper Exhaustion is Required before Filing Suit.**

The Supreme Court held that the Prison Litigation Reform Act's exhaustion requirement requires the "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* Moreover, the Supreme Court held that exhaustion of available remedies requires that a prisoner "properly exhaust," which means that "prisoners must complete the administrative review process in accordance with the applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 127 S. Ct. 910, 922 (2007) (internal citations and quotation marks omitted) (quoting *Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006)). Therefore, "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id.*

The grievance process in the State of California allows inmates to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1. The grievance process also provides that "[e]ach institution head and parole region administrator shall designate an appeals coordinator . . . who shall prior to acceptance for review screen and categorize each appeal originating in their area for compliance with these regulations." *Id.* § 3084.3(a). The grievance process provides

1 | rejection criteria that enumerates several reasons why an appeal can be rejected during the screening process. *Id.* § 3084.3(c).

### D. Givens Failed to Exhaust His Administrative Remedies.

Givens's Complaint describes allegations regarding his two week incarceration at San Quentin from July 11, 2006 until July 26, 2006. (Compl. at 3-5.) But Givens did not administratively exhaust any of the claims in his Complaint. The only administrative appeal that relates to the recognized claims in Givens's Complaint was the August 20, 2006 appeal that was screened out because Givens did not submit the appeal to the informal level. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1-2.) Thus, he has not met the mandatory requirements of the Prison Litigation Reform Act and his suit must be dismissed without prejudice. 42 U.S.C § 1997e(a).

#### 1. The Four Administrative Appeals that Givens Exhausted After July 11, 2006 Did Not Relate to His Incarceration at San Quentin.

This Court found that Givens stated cognizable claims that Defendants violated his constitutional rights during his two week incarceration at San Quentin. (Order of Service 1.) However, the only appeals that Givens exhausted between July 11, 2006, the date he arrived at San Quentin, and July 11, 2007, the date he filed the Complaint, related to events at SATF and did not concern San Quentin. (*See* Decl. Gomez ¶¶ 8-11, Exs. B-E.) Appeal number SATF-06-00675 concerned a challenge to SATF policy that prohibited inmates from receiving the *California Prison Focus* newsletter. (*Id.* ¶ 8, Ex. B.) Appeal number SATF-06-01265 concerned library access at SATF. (*Id.* ¶ 9, Ex. C.) Appeal number SATF-06-01558 concerned a search of Givens's cell at SATF. (*Id.* ¶ 10, Ex. D.) Appeal number SATF-06-03872 concerned the alleged failure of CDCR to provide adequate medical treatment for Givens's vision and mobility impairments in violation of the ADA. (*Id.* ¶ 11, Ex. E.)

#### 2. Givens's Only Pending Appeal at the Director's Level of Review Did Not Concern His Incarceration at San Quentin.

As of December 5, 2007, Appeal number SATF-07-03077, concerning mail issues, was pending at the inmate appeals branch waiting on the director's level decision. (Decl. Grannis ¶ 5, Ex. A.) However, this appeal concerns an alleged interference with legal mail that Givens

1 mailed on April 11, 2006 at SATF (Decl. Gomez ¶ 14, Ex. H), and did not concern the recognized claims in this case related to San Quentin.

### 3. Givens's Only Administrative Appeal Regarding His Incarceration at San Quentin was Screened Out Because Givens Did Not Submit the Appeal to the Informal Level.

The Supreme Court has held that the Prison Litigation Reform Act's exhaustion requirement requires the "proper exhaustion" of administrative remedies. *Woodford*, 126 S. Ct. at 2386. In the inmate-appeals process, there are four levels of review; the first is the informal level of resolution. (Decl. Dacanay ¶ 3; Decl. Gomez ¶ 3; Decl. Grannis ¶ 7.) The informal level is when the appellant and the staff involved attempt to resolve the grievance informally. Cal. Code Regs. tit. 15, § 3084.5. Title 15 provides that unless there is an exception, evidence of an attempt to obtain informal level review is required before an appeal may be accepted for formal review. *Id.* § 3084.5(a)(1).

The only administrative appeal concerning Givens's incarceration at San Quentin in July 2006, is an appeal submitted on August 20, 2006, that alleged improper handling of the funds in his inmate trust account at San Quentin.[2/] (Decl. Dacanay ¶ 8; Compl. Ex. A, 2.) Givens made no attempt to resolve the administrative appeal at the informal level, and instead submitted the appeal directly to the wardens at San Quentin and SATF. (Compl. Ex. A, 9.) Consequently, the appeals coordinators at San Quentin screened out the appeal for failure to submit it for informal resolution. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1.) CC-II Jeppeson, one of the Appeals Coordinators at San Quentin, noted on the screen out form that Givens should submit the appeal to the trust department for informal level review. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1.)

Instead of following CC-II Jeppeson's directions and submitting the appeal to the trust department, Givens sent a letter to the San Quentin warden, San Quentin litigation coordinators, and U.S. District Court challenging the screen out decision. (Compl. Ex. A, 10.) Givens asserted that his appeal was a challenge to a "policy/custom that is promulgated by San Quentin State Prison . . . [that] enables CDCR staff at SQSP to embezzle funds from inmate trust

---

2. Givens only appeal at San Quentin that reached the formal level and received an institutional log number is an unrelated appeal from Givens's previous incarceration at San Quentin in 2003. (Decl. Dacanay ¶ 7 Ex. A.)

1  accounts." (Compl. Ex. A, 10.) Givens claimed that his appeal was exempt from the informal
2  level requirement because it challenged "[d]epartmental regulations, policies, or operational
3  procedures." (*Id.* (citing Cal. Code Regs. tit. 15, § 3084.5(a)(3)(D))). However, the language of
4  Givens's appeal challenges a particular action at San Quentin, specifically the handling of inmate
5  Givens's trust account, and does not challenge a policy at San Quentin. (Decl. Dacanay ¶ 10;
6  Decl. Grannis ¶ 9; Compl. Ex. A, 2.) Alternatively, Givens claimed that the administrative
7  appeal was a formal citizen's complaint under California Penal Code section 832.5 and should
8  bypass the informal level. (Compl. Ex. A, 10.) Once again, the language of the appeal indicates
9  that the appeal is a regular administrative appeal, not a staff complaint or citizen complaint, and
10 does not fall within any exception to the requirement that inmate appeals must be submitted to
11 the informal level of review. (Decl. Dacanay ¶¶ 10-11; Decl. Grannis ¶ 9; Compl. Ex. A, 2.)

12     In addition, the Inmate/Parolee Appeals Screening Form states that in order to appeal a
13 screen out decision the inmate should return the screen-out form to the Appeals Coordinator with
14 the necessary information. (Decl. Dacanay ¶ 9; Compl. Ex. A, 1.) The Appeals Coordinator has
15 a policy of date stamping all appeal documents upon receipt of the documents. (Decl. Dacanay ¶
16 9.) There is no indication on the Inmate/Parolee Appeals Screening Form that the form was
17 resubmitted to the Appeals Coordinator as required to properly challenge a screen-out decision.
18 (Decl. Dacanay ¶ 9; Compl. Ex. A, 1.)

19     **4.  Givens's Five Administrative Appeals that were Screened Out at the Director's Level of Review after July 11, 2006 Were Not Properly**
20     **Exhausted.**

21     After July 11, 2006, five of inmate Givens's administrative appeals were screened out at the
22 director's level of review. (Decl. Grannis ¶ 6, Ex. A.) The grievance process in the State of
23 California provides that "[e]ach institution head . . . shall designate an appeals coordinator . . .
24 who shall prior to acceptance for review screen and categorize each appeal originating in their
25 area for compliance with these regulations." Cal. Code Regs. tit. 15, § 3084.3. An appeal may
26 be rejected because the appellant did not include evidence of an attempt to resolve the grievance
27 at the informal level, the appeal is incomplete, or necessary supporting documents are not
28 attached. *Id.* § 3084.3(c)(4)-(5).

In the case at hand, two of the administrative appeals were screened out after Givens's Complaint was filed on July 11, 2007; SATF-07-01883 was screened out on August 15, 2007 because the appeal was rejected, withdrawn, or canceled; and SATF-07-01981 was screened out on October 16, 2007 because the appeal was missing documentation. (Decl. Grannis ¶ 6, Ex. A.) Both of these appeals are unrelated to events that allegedly occurred at San Quentin in July 2006. Appeal number SATF-07-01883 concerned the alleged introduction of false or misleading information into Givens's central file by a staff member at SATF. (Decl. Gomez ¶ 12, Ex. F.) Appeal number SATF-07-01981 concerned the alleged interference in the copying of legal documents by a staff member at SATF. (*Id.* ¶ 13, Ex. G.)

Of the remaining three appeals that were screened out after July 11, 2006, none of the appeals had institutional log numbers, most likely because the appeals had not reached the formal level of review. (Decl. Grannis ¶ 6, Ex. A.) All three of the appeals were screened out because the appeal had not completed the second level of review. (*Id.*) The appeal that was screened-out on January 17, 2007 (*id.* ¶ 3, Ex. A), was most likely another attempt by Givens to bypass the informal level of review regarding his claim of improper handling his trust account at San Quentin. On January 17, 2007, the Inmate Appeal Branch received an Inmate/Parolee Form (CDC 602) from Givens attempting to bypass the informal, first, and second levels of review. (Compl. Ex. A, 16-18.) Givens claimed that the August 20, 2006 appeal had not been responded to at the informal, first, and second level of review. (Compl. Ex. A, 18.) Givens claims to have resubmitted the appeal to the San Quentin Appeals Coordinators, and various state officials twice. (Compl. Ex. A, 16.) However, Givens ignored that Appeals Coordinator CC-II Jeppeson screened out the appeal because it had not been submitted to the informal level, and directed him to submit the appeal to the trust department for informal level review. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1.)

The Supreme Court has held that exhaustion of available remedies requires that a prisoner "properly exhaust," which means that "prisoners must complete the administrative review process in accordance with the applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 127 S. Ct. at 922. When an appeal is

rejected for not attempting to resolve the grievance at the informal level, it is returned to the inmate with clear instructions regarding further action the inmate must take to qualify the appeal for processing. Cal. Code Regs. tit. 15, § 3084.3(d). In the case at hand, a handwritten note by Appeals Coordinator CC-II Jeppeson on the Inmate/Parolee Appeals Screening Form directed inmate Givens to send the appeal to the trust department for informal level review. (Decl. Dacanay ¶ 8; Compl. Ex. A, 1.) In addition, the Inmate Appeals Branch provided written notification to Givens that the appeal had not been completed through the second level of review and suggested that Givens speak with his Appeals Coordinator about the appeals process. (Compl. Ex. A, 20.) There is no evidence that Givens attempted to submit his appeal to the trust department.

  In sum, Givens failed to follow the proper procedure and failed to exhaust his administrative remedies before filing suit. Therefore, this action must be dismissed without prejudice. 42 U.S.C. § 1997e(a).

# CONCLUSION

Givens failed to exhaust any of the claims in this action before filing suit. The claims found cognizable by the Court are that Defendants violated Givens's constitutional rights by improperly appropriating money from his prison trust account, retaliating against him for filing lawsuits by confiscating his legal papers, and subjecting him and other African-American inmates to inhumane living conditions. Because Givens has not exhausted his administrative remedies for these claims before filing suit, Defendants respectfully request that this action be dismissed without prejudice. 42 U.S.C. § 1997e(a).

Dated: April 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*/s/ D. Robert Duncan*

D. ROBERT DUNCAN
Deputy Attorney General
Attorneys for Defendants O. Nollette and James E. Tilton

40247203.wpd
SF2007200722

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    F. Givens v. J. Tilton, et al.

No.:    C 07-3575 MHP (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 1, 2008, I served the attached

**DEFENDANTS' RE-NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266
California Rehabilitation Center 405
8-UP
P.O. Box 3535
Norco, CA 92860
Pro Per**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 1, 2008, at San Francisco, California.

|               L. Santos                |              _/s/_              |
| :------------------------------------: | :-----------------------------: |
|               Declarant                |            Signature            |

40248854.wpd