1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  D. ROBERT DUNCAN, State Bar No. 161918
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5739
     Fax: (415) 703-5843
8    Email: Robert.Duncan@doj.ca.gov

9  Attorneys for Defendants O. Nollette and James E. Tilton
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCOIS P. GIVENS,<br><br>            Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>            Defendants. | C 07-3575 MHP (PR)<br><br>**RE-NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Re-Noticed as required by Reassignment Order dated April 7, 2008; No hearing required, Order of Service, Docket No. 7.) |

TO FRANCOIS P. GIVENS, PLAINTIFF IN PRO SE:

PLEASE TAKE NOTICE that Defendants O. Nollette and James E. Tilton (Defendants) moved to stay discovery in this suit on February 15, 2008, pending the Court's ruling on Defendants' motion to dismiss. The ground for this motion is that it would be unduly burdensome for Defendants to respond to discovery if Defendants' motion to dismiss is granted. This motion is based on the following memorandum of points and authorities, the supporting declaration of Robert Duncan, and the Court's file in this suit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE CASE**

This is a civil-rights suit filed under 42 U.S.C. § 1983 by a state prisoner, Francois P. Givens (Plaintiff). Givens claims that while he was incarcerated at San Quentin State Prison (San Quentin) between July 11, 2006 and July 26, 2006, Defendants embezzled money from his inmate trust account, retaliated against him for filing lawsuits, confiscated his legal papers, and subjected him and other African-American inmates on his tier at San Quentin to inhumane living conditions. (Compl. ¶¶ 3-4.)

Defendants Tilton and Nollette became parties to this suit on November 6, 2007 when they waived service of process. (Decl. Duncan Supp. Defs.' Opp'n Pl.'s Req. Summ. J. & Defs.' Req. Stay Summ. J. (Decl. Duncan#2) ¶ 2, Ex. A.) On November 13, 2007, this Court extended the Defendants' deadline to file a dispositive motion until January 7, 2008. (Order Extending Dispositive Motion Deadline.) On December 6, 2007, Secretary Tilton responded to Plaintiff's Request for Admissions, Plaintiff's First Set of Interrogatories, and Plaintiff's Request for Production. (Decl. Duncan#2 ¶ 4, Ex. C.) The Office of the Attorney General did not receive interrogatories for Sergeant Nollette until January 30, 2008. (Decl. Duncan Supp. Defs.' Mot. Stay Disc. (Decl. Duncan#3) ¶ 2.) At the time of this Motion for Stay of Discovery, Sergeant Nollette has not yet replied to the request for interrogatories.

On December 27, 2007, Givens filed a Request for Summary Judgment based on the alleged failure of the Defendants to timely respond to discovery requests, and their deemed admissions as a consequence of failing to respond to discovery. (Ct. Docket at 26; Req. Summ. J. Pl. at 10, 12-13.) Givens claims that Secretary Tilton did not provide timely responses to his interrogatories and request for admissions (Req. Summ. J. Pl. at 10:13-19), Secretary Tilton contests that claim. Givens also claims that Sergeant Nollette did not provide timely responses to interrogatories. (*Id.*)

On January 7, 2008, Defendants Tilton and Nollette filed a motion to dismiss under Rule 12(b) on the ground that Givens failed to exhaust his administrative remedies before bringing this action. (Ct. Docket at 29.) The motion to dismiss is primarily based on the fact that Givens's

Re-Not. Mot. & Mot. Stay Disc. Pending Defs.' Mot. Dismiss      *F. Givens v. J. Tilton, et al.*
C 07-3575 MHP (PR)

2

1  only appeal regarding his incarceration at San Quentin was screened out because Givens did not
2  submit the appeal to the informal level. (Defs.' Not. Mot. & Mot. Dismiss 9.) None of the
3  discovery is relevant to the issue of whether Givens exhausted his administrative remedies before
4  filing suit. (Decl. Duncan#3 ¶ 3-4.)

## ARGUMENT

### DISCOVERY SHOULD BE STAYED PENDING THE COURT'S RULING ON DEFENDANTS' MOTION TO DISMISS.

Courts may issue protective orders to stay discovery for "good cause." Fed. R. Civ. P. 26(c). Good cause exists when the "burden or expense of the proposed discovery outweighs its likely benefit taking into account the needs of the case . . . and the importance of the proposed discovery in resolving the issues." *Id.* at 26(b)(2).

Here, the Court should grant a stay because Defendants have moved for dismissal on grounds that are completely unrelated to the discovery requests. (Decl. Duncan#3 ¶¶ 3-4.) The motion to dismiss is based on Defendants' assertion that Plaintiff failed to exhaust his administrative remedies before filing this suit. (Defs.' Not. Mot. & Mot. Dismiss.) Although some of the discovery requests relate to the factual basis of Givens's claims, none of the discovery relates to the issue of exhaustion of administrative remedies. (Decl. Duncan#3 ¶¶ 3-4.) Also, Defendants have already served Givens with Defendant Tilton's Responses to Plaintiff's Request for Admissions, Defendant Tilton's Responses to Plaintiff's First Set of Interrogatories, and Defendant Tilton's Responses to Plaintiff's Request for Production . (Decl. Duncan#2 ¶ 4, Ex. C.) Thus, a stay should issue to prevent the undue burden of Defendants having to respond to Plaintiff's Written Interrogatories for Sergeant Nollette when a motion to dismiss is pending before the Court.

Before seeking a protective order, parties are to confer or attempt to confer in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). Defendants' counsel spoke with Givens on February 7, 2008, and asked him if he would agree to stay discovery pending the Court's ruling on Defendants' Motion to Dismiss. (Decl. Duncan#3 ¶ 5.) Givens did not agree

to stay discovery. (*Id.*) Thus, Defendants have made a good-faith effort to resolve the discovery matter in satisfaction of Rule 26(c), but their efforts were to no avail.

## CONCLUSION

Because Givens's discovery is unduly burdensome at this stage, Defendants respectfully request that the Court grant a protective order to stay all discovery, including, but not limited to, responding to the Written Interrogatories for Sergeant Nollette, until it rules upon Defendants' Motion to Dismiss. If the Court denies this motion, Defendants request that any and all outstanding discovery be due 30 days from the date of the Court's order.

Dated: April 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

D. ROBERT DUNCAN
Deputy Attorney General
Attorneys for Defendants O. Nollette and James E. Tilton

40247309.wpd
SF2007200722

Re-Not. Mot. & Mot. Stay Disc. Pending Defs.' Mot. Dismiss

*F. Givens v. J. Tilton, et al.*
C 07-3575 MHP (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   F. Givens v. J. Tilton, et al.

No.:   C 07-3575 MHP (PR)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 1, 2008, I served the attached

### RE-NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Francois P. Givens, T-86266**
**California Rehabilitation Center 405**
**8-UP**
**P.O. Box 3535**
**Norco, CA 92860**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 1, 2008, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | *[signature]* |
| Declarant | Signature |

40248929.wpd