Francois P. Givens, #T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

FILED
08 MAY 14 PM 2:04
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | ) Case No: C07-3575 MHP(PR) |
| Plaintiff, | ) RE-NOTICE OF REQUEST TO AMEND COMPLAINT / REQUEST |
| v. | ) FOR STAY (FRCivP 15) |
| JAMES TILTON, et al., | ) (STAY REQUESTED) |
| Defendants. | ) |

To: THE HONORABLE CHIEF JUDGE MARILYN H. PATEL – NORTHERN DISTRICT OF CALIFORNIA

PLEASE TAKE NOTICE that on January 13, 2008, Plaintiff, Francois P. Givens, did request leave of this Court to file an amended complaint in this action in order to properly address all relevant claims and to join all necessary and/or indispensable Defendants in this action. This request is submitted to address continuing violations of cognizable claims in the initial complaint.

Because Defendants have unconstitutionally deprived Plaintiff of access to evidence to properly prosecute this action, which is now at Plaintiff's home out-of state, Plaintiff requests that after the screening of the amended complaint, this Court does STAY these proceedings until (60) days after Plaintiff's scheduled 8-4-08 parole release date.

This request is submitted on proposed First Amended complaint, exhibits, applicable facts, points and authorities, declaration of Plaintiff and the Court's file in this action.

Re-Notice/Leave to Amend Complaint    - 1 of 6 -
ND Cal C07-3575 MHP

Applicable Facts

1) On 7-11-07, Plaintiff did file his initial complaint in this action, in which he named several Defendants by their job title or as "DOE"s in the complaint.

2) On 8-9-07, this Court did screen the complaint, holding that Plaintiff had stated cognizable claims against Defendants for: (1) retaliation by confiscating his legal materials; (2) embezzlement of funds from his trust account; and (3) invidious discrimination against Plaintiff and similarly situated African-American prisoners. On 8-17-07, this Court did issue summons for US Marshal to serve upon several Defendants, however, this Court did not issue summons for several of the improperly named Defendants whom Plaintiff had stated cognizable claims against.

3) On 9-12-07, summons was returned by the US Marshal for S.Mendonca, unexecuted, whom, according to the California Attorney General, has not been made an official party to this action. Since that time, Plaintiff has discovered that Robert L. Ayers was the Warden at San Quentin State Prison at all times relevant to the complaint.

4) While Plaintiff has filed a request for summary judgment against Defendants, the Defendants have filed a motion to dismiss the complaint in this action. Both motions are currently pending before this Court.

5) Since this Court's 8-9-07 orders for issuance of summons and service of process upon Defendants, the Defendants have continued to retaliate against Plaintiff by confiscating, or "refusing to store" his legal materials and embezzlement of additional funds from his prison trust account, and appear willing to continue the unconstitutional behavior.

Points and Authorities

I. JOINDER OF PARTIES MAY OCCUR AT ANY STAGE OF PROCEEDINGS

A. Standard - Joinder of Claims
..."A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against the opposing party"...FRCivP 18(a).

B. Standard - Joinder of Parties
..."A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief may not be accorded among those already parties,

Leave to Amend Complaint            - 2 of 6 -
ND Cal C07-3575 MHP

or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party"...FRCivP 19(a), in relevant part; Hendricks v. Bank of America(C.A.9 2005)408 F.3d 1127,1135.

"[F]RCivP 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to danger of inconsistent obligations" (Boone v. Allstate Ins Co.(CD Cal 2002) 229 F.Supp.2d 1016,1022). This standard is met when failure to join will lead to separate and redundant actions (Id), and, where the party is really indispensable, "[t]he court has no discretion; it must authorize joinder" (Id., fn5).

The proposed First Amended complaint reveals that there are Defendants whose failure to join in this action would impede their ability to defend their interests in this or any other action related to the same claims. The proposed complaint also reveals that complete relief for parties already under this Court's jurisdiction cannot be accorded without their joinder, and if not joined, there is significant likelyhood of redundant, multiple and or inconsistent obligations, not to mention the undue burden upon Plaintiff to participate in multi-district litigation in the federal court system.

There are several "classes on interests" served by the application of Rule 19's joinder provisions: (1) the interest of the present defendants; (2) the interest of potential but absent plaintiffs and defendants; and (3) the social interest in the orderly, expeditious administration of justice" (see Reed, Compulsory Joinder of Parties in Civil Actions, 55 Mich.L.Rev 327,330(1957). These interests play a significant role in a court's determination of the feasability of joinder and or the ganting of leave to amend.

Courts consider another afctor when determining feasability of joinder, which looks to the practical effects of a dismissal, indicating that courts should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible (Advisory Committee Notes, FRCivP 19, 1966 Amendment, "The Amended Rule"; Fitzgerald v. Haynes(C.A.3 1957)241 F.2d 417,420). There is no assurance that the novice pro se

Leave to Amend Complaint      - 3 of 6 -
ND Cal C07-3575 MHP

1 | Plaintiff would be able to "sue effectively" in a "better forum" in which he has been unable to
2 | state any cognizable claim against state actors since 2004, despite his three attempts in ED Cal
3 | Case#CV-F04-6288 AWI DLB-P, currently on appeal in the Ninth Circuit. Failure to allow amendment
4 | or joinder in this action would not appear to serve Plaintiff's or society's interest in the orderly,
5 | expeditious, administration of justice, insofar as the indigent novice pro se litigator would be
6 | required to file civil rights actions in three separate courts to, in essence, address the same
7 | claims.
8 |   Because parties may be joined at any stage of proceedings (see FRCivP 21), joinder of parties
9 | is warranted in this action.
10 |
11 | II. JUSTICE REQUIRES AMENDMENT OF COMPLAINT
12 |   A party may amend the party's pleading once as a matter of course at any time before a responsive
13 | pleading is served (see FRCivP 15(a)). However, if the time has elapsed to file an amended pleading
14 | "once as a matter of course", "[a] party may amend the party's pleading only by leave of court or
15 | by written consent of the adverse party; and leave shall be freely given when justice so requires"
16 | (Id).
17 |   While amendment of pleadings is liberally allowed in California and under federal civil rules"
18 | (In re Gergely(C.A.9 BAP 1995)186 B.R 951), "[p]ro se plaintiffs should be given opportunity to
19 | amend their complaints to overcome any deficiencies unless it clearly appears deficiency cannot
20 | be overcome by amendment" (Ashelman v. Pope(C.A.9 1986)793 F.2d 1072). Plaintiff's proposed First
21 | Amended complaint will cure defects in mis-naming of Defendants, address continuous violations
22 | of related and similar claims as those cognizable within the initial complaint while adding new
23 | claims incurred as a direct result of Plaintiff's initiation of this action.
24 |
25 |   Because "[l]iberal pleading requirements of federal rules encourage grant of leave to amend"
26 | (Bradley v. Chiron Corp(C.A.Fed 1998)136 F.3d 1317), this Court should grant leave to amend the
27 | initial complaint for this action.
28 | //

Leave to Amend Complaint         - 4 of 6 -
ND Cal C07-3575 MHP

Conclusion

For the aforementioned reasons, this Court should grant the relief requested by Plaintiff.

Prayer For Relief

WHEREFORE, Plaintiff PRAYS for the following relief:

a) This Court GRANTS leave to amend the initial complaint for this action with the proposed First Amended complaint;

b) This Court proceeds with the screening of the First Amended complaint, in accordance with 28 USCS1915A;

c) Upon screening of the First Amended complaint, because of the spoliation of evidence which is described within the First Amended complaint, Plaintiff requests that this Court does STAY these proceedings for (60) days after the Plaintiff's parole release date, which is currently scheduled for 8-4-08, or until he obtains reasonable access to the legal materials stored at his home in Nevada; and

d) Any other and such further relief as this Court may deem fair, just and or required by law.

Date: May 8, 2008

X _____
Francois P. Givens, #T-86266
Plaintiff, In Pro Se.

Decalaration

Plaintiff, Francois P. Givens, does hereby declare under penalty of perjury by the laws of the United States that all information presented within this declaration, re-notice of request for leave to amend and all documents referenced therein are TRUE and ACCURATE depictions of what is purported.

SWORN TRUE ON THIS __8th__ DAY OF __May__, 2008 IN NORCO, CALIFORNIA.

X _____
Francois P. Givens, #T-86266
Plaintiff, In Pro Se.

Re-Notice/Leave to Amend Complaint      – 6 of 6 –
ND Cal C07-3575 MHP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MHP (PR)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury by the laws of the United States that all information presented in this certificate of service is, to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States, currently incarcerated at the CRC in Norco, Ca. On this day, I did personally place either original or exact copies of the following documents:

a) Re-Notice of request to amend complaint / Request For Stay
b) Re-Notice of request for mental examination and appointment of expert witness

in envelopes with sufficient postage, addressed as follows:

1) Office of the Clerk
US District Court (ND Cal)
450 Golden Gate Ave.
San Francisco, Ca., 94102

2) Office of the Attorney General
Edmund G. Brown, Jr., Attorney General
P.O. Box 944255
Sacramento, Ca., 94244-2550

3) Office of the Attorney General
D. Robert Duncan - D.A.G
455 Golden Gate Ave., Suite #11000
San Francisco, Ca., 94102

These envelopes were given to a correctional officer at CRC to log and process in accordance with with outgoing mail procedures established at the institution, on this day.

SWORN TRUE ON THIS 11th DAY OF May, 2008 IN NORCO, CALIFORNIA.

X _____
Francois P. Givens, #T-86266
CRC
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

Certificate of Service            - i -
ND Cal C07-3575 MHP