Francois P. Givens, #T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff-Petitioner, In Pro Se.

FILED
MAY 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | ) Case No: C07-3575 MHP |
| Plaintiff, | ) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| v. | ) OF PETITION FOR WRIT OF MANDAMUS |
| JAMES TILTON, Secretary, CDCR, et al., | ) |
| Defendants. | ) |

THE HONORABLE JUDGE MARILYN H. PATEL

NORTHERN DISTRICT OF CALIFORNIA

Memorandum/Petition For Mandamus       - i -
ND Cal C07-3575 MHP

# TABLE OF CONTENTS

Table of Authorities .........iii

Table of Cases ....iii - iv

Argument:
   I. THIS COURT HAS STATUTORY AND INHERENT POWER TO ISSUE MANDAMUS ............1

   II. FALSE INFORMATION IN PRISON FILE HAS DEPRIVED PETITIONER OF
      DUE PROCESS OF LAW .......2 - 3

   III. MISAPPROPRIATION OF FUNDS FROM PRISON TRUST ACCOUNT VIOLATES
      DUE PROCESS OF LAW ............3

   IV. MANDAMUS IS AVAILABLE TO EXPUNGE FRAUDULENT INFORMATION AND TO
      COMPEL THE SPECIFIC RECOVERY OF PROPERTY .......4 - 6

Conclusion ............6

Footnotes .......6 - 7

TABLE OF AUTHORITIES

California

   Code of Regulations

   1) §3193(b) ..........7

   Government Code

   1) §26640 ..........5

   Penal Code

   1) §1464(b) ..........4
   2) §2085 ..........4
   3) §2085.5(e) ..........4
   4) §2600 ..........5
   5) §2601 ..........5
   6) §3000(b)(6) ..........3
   7) §3041(b) ..........2
   8) §3053(a) ..........2
   9) §3053.2(e)(4) ..........2
   10) §3060.7 ..........2

Federal

   US Codes

   1) 28 USCS1331(a) ..........1
   2) 28 USCS1651(a) ..........1

   US Consitution

   1) 5th Amendment ..........3

TABLE OF CASES

California Appellate

   1) Ballas v. Ballas(1963)217 Cal.App.2d 129 ..........6
   2) Escamilla v. CDCR(2006)141 Cal.App.4th 498 ..........5

California Supreme

   1) Holt v. Kelly(1978)20 Cal.3d 560 ..........4,5
   2) Minsky v. City of Los Angeles(1974)11 Cal.3d 113 ..........4,5

District Courts(9th Circuit)

   1) Cox Communications PCS, L.P v. City of San Marcos(SD Cal 2002)204 F.Supp.2d 1272 ..........4
   2) Schneider v. CDC(ND Cal 2000)91 F.Supp.2d 1316 ..........3

//
Memorandum/Petition For Mandamus     - iii -
ND Cal C07-3575 MHP

<u>Ninth Circuit Court of Appeals</u>

1) Biggs v. Terhune(2003)334 F.3d 910 ..........2
2) Bruce v. Ylst(2003)351 F.3d 1283 ..........7
3) Hamilton v. Nakai(1971)453 F.2d 152 ..........1
4) Hovey v. Ayers(2006)2006 WL 2325130 ..........6
5) McQuillian v. Duncan(2002)306 F.3d 895 ..........2
6) Silveyra v. Moschorak(1993)989 F.2d 1012 ..........6
7) Stafford v. Superior Court(1959)272 F.2d 407 ..........1
8) Vance v. Barnett(2003)345 F.3d 1083 ..........3

<u>US Supreme Court</u>

1) Anti-Facist Committee v. McGrath(1951)341 US 123 ..........7
2) Board of Regents v. Roth(1972)408 US 564 ..........3
3) Dent v. West Virginia(1889)129 US 114 ..........2
4) Grannis v. Ordean(1914)234 US 385 ..........7
5) Haines v. Kerner(1972)404 US 519 ..........2
6) In re Ruffalo(    )390 US 544 ..........7
7) Kentucky Department of Corrections v. Thompson(1989)490 US 539 ..........2,3
8) Mississippi Publishing Corp v. Murphee(1946)326 US 438 ..........1
9) Morrisey v. Brewer(1972)408 US 471 ..........6
10) Naupe v. Illinois(1959)360 US 264 ..........6
11) Riggs v. Johnson County(1867)73 (6.Wall) US 166 ..........1
12) Schlagenhauf v. Holder(1964)379 US 104 ..........4
13) Screws v. US(1945)325 US 91 ..........2
14) Superintendent v. Hill(1985)472 US 445 ..........7
15) Webb's Fabulous Pharmacies, Inc. v. Beckwith(1980)449 US 155 ..........3
16) Will v. US(1967)389 US 90 ..........3
17) Wolff v. McDonnell(1974)418 US 539 ..........2

<u>District Courts</u> (Other Circuits)

1) Dixie Highway Express, Inc. v. US(SD Miss 1967)268 F.Supp 239 ..........1

//

## ARGUMENT

### I. THIS COURT HAS STATUTORY AND INHERENT POWER TO ISSUE MANDAMUS

..."[T]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and arguable to the usages and principles of law"...28 USC§1651(a).

Article III of the United States Constitution establishes the power of the federal courts to hear justiciable causes. Federal law establishes that "[T]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" (28 USC§1331). On 7-11-07, Petitioner filed the operative complaint in this civil rights action, which was screened by this Court in accordance with 28 USC§1915A on 8-9-07. In holding that the Petitioner had stated three cognizable claims against various defendants, this Court did also order service of summons and complaint upon those defendants, in order to "[a]ssert jurisdiction over the person of the part[ies] served" (Mississippi Publishing Corp. v. Murphee(1946) 326 US 438,444-445), and to determine disputed federal questions of law in order to afford remedy:

..."The Supreme Court long ago established the principle that the power of a court to afford a remedy must be coexistive with its jurisdiction over the subject matter: "[J]urisdiction is defined to be the power to hear and determine the subject matter in controversy in the suit before the court, and the rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to enforce such judgment or decree" (Riggs v. Johnson County(1867)73 (6.Wall) US 166,187)"...cited in Hamilton v. Nakai(C.A.9 1971) 453 F.2d 152,156.

The All Writs Statute (28 USC§1651) authorizes the remedy of extraordinary relief in the federal court system. However, this statute does not confer original jurisdiction, but rather, prescribes the scope of relief that may be granted when jurisdiction otherwise exists (Stafford v. Superior Court(C.A.9 272 F.2d 407,409). "[B]ut once jurisdiction attached, powers under §1651(a) should be broadly construed" (Hamilton, supra, 453 F.2d at 157). The All Writs Statute appears as a congressional affirmation of the universal rule that all courts have the inherent power to enforce its judgments and decrees (Id.; Dixie Highway Express,Inc. v. US(S.D Miss 1967)268 F.Supp 239).

Accordingly, this Court not only has the inherent power, but also the statutory power to issue mandamus in this action.

//

Memorandum/Petition For Mandamus       - 1 of 7 -
ND Cal C07-3575 MHP

II. FALSE INFORMATION IN PRISON FILE HAS DEPRIVED PETITIONER OF DUE PROCESS OF LAW

It is well established that prisoners may claim the protections of the Due Process Clause of the United States Constitution. They may not be deprived of life, liberty, or property without Due Process of Law (Wolff v. McDonnell(1974)418 US 539; Haines v. Kerner(1972)404 US 519; Screws v. US(1945)325 US 91). "A person alleging a due process violation must first demonstrate that he or she was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures that led to the deprivation were constitutionally insufficient" (Kentucky Department of Corrections v. Thompson(1989)490 US 454,459-460; McQuillian v. Duncan(C.A.9 2002)306 F.3d 895,900).

The Ninth Circuit Court of Appeals has explained, "[S]ection 3041 of the California Penal Code creates in every inmate a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process Clause" [Citations], and that interest arises "upon the incarceration of the inmate" (Biggs v. Terhune(C.A.9 2003)334 F.3d 910,914-915). The California Adult Parole Authority, upon the granting of parole to any prisoner, may impose on the parole any condition that it may deem proper (PC§3053(a)). In assessment of parole conditions, a parole officer may consider criminal history, prior incidents of violence, and arrest reports (PC§§3041(b), 3053.2(e)(4); C.f., PC§3060.7 "Parolees with highest control or risk classification").

Because the parole board may consider the fact that Petitioner's prison file reflects that he has served two prison terms, when in fact he has only served one, the current situation poses a severe threat that non-justifiable conditions will be placed upon Petition on his release from prison. "[T]he touchstone of due process is the protection of the individual against arbitrary action of government" (Dent v. West Virginia(1889)129 US 114,123). When a person's life, liberty or property is at stake, he has "[i]nterest sufficiently embraced within the Fourteenth Amendment ...to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated" (Wolff, supra, 418 US at 557). Clearly, Petitioner's right to parole, and to have parole conditions commensurate with his criminal history are "interests" which mandate that at least the minimum procedural requirements of due process must be satisfied before Petitioner may be adversely affected

Memorandum/Petition For Mandamus        - 2 of 7 -
ND Cal C07-3575 MHP

1  by governmental decisions (Kentucky, supra, 490 US at 454).
2      The Parole Authority meets with prisoners at least (30) days prior to their release date to
3  establish conditions of parole (PCS3000(b)(6)). Currently, if Petitioner's prison file was accessed,
4  it would show that he has served two separate prison terms for Cases 184987 and 184987A (FAC,
5  Appendix "D" at 11). While Defendant Prud'Homme states that "comprehensive audit of petitioner's
6  prison file is scheduled to occur 60 to 75 days before his earliest possible release date (FAC,
7  Appendix "G" at 45), there is no guarantee that the fabricated criminal conviction will be removed
8  from official state records, nor that the Parole Authority will not use this information to place
9  heightened restrictions upon Petitioner's conditions of parole, whereas Petitioner is now less
10 than (90) days to his scheduled parole release date (fn1).
11     Accordingly, the fabricated conviction (Case#184987A) has, and will continue to deprive the
12 Petitioner of Due Process of Law, and must be expunged from his prison file (fn2).
13
14 III. MISAPPROPRIATION OF FUNDS FROM PRISON TRUST ACCOUNT VIOLATES DUE PROCESS OF LAW.
15     The Fifth Amendment provides that "private property [shall not] be taken for public use, without
16 just compensation" (US Const., 5th Amend.) The Fifth Amendment Takings Clause applies to the states
17 through the Due Process Clause of the Fourteenth Amendment (see Webb's Fabulous Pharmacies, Inc.
18 v. Beckwith(1980)449 US 155,160). The Fifth and Fourteenth Amendment property and due process
19 guarantees apply in situations where an individual is deprived of property in which there exists
20 a constitutionally protected property interest (see Board of Regents v. Roth(1972)408 US 564,569).
21     Because prisoners do hold protected property interest in funds deposited in their trust accounts
22 (Schneider v. CDC(ND Cal 2000)91 F.Supp.2d 1316,1321), they are entitled to Due Process of Law
23 with respect to any deprivation of those funds from their accounts (Vance v. Barnett(C.A.9 2003)345
24 F.3d 1083,1095,fn6) (fn3). Clearly, Respondents creation of a non-existent order for restitution
25 and the misappropriation of funds from Petitioner's prison trust account based on that non-existent
26 order, violates Due Process of Law.
27     Accordingly, Petitioner seeks specific recovery of protected property of which he was deprived
28 by arbitrary government action.
Memorandum/Petition For Mandamus         - 3 of 7 -
ND Cal C07-3575 MHP

IV. MANDAMUS IS AVAILABLE TO EXPUNGE FRAUDULENT INFORMATION AND TO COMPEL SPECIFIC RECOVERY OF PROPERTY.

While issuance of writ of mandamus is in large part a matter of discretion with the court to which the petition is addressed (Schlagenhauf v. Holder(1964)379 US 104,112,n8), the writ has traditionally been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so" (Will v. US (1967)389 US 90,95). However, mandamus relief is also available where "[a] public official has violated statutory or regulatory standards deliminating the scope or manner in which the official's discretion can be exercised" (Cox Communications PCS, L.P v. City of San Marco(SD Cal 2002)204 F.Supp.2d 1272,1282).

California Penal Code Section 1464(b) provides, "[w]here multiple offenses are involved, the state penalty shall be based upon the total fine or bail for each case. When a fine is suspended, in whole or in part, the state penalty shall be reduced in proportion to the suspension" (Id.) On 6-16-06, the trial court in Case#184987 reduced Petitioner's restitution from $600 to $200 dollars, which is clearly reflected within the minutes and order for that day. While PC§2085.5(e) authorizes the Secretary/Director of CDCR (Defendant Tilton (fn4)) to collect the $200 dollar order for restitution, PC§2085 provides:

..."The Department shall keep a correct amount of all money and valuables upon the prisoner when delivered at the prison, and shall pay the amount, or the proceeds thereof, or return the same to the prisoner when discharged"...Id.

In Minsky v. City of Los Angeles(1974)11 Cal.3d 113, the California Supreme Court stated, "[w]here a wrongdoer has converted...personal property, the injured owner must elect between his right of ownership and possession (with the remedy of specific recovery) and his right to compensation (with the remedies of damages for conversion or quasi-contract recovery of value on theory of waiver of tort)" (Id., at 121). In <u>Minsky</u>, the state high court established that a criminal defendant has the right to obtain mandaus to compel the return of personal property wrongfully withheld by custodial officers (Id., at 123).

Similarly, In Holt v. Kelly(1978)20 Cal.3d 560, the state high court held that because a sheriff had a duty to return property to an arrestee after his release, a writ of mandate was appropriate

Memorandum/Petition For Mandamus     - 4 of 7 -
ND Cal C07-3575 MHP

1  to compel the return of that property (Id., at 564). The decisions in <u>Minsky</u> and <u>Holt</u> were based
2  upon the high courts interpretation of California Government Code (GvC)§26640, which expressly
3  imposes upon local law enforcement officers a duty to safely keep and return a prisoner's personal
4  property (Minsky, supra, 11 Cal.3d at 119,fn5; Holt, supra, 20 Cal.3d at 564). In Escamilla v.
5  CDCR(2006)141 Cal.App.4th 498, the state appellate court held that the language of PC§2085 was
6  closely analogous to GvC§26640, and when considered in conjunction with a prisoner's civil right
7  to own property (PC§§2600,2601) and CDCR regulations (fn5), <u>Minsky</u> and <u>Holt</u> were <u>apposite to</u>
8  <u>Escamilla</u>, concluding that PC§2085 established a governmental officer's duty to safely keep and
9  return personal property of an arrestee or prisoner (Escamilla, 141 Cal.App.4th at 510). The
10 <u>Escamilla</u> Court further stated:
11    ..."Under <u>Minsky</u> and <u>Holt,</u> the most appropriate writ to direct the government to return
      personal property or its value in a bailment or mailment-like situation is writ of mandamus"..
12    Id., at 509.
13    Thus, under California law, "[m]andamus may be brought to start the chain of action designed
14 to compel a ministerial duty by a public officer, even if the ultimate goal may be recovery of
15 a sum of money" (Id., at 510, quoting <u>Holt</u>, supra at 565,fn5). After receiving his 12-19-07 trust
16 account statement, Petitioner learned that fabricated Case#184987A had again been imposed against
17 his trust account to again embezzle funds from his trust account (FAC, Appendix "J" at 57). The
18 Trust Accounting Department at CRC would later inform Petitioner that Case#184987A was a valid
19 criminal case, that Petitioner had paid restitution order for that case in full, and that the
20 only way funds would be returned was by way of court order. Accordingly, on 1-10-08, Petitioner
21 submitted original CDC602 Inmate Appeal Log#CRC-B-08-00131, in which Petitioner alleged:
22    ..."CDCR continues to implement a policy/custom which allows for the mistracking of
      restitution orders, in violation of PC§1464(b). This policy/custom impermissably allowed
      the Trust Account Department at CRC to embezzle funds from appellant's trust account (PC§504a)
23    through state actor's fraudulent use of a non-existent superior court case number"...Id.
24    On 3-20-08, Petitioner received a copy of the original grievance that he submitted, with
25 the copy being stamped as "Treat as original CDC602 Form". The grievance had been denied at the
26 First Level of review, in which the reviewer stated, "[A]ccording to Restitution Records, Case#
27 184987A did exist, and has been paid in full. Please request for interview with case records
28 analyst to discuss your restitution fines as she has access to your C-File" (Id.) On 3-24-08,

Memorandum/Petition For Mandamus           - 5 of 7 -
ND Cal C07-3575 MHP

1  Petitioner submitted the grievance for Second Level review. As of the date of this petition,
2  Petitioner has not received a response at the Second Level of review.
3     On 1-13-08, Petitioner submitted a "Clarification of Order For Restitution" to the trial
4  judge in Case#184987, with copies served on the Presiding Judge for San Francisco Superior Court,
5  Defendant Tilton, Defendant's representative D.Robert Duncan, and this Court. "[I]n cases of
6  uncertainty as to the meaning of an order, the court has power to construe and clarify the order
7  to sustain rather than defeat it" (Ballas v. Ballas(1963)217 Cal.App.2d 129). Notwithstanding
8  this nunc pro tunc power of the court, neither the trial court nor Respondents have taken any
9  action to sustain, rather than defeat the 6-16-06 order.
10    Accordingly, since Respondents as well as the Superior Court of California have failed to
11 adhere to the use of sound discretion in these matters, mandamus does lie in order to correct
12 these issues:
       ..."Mandamus is appropriate when official's duty to act is ministerial in nature and so plain
13     as to be free from doubt; even when official's responsibilities are in some respects
       discretionary, mandamus is appropriate if statutory or regulatory standards deliminating
14     scope or manner in which such discretion can be exercised have been ignored or violated"...
       Silveyra v. Moschorak(C.A.9 1993)989 F.2d 1012.
15
16                                      CONCLUSION
17    For the aforementioned reasons, the relief requested by Petitioner in this writ of mandamus
18 should be GRANTED by this Court.
19
20 Date: May 6, 2008                                  X _____
                                                        François P. Givens,#T-86266
21                                                      Plaintiff-Petitioner, In Pro Se.
22                  - - - - - - - - - - -FOOTNOTES - - - - - - - - - - -
23    fn1) In his reply to Defendants' opposition to Petitioner's request to amend complaint,
   Petitioner stated that he seeks enjoinment of the Office of the Attorney General in this action,
24 who has deprived Petitioner of Due Process and Equal Protection of the Laws by, inter alia, failing
   to enforce criminal laws which proscribe falsification of official records filed within a state
25 office (3-30-08 Reply to Opposition to Amend at 9:19-10:2).
26    fn2) In criminal prosecutions, the knowing use of false evidence by the state, or the failure
   to correct evidence known to be false, violates Due Process (Naupe v. Illinois(1959)360 US 264,269;
27 Hovey v. Ayers(C.A.9 2006)2006 WL 2325130). While the full panoply of rights associated with
   criminal prosecutions do not apply to prison administrative hearings (Morrisey v. Brewer(1972)408
28 US 471,488), such hearings must still be supported by "some evidence" which has indicium of
   Memorandum/Petition For Mandamus        - 6 of 7 -
   ND Cal C07-3575 MHP

1  reliability (see Superintendent v. Hill(1985)472 US 445,455-56).
2     There is no evidence within any state court which supports Respondents allegation that SFSC Case#184987A exists. Accordingly, denial of expungement of this false evidence from Petitioner's prison file is a continuing Due Process violation (Bruce v. Ylst(C.A.9 2003)351 F.3d 1283).
3
4     fn3) The US Supreme Court has consistently held that some kind of hearing is required before a person is finally deprived of his property interests (see Anti-Facist Committee v. McGrath(1951) 341 US 123,168; Grannis v. Ordean(1914)234 US 385; In re Ruffalo(390 US 544).
5
6     fn4) As of the date of this petition, Mattew Cates has replaced James Tilton as the Secretary of CDCR.
7     fn5) Title 15 of the California Code of Regulations (CCR)§3193(b) provides, in relevant part, "[T]he department shall accept liability for the loss or destruction of inmate personal property
8  when it is established that such loss or destruction results from employee action"...Id.
9
10          - - - - - - - - - -END OF FOOTNOTES- - - - - - - - - -
11
12
...
27  //
28  //
    Memorandum/Petition For Mandamus         - 7 of 7 -
    ND Cal C07-3575 MHP

Francois P. Givens, #T-8626
CRC 408-1up
P.O. Box 3535
Norco, Ca, 92860

MAIL GENER[AL]
CA REHAB
CRC STATE P[RISON]

Office of the Clerk
US District Court (ND Cal)
450 Golden Gate Ave.
San Francisco, Ca, 94102

"Confidential Legal Mail"