1 Francois P. Givens,#T-86266
California Rehabilitation Center
2 P.O. Box 3535
Norco, Ca., 92860
3 Plaintiff, In Pro Se.

FILED
08 JUN -9 PM 2:33
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | ) Case No: C07-3575 MHP (PR) |
| Plaintiff, | ) REQUEST TO LODGE DOCUMENT IN SUPPORT OF |
| v. | ) PETITION FOR WRIT OF MANDATE. |
| JAMES TILTON, et al., | ) |
| Defendants. | ) |

To: CLERK OF THE COURT - NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, Francois P. Givens, does hereby request that this Court lodge, in support of Plaintiff's May 2008 petition for writ of mandamus in this action, the attached CDC602 Inmate Appeal (Log#CRC-B-08-0131), which addresses the Defendants' continued misappropriation of funds from Plaintiff's inmate trust account.

This evidence is relevant insofar as Defendants contend that San Francisco Superior Court Case 184987A exists (see attached pages 11-13), notwithstanding the fact that Deputy Attorney General Patricia Webber-Heim and CSATF/SP Correctional Case Manager Raleen Prud'Homme both admitting that Case#184987A had been incorrectly entered into the CDCR computer system, and that the error had been corrected at CSATF/SP in First Appellate District Court Case#A116196 (see attached pages 6-7). Defendants continue to use the fraudulent information to extract funds from Plaintiff's trust

1 | and insist that they will not return Plaintiff's monies.

2

3 | Under the <u>Ex Parte Young</u> Doctrine, Plaintiff now seeks, inter alia, injunctive relief to compel
4 | the return of his funds and the Office of the Attorney General to enforce the laws of the State
5 | of California which prohibits the falsification of official court records and/or documents filed
6 | in a state agency, embezzlement of funds and failure of the state agency to perform it's statutory
7 | duty as bailee of prisoner property.

8

9 | Date: June 2, 2008                    X _____
                                          Francois P. Givens, #T-86266
10 |                                       Plaintiff, <u>In Pro Se</u>.

Request to Lodge Document          - 2 -
ND Cal C07-3575 MHP

**RECEIVED**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

**TREAT AS ORIGINAL CDC 602 FORM**

MAR 4 2008
CRC APPEALS OFFICE

1. Log No. CRC-B-08-0131    Category 16
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Givens, Francois | T-86266 | Ptr / SAP | 408 / 1Up |

A. **Describe Problem:** CDCR continues to implement a policy/custom which allows for the mistracking of restitution orders, in violation of PC§1464(b). This policy/custom impermissibly allowed the Trust Account Department at CRC to embezzle funds from the appellant's trust account (PC§504a) through state actor's fraudulent use of a non-existent superior court case number.

(see Attachment 1 with supporting documents).

If you need more space, attach one additional sheet.

B. **Action Requested:** Reimbursement of restitution funds and administrative fees extracted at CRC for SFSC#184987A. Issuance of CDC-128 Chrono stating that all restitution has been paid for SFSC#184987. No retaliation for appellant's filing of this greivance.

Inmate/Parolee Signature: _____    Date Submitted: 1-10-08

C. **INFORMAL LEVEL** (Date Received: _____)

Staff Response: As of 1/28/08 on 01/10/08 all your restitution on case #184987A been paid off see attached restitution acct. statement showing paid restitution on 2 cases.

TA

Staff Signature: _____    Date Returned to Inmate: 1/28/08

D. **FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

San Francisco Superior Court Case#184987A does not exist, and was created after I got into an argument with SQSP R&R Sergeant O.Nollette, one of the Defendants in ND Cal #C07-3575 MJJ, "GIVENS v. TILTON". This case does not exist and was once removed from my account by CSATF/SP Case Records Manager Raleen Proud'Homme. I cannot produce court record for a case which does not exist. Funds extracted from my account at CRC needs to be refunded. I am currently amending the federal civil rights case to include CRC in CONTINUING VIOLATIONS of claims presented in that case.

Signature: _____    Date Submitted: 2-2-08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

**RECEIVED MAR 24 2008**

CDC Appeal Number: _____

**CRC APPEALS OFFICE**

TREAT AS ORIGINAL CDC 602 FORM

First Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: According to Restitution Records Case # 184987A DID exist, And has been paid in full. Please Request for interview with Case Records Analyst to discuss your Restitution fines as she has access to your C-File

Staff Signature: Cindy Samano    Title: Accounting Sup.   Date Completed: 3-10-08
Division Head Approval
Signature: _____   Title: AWBS   Returned Date to Inmate: 3-19-08

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response. The original CDC602 Form for this appeal was served on the CRC Case Records Manager on 1-15-08. On 3-20-08, appellant received this file-stamped copy of the appeal. Despite the First Level response stating that restitution records confirms the existence of SFSC#184987A, there are no official court documents that exist in any state agency or court which reflects this case, or an order for restitution for this case. Appellant seeks just compensation ($200 dollars restitution plus 10% fee) for the seizure of protected property, pursuant to the Just Compenstation Clause of the 5th Amendment [US Const.] (see attached).

Signature: _____   Date Submitted: March 23, 2008

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 3-24-08   Due Date: 4-22-08
☒ See Attached Letter

Signature: Cindy Samano    Date Completed: 5-8-08
Warden/Superintendent Signature: _____ CD2   Date Returned to Inmate: 5-8-08

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Because Appellant's 6-16-06 abstract of judgment for SFSC#184987 is in his central file, CDCR should have removed fraudulent case#184987A when it was discovered by the Office of the Attorney General in FNTC#A116196. Because this did not occur, and CDCR has embezzled funds based on this information, Appellant will present the refusal to correct this situation as EMBEZZLEMENT by all involved to the federal courts

Signature: _____   Date Submitted: June 2, 2008

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
Date: _____

32 (12/87)

Attachment CDC602 Log#CRC-B-03-0131
I/M Givens, #T-86266 March 23, 2008

In addressing property rights of prisoners, the US Supreme Court has held, "[I]n situations where state can feasibly provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of post deprivation tort remedy to compensate for taking" (Zinerman v. Burch(1990)110 S.Ct 975). "Conversely, in situations...where the State is truly able to anticipate and prevent a random deprivation of a liberty interest, post deprivation remedies might satisfy due process" (Id., at 987).

Appellant was convicted in SFSC#184987 on 10-9-02 and on 12-20-02, sentenced to an 8-year prison term in that case. After state appellate court reversed one of his convictions on 1-26-06 (FADC#A101176), appellant returned to the trial court for resentencing on 6-16-06. The minutes and abstract of judgment for that day both reflect a $200 dollar restitution fine imposed on that day, as opposed to the initial $600 dollar fine imposed on 12-20-02. On 7-11-06, appellant was transferred from the county jail, and received at SQSP to await transfer back to his sending institution (CSATF/SP). Because CCR§3075(a) provides, "[I]nmates received by the department shall be accompanied by either a copy of the minute order or an abstract of the judgment certified by the clerk of the court or judge" (Id.), a copy of the minutes or abstract for the 6-16-06 hearing in SFSC#184987 reducing appellant's restitution must appear within his C-File.

On 7-11-06, someone at SQSP entered non-existent SFSC#184987A into CDCR's computer system as an additional case with an additional restitution fine of $200 dollars. If this were an additional, consecutive imposition of sentence, PC§1170.1(a) would mandate imposition of the sum of the principal term (3 years) and 1/3 subordinate terms (16 months and 4 months), yielding a maximum prison sentence of 4 years 8 months. If this were so, appellant's maximum release date would have been in June 2006, and his EPRD estimated at around October 2005. This is not the case.

This false information [SFSC#184987A] remains in appellant's C-File, and depite Case Records at CSATF/SP and the Office of the Attorney General's acknowledgment of the false information, no one has removed this information from appellant's prison file, which has now been used to extract an additional $200 dollar restitution fine which was not ordered by the court, and to impose "improper cumulative punishment" for a second criminal conviction, abrogating the Separation of Powers Doctrine and Double Jeopardy Clauses of both State and Federal Constitutions.

The Just Compensation Clause of the 5th Amendment [US Const.] provides, "[n]or shall private property be takin for public use, without just compensation" (Id.) Because CDCR institutes policies/customs which, in effect, authorize the seizure of private property, i.e., inmate trust account funds, in order to accumulate interest for those funds, or other fraudulent intent, the Fifth Amendment requires the State of California to compensate appellant for all private property seized for the state's use:

..."It [Eminent Domain] cannot be exercised except upon condition that just compensation shall be made to the owner; and it is the duty of the state, in the conduct of the inquest by which compensation is ascertained, to see that it is just, not merely to the individual whose property is taken, but to the public which is to pay for it" (Searl v. School Dist No.2(1890)133 US 553). "The just compensation required by the Constitution to be made to the owner, is to be measured by the loss caused to him by the appropriation. He is entitled to receive the value of what he has been deprived of"...Bauman v. Ross(1897)167 US 548,574.

Appellant seeks just compensation from CDCR's policy which exercises Eminent Domain over prisoner trust accounts, without compensating prisoners for the agency's use of those funds to obtain interest against those funds, or other fraudulent means.

X _____
Francois P. Givens,#T-86266
CRC 408-1Up
P.O. Box 3535
Norco, Ca., 92860

Attachment CDC602  First Level Appeal
2-2-08 I/M Givens, T-86266

After extensive review of the remaining legal documents which I was not forced to send home on 11-16-07, I located a Legal Status Summary Sheet (LSSS) printed at SQSP on 7-19-06. The top of the LSSS shows **DISCREPANT**, and under controlling offense, it list the non-existent superior court case 184987A was entered into the computer system on 7-11-06, showing the correct sentence which was reduced by the superior court on 6-16-06, but adding it as an additional case.

It appears that CSATF/SP Case Records Analyst S.Mendonca may not be responsible for creating the non-existent court case. Upon my transfer from the county jail to SQSP R/C, en route back to my endorsed institution, on 7-11-06, I got into an argument with R&R Sgt Nollette, who placed me in Ad-Seg in "inhumane" living conditions, confiscated my legal materials, and it will be presented to the federal court that he was directly responsible for the creation of the false superior court case on 7-11-06.

Sgt Nollette's liability will not relieve others from liability in continuing to deprive me of funds placed in my trust account without Due Process of Law. Those funds are "protected property interest" and no deprivation of those funds can occur without just cause and compensation. The State of California, Office of the Attorney General, CDCR, CSATF/SP and Correctional Case Records Manager Raleen Prud'Homme have already declared, under penalty of perjury that imposition of Case#184987A was in error, yet CRC has embezzled $200 dollars from my prison trust account based on this false information filed in a state agency. This is, and will be, treated as felonious activity in ND Cal C07-3575 MHP, in which joinder of parties at CRC will probabably be accomplished by the time this appeal is processed.

X _____
Francois P. Givens, #T-86266
CRC 408 / 1Up

Attachment 1
Givens,F #T-86266 1-10-08

On 12-20-02, San Francisco Superior Court (SFSC) Judge Patrick J. Mahoney imposed upon the appellant (3) 8-year concurrent prison sentences, with a $200 dollar restitution fine on each count, totaling $600 dollars. On 1-26-06, the First Appellate District Court (FADC#A101176) reversed appellant's conviction on Count I, and remanded the case back to the inferior tribunal (Judge Mahoney), directing Mahoney to "give due heed" to double jeopardy principles and the proscription of multiple punishments for a single act when it corrected the remaining sentencing errors (see 1-26-06 opinion, FADC#A101176 in appellant's central file).

On 6-16-06 in SFSC#184987, Judge Mahoney dismissed Count I, stayed punishment on Count III and REDUCED restitution by imposing a $200 dollar fine on Count II ONLY. On 7-26-06, CSATF/SP CCRA S.Mendonca "created" a non existent superior court case number (SFSC#184987A) and imposed an additional $200 dollar fine, in addition to the original 12-20-02 $600 dollar fine.

In FADC#A116196, the appellant alleged that CDCR had "embezzled" funds from his trust account by failing to accurately track and record restitution orders and extract funds for restitution in excess of that which was ordered by the court on 6-16-06. On 2-22-07, CSATF/SP CCRM Raleen Prud'Homme submitted a declaration to the court to oppose applenat's contentions, declaring that after reviewing the appellant's central file, she had determined that the amended abstract of jugment from the 6-16-06 resentencing hearing, received by CDCR on 7-11-06, actually purported that restitution in SFSC#184987 had been reduced from $600 to $200 dollars. CCRM Prud'Homme also declared that the CDC1497 form generated by the CCRA had been interpreted by their computer system as an additional restitution fine, and that since the appellant had already paid $248.54 towards, he had been refunded $48.54 plus $4.85 in administrative fees, totaling $53.39 (see attached Declaration and 2-15-07 trust account statement).

On 1-8-08, CRC CCI J.Sheppard informed the appellant that he could not transfer his parole to the state where his family resides (see Uniform Act for Out-of-State Parole Supervision PC§11175 et seq.) because of an outstanding restitution balance for SFSC#184987A, the same case "created" by S.Mendonca on 7-26-06 (see 12-19-07 CRC trust account statement. PC§1464(b) provides, in relevant part, "[w]hen a fine is suspended, in whole or in part, the state penalty SHALL be REDUCED in proportion to the suspension" (Id.) PC§504a provides, in relevant part, "[E]very officer...or servant of that officer...who fraudulently appropriates to any use or purpose not in the due and lawful execution of that person's trust...any property...under...control by virtue of that trust, or secretes it with fraudulent intent...is guilty of EMBEZZLEMENT" (Id.)

Because it is now established that PC§2085 creates "[a] governmental officer's duty to safely keep and return personal property of an arresstee or prisoner" (Escamilla v. CDCR(2006)141 Cal.App.4th 498 at 510), the Chief Administrative officer for CDCR (James Tilton) and servants of that officer (S.Mendonca and CRC Trust Account CCRA) continue to implement and effect an unconstitutional governmental policy/custom which allows funds to be EMBEZZLED from prisoner trust accounts, including the appellant:

..."A local governmental entity may be held liable under 42USC§1983 if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights"...Lee v. City of Los Angeles(C.A.9 2001)250 F.3d 668.

Appellant asserts that this violation is a "continuing violation" which is actionable with all prior violations asserted by the appellant in US District Court(ND Cal)#C07-3575 MJJ, currently pending.

X _____
Francois P. Givens,#T-86266
CRC 408 / 1Up Norco, Ca., 92860

CC: James Tilton, Secretary, CDCR;
    Raleen Prud'Homme, CCRM, CSATF/SP;
    D. Robert Duncan, Deputy Attorney General for California;
    Matthew Martel, Warden, CRC;
    District Attorney, County of Riverside;
    On File.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION TWO

| In re | A116196 |
|---|---|
| Francois P. Givens, | |
| Petitioner, | |
| On Habeas Corpus. | |

Superior Court of California, County of San Francisco, No.
James J. McBride, Judge

## DECLARATION OF RAELEEN PRUD'HOMME IN SUPPORT OF OPPOSITION TO WRIT OF HABEAS CORPUS.

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

PATRICIA WEBBER HEIM
Deputy Attorney General
State Bar No. 230889

455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5603
Fax: (415) 703-5843

Attorneys for Respondent

Givens, which was interpreted by the Restitution computer system as an additional fine against Mr. Givens. Although a separate form was filled out to cancel the original $600 fine, it was the wrong form, so the Restitution computer did not read it. Thus, the Restitution computer read the forms as imposing a new, separate $200 fine in addition to the original $600.

    3. Mr. Givens's central file is not due for a complete, comprehensive audit until 60 to 75 days before his earliest possible release date, which is currently calculated as August 4, 2008. Audits are performed by two separate Case Records Analysts. Any errors in Mr. Givens's restitution would have been discovered during the audit.

    4. Mr. Givens's restitution has been adjusted to reflect the proper amount of only $200. Because Mr. Givens had already paid $248.54, he has been refunded his overpayment of $48.54 as well as an administrative fee of $4.85, and now has a current available balance in his trust account of $53.39.

    5. I also noted in my review of Mr. Givens's central file that it does not appear that he filed an administrative appeal regarding his restitution overpayment, which would have alerted staff that there was a problem.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated: 2-22-07

Raeleen Prud'Homme, CCRM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MJJ (PR)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby declare under penalty of perjury by the laws of the United States that all information presented in this certificate of service is, to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States, currently residing in the County of CLARK, Nevada. On this day, I d did personall place either original or exact copies of the following document:
a) 1-10-08 CDC602 Inmate Appeal, Givens,#T-86266
in envelopes with sufficient postage, addressed as follows:

1) California Rehabilitation Center
Case Records Manager
P.O. Box 1840
Norco, Ca., 92860
[original copy]

2) CDCR
James Tilton, Secretary
P.O. Box 942883
Sacramento, Ca., 94283-0001

3) CSATF/SP
Raleen Prud'Homme, Case Records Manager
900 Quebec Ave.
Corcoran, Ca., 93212

4) Office of the Attorney General
D. Robert Duncan, D.A.G
455 Golden Gate Ave., Suite#11000
San Francisco, Ca., 94102

5) California Rehabilitation Center
Matthew Martel, Warden
P.O. Box 1840
Norco, Ca., 92860

6) Office of the District Attorney
County of Riverside
Grover C. Trask II, District Attorney
4075 Main St.
Riverside, Ca., 92501

These envelopes were placed in an official US Mail depository in the City of LAS VEGAS, Nv. for delivery on this day.

SWORN TRUE ON THIS _15_ DAY OF _JANUARY_, 2008 IN LAS VEGAS, NEVADA.

x_Sonnie J. Franklin_
Sonnie J. Franklin
4046 Whispering Quail Ct.
Las Vegas, Nv., 89122

```
T ID: TS3030                                         REPORT DATE: 02/15/07
                                                     PAGE NO        1
                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                           SATF/SP AT CORCORAN
                        INMATE TRUST ACCOUNTING SYSTEM
                        INMATE TRUST ACCOUNT STATEMENT

              FOR THE PERIOD: JAN. 01, 2007 THRU FEB. 15, 2007

 NT NUMBER : T86266             BED/CELL NUMBER: FAB3T1000000121L
 NT NAME   : GIVENS, FRANCOIS POITIER    ACCOUNT TYPE: I
 .EGE GROUP: A
                        TRUST ACCOUNT ACTIVITY
TRAN
CODE  DESCRIPTION    COMMENT     CHECK NUM  DEPOSITS   WITHDRAWALS   BALANCE
----  -----------    -------     ---------  --------   -----------   -------

'2007  BEGINNING BALANCE                                               0.00

 VDR1  REST OVERPMT  3744/REST              48.54                     48.54
 VOF1  ADMIN FEE-RES 3744/REST               4.85                     53.39


                   * RESTITUTION ACCOUNT ACTIVITY

 ENTERED: 12/20/02                    CASE NUMBER: 184987
 CODE: SF                             FINE AMOUNT: $    200.00

        TRANS.  DESCRIPTION                 TRANS. AMT.   BALANCE
        ------  -----------                 -----------   -------

 2007   BEGINNING BALANCE                                  48.54-

 37     VDR1    REST OVERPMT ONLY              48.54        0.00

 THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
 IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.       *


                         TRUST ACCOUNT SUMMARY

NING    TOTAL     TOTAL         CURRENT    HOLDS     TRANSACTIONS
NCE     DEPOSITS  WITHDRAWALS   BALANCE    BALANCE   TO BE POSTED
-----   --------  -----------   -------    -------   ------------
0.00    53.39     0.00          53.39      0.00      0.00


                                              CURRENT
                                             AVAILABLE
                                              BALANCE
                                             ---------
                                               53.39
```

L10

CDCR RESTITUTION ACCOUNT
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: JUN. 01, 2007 THRU DEC. 19, 2007

ACCT NAME: GIVENS, FRANCOIS POITIER
ACCT TYPE: X

DATE SENTENCED: 06/16/06
COUNTY CODE: SF

CASE NUMBER: 194934
FINE AMOUNT: #    200.00

| DATE | TRANS | DESCRIPTION | TRANS. AMT. | BALANCE |
|---|---|---|---|---|
| | | BEGINNING BALANCE | | 200.00 |
| 06/11/2007 | DR30 | REST DED-CASH DEPOSIT | 37.50- | 162.50 |
| | DR30 | REST-DED-CASH DEPOSIT | 50.00- | 112.50 |
| | VR54 | RESTITUTION DEDUCTION-SUPPORT | 5.04- | 107.46 |
| 08/07/07 | DR30 | REST DED-CASH DEPOSIT | 50.00- | 57.46 |

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT
  IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 453.20 | 364.11 | 89.19 | 89.00 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---|
| 0.19 |

E OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION    ARNOLD SCHWARZENEGGER, GOVERNOR

ISION OF ADULT INSTITUTIONS
IFORNIA REHABILITATION CENTER
Box 1841
o, CA 92860-0991



May 22, 2008

Givens, Francois  T86266
Dorm 408-01U
California Rehabilitation Center
P.O. Box 3535
Norco, CA  92860-0991

Dear Mr. Givens:

### SECOND LEVEL APPEAL RESPONSE/LOG NUMBER CRC-B-08-00131

A second level formal review of your appeal has been completed. Your complaint and remedial action have been considered. All documentation relative to your appeal has been reviewed.

You allege the trust office is overcharging you for a Restitution Fine that does not exist.

You are requesting to be refund for over charges of Restitution fees.

On May 21, 2008, you were interview by Cindy Samano, Accounting Supervisor via telephone. You were informed all documents you provided were faxed to Restitution Headquarters in Sacramento for review. On May 22, 2008, a current COMPLETE STATEMENT was received from IWF/Trust Accounting Section which indicates Fine 184987A does exist. Enclosed is a copy for your records.

Based on the aforementioned, your appeal is **DENIED** .

If you are dissatisfied with this decision, you may appeal to the Director's level using Section "H" of your CDCR 602 form.

Sincerely,

GUILLERMO GARCIA
Chief Deputy Warden
California Rehabilitation Center


ENCLOSURE

```
Page No.    1
05/23/2008
```

COMPLETE STATEMENT

** ACCT NO.: T36256    NAME: GIVENS, FRANCOIS

** CASE NO: 184997    DATE SENTENCED: 12/20/2002    CNTY: SF    FINE AMT:    200.00    BAL:    0.00

| INST | DATE | TRANS CODE | TRANS. AMOUNT | COMPUTED BALANCE | ACTUAL BALANCE | PAYROLL AMOUNT | EFFECTIVE DATE | BATCH | LINE NO. | STATUS |
|------|------|------------|---------------|------------------|----------------|----------------|----------------|-------|----------|--------|
| SPTF | 10/15/2003 | DR30 | 6.00 | 194.00 | 194.00 | 20.00 | / / | 302150 | 0017 | P |
| SATF | 08/08/2005 | DR30 | 6.76 | 187.24 | 187.24 | 16.50 | / / | 500641 | 0001 | |
| SQ   | 07/20/2006 | DR31 | 69.74 | 117.50 | 117.50 | 174.37 | / / | 600301 | 0054 | |
| SRTF | 09/13/2006 | VTR7 | 125.00 | -7.50 | -7.50 | 125.00 | / / | 601277 | 0005 | |
| SPTF | 10/02/2006 | DR30 | 40.00 | -47.50 | -47.50 | 100.00 | / / | 601560 | 0108 | |
| SPTF | 10/05/2006 | VRS4 | 1.04 | -48.54 | -48.54 | 2.60 | 08/01/2006 | 601655 | 0026 | |
| SATF | 02/14/2007 | VOR1 | -48.54 | 0.00 | 0.00 | 48.54 | / / | 603744 | 0001 | |

* Subsubtotal *                             200.00

** CASE NO: 184987A    DATE SENTENCED: 06/16/2006    CNTY: SF    FINE AMT:    200.00    BAL:    0.00

| CRC | 10/18/2007 | DR30 | 37.50 | 162.50 | 162.50 | 75.00 | / / | 701216 | 0002 | P |
| CRC | 11/14/2007 | DR30 | 50.00 | 112.50 | 112.50 | 100.00 | / / | 701515 | 0002 | |
| CRC | 12/07/2007 | VRS4 | 5.04 | 107.46 | 107.46 | 10.08 | 11/01/2007 | 701720 | 0013 | |
| CRC | 12/07/2007 | DR30 | 50.00 | 57.46 | 57.46 | 100.00 | / / | 701744 | 0006 | |
| CRC | 12/24/2007 | DR30 | 30.00 | 27.46 | 27.46 | 60.00 | / / | 701941 | 0001 | |
| CRC | 01/07/2008 | VRS4 | 5.28 | 22.18 | 22.18 | 10.56 | 12/01/2007 | 702076 | 0005 | |
| CRC | 01/10/2008 | DR30 | 22.18 | 0.00 | 0.00 | 75.00 | / / | 702116 | 0001 | |

* Subsubtotal *                             200.00

** Subtotal **                              400.00

*** Total ***                               400.00
```

STATE OF CALIFORNIA  
CDC 1497A (3/98)

**INMATE RESTITUTION**
**ADJUSTMENT TO FINE/DIRECT ORDER COLLECTION**

DEPARTMENT OF CORRECTIONS 

PENAL CODE 2085.5(a)(b)(g): In any case in which a prisoner owes a restitution fine or direct order, the Director of Corrections shall deduct a minimum of 20 percent from inmate wages and trust account deposits. Any amount so deducted shall be credited against the amount owing on the restitution fine or direct order. An administrative fee that totals 10 percent of any amount transferred to the State Board of Control, shall also be deducted. When a prisoner has both a restitution fine and a direct order from the sentencing court, the Department of Corrections shall collect the direct order first. Restitution is being collected pursuant to PC 2085.5, PC 1202.4, and GC 13967.

**CDC NUMBER:** T86266
**LAST NAME:** Givens
**FIRST NAME:** Francois
**MIDDLE NAME** Poitier

## ADJUSTMENT

**CASE NUMBER:** 184987A

[X] FINE   [ ] DIRECT ORDER

**REASON:** (Check all that apply)
[ ] Court stayed or cancelled
[ ] Re-sentenced
[ ] Per appellate Court Decision
[ ] Court payment of $_____
[ ] Probation revoked
[ ] Other: _____

[ ] Per Amended AOJ
[ ] Wrong inmate
[ ] No restitution fine in court documents
[ ] Outside source of payment
   $_____
Paid at : _____

[ ] CORRECTION:
Sentence Date 06/16/06
County    SF
Case Number 184987A
Amount $ 200.00

## ADJUSTMENT

**CASE NUMBER:** [         ]

[ ] FINE   [ ] DIRECT ORDER

**REASON:** (Check all that apply)
[ ] Court stayed or cancelled
[ ] Re-sentenced
[ ] Per appellate Court Decision
[ ] Court payment of $_____
[ ] Probation revoked
[ ] Other: _____

[ ] Per Amended AOJ
[ ] Wrong inmate
[ ] No restitution fine in court documents
[ ] Outside source of payment
   $_____
Paid at : _____

[ ] CORRECTION:
Sentence Date ___/___/___
County _____
Case Number _____
Amount $ _____

COMPLETED BY (TYPE OR CLEARLY PRINT NAME)  S. Hoover
TITLE  CCRA
SIGNATURE  A. Hoover
INSTITUTION
DATE SIGNED  2-7-08

DISTRIBUTION:     ORIGINAL - TRUST OFFICE     PINK - INMATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTON, et al.,
C07-3575 MHP

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that all information presented in this certificate of service is, to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States who currently resides in the County of CLARK, NEVADA. On this day, I did personally place either original or exact copies of the following document:

1) Request To Lodge Document in Support of Petition For Writ of Mandamus;

in envelopes with sufficient postage, addressed as follows:

1) Office of the Clerk
   US District Court (ND Cal)
   450 Golden Gate Ave.
   San Francisco, Ca., 94102

2) Office of the Attorney General
   Edmund G. Brown,Jr., Attorney General
   P.O. Box 944255
   Sacramento, Ca., 94244-2550

3) Office of the Attorney General
   Patricia Webber-Heim, D.A.G
   455 Golden Gate Ave., Suite#11000
   San Francisco, Ca., 94102

4) Office of the Attorney General
   D.Robert Duncan, D.A.G
   455 Golden Gate Ave., Suite#11000
   San Francisco, Ca., 94102

5) CDCR
   Chief, Inmate Appeals
   P.O. Box 942883
   Sacramento, Ca., 94283-0001
   [CDC602 Log#CRC-B-08-0131 only]

6) Francois P. Givens,#T-86266
   CRC / 408-1Up
   P.O. Box 3535
   Norco, Ca., 92860

These envelopes were placed in an official US Mail Depository in the City of LAS VEGAS, NEVADA on this day.

SWORN TRUE ON THIS 6 DAY OF JUNE ,2008 IN LAS VEGAS, NEVADA.

X *Sonnie J. Franklin* (signature)
Sonnie J. Franklin
4046 Whispering Quail Ct.
Las Vegas, Nv., 89122

ALSO SERVED THIS DOCUMENT ON
7) CDCR
LEGAL PROCESSING UNIT
P.O. BOX 942883
SACRAMENTO, CA., 94283-0001

Certificate of Service/Request To Lodge Document
ND Cal C07-3575 MHP

FRANCOIS
CRC 40-1
P.O. Box 3535
Norco, CA 92860

To:
Office of the Clerk
US District Court (ND CAL)
450 Golden Gate Ave.
San Francisco, CA., 94102


