Francois P. Givens, #T-86266
California Rehabilitation Center
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

FILED

08 JUN 11 PM 1:54

[CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,  ) Case No: C07-3575 MHP (PR)
   Plaintiff,       ) RE-NOTICE OF REQUEST FOR SANCTIONS AGAINST CDCR
v.                    )
JAMES TILTON, et al., )
   Defendants.      )

To: THE HONORABLE MARYLIN H. PATEL - CHIEF DISTRICT JUDGE, NORTHERN DISTRICT OF CALIFORNIA

    PLEASE TAKE NOTICE that on October 1, 2007, Plaintiff, Francois P. Givens, did request, as a deterrent, that this Court awards the Plaintiff punitive continuing damages as a sanction against the Defendants, and or enters default for Plaintiff's claim of retaliation by the Defendants for Plaintiff's filing of grievances and lawsuits. This request is based on the following applicable facts, points and authorities and declaration by the Plaintiff.

Applicable Facts

   1) On 8-9-07, this Court did order service of process of the complaint in this action upon named Defendants for, inter alia, retaliation against the Plaintiff for his filing of grievances and lawsuits against CDCR. In the 8-

Re-Notice/Request For Sanctions        - 1 -
ND Cal C07-3575 MHP

1   9-07 order, this Court did also authorize discovery to be conducted by the
2   parties in this action.
3      2) On 8-13-07, the plaintiff was informed that he would be transferred to
4   a new men's facility at the California Rehabilitation Center (CRC) in Norco,
5   Ca., dispite his protests. Upon his 9-10-07 arrival, the plaintiff was informed
6   that he would have to discard excessive legal materials, despite those materials
7   relating to current cases. The antequated facility is still under renovation
8   and currently, the hours of operation for the law library at the facility are
9   not established and the library neither provides legal forms, envelopes or
10  duplicating services.
11     3) On two separate occsaissions, the plaintiff was able to obtain copies
12  of legal documents through counselors at the facility. On 9-26-07, Counselor
13  Thorpe informed the plaintiff that the counselors were too busy trying to
14  classify all of the new arrivals at the facility, and that Third Watch SNE
15  officers would now be providing copy services for inmates at the facility. Both
16  Counselor Thorpe and Second Watch Officer Rivera stated that the Third Watch
17  Sergeant (Piedra) would be notified of the procedure.
18     4) On 9-26-07, the plaintiff obtained legal copies through SNE Officer Chacon,
19  who informed the plaintiff that the law library would now be providing copy
20  services, despite the fact that the facility library does not have a copy
21  machine. Facility Librarian Swafford informed the plaintiff that the library
22  does not provide copies, which must be obtained through the counselors.
23     5) On 9-14-07, the Ninth Circuit Court of Appeals issued an order in Docket#
24  07-16298, directing the plaintiff to file necessary documents within 21 days
25  (10-4-07 deadline), or his appeal would be dismissed for failure to prosecute.
26  he order was received by the plaintiff on or around 9-24-07.
27     6) On 9-31-07 at 2:00 p.m., the plaintiff discussed a citizen's complaint
28  against C/O R.Williams with the Second Watch Facility Sergeant, which was

Request For Sanctions                          - 2 -
Nd Cal C07-3575 MJJ

1 overheard in part by C/O Garewall, purported Third Watch SNE officer. At
2 approximately 9:00 p.m., Garewall was in the plaintiff's Dorm Unit to log
3 outgoing legal mail. Upon reading whom the letter was addressed from and to,
4 Garewall stated that SNE's do not provide copies, and the plaintiff would have
5 to obtain copies through the counselors. After the plaintiff informed Garewall
6 that the current procedure, per Third Watch Sergeant requires that SNE's perform
7 the legal function, Garewall stated, "The copy machine is broken". After the
8 plaintiff alerted Garewall to the fact that he had earlier left the Sergeant's
9 and Lieutenant's offices where there were two copy machines, , Garewall stated
10 that he refused to copy the legal documents. When the plaintiff requested the
11 officer's name, Garewall told him to say that the "SNE did it", then left the
12 housing unit. Third Watch Sgt Piedra would later identify the officer as Garewall
13 and relayed a message to the plaintiff that SNE officers do not provide copy
14 services, and that the plaintiff should file a grievance against both Garewall
15 and himself (Piedra).

17 The continued abridgment of plaintiff's First Amendment rights has, and
18 will continue to interfere with the administration of justice in this and other
19 courts unless this Court so deters otherwise.

21 Points and Authorities
22 I. PRISON PHOTOCOPY POLICY VIOLATES PLAINTIFF'S RIGHT OF ACCESS TO THE COURTS
23 It is unquestionable that "[i]nmates have established right to present their
24 legal claims to the courts and to have them consiered by the courts" (Allen
25 v. Sakai(CA9 1994)48 F.3d 1082). In <u>Allen</u>, the Ninth Circuit Court of Appeals
26 stated:
   ..."Prison officials were not entitled to summary judgment on their claim
27 of qualified immunity since inmate made showing of actual injury to court
   access so as to show prison officials' conduct in denying photocopying
28 services..., if true, violated clearly established constitutional rights;

Request For Sanctions               - 3 -
Nd Cal C07-3575 MJJ

1  inmate was injured when his petition to court was refused since inmate
2  submitted only a single copy, regardless of the fact that inmate eventually had his petition duplicated and filed with court"...Id.

3  Should plaintiff's filing not reach the Ninth Circuit by 10-4-07, he will
4  recieve an undue "strike" for failure to prosecute the appeal, which may be
5  used to bar future appeals which are submitted in forma pauperis. CDCR's own
6  regulations (Title 15,CCR§3162(b)) provides, in relevant part, "[L]egal
7  duplication services...will not interfere with the inmate's access to the
8  courts". Defendant James Tilton, as Secretary of CDCR, is vested with the
9  responsibility of establishing policies which govern the administration of
10 the prisons under his jurisdiction, and has ultimate authority over plaintiff's
11 conditions of conefinement. As such, it is imputed upon Defendant Tilton that
12 he has knowledge of the fact that he authorized the transfer of the plaintiff
13 to an inoperative facility during crucial stages in litigation in this Court,
14 as well as in the Ninth Circuit Court of Appeals. The plaintiff has submitted
15 request(s) for production and written interrogatories to the Defendants
16 regarding these and other issues, yet the Defendants have failed to respond
17 and to show their need for transferring the plaintiff to an inoperative facility
18 after the issuance of an OSC in Case#C07-1448 MJJ and the ordering of service
19 upon the Defendants on the same day (8-9-07).

20 "[A]ny regulation or practice that restricts inmate corresponence must be
21 generally necessary to protect one or more...legitimate governmental interests"
22 (Brown v. Quigley(ND Cal 1994)853 F.Supp 325,327; Turner v. Safely(1987)482
23 US 78). There can be no legitimate governmental interest served by the refusal
24 to copy legal documents for the plaintiff (4) days before the deadline in the
25 Ninth Circuit. The actions of C/O Garewell, whom gave (3) separate reasons
26 for not copying the legal documents, gives strong indicum of arbitrary
27 government action (Wolff v. McDonell(1974)418 US 539,558) performed by the
28 officer in retaliation for plaintiff's filing of grievances and to pursue civil

Request For Sanctions                                    - 4 -
ND Cal C07-3575 MJJ

rights litigation (Rhodes v. Robinson(CA9 2004)380 F.3d 1123). With it being clearly established that officers have a duty to intercede when fellow officers violate constitutional rights of citizens (US v. Koon(CA9 1994)34 F.3d 1416), liability may be imposed upon supervisors who allow or directly participate in such activity:

> ..."Under §1983, supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates.(Gausvik v. Perez(ED Wash 2002)239 F.Supp.2d 1087.

Accordingly, the failure of Sgt Piedra to adhere to what should have been an established procedure and/or to train, supervise or control Garewall may well establish liability for both officers.

II. THIS COURT HAS INHERENT POWER TO PUNISH CONDUCT ABUSIVE TO THE JUDICIAL PROCESS

While courts may generally act sua sponte in imposing sanctions under rules, courts also have discretion to exercise inherent powers to "[f]ashion appropriate sanction for conduct which abuses judicial process" (Chambers v. Nasco, Inc.(1991)501 US 32). (see also Link v. Wabash Railroad Company, 291 F.2d 545, fn1["It is sheer sophistry to argue that the trial court has no inherent power to enforce it rules, orders or procedures, and to impose appropriate sanctions for failure to comply"]).

While "[c]ourt's inherent power to impose sanctions for bad faith conduct is not displaced by sanction scheme of statute and rules" (Chambers, supra), court's retain "[c]onsiderable discretion to impose extreme sanction of dismissal or default if there has been a flagrant, bad faith disregard of discovery duties" (Wanderer v. Johnson(CA9 1990)910 F.2d 652). While the plaintiff may not yet be able to establish "bad-faith" discovery conduct, he is quite able to establish a continuing "bad-faith" effort by CDCR to interfere with his access to the courts, as witnessed by the conduct of Officers Garewall

1  and Piedra.
2     Federal Rule of Civil Procedure (FRCP) 37(b) authorizes a district court
3  to bar a disobedient parting, during discovery, from introducing certain facts
4  may be established for purposes of the action, or render a judgment by default
5  against the disobedient party (see Roadway Express, Inc. v. Piper(1980)100
6  S.Ct 2455,2462). Rule 37 sanctions must be applied diligently both to penalize
7  those whose conduct may be deemed to warent such a sanction, and to deter those
8  who might be tempted to such conduct in the absence of such deterrent (Id).
9     Black's Law Dictionary defines "continuing damages" as: 1) Damages arising
10 from the same injury; 2) Damages arising from the repetition of similar acts
11 within a definite period". Because retaliation against the plaintiff is
12 continuing, and effecting this and other cases, not only are punitive continuing
13 damages warranted, but this Court's inherent power to manage it's own dockets
14 gives this Court the authority to enter default judgment against the Defendants
15 on plaintiff's retaliation claim in this action.
16
17 Conclusion
18    For the aforementioned reasons, the relief requested by the plaintiff should
19 be granted.
20
21 Prayer For Relief
22 WHEREFORE, the plaintiff PRAYS for the following relief:
23    a) This Court adjudges as to whether the actions of the Defendants, as they
   pertain to relevant pleadings in this Court and submitted within this request,
24 warrants a finding of bad-faith conduct by the Defendants;
25    b) This Court enters default judgment against Defendants on plaintiff's
   retaliation claim, prohibiting the Defendants of going forth with evidence
26 during trial to refute the evidence under the collateral bar doctrine or any
   other legal rule, doctrine or applicable statute;
27
28 //

Request For Sanctions                    - 6 -
ND Cal C07-3575 MJJ

1  c) This Court awards the Plaintiff punitive continuing damages in the amount of $10,000 (ten thousand dollars) or a sufficient amount determined by the Court, which would serve as a deterrent
2  for continued and/or bad faith conduct by the Defendants; and

3  d) Any other and such further relief that this Court deems fair, just and or required by law.

5  Date: June 1, 2008                    X _____
                                          Francois P. Givens, #T-86266
6                                         Plaintiff, In Pro Se.

8                    - - - - - - - - - -FOOTNOTES- - - - - - - - - -

9  fn1) The appeal in the Ninth Circuit addresses, inter alia, mail interference, obstruction of access to the courts and retaliation against the Plaintiff by CDCR for his filing of grievances
10 and lawsuits.

11                   - - - - - - - - - -END OF FOOTNOTES- - - - - - - - - -

14 Declaration

15    Plaintiff, Francois P. Givens, does hereby declare under penalty of perjury
16 by the laws of the United States that all information presented in this request
17 and in this declaration is, to the best of his knowledge, TRUE and ACCURATE.

18    1) On 10-1-07 at approximately 10:00 a.m., the facility captain (Welch) where the Plaintiff is incarcerated stated that he would look into whom provides copy services for prisoners, however,
19 he was under the impression that it was the responsibility of the law library at CRC.

20 SWORN TRUE ON THIS 1ˢᵀ DAY OF June           ,2008 IN NORCO, CALIFORNIA

22                                         X _____
                                            Francois p. Givens, #T-86266
                                            Plaintiff, In Pro Se.

28 Re-Notice/Request For Sanctions       - 7 -
   ND Cal C07-3575 MHP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GIVENS v. TILTION et al.,
C07-3575 MHP (PR)

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury by the laws of the United States that all information presented in this certificate of service is, to the best of my knowledge, TRUE and ACCURATE.

I am an adult citizen of the United States, currently incarcerated at the CRC in Norco, Ca. On this day, I did personally place either original or exact copies of the following document:

a) Re-Notice of request for sanctions against CDCR

in envelopes with sufficient postage, addressed as follows:

1) Office of the Clerk
Us District Court (ND Cal)
450 Golden Gate Ave.
San Francisco, Ca., 94102

2) Office of the Attorney General
D.Robert Duncan - D.A.G
455 Golden Gate Ave., Suite#11000
San Francisco, Ca., 94102

These envelopes were given to a correctional officer to log and process as outgoing legal mail in accordance with institutional mail procedures at CRC on this day.

SWORN TRUE ON THIS 8th DAY OF June , 2008 IN NORCO, CALIFORNIA

X _____
Francois P. Givens, #T-86266
CRC
P.O. Box 3535
Norco, Ca., 92860
Plaintiff, In Pro Se.

Re-Notice/Request For Sanctions        - 8 -
ND Cal C07-3575 MHP



MAIL GENERATED FROM
CA REHAB CENTER
CRC STATE PRISON

Office of the Clerk
US District Court (ND Cal)
450 Golden Gate Ave.
San Francisco, Ca, 94102

Francois P. Givens, #T-86266
CRC / 408-1up
P.O. Box 3535
Norco, Ca, 92860

"Confidential Legal Mail"