UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCOIS P. GIVENS, | No. C 07-3575 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES TILTON; et al., | |
| Defendants. / | |

## INTRODUCTION

Francois P. Givens, currently a prisoner at the California Rehabilitation Center in Norco, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants have moved to dismiss on the ground that Givens failed to exhaust administrative remedies before filing the action. Givens has opposed the motion and filed several other motions. The action will be dismissed because administrative remedies were not exhausted for any claim before the action was filed. This order also addresses numerous other pending motions, including Givens' motion to file an amended complaint.

## BACKGROUND

Givens filed this civil rights action on July 11, 2007 concerning events that occurred during his brief stay at San Quentin State Prison in 2006. The court liberally construed the complaint and found three cognizable claims under 42 U.S.C. § 1983: (1) defendants improperly appropriated money from Givens' prison trust account; (2) defendants retaliated against him for his filing lawsuits and confiscated his legal papers; and (3) defendants subjected him and other African-American inmates to "inhumane" living conditions (i.e.,

1  malfunctioning sewage and waste disposal systems in the prison cells) while not exposing
2  white and Hispanic inmates to the same conditions.

3      The parties agree that Givens did not file any inmate appeal about the alleged
4  retaliation and the alleged inhumane living conditions.  As to the trust account issue, the
5  parties disagree as to whether Givens' efforts were sufficient to exhaust administrative
6  remedies.

7      Givens filed an inmate/parolee appeal form (also known as a CDC-602) on August 20,
8  2006 concerning the inmate trust account problems.  In his CDC-602 he wrote:  "This is a
9  formal Citizen's Complaint (P.C. §832.5) against the Warden at SQSP for his failure to
10 ensure that subordinate officers adhere to regulations established by the State of California
11 regarding the accurate maintenance of inmate trust accounts ad tracking of restitution fines
12 ordered by court(s).  Appellant asserts that the Warden at SQSP promulgates a policy/custom
13 of inaction which allows subordinate officers to 'embezzle' inmate funds, within the meaning
14 of P.C. § 504."  Complaint Exhs. p. 2.  In the "action requested" portion of the form, Givens
15 wrote, "Restitution order and balance must be accurately reflected in the appellant's central
16 file and within all CDC records.  An explanation as to why Inmate Trust Accounts at SQSP
17 failed to transfer appellant's funds in a timely fashion.  Why was appellant's account certified
18 for the federal courts as having no deposits for the last (6) month period."  Id.  Attached to
19 Givens' CDC-602 was a one-page explanation of the particulars of the two problems he
20 experienced in July-August 2006.  First, he stated that a $174.37 check from his trust account
21 at the county jail had not been deposited in his trust account at San Quentin State Prison
22 when he was transferred from jail to prison on July 11, 2006.  Second, he stated that $69.74
23 was paid toward his restitution balance on July 26, 2006, a day after he was transferred from
24 San Quentin to Corcoran, but the remainder of the $174.37 was not put in his trust account.
25 Nothing in the CDC-602 or attachment reflected any effort by Givens to try to resolve the
26 issue informally, e.g., by asking trust account officials if there was a bookeeping error or a
27 delay related to his transfer between three institutions in just two weeks.
28

2

1  Givens' inmate appeal was rejected by the appeals coordinator because he had not
2  followed the proper procedure in that he had not attempted to informally resolve the matter
3  before presenting his appeal at the formal level.  In the comment portion of the screening
4  form, the screener wrote this message to Givens: "Your appeal is not appropriate for formal
5  level processing.  You must provide proof of having received an informal level response
6  prior to submitting this appeal to the Appeals Office, for further processing.  Reference CCR
7  section 3084.2(c), which states:  ["]Place of filing: ... formal levels, the appeal shall be
8  forwarded to the appropriate office or appeals coordinator within the time limits prescribed in
9  section 3084.6."  Complaint Exhs., p. 1.   A handwritten note on the screening form appears
10 to state, "send to trust."  Id.

11  Thereafter, Givens did not attempt to informally resolve the matter, but instead
12 continued to press his argument that his was a citizen's complaint that could properly bypass
13 the informal level.  See Complaint Exhs., p. 10, 12.  He did not send the screening form back
14 to the appeals coordinator, however.  Givens eventually filed an appeal at the director's level,
15 which was returned to him because it had not gone through the necessary steps, and had not
16 been completed through the second level of review on behalf of the warden.  Id. at 20.

## DISCUSSION

18 A.  Motion To Dismiss For Non-Exhaustion

19  "No action shall be brought with respect to prison conditions under [42 U.S.C. §
20 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
21 correctional facility until such administrative remedies as are available are exhausted."  42
22 U.S.C. § 1997e(a).  The State of California provides its inmates and parolees the right to
23 appeal administratively "any departmental decision, action, condition or policy perceived by
24 those individuals as adversely affecting their welfare."  See Cal. Code Regs. tit. 15, §
25 3084.1(a).  In order to exhaust available administrative remedies within this system, a
26 prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal
27 written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution
28

1 head or designee, and (4) third level appeal to the Director of the California Department of
2 Corrections.  See id. § 3084.5; Woodford v. Ngo, 548 US. 81, 85-86 (2006); Barry v. Ratelle,
3 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

4   Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle,
5 534 U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need
6 not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation
7 omitted).  Even when the prisoner seeks relief not available in grievance proceedings,
8 notably money damages, exhaustion is a prerequisite to suit.  Id.; Booth v. Churner, 532 U.S.
9 731, 741 (2001).  The statute requires "proper exhaustion" of available administrative
10 remedies.  See Woodford v. Ngo, 548 U.S. at 94.

11   A prisoner's failure to exhaust administrative remedies is a matter in abatement.
12 Defendants have the burden of raising and proving the absence of exhaustion, and may do so
13 by way of an unenumerated Rule12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
14 Cir.), cert. denied, 540 U.S. 810 (2003).  "In deciding a motion to dismiss for a failure to
15 exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed
16 issues of fact."  Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's
17 Union, 837 F.2d 365, 368 (9th Cir. 1988).  The court can decide factual issues in a
18 jurisdictional or related type of motion because there is no right to a jury trial as to that
19 portion of the case, unlike the merits of the case (where there is a right to a jury trial).  See id.
20 Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the
21 exhaustion issue.

22   Givens did not exhaust the administrative remedies available to him.  His one inmate
23 appeal that related to an issue in the complaint never received a director's level decision
24 because it was screened out at the first formal level.  The screening form informed Givens
25 that he needed to try to resolve his problem at the informal level, presumably the trust
26 account office.  He did not do so.  His failure to do so prevented the inmate grievance
27 process from functioning.  Indeed, Givens' basic problem was of the sort that very well may
28

4

1 have benefitted from an effort at informal resolution. See Complaint Exhs., p. 2 (action
2 requested included a correction of account records and an explanation of why the transfer
3 had not occurred in a timely fashion). Even if that office did not resolve it, that office's
4 response may well have clarified what the source of the problem was.

5       Givens argues that he was entitled to bypass the informal level of review because the
6 informal level can be bypassed if the dispute cannot be resolved informally, he was
7 challenging a departmental policy, and he alleged misconduct by a departmental peace
8 officer. See 15 Cal. Code Regs. § 3084.5(a)(3). None of these exceptions work for Givens.
9 First, the appeals coordinator determined that Givens' appeal challenged an action of the San
10 Quentin trust account office and required review at the informal level. For Givens to
11 challenge that determination, he had to follow another prescribed course, i.e., resubmit the
12 inmate appeal screening form to the appeals coordinator providing support that the appeals
13 coordinator had made an incorrect determination. That method of challenging the procedural
14 rejection was stated on the screening form, which informed the inmate that the "screening
15 action may not be appealed unless you allege that the above reason is inaccurate. In such
16 case, please return this to the Appeals Coordinator with the necessary information."
17 Complaint Exhs., p. 1. Givens did not resubmit the form to the appeals coordinator to
18 challenge the decision. Skipping the informal level was allowed under § 3084.5(a)(3)(F) if
19 the appeals coordinator, not the prisoner, determined it could not be resolved informally.
20 The appeals coordinator did not determine that the appeal could not be resolved informally.
21 Second, notwithstanding Givens' argument that his appeal was something much larger, it was
22 indeed a regular administrative appeal rather than a challenge to a policy or alleging
23 "misconduct by a departmental peace officer," § 3084.5(a)(3)(G). Whether the alleged
24 wrongdoer was the warden or the unidentified trust account person who failed to put the
25 funds in his account, Givens has not shown that either was a "peace officer," see Cal. Penal
26 Code § 830.1; cf. id. at § 381(a). Third, he did not challenge "Departmental regulations,
27 policies, or operational procedures," 15 Cal. Code Regs. § 3084(5)(a)(3)(D), but rather the
28

5

warden's alleged failure to follow regulations regarding inmate trust accounts. Givens fails to show that the informal level could be bypassed for his inmate appeal.

The prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. at 83-84. He must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 90. Givens did not. His inmate appeal at the first level was rejected for a procedural defect and he never received a director's level decision, as required for exhaustion of administrative remedies by a California prisoner. Defendants have carried their burden to prove that Givens did not satisfy the exhaustion requirement with regard to any of the claims in the complaint. The action must be dismissed without prejudice unless Givens can avoid dismissal with his proposed amended complaint submitted after defendants moved to dismiss.

B.   Motion To Amend Complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In considering whether to grant or deny a motion seeking leave to amend a complaint, the court may consider whether there is bad faith, undue delay, prejudice to the opposing party, futility in the amendment, and whether plaintiff has previously amended his complaint. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). The liberality with which amendment is usually permitted is tempered in a pauper-prisoner's civil action by the gate-keeping functions in 28 U.S.C. § 1915 and § 1915A. Additionally, the rule that a pro se litigant's pleadings be liberally construed means that amendment generally is not necessary to amplify the details of a claim or particular theories supporting the claim when the court has already determined that the earlier pleading sufficed to state a claim for relief.

Givens moved to amend to add new claims about problems he encountered at the prisons in Corcoran and Norco and to add new defendants. Leave to file the proposed

amended complaint will not be granted.  First, it would be futile to allow the amended complaint because it would not cure the exhaustion problem discussed above. Adding new defendants for the existing claims does not alter the fact that Givens did not exhaust administrative remedies for the claims in the original complaint before he filed this action.  Second, adding new claims about events that did not even occur until after this action was filed on July 11, 2007 would be futile because exhaustion must occur before the action is filed rather than during the pendency of the action.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  Third, the claims concerning events at prisons in Corcoran and Norco do not satisfy Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.  Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  The allegations in the proposed amended complaint of a conspiracy (that Givens uses to try to link together so many different problems during his incarceration) are conclusory and a "'mere allegation of conspiracy without factual specificity is insufficient.'"  Johnson v. California, 207 F.3d 650, 655 (9th Cir. 2000) (quoting Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988), reversed on other grounds by Johnson v. California, 543 U.S. 499 (2005).

Plaintiff's motion for leave to file an amended complaint is DENIED without prejudice to him filing action(s) in the proper venue, and after exhausting administrative remedies, for his claims concerning events at the prisons in Norco and Corcoran.  Because the amended complaint will not be permitted, and administrative remedies have not been exhausted for any of the claims in the original complaint, the action will be dismissed.  This makes moot most of the other pending motions.

/ / /

7

**CONCLUSION**

Defendants' motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies for any of the claims in the complaint before filing this action. (Docket # 29.)  Plaintiff's motion to amend is DENIED.  (Docket # 48.)  This action is dismissed without prejudice.

In light of the dismissal of this action for non-exhaustion, plaintiff's motion for summary judgment (docket # 26), plaintiff's motion for mental examination and appointment of expert witness (docket # 54), plaintiff's motion for temporary restraining order (docket # 63), plaintiff's motion to stay (docket # 65), and defendants' motion to stay discovery pending a ruling on the motion to dismiss (docket # 44) are DENIED as moot.  Plaintiff's motion for an extension of time to file his reply in support of his motion to amend is GRANTED (docket # 58); the court considered his reply filed April 8, 2008 in ruling on the motion to amend.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 8, 2008

_____
Marilyn Hall Patel
United States District Judge