Francois P. Givens #T-86266
California Rehabilitation Center
P.O Box 3535
Norco, Ca., 92860


FILED
08 JUL 21 PM 4:48
[stamp: U.S. DISTRICT COURT]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,
    Plaintiff,
v.
JAMES TILTON, et al.,
    Defendants.

Case No: C07-3575 MHP (PR)

NOTICE OF REQUEST FOR LEAVE TO FILE REQUEST FOR CONSIDERATION OF ORDER OF DISMISSAL
(Civil LR 7-9)

To: THE HONORABLE JUDGE MARILYN H. PATEL, NORTHERN DISTRICT OF CALIFORNIA.

PLEASE TAKE NOTICE that Plaintiff, Francois P. Givens, does hereby give notice of request for leave of this Court to file his request for consideration of this Court's 7-8-08 order of dismissal for this action. This request is based on the fact that grounds for such reconsideration exist under Civil L.R. 7-9(b).

This request is submitted on the enclosed request for reconsideration and the record for this case.

Date: July 15, 2008

x _____
Francois P. Givens #T-86266
Plaintiff, In Pro Se.

Leave For Reconsideration
ND Cal C07-3575 MHP

1. Francois P. Givens, # T-86266
2. California Rehabilitation Center
3. P.O. Box 3535
4. Norco, Ca, 92860
5. Plaintiff, In Pro Se.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FRANCOIS P. GIVENS,
   Plaintiff,
v.
JAMES TILTON, et al.,
   Defendants.

Case No: C07-3575 MHP (PR)
REQUEST FOR RECONSIDERATION
OF ORDER OF DISMISSAL

THE HONORABLE JUDGE MARILYN H. PATEL
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Request For Reconsideration
ND Cal C07-3575 MHP

-1-

1. **Nature of Request**
2.     Plaintiff, Francois P. Givens, does hereby request that this Court
3. reconsiders its 7-8-08 order of dismissal without prejudice of the
4. 7-11-07 complaint filed by the Plaintiff in this action.
5.     This request is based on the fact that there is a genuine
6. dispute of material fact as to whether Plaintiff's opposition to
7. Defendant's motion to dismiss clearly alerted this Court that
8. on 9-19-06, as directed by Defendants, the Plaintiff did resubmit
9. his appeal to the proper personnel in order to pursue available
10. administrative remedies. Evidence exists within the record which
11. purports that Plaintiff did properly pursue his appeal.
12.     Plaintiff seeks reinstatement of his 7-11-07 complaint, and for
13. this action to proceed against properly named Defendants in that
14. complaint. Plaintiff also requests that upon reinstatement, this
15. Court reconsiders Plaintiff's motion to amend the complaint, screening
16. the proposed First Amended complaint. In any event, in order to
17. expedite the administration of justice and to satisfy the
18. mandatory exhaustion requirement imposed by the Prison Litigation
19. Reform Act (PLRA, 42 USC§1997e) Plaintiff requests that this
20. Court directs the Defendants to respond to any grievances
21. necessary for Plaintiff to proceed with his claims in the
22. proper jurisdictions and/or venues.
23.
24. **Procedural History**
25.     1) Plaintiff (herein 'Givens') is a California State prisoner
26. currently incarcerated at the California Rehabilitation Center (CRC) in
27. Norco, Ca. On 7-11-07, Givens filed this civil rights action to
28. address events which had occurred at San Quentin State Prison

1. (SQSP) and the California Substance Abuse Treatment Facility
2. ((SATF/SP) between the period of 7-11-06 and 8-24-06;
3.     2) On 8-9-07, this Court screened that complaint, holding
4. that Givens had stated three cognizable claims: (1) defendants
5. improperly appropriated money from his trust account; (2) defendants
6. retaliated against him for filing lawsuits and confiscated his
7. legal papers; and (3) defendants subjected him and other
8. African-American inmates to inhumane living conditions
9. (see 8-9-07 Order of Service) (fn 1);
10.     3) On or around 11-6-07, Defendants filed requests for extension
11. of time to file dispositive motion, waiver of reply to complaint and a
12. demand for jury trial in this action;
13.     4) On 12-19-07, Givens filed a request for summary judgment,
14. based on Defendants' failure to respond to Givens' discovery requests
15. within the time prescribed by the Federal Rules of Civil Procedure
16. (FRCP);
17.     5) On 1-7-08, Defendants filed their motion to dismiss the
18. complaint for Givens' failure to exhaust administrative remedies before
19. filing suit. While Defendants opposed Givens' request for summary
20. judgment on 1-18-08, Givens opposed the Defendant's motion to
21. dismiss on 2-13-08, and in conjunction with that opposition, he
22. requested leave of court to file his proposed First Amended complaint;
23.     6) In Defendant's 1-7-08 motion to dismiss (fn 2), their non-
24. exhaustion defense centered upon Givens' failure to properly
25. resubmit a 9-6-06 appeal screening form issued by Defendants
26. Chandler-Dacanay and W. Jeppeson (MTD at 9-10; Complaint,
27. Appendix "A" at 1):
28. //

1 ..."Instead of following CC-II Jeppeson's directions and submitting
2 the appeal to the trust department, Givens sent a letter to the
3 San Quentin warden, San Quentin litigation coordinators, and the
4 US District Court challenging the screen out decision"... MTD at
5 9:21-23;
6 7) The method of challenging CDCR's procedural rejection of an
7 appeal was printed at the bottom of the 9-6-06 screening form,
8 and stated that "[S]creening action may not be appealed unless you
9 allege that the reason is inaccurate. In such case, please return this
10 to the Appeals Coordinator with the necessary information (7-8-08
11 Order of Dismissal at 5:14-16);
12 8) In Givens' opposition to motion to dismiss, he stated that
13 after the appeal was screened out, he attempted to appeal that
14 decision by resubmitting the original appeal and 9-6-06 screening
15 form with a 9-19-06 letter attached, explaining how the Appeals
16 Coordinators' decision was inaccurate (OMTD at 7:8-9). Direct
17 evidence supports the fact that on 9-19-06, Edmund Givens served
18 the resubmitted appeal on, inter alios, the Appeals Coordinator at
19 SQSP (Complaint, Appendix "A" at 11). In their motion to dismiss,
20 Defendants neglected to state that Givens 9-19-06 "letter" purports
21 four recipients: (1) Warden, SQSP; (2) Litigation Coordinator;
22 (3) Appeals Coordinator Chandler-Ducanay; and (4) Appeals Coordinator
23 W. Jeppeson (Id., at 10). After Defendants failed to respond to the
24 9-19-06 resubmission of the appeal within the time prescribed by
25 CDCR regulations (informal appeals (10)days (CCR§3084.6(b)(1); first level
26 appeals (30)days (CCR§3084.6(b)(2)), on 11-13-06, Givens generated a
27 new appeal, again submitting the original CDC602 form to the
28 Appeals Coordinator on 11-27-06 (First Amended Complaint, 'FAC' at 5:21-27

-4-

1  and Appendix "E" for the FAC at 25-28);
2      9) On 7-8-08, this Court granted Defendant's motion to dismiss,
3  stating that Givens did not follow CDCR's method for challenging
4  the procedural rejection by resubmitting the form to the Appeals
5  Coordinator (7-8-08 Order at 5:9-18);
6
7      Accordingly, Givens now seeks discretionary reconsideration
8  of this Court's dismissal of his 7-11-07 complaint.
9
10 <u>Points and Authorities</u>
11 I. THIS COURT HAS THE AUTHORITY TO RECONSIDER ITS ORDER OF DISMISSAL.
12
13 Civil L.R 7-9 governs motions for reconsideration in this Court, and
14 provides:
15 ..."Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all parties in a case, any party may make a motion
16 before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge
17 on any ground set forth in Civil L.R 7-9(b)"... Civil L.R 7-9(a), in relevant part.
18
19 Civil L.R 7-9 cross-references FRCP 54(b), which addresses a federal
20 court's discretion to reconsider orders prior to entry of final judgment,
21 and which provides, in relevant part, "[a]ny order or other form of
22 decision, however designated, which adjudicates fewer than all the
23 claims or the rights and liabilities of fewer than all the parties, shall
24 not terminate the action as to any of the claims or parties, and the
25 order or other form of decision is subject to revision at any time before
26 the entry of judgment adjudicating all the claims and the rights and
27 liabilities of all the parties" (Id.) This Court's 7-8-08 order falls
28 within this category.

1. The Ninth Circuit Court of Appeals has held that the dismissal of an
2. action without prejudice is not a final order, and is non-appealable
3. (WMX Technologies, Inc. v. Miller (CA9 1997) 104 F.3d 1133, 1136). On
4. 7-8-08, this Court ordered this action dismissed without prejudice
5. for Givens' failure to exhaust administrative remedies before filing
6. suit (7-8-08 Order at 8). Because this dismissal is not a decision
7. on the merits (Heath v. Cleary (CA9 1983) 708 F.2d 1376, 1380, n4;
8. Wyatt v. Terhune (CA9 2003) 315 F.3d 1108, 1119), this Court's dismissal
9. order is interlocutory, and may be reconsidered.
10. Civil L.R. 7-9(b) provides the grounds upon which reconsideration
11. is warranted: (1) a material difference in fact or law exists from
12. which was presented to the Court before entry of interlocutory order;
13. (2) the emergence of new material facts or a change in law after the
14. order; or (3) manifest failure by the Court to consider material facts
15. or dispositive legal arguments presented before the order. Givens is an
16. unlearned novice pro se litigant as this Court is well aware, and
17. his failure to direct this Court to key material facts within the
18. record when he opposed Defendant's motion to dismiss should not
19. be allowed to deprive Givens of his day in court (C.f., Johnson v.
20. Reagan (CA9 1975) 524 F.2d 1123 [Pleadings should be liberally construed
21. in the interest of justice, particularly when the pleader is not learned
22. in the law]; Lomartira v. American Auto Ins. Co (D.C Conn 1965) 245 F.Supp
23. 124 [Cases should be decided upon their merits rather than upon
24. technical deficiencies in pleadings]).
25.
26. Because the record in this case does contain evidence which
27. raises genuine issues of material fact in regards to if Givens
28. actually resubmitted the 9-6-06 screening form to the Appeals Coordinator

Request For Reconsideration
ND Cal C07-3575 MHP                    -6-

at SQSP, a triable issue exists which precludes Defendant's motion to dismiss as a matter of law (see, e.g., Hal Roach Studios v. Richard Finer & Co. (CA9 1989) 896 F.2d 1542, 1550; C.f., Celotex Corp v. Catrett (1986) 477 US 317, 322-323).

Accordingly, this Court should reconsider its 7-8-08 order of dismissal, and reinstate Givens' 7-11-07 complaint.

II. ADMINISTRATIVE REMEDIES FOR PLAINTIFF'S CLAIMS MAY BE UNAVAILABLE

In Woodford v. Ngo (2006) 126 SCt 2378, the US Supreme Court stated, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings" (Id., at 2386). Title 15 of the California Code of Regulations (CCR) § 3084.6 regulates CDCR time limits for filing and responding to inmate appeals, and paragraph (c) mandates that an appellant must submit an appeal within (15) working days of the event or decision being appealed, or of receiving an unacceptable lower level decision. Significant time has elapsed since the events which give rise to Givens claims, and any attempt to file appeals to address these issues may be screened out pursuant to CCR § 3084.6(c). This raises the question as to if CDCR's appeal process is now "unavailable" for Givens to address his claims.

The PLRA does not explicitly state when the appeals process is "unavailable", so courts must apply the ordinary meaning of the term (see Asgrow Seed Co. v. Winterboer (1995) 513 US 179, 187). In the Ninth Circuit, "[a]vailability of relief, for purpose of exhaustion requirement under PLRA, did not turn on what prisoners might have been told at time they filed their complaints or on printed language

found on appeal form, but rather on how prison viewed and treated their complaint based on its own procedures" (Brown v. Valoff (CA9 2005) 422 F.3d 926). Should CDCR view any appeals submitted by Givens to address his claims as being time barred, the decision to do so may give rise to "special circumstance" which will satisfy the PLRA exhaustion requirement:

> ..."The effect of a special circumstances justification for failure to exhaust administrative remedies as required by the PLRA is that, though the administrative remedies are no longer available for reasons of timing or other procedural restrictions, such restrictions cannot serve to keep the plaintiff's suit from proceeding."... Brownell v. Krom (CA2 2006) 446 F.3d 305, 312.

It is clear that state procedural bars are not immortal and may evaporate (cf., Ylst v. Nunnemaker (1991) 501 US 797, 801). When prison officials prevent a prisoner from utilizing administrative remedies, the process becomes unavailable, and there is no procedural bar to federal review (see, e.g., Kabba v. Stepp (CA7 2006) 458 F.3d 678, 685; Sergeant v. Norris (CA8 2003) 330 F.3d 1084, 1085; Sheets v. Terhune (ED Cal 2006) 421 F.Supp.2d 1304, 1307). When no relief whatsoever is available through the appeals process, a prisoner has exhausted "available" remedies (Gomez v. Winslow (ND Cal 2001) 177 F.Supp.2d 977, 983; Booth v. Churner (2001) 121 S.Ct 1819, 1823, n4).

Accordingly, should CDCR determine that any appeals submitted by Givens to address his claims are untimely, this Court should adjudge that CDCR's appeal process is unavailable for the claims presented in his complaint(s), and administrative exhaustion has occurred for those claims. However, in order to avoid delay, Givens requests that this

1. Court directs CDCR to respond to all appeals submitted by Givens
2. which are necessary to satisfy the PLRA exhaustion requirement,
3. notwithstanding CCR §3084.6(c).
4.
5. <u>Prayer For Relief</u>
6.    WHEREFORE, Plaintiff PRAYS for the following relief:
7.    a) This Court, in its own discretion, reconsiders its 7-8-08 order of
8. dismissal, and proceeds to determine if there is a genuine issue of
9. material fact in regards to whether Plaintiff did follow the 9-6-06
10. instructions to resubmit his 8-20-06 appeal in accordance with
11. the 9-6-06 screening form;
12.    b) This Court adjudges that Plaintiff has exhausted administrative
13. remedies for any or all claims presented in his 7-11-06 complaint, and
14. proceeds to determine if leave to amend the complaint should be
15. granted;
16.    c) In order to expedite the administration of justice, this Court
17. directs the Defendants to respond to any administrative appeals filed
18. by Plaintiff in order to exhaust relevant claims presented in this
19. action, notwithstanding time bars imposed by Defendants; and
20.    d) Any other and such further relief that this Court deems fair,
21. just and/or required by law.
22.
23. Date: <u>July 15, 2008</u>       x _____
24.                                                Francois P. Givens #T-86266
                                               Plaintiff, <u>In Pro Se</u>.
25.
26.
27. //
28. //

Request For Reconsideration        -9-
ND Cal C07-3575 MHP

---- FOOTNOTES ----

fn 1) Previously, Givens filed CDC602 Log#SATF-B-04-05183 to address CSATF/SP's failure to remove unauthorized trust account holds, and to adhere to CDCR's own regulations which prohibits CDCR from placing charges against indigent prisoner trust accounts for more than (30) days (Complaint, Appx "D" at 48-52). On 12-27-04, the appeal was granted at the First Level of review, with CSATF/SP removing charges against Givens' trust account which were older than (30) days (Id., at 52).

On 8-24-06 at CSATF/SP, $13.98 was appropriated from Givens' trust account based upon "holds" dating back as far as 1-12-05, just (16) days after his appeal addressing this issue had been granted. When an inmate wins an appeal, and is granted relief, he has adequately exhausted his claim (Brady v. Attygala (CD Cal 2002) 196 F.Supp.2d 1016, 1021). Because Givens previously recieved administrative relief on this subject, this Court should consider this portion of his claim(s) exhausted.

fn 2) On 4-7-08, this case was reassigned from Judge Jenkins to Judge Patel. Both parties re-noticed relevant motions before Judge Patel after this date.

--- END OF FOOTNOTES ---

Request For Reconsideration
ND Cal C07-3575 MHP

-10-

1. <u>Declaration</u>
2. Plaintiff, Francois P. Givens, does hereby declare under penalty of
3. perjury by the laws of the United States that all information
4. presented in this request for reconsideration is, to the best of his
5. knowledge, TRUE and ACCURATE depictions of what is purported.
6.
7. SWORN TRUE ON THIS 15th DAY OF July, 2008 IN NORCO, CALIFORNIA.
8.
9.                                                              X _____
                                                                Francois P. Givens # T-86266
10.                                                             Plaintiff, <u>In Pro Se</u>.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

Request For Reconsideration                    -11-
ND Cal C07-3575 MHP

1   UNITED STATES DISTRICT COURT
2   NORTHERN DISTRICT OF CALIFORNIA
3   GIVENS v. TILTON, et al.,
4   C07-3575 MHP (PR)
5   CERTIFICATE OF SERVICE
6   I, the undersigned, do hereby certify under penalty of perjury by the
7   laws of the United States that all information presented in this certificate
8   is, to the best of his knowledge, TRUE and ACCURATE.
9   I am an adult citizen of the United States, currently incarcerated at the
10   CRC in Norco, Ca. On this day, I did place either original or exact copies
11   of the following document:
12   a) Request For Leave to File Motion For Reconsideration;
13   b) Request For Reconsideration of Order of Dismissal;
14   in envelopes with sufficient postage, addressed as follows:
15   1) Office of the Clerk            2) Office of the Attorney General
16   US District Court (ND Cal)           D. Robert Duncan - D.A.G
17   450 Golden Gate Ave.                455 Golden Gate Ave, Suite #11000
18   San Francisco, Ca 94102             San Francisco, Ca., 94102
19   These envelopes were given to a correctional officer at CRC to log and
20   process as outgoing legal mail, in accordance with institutional mail
21   procedures, on this day.
22   SWORN TRUE ON THIS 17th DAY OF July, 2008 IN NORCO, CALIFORNIA.

X _____
Francois P. Givens #T-86266
CRC
P.O. Box 3535
Norco, Ca. 92860
Plaintiff, In Pro Se.

Request For Reconsideration           -12-
ND Cal C07-3575 MHP

Francis P. Givens #T-86266
CRC 408-up
P.O. Box 3535
Norco, Ca. 92860

"Confidential Legal Mail"

Office of the Clerk
US District Court (ND Cal)
450 Golden Gate Ave.
San Francisco, Ca. 94102

